FILED

2016 JAN -9 PM 12: 24

U.S. DISTRICT COURT
MIDD. DISTRICT COURT
DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### CIVIL RIGHTS DIVISION

| | |
|---|---|
| **JOHN ANTHONY GENTRY, sui juris/pro se** ) | |
| ) | |
| Plaintiff ) | |
| ) | **CASE NO. _____** |
| vs. ) | |
| ) | |
| **THE TENNESSEE BOARD** ) | |
| **OF JUDICIAL CONDUCT;** ) | |
| **THE HONORABLE JUDGE CHRIS,** ) | **JURY DEMANDED (12)** |
| **CRAFT, individual and official capacity;** ) | |
| **TIMOTHY R. DISCENZA, individual and** ) | |
| **official capacity; UNNAMED MEMBERS OF** ) | |
| **INVESTIGATIVE PANEL, individual and** ) | |
| **official capacity; UNNAMED** ) | |
| **LIABILITY INSURANCE CARRIER(S),** ) | |
| **THE STATE OF TENNESSEE** ) | |
| ) | |
| Defendants ) | |

## VERIFIED COMPLAINT

Comes now Plaintiff, JOHN ANTHONY GENTRY, Pro Se and Sui Juris, and in direct

support of this Verified Complaint, and through the various jurisdiction of this United States

District Court provided for under at least; Article III § 2 U.S. Const., 28 USC § 1331, and 28

USC § 1343, herein alleges, states, and provides the following:

## NATURE OF CASE

This is a case alleging Defendants individually and together, and or, in their official

capacity, jointly committed through intentional gross negligence and or, as a matter of

1

unconstitutional policy, aided, abetted and violated Plaintiff's rights protected under the Constitution of the United States and state constitution; violated federal laws, conspired to defraud, obstructed justice, denied liberty and seizure of Plaintiff's property under color of law.

This is a case in which Plaintiff's natural and constitutional rights have been infringed and violated by individuals, and state officials motivated by denial of liberty, and denial of equal protection under the law, caused Plaintiff's loss of property, financial loss and personal harm.

This case brings up for review: state policies that are unconstitutional and discriminatory in practice and that intentionally fail to provide equal protection under the law and fail to ensure litigants due process, a natural right guaranteed by the Constitution of the United States.

## **PARTIES**

1. At all relevant times herein, Plaintiff JOHN ANTHONY GENTRY resides at 208 Navajo Court, Goodlettsville, Sumner County, Tennessee, 37072, (615) 351-2649.

2. At all relevant times herein, Defendant STATE OF TENNESSEE was and is a statewide political subdivision entity of the United States of America, one (1) of fifty (50) several States and Commonwealths, and a unit of government addressed through its chief executive, the Governor thereof. Defendant STATE OF TENNESSEE is sued in its individual, vicarious, and *respondeat superior* capacities for acts and/or inactions leading to violations of rights and privileges guaranteed by the fourteenth amendment of the Constitution of The United States, both by it and its subordinates described herein, committed necessarily

2

outside and against the law, and is sued in its official capacity for the various purposes of certain injunctive, punitive, and declaratory relief herein.

3.  At all relevant times herein, Defendant BOARD OF JUDICIAL CONDUCT was and is an agency of the State of Tennessee, governmental, or quasi-governmental entity, with its principle office located at 511 Union Street, Suite 600, Nashville, Davidson County, Tennessee, 37219, (615) 253-1470. The BOARD OF JUDICIAL CONDUCT is a governmental entity responsible for providing "*an orderly and efficient method for making inquiry into*" state "*judge's manner of performance of duty*" *Tenn. Code Ann. §17-5-101*, which includes adherence to Tenn. Sup. Ct. Rule 10 Code of Judicial Conduct, and to the provisions of the U.S. Constitution. The BOARD OF JUDICIAL CONDUCT, has a duty to;

> **Receive and screen complaints**, refer complaints to other agencies when appropriate, **conduct preliminary investigations**, recommend to the investigative panel of the board and, **upon authorization, conduct full investigations**, notify complainants about the status and disposition of their complaints, **make recommendations to the investigative panel on the disposition of complaints after full investigation, file formal charges** subject to approval of the investigative panel when directed to do so by the investigative panel, **and prosecute formal charges**. *Tenn. Code Ann. § 17-5-301*

Defendant BOARD OF JUDICIAL CONDUCT is sued in its individual, vicarious, and *respondeat superior* capacities for acts and/or inactions leading to violations of rights and privileges guaranteed by the fourteenth amendment of the Constitution of The United States, both by it and its subordinates described herein, committed necessarily outside and

against the law, and is sued in its official capacity for the various purposes of certain injunctive, punitive, and declaratory relief herein.

4. At all relevant times herein, Defendant, HONORABLE JUDGE CHRIS CRAFT was and is the Board Chair, of the Board of Judicial Conduct, with his principle office located at 511 Union Street, Suite 600, Nashville, Davidson County, Tennessee, 37219, (615) 253-1470. As Chairperson of the Board of Judicial Conduct, Defendant, HONORABLE JUDGE CHRIS CRAFT, is required to fulfill the duties and responsibilities set forth in Tenn. Code Ann. Title 17, chapter 5, and is sued and prosecuted in both his individual person as an officer of the Board of Judicial Conduct, as well as for divestiture to the extent allowed.

5. At all relevant times herein, Defendant, TIMOTHY R. DISCENZA was and is the Disciplinary Counsel of the Board of Judicial Conduct, with his principle office located at 511 Union Street, Suite 600, Nashville, Davidson County, Tennessee, 37219, (615) 253-1470. As Disciplinary Counsel of the Board of Judicial Conduct, Defendant, TIMOTHY R. DISCENZA, is required to fulfill the duties and responsibilities set forth in Tenn. Code Ann. Title 17, chapter 5, and is sued and prosecuted in both his individual person as an officer or member of the Board of Judicial Conduct, as well as for divestiture to the extent allowed.

6. At all relevant times herein, Defendant(s), UNNAMED MEMBERS OF INVESTIGATIVE PANEL were and are Investigative Panel Members of the Board of Judicial Conduct, with their principle office located at 511 Union Street, Suite 600, Nashville, Davidson County, Tennessee, 37219, (615) 253-1470. As members of the Investigative Panel of the Board of

4

Judicial Conduct, Defendants, UNNAMED MEMBERS OF INVESTIGATIVE PANEL, are required to fulfill the duties and responsibilities set forth in Tenn. Code Ann. Title 17, chapter 5, and are sued and prosecuted in both their individual person(s) as and as members of the Board of Judicial Conduct, as well as for divestiture to the extent allowed.

7. At all relevant times herein, Defendant(s), UNNAMED LIABILTY INSURANCE CARRIERS were and are malpractice and or liability insurance carriers for the insureds; THE STATE OF TENNESSEE, THE BOARD OF JUDICIAL CONDUCT, HONORABLE JUDGE CHRIS CRAFT, TIMOTHY R. DISCENZA, and UNNAMED MEMBERS OF INVESTIGATIVE PANEL, and are sued for the liability protection guaranteed to the Defendants named herein.

## JURISDICTION AND VENUE

8. This District Court of the United States has original, concurrent, and supplementary jurisdiction over this cause of action. Plaintiff claims federal jurisdiction pursuant to Article III § 2 U.S. Const., 28 USC § 1331, and 28 USC § 1343 which extends the jurisdiction to cases arising under the U.S. Constitution.

9. The District Court of the United States is an Article III court with authority to hear questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights, the Ninth Amendment, the Eleventh Amendment, the original Thirteenth Amendment, the Fourteenth Amendment, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations.

5

See the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (hereinafter "U.S. Constitution").

10. This Court has well established authority to grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, and pursuant to Fed. R. Civ. P. Rule 57.

11. Because Defendant(s) principal offices and Plaintiff's residence are both located in Middle Tennessee and because the allegations contained in this complaint are alleged to have occurred in Middle Tennessee, proper venue for this complaint is in the United States District Court for the Middle District of Tennessee.

## GENERAL ALLEGATIONS

12. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed him by the Fourteenth Amendment of the federal Constitution, by the Defendants under color of law, in their capacity as members of the Board of Judicial Conduct. Title 42 U.S. Code § 1983 states;

> **Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory** or the District of Columbia, **subjects, or causes to be subjected, any citizen of the United States** or other person within the jurisdiction thereof **to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress**, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia

6

13. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1985 for conspiracy to interfere and violate certain protections guaranteed him by the Fourteenth Amendment of the federal Constitution, by the Defendants under color of law, in their capacity as members of the Board of Judicial Conduct. Title 42 U.S. Code § 1985 states;

> **If two or more persons in any State or Territory conspire** or go in disguise on the highway or on the premises of another**, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;** or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, **if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.**

14. Plaintiff brings this suit pursuant to 18 USC § 2 (a)(b) for aiding, abetting, and willfully causing offenses against the United States and its Citizens. 18 USC § 2 (a)(b) states;

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

7

15. Defendants failed through intentional gross negligence to enforce Sup. Ct. R. 10 Code of Judicial Conduct and in so doing caused further violations against Plaintiff, of the fourteenth amendment of the U.S. Const.

16. Defendants failed through intentional gross negligence to fulfil their responsibilities and duties required by Tenn. Code Ann. § 17-5 and in so doing caused further violations of the fourteenth amendment of the U.S. Const. against Plaintiff.

17. Defendants, as a matter of practice, failed to provide Plaintiff equal protection under the law, a right that is guaranteed by the fourteenth amendment of the Constitution of the United States.

18. In failing to provide equal protection under the law, and through intentional gross negligence, Defendants aided, abetted and caused violations of constitutionally protected rights against Plaintiff.

19. In Defendants failing to enforce Sup. Ct. R. 10 and in failing to fulfil the responsibilities and required by Tenn. Code Ann. § 17-5, and through intentional gross negligence, Defendants aided, abetted and caused violations of constitutionally protected rights against Plaintiff.

20. Since it is a matter of practice by Defendant BOARD OF JUDICIAL CONDUCT, to not provide equal protection under the law, Defendants are in violation of the fourteenth amendment of the Constitution of The United States.

21. Due to the fact that it is a panel of members, overseen by the board chair, to process complaints filed with Defendant BOARD OF JUDICIAL CONDUCT, Defendants have

8

therefore conspired to not provide equal protection under the law and conspired to aid, abet and cause violations against Plaintiff of rights guaranteed by the U.S. Const.

## FIRST CAUSE OF ACTION

### Gross Negligence Resulting in Violations of Fourteenth Amendment Right of Due Process

(42 U.S.C § 1983 and the Fourteenth Amendment of the U.S. Constitution)

22. This Honorable Court has jurisdiction to hear this cause of action. Plaintiff incorporates paragraphs 8 – 11 above by reference.

23. Venue is proper as the proximate causes leading to injury, were incurred in the Middle Section of Tennessee.

24. Plaintiff also cites *Ex Parte Young,* regarding claims against state officials in their individual capacities for violations of federal constitutional or statutory rights committed during official duties. [See Huang v. Johnson, 274 F.3d 682 (2d Cir. 2001).]

25. Plaintiff cites as controlling authority *Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 – Supreme Court, (1978)*, and references *Conley v. Pryor, U.S. District Ct., D. Kansas, (2015); Mitchell v. TOWNSHIP OF PEMBERTON, et al, U.S. District Court, D. New Jersey. (2010); Hansen v. Williamson, 440 F. Supp. 2d 663, U.S. District Court, E.D. Michigan, S.Div. (2006);* and *Wright v. Stickler, 523 F. Supp. 193 – U.S. District Court, N.D. Illinois, E. D. (1981).*

26. The federal courts, with Monell and subsequently Conley, Mitchell, Hansen, Wright and other cases, have determined concisely and affirmed repeatedly that "[I]t is when execution

9

of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity [person] is responsible under § 1983" [See Monell, at 694-695]

## Claim

27. Defendants, BOARD OF JUDICIAL CONDUCT and its members and officers are a governmental or quasi-governmental entity responsible for carrying out the state's official statute Tenn. Code Ann. § 17-5-301.

28. Plaintiff properly submitted a complaint to the Board of Judicial Conduct for gross violations of rights guaranteed by the XIV Amend. U.S. Const. and for gross violations of Tennessee Sup. Ct. R. 10 and statutory code. Plaintiff's complaint included undeniable, irrefutable evidence proving such violations and did not complain of rulings.

29. Plaintiff asserts Defendants didn't read his Complaint out of gross negligence, and dismissed Plaintiff's complaint through the false assertion; "*At its core, your complaint appears to be a reflection mostly of dissatisfaction with a decision or series of decisions made by a judge*". Plaintiff's Complaint did not challenge rulings of the judge, Plaintiff's Complaint was about violations of due process and judicial misconduct.

30. Plaintiff charges Defendants with gross negligence in failing to fulfill their responsibilities and duties required by state law and in so failing, caused and failed to prevent, constitutional rights violations against Plaintiff guaranteed by the Amendment XIV of the U.S. Constitution.

31. Defendants are so charged as "persons" pursuant to the Supreme Court's opinion in Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 – Supreme Court, (1978).

## Injuries

32. As a result of the Defendants individual, joint and coordinated actions giving rise to this claim, Plaintiff was harmed, either directly, indirectly, or proximately, by (1) being deprived of due process under the fourteenth amendment, (2) being forced to endure more than two years of unnecessary litigation, expending financial resources and assets to defend his reputation, his rights and to restore justice (loss of property) (3) being subjected to the physical, mental and emotional distress and mental suffering caused by an utter and complete lack of due process and (4) the loss of time to engage in generating income and livelihood as Plaintiff was constantly being required to appear in court and prepare pleadings as part of the defense of this case (loss of property).

## Prayer for Relief

33. WHEREFORE, Your Plaintiff seeks this Honorable Court issue prospective, remedial, declarative and injunctive relief against Defendants, and where permitted by Congress within the circumstances of this cause of action, Plaintiff claims all permissible special and/or punitive damages, and remuneration for the loss of property and the incurring of expenses arising from having to defend and protect his rights, that such amounts be determined by trial by jury.

## SECOND CAUSE OF ACTION

### Aiding and Abetting Violations of Rights Guaranteed by the Fourteenth Amendment

(42 U.S.C § 1983 and the Fourteenth Amendment of the U.S. Constitution)

34. This Honorable Court has jurisdiction to hear this cause of action. Plaintiff incorporates paragraphs 8 – 11 and 23 – 29 above by reference.

### Claim

35. Defendants, BOARD OF JUDICIAL CONDUCT and its members and officers are a governmental or quasi-governmental entity responsible for carrying out the state's official statute Tenn. Code Ann. § 17-5-301.

36. Plaintiff properly submitted a complaint to the Board of Judicial Conduct for gross violations rights guaranteed by the XIV Amend. U.S. Const. and for gross violations of Tennessee Sup. Ct. R. 10 and statutory code. Plaintiff's complaint included undeniable, irrefutable evidence proving such violations and did not complain of rulings.

37. Plaintiff asserts Defendant didn't read his Complaint out of gross negligence, and dismissed Plaintiff's complaint through the false assertion; "*At its core, your complaint appears to be a reflection mostly of dissatisfaction with a decision or series of decisions made by a judge*". Plaintiff's Complaint did not challenge rulings of the judge, Plaintiff's Complaint was about violations of due process and judicial misconduct.

38. Plaintiff charges Defendants, through failing to fulfill their responsibilities and duties required by state law and in so failing, aided and abetted, constitutional rights violations against Plaintiff guaranteed by the Amendment XIV of the U.S. Constitution.

39. Defendants are so charged as "persons" pursuant to the Supreme Court's opinion in Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 – Supreme Court, (1978).

## Injuries

40. As a result of the Defendants individual, joint and coordinated actions giving rise to this claim, Plaintiff was harmed, either directly, indirectly, or proximately, by (1) being deprived of due process under the fourteenth amendment, (2) being forced to endure more than two years of unnecessary litigation, expending financial resources and assets to defend his reputation, his rights and to restore justice (loss of property) (3) being subjected to the physical, mental and emotional distress and mental suffering caused by an utter and complete lack of due process and (4) the loss of time to engage in generating income and livelihood as Plaintiff was constantly being required to appear in court and prepare pleadings as part of the defense of this case (loss of property).

## Prayer for Relief

41. WHEREFORE, Your Plaintiff seeks this Honorable Court issue prospective, remedial, declarative and injunctive relief against Defendants, and where permitted by Congress within the circumstances of this cause of action, Plaintiff claims all permissible special and/or punitive damages, and remuneration for the loss of property and the incurring of

13

expenses arising from having to defend and protect his rights, that such amounts be determined by trial by jury.

## THIRD CAUSE OF ACTION
### Failure To Provide Equal Protection Under The Law
(42 U.S.C § 1983 and the Fourteenth Amendment of the U.S. Constitution)

42. This Honorable Court has jurisdiction to hear this cause of action. Plaintiff incorporates paragraphs 8 – 11 and 23 – 29 above by reference.

## Claim

43. Defendants, BOARD OF JUDICIAL CONDUCT and its members and officers are a governmental or quasi-governmental entity responsible for carrying out the state's official statute Tenn. Code Ann. § 17-5-301.

44. As a matter of practice, Defendants routinely dismiss effectively one-hundred percent of the cases filed by non-members of legal profession.

45. Plaintiff charges Defendants with discrimination based upon socio-economic status and failure to provide equal protection under the law.

46. Defendants discriminated against Plaintiff, who is a member of a class of persons who are not engaged in the legal profession.

47. Plaintiff, as well as the class and subclass to which he belongs, was and continues to be adversely impacted by the practices of Defendants to routinely dismiss complaints filed with the Board of Judicial Conduct by non-legal professionals.

## Injuries

14

48. As a result of the Defendants individual, joint and coordinated actions giving rise to this claim, Plaintiff was harmed, either directly, indirectly, or proximately, by (1) being deprived of due process under the fourteenth amendment, (2) being forced to endure more than two years of unnecessary litigation, expending financial resources and assets to defend his reputation, his rights and to restore justice (loss of property) (3) being subjected to the physical, mental and emotional distress and mental suffering caused by an utter and complete lack of due process and (4) the loss of time to engage in generating income and livelihood as Plaintiff was constantly being required to appear in court and prepare pleadings as part of the defense of this case (loss of property).

## Prayer for Relief

49. WHEREFORE, Your Plaintiff seeks this Honorable Court issue prospective, remedial, declarative and injunctive relief against Defendants, and where permitted by Congress within the circumstances of this cause of action, Plaintiff claims all permissible special and/or punitive damages, and remuneration for the loss of property and the incurring of expenses arising from having to defend and protect his rights, that such amounts be determined by trial by jury.

## <u>Statement of Facts</u>

50. On or about February 26, 2016, Plaintiff properly filed a fifty-six-page complaint against The Honorable Judge Joe H Thompson with the Board of Judicial Conduct (DEFENDANTS). The Board of Judicial Conduct assigned **File No. B16-6458** to

Plaintiff's Complaint. In this Complaint, Plaintiff detailed and evidenced the trial court judge's numerous violations of due process, numerous violations of Tennessee Sup. Ct. R. 10 - Code of Judicial Conduct, false statements, and violations of TN statutory code. Plaintiff's complaint was not "mostly of dissatisfaction with a decision or series of decision made" by the trial court judge. Plaintiff's complaint was about violations of due process and violations of the Judicial Code of Conduct.

51. In a letter dated March 11, 2016, Plaintiff's complaint was dismissed. In this letter, the Board of Judicial Conduct stated;

> "In deciding whether or not the Board can successfully sanction a judge, the investigative panel must also consider that in order to discipline a judge, the proof of ethics violation must be "clear and convincing" Tenn. Code Ann. § 17-5-308. The investigative panel did not feel such a burden could be met in this case.
>
> At its core, your complaint appears to be a reflection mostly of dissatisfaction with a decision or series of decisions made by a judge. The appellate courts, not the Board, generally handle legal questions. Even if you think a judge has made a wrong ruling, that is not a breach of ethics or a violation of the Code of Judicial Conduct that would ordinarily be handled by this Board.
>
> Accordingly, your complaint has been dismissed and our file has been closed. Nevertheless, the Board of Judicial Conduct thanks you for your interest in preserving the integrity of our judicial system."

52. In prior public reprimands made by the Board of Judicial Conduct, the Board of Judicial Conduct, has publicly reprimanded judges for exactly the same complaints of which Plaintiff addressed6.

53. On average, for the period 2012 through 2016, the Board of Judicial Conduct dismisses ninety-six percent of all complaints filed without taking action.

16

54. Case dispositions posted by the Board of Judicial Conduct on their website at https://www.tncourts.gov/node/1367367, prove that ninety-six percent of all complaints filed are dismissed without taking action.

55. Below is a summary of case dispositions reported by the Board of Judicial Conduct;

| Disposition | 2012-13 | 2013-14 | 2014-15 | 2015-16 | Total |
|---|---|---|---|---|---|
| Dismissed, compliant about ruling | 209 | 253 | 228 | 255 | 945 |
| Dismissed, no jurisdiction | 15 | 8 | 23 | 9 | 55 |
| Dismissed, inadequate factual basis | 99 | 98 | 105 | 93 | 395 |
| Dismissed with warning | 11 | 19 | 19 | 3 | 52 |
| Dismissal after full investigation | 0 | 1 | 1 | 0 | 2 |
| Deferred dicipline agreement | 1 | 1 | 1 | 2 | 5 |
| Private Reprimand | 8 | 1 | 3 | 6 | 18 |
| Public reprimand | 5 | 4 | 2 | 6 | 17 |
| Public censure | 1 | 3 | 2 | 0 | 6 |
| Other | 0 | 5 | 4 | 5 | 14 |
| Retired complaint, no longer a judge | 1 | 17 | 15 | 2 | 35 |
| Cease and Desist Order | 0 | 1 | 1 | 0 | 2 |
| | 350 | 411 | 404 | 381 | 1546 |

56. Below is a percentage analysis of case dispositions reported by the Board of Judicial Conduct;

| Complaint Disposition | Complaint Count | % of Total |
|---|---|---|
| Dismissed, compliant about ruling | 945 | 61% |
| Dismissed, no jurisdiction | 55 | 4% |
| Dismissed, inadequate factual basis | 395 | 26% |
| Dismissal after full investigation | 2 | 0% |
| Retired complaint, no longer a judge | 35 | 2% |
| Dismissed with warning | 52 | 3% |
| Cease and Desist Order | 2 | 0% |
| Deferred dicipline agreement | 5 | 0% |
| Other | 14 | 1% |
| Private Reprimand | 18 | 1% |
| Public censure | 6 | 0% |
| Public reprimand | 17 | 1% |
| Grand Total | 1546 | 100% |
| | | |
| Total Dismissed Without Discipline | | 96% |

17

57. Below is a graphical representation of case dispositions reported by the Board of Judicial

   Conduct;



**Case Dispositions Q2 YTD 2012-2016**

58. Below is a summary description of public disciplinary actions taken against judges by the

   Board of Judicial Conduct. As evidenced below, substantially all complaints acted upon by

   the Board of Judicial Conduct are only complaints filed with the Board of Judicial Conduct

   by members of the legal profession (attorneys, judges, courthouse employees).

| Year | Summary of Reason For Public Disciplinary Action |
|------|--------------------------------------------------|
| **2016** | |
| Anderson Jr., Bill | Used office to secure friends release from jail |
| Davenport, Donna | Attorney complaint - notified subsequent judge of his biases |
| Cross, Michael | Relationship with attorney not disclosed |

18

Walker, Allegra          Ex parte communication to Dist. Atty General
Grimes, Ray              Relationship with attorney (spouse) not disclosed

## 2015

Atherton, Jeffrey        Dismissed complaint for same sex divorce
Holley, Reese            Ordered public service and donation to specified charities
Newell, Robert           Attorney complaint - court misconduct

## 2014

Moreland, Casey          Secured release of attorney friend's client from jail
Soloman, Carol L.        Relationship with attorney not disclosed (campaign treas.)
Ballew, Luann            Changed child's first name against objection of parents

## 2013

Kittrell, Connie         Dismissal of citation issued to family member
McKenzie, James W.       Misconduct with spouse of court employee
Wilson, John K.          Injudicious treatment directed at particular law firm
Baliles, Billy D.        Altered child custody without due process and ex parte communications

## 2012

Gasaway, John            Judge's wife left law firm, refused to recuse, posted recusal denial publicly
Houston, Johnny D.       Publicly stated he wished it could "pull a trap door" send them straight to hell"
Randolph, Sheridan C.    Held hearing on defendant in case where judge was the victim
Smith, Jimmy C.          Presided over an action involving his son
Bell, John A.            Delay of bonds set in DUI cases, while serving in the military in Germany
Jackson, A. Andrew       Holding parties in contempt without hearing or counsel
Moon, Jr., Robert L.     Two attorneys and judge complaint - ordering incarceration without Due Process

## 2011

Zachary, Ronnie          Excessive punishment
                         Judge and Atty. complaint - inappropriately summoned atty., questioned other
Bales, David             judge in front of media
Baumgartner, Richard
R.                       Suspension for felony charge
Hamilton, Jim T.         Executed ex parte orders without approval of DA
                         Used office to collect funds and display "Citizens Heritage Display" in courtroom
Taylor, James            lobby

## 2010

Dumas, Gloria            Hired daughter as court officer
McKenzie, James W.       Judge as landlord permitted attorney renter to appear in his court

19

| | |
|---|---|
| Russell, F. Lee | Excessive delay in entering orders |

**2009**

| | |
|---|---|
| Blackett, Carolyn Wade | **Failed to rule for seven years while statutes require sixty days to one year** |
| Moore, Durwood G. | Attorney complaint - threatened contempt if atty. did not appear, refused substitute counsel |
| Moore, Durwood G | Ordered drug test on courtroom spectator was neither litigant, defendant or a person w/ court business |
| Potts, Terry W. | Ordered to cease and desist political activities for non-judicial position |
| Rich, Charles | Attorney complaint - Judge refused to rule on custody case for months |
| Walton, John W. | Judge made demeaning statements in open court about Gen. Sessions Clerk employees |

**2008**

| | |
|---|---|
| Bell, John A. | Judge appointed probation service owned by wife |
| Darby, Ronald E. | Judge's suspension ordered on indictment for two counts of Official Misconduct |
| Glover, Burton D. | Judge received corporate donations in excess of $1,000 |
| Humphrey, Dennis W. | Incarcerated a person without personal service of process |
| Jackson, A. Andrew | Jailed juveniles who judge thought might be illegal aliens |
| Rich, Charles | **Refusal to make findings of fact conclusions of law delaying ability to appeal.** |

## WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT TO ISSUE EQUITABLE RELIEF AS FOLLOWS:

1. For this complaint to be filed and causing a summons to be issued upon the Defendant;

2. The requested relief under the jurisdiction of this United States District Court;

3. To proceeding with trial on the matters of controversy and federal questions raised in this complaint;

4. For appropriate declaratory and injunctive relief, and/or to further decide any supplementary matters.

5. For a jury to be empaneled, try the facts of this case and render damages consistent;

6. Award Plaintiff his costs of litigation;

7. Award Punitive Damages sufficient to prevent future gross negligence against future complainants.

8. For such general and further relief as this Court deems appropriate and just and to which Plaintiff is entitled.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## Oath

**State of Tennessee**     )

**County of** _Maury_   )


I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath, verify, state, and affirm, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all statements included in the above and foregoing Compliant, are true and correct representations, to the best of my knowledge, information and belief


_____

John Anthony Gentry


Sworn to and subscribed before me, this

the _9 th_ day of _January_ , 201__

Notary Public _Karen Peters_

My Commission Expires  _5/22/2019_