IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | ) |
| | ) |
| Plaintiff | ) |
| | ) CASE NO. 3:17-0020 |
| vs. | ) |
| | ) |
| THE TENNESSEE BOARD | ) |
| OF JUDICIAL CONDUCT; | ) |
| THE HONORABLE JUDGE CHRIS, | ) JURY DEMANDED (12) |
| CRAFT, individual and official capacity; | ) |
| TIMOTHY R. DISCENZA, individual and | ) |
| official capacity; UNNAMED MEMBERS OF | ) |
| INVESTIGATIVE PANEL, individual and | ) |
| official capacity; UNNAMED | ) |
| LIABILITY INSURANCE CARRIER(S), | ) |
| THE STATE OF TENNESSEE | ) |
| | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION FOR CLARIFICATION MODIFICATION OF ORDER EXEMPTING DEFENDANTS' FROM INITIAL DISCLOSURE CUSTOMIZED CASE MANAGEMENT MAIL ONLY NOTIFICATION TO PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff hereby respectfully moves for clarification and or modification of this Court's Order filed on January 27, 2017, exempting Defendants' initial disclosures required by Rule 26(a), exempting the case from customized case management, and directing the Clerk to provide notice to Plaintiff by "first class mail (only)".

1

Plaintiff asserts, initial disclosures and customized case management would facilitate progression of the case in a manner designed to limit the burden on parties, while ensuring fair and just access to information essential to the disposition of Plaintiff's claims.

Plaintiff asserts, that an exemption from initial disclosures threatens to prejudice Plaintiff's ability to discover information essential to the resolution of the case.

Plaintiff asserts, providing notice by "first class mail (only) places Defendants at an advantage unfair to Plaintiff. Pursuant to Fed. R. Civ. P. Rule 52 (a),

Plaintiff hereby respectfully requests this Honorable Court state the basis, findings and conclusions supporting the court's order. In further support of this motion, Plaintiff states:

## CUSTOMIZED CASE MANAGEMENT

1. The central principle underlying Rule 16: that a judicial officer take charge of the case early on and, together with the lawyers, establishes a program appropriate for its just, speedy, and inexpensive resolution.

2. This Court has broad discretion under the Local Rules of Court for U.S. District Court, Middle District of Tennessee.

3. Local Rule 16.01(b)(2)(b) states; *"A District Judge **may exempt** a case from this Rule if it is of clear benefit to the case"*. Plaintiff recognizes that he is unfortunately representing himself pro se in an effort to return fairness to the courts of Tennessee, and in an effort to obtain redress for himself in his causes of action. Plaintiff respectfully seeks to understand this Honorable Court's basis for determining that it is of clear benefit to the case, to exempt it from customized case management.

4. Plaintiff respectfully suggests to this Honorable Court that it would be more efficient to provide customized case management in this case, so as to provide an opportunity to the Court to provide 'guidance' to Plaintiff as the case progresses.

5. The Elements of Case Management: A Pocket Guide for Judges states; **"there is agreement that case management, in essence, involves trial judges using the tools at their disposal** with fairness and common sense (and in a way that fits their personalities and styles) **in order to achieve the goal described in Rule 1**. These tools include the Federal Rules of Civil and Criminal Procedure, the Federal Rules of Evidence, local rules, some provisions in Title 28, and the inherent authority of the court. Although judges operate in an environment largely shaped by local practice and custom, innovation and adaptation to circumstances **also contribute to effective case management**.

6. Federal Rules of Civil Procedure, Rule 1 states;

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.**

7. With Plaintiff representing himself as pro se, guidance from the Magistrate would most certainly effectuate the goals stated in Rule 1, **and that particularly a just proceeding** would more effectively take place. It is without question this court desires a just proceeding and this must be even more true knowing that Plaintiff's cause of action seeks proper oversight of judges in Tennessee and Equal Protection under the law for all Citizens.

8. As an example, in the case Noll v. Carlson, 809 F. 2d 1446 - Court of Appeals, 9th Circuit 1987, the Court of appeals stated;

> The requirement that courts provide a pro se litigant with notice of the deficiencies in his or her complaint helps ensure that the pro se litigant can use the opportunity to amend effectively. Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors. This is equally true for the pro se litigant who amends his complaint at his own instance without any guidance from the court. Amendments that are made without an understanding of underlying deficiencies are rarely sufficient to cure inadequate pleadings. (at 1448)

3

This Noll v. Carlson case demonstrates pro se litigants should be somewhat 'guided' through the legal process and provided reasonable accomodations.

## EXEMPTING DEFENDANTS' FROM INITIAL DISCLOSURE

9. As this court knows, Fed. R. Civ. P. Rule 26 (a) (1) (B), provides that certain proceedings are exempt from initial disclosure for specified causes of action including; (1) review on an administrative record, (2) forfeiture action in rem, petition for habeas corpus, (3) an action brought by a person in custody, (4) an action to enforce or quash an administrative summons or subpoena, (5) an action to recover benefit payments, (6) an action to collect on a student loan, and (6) a proceeding ancillary to a proceeding in another court.

10. Plaintiff asserts that proceedings in this matter is not one of the above types of proceedings subject to an initial disclosure exemption.

11. Plaintiff assumes this Honorable Court determined this case to be a proceeding *"ancillary to a proceeding in another court"* which Plaintiff asserts is not an appropriate classification of this case.

12. The Tennessee Board of Judicial Conduct is not "another court". Among other responsibilities; the responsibilities of the Board of Judicial Conduct intended by the Tennessee Legislature, pursuant to Tennessee Code Annotated, is to provide an orderly and efficient method for making inquiry into a *"judge's commission of any act calculated to reflect unfavorably upon the judiciary of the state or bring the judiciary into disrepute or that may adversely affect the administration of justice in the state"* T.C.A. 17-5-101 (1)(C).

13. Tenn. Code Ann. 17-5-201 states in part;

> (2) **A hearing panel** has the duty and authority to rule on prehearing motions, conduct hearings on formal charges and make findings, conclusions, and impose sanctions or dismiss the case.
> (3) **An investigative panel** has the duty and authority to:

4

(A) Review the recommendations of disciplinary counsel after preliminary investigation and either authorize a full investigation or dismiss the complaint; and
(B) **Review the recommendations of disciplinary counsel** after a full investigation and approve, disapprove or modify the recommendations as provided in § 17-5-304.

14. Plaintiff's causes of action; (1) gross negligence, (2) conspiracy to interfere and violate certain protections guaranteed by the Fourteenth Amendment of the federal Constitution, (3) aiding, abetting, and willfully causing offenses against the United States and its Citizens, (4) demonstrating a clear pattern of failure to provide Equal Protection under the law, and (5) failure to fulfill responsibilities required by state law were all willful actions knowingly made by the Disciplinary Counsel and Investigative Panel and not a court of law.

15. The Board of Judicial Conduct's Disciplinary Counsel and Investigative Panel cannot in any way be construed to be "another court", and, as such, are not subject to exemption under Fed. R. Civ. P. Rule 26 (a) (1) (B).

16. The State of Tennessee's website (http://tncourts.gov/) evidences that the Board of Judicial Conduct and its Disciplinary Counsel and Investigative Panel are separate "Boards' and are not courts. Exhibit 1 attached plainly shows the Board of Judicial Conduct is a separate Board and not a court of the state.

## MAIL ONLY NOTIFICATION TO PLAINTIFF

17. In this Honorable Court directing the Clerk to send copies of orders to Plaintiff by "first class mail (only)", places Plaintiff at an unfair advantage and **does not provide equal protection** under the law as guaranteed in the fourteenth amendment of the U.S. Constitution.

18. This is especially true in knowing the short time constraints for a party to respond to dispositive recommendations made by the Magistrate Judge to the District Court Judge.

5

19. Plaintiff asserts he should be provided equal protection and have the same timely notice that Defendants, and or, Defendant's counsel receive.

### Equal Protection

The Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution prohibits states from denying any person within its territory the equal protection of the laws. **This means that a state <u>must treat an individual in the same manner as others in similar conditions and circumstances</u>. The Federal Government must do the same, but this is required by the Fifth Amendment Due Process.**
**The point of the equal protection clause is to force a state to govern impartially—not draw distinctions between individuals solely on differences that are irrelevant to a legitimate governmental objective. Thus, the equal protection clause is crucial to the protection of civil rights.** Every equal protection clause issue can be broken down into
three questions:

    1. What classification does a government action create?
    2. What level of scrutiny should be applied to this classification?
    3. Does this particular government action meet that level of scrutiny?

20. Title 42 U.S. Code § 1981 states;

**All persons within the jurisdiction of the United States shall have the same right in every State and Territory** to make and enforce contracts, to sue, be parties, give evidence, and to the full **and equal benefit of all laws <u>and proceedings</u>** for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

21. Title 42 U.S. Code § 1988 states;

The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes **for the protection of all persons in the United States in their civil rights,** and for their vindication, **shall be exercised and enforced in conformity with the laws of the United States,** so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, **shall be extended to and govern the said courts**

6

> **in the trial <u>and disposition of the cause</u>**, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

22. Plaintiff asserts that either Defendants, and or, Defendants' Counsel should also receive notice of order via "first class mail (only)" or that Plaintiff, Defendants, and or, Defendants' Counsel all receive immediate email notification via PACER so that all parties are provided Equal Protection and equal access. **To order otherwise is a discriminatory practice**.

23. As a matter of further clarification, if somehow this Honorable Court determines that Plaintiff should not be treated the same as Defendant and not be afforded equal protection and equal access, **does the Court's order** stating "The Clerk is directed to send copies of all orders entered in this case to the pro se Plaintiff and to any other pro se party by regular, first class mail (only), unless otherwise directed by the Court." **prevent the Court Clerk from providing copies to Plaintiff directly if he visits the Courthouse and requests copies of filed Orders**?

24. Meaning no disrespect to this Honorable Court, Plaintiff suggests this manner of Order would likely prevent Plaintiff from timely filing an objection to a dispositive recommendation.

25. As an example, in the related case 3:16-cv-2617, Magistrate Judge Brown entered his Report and Recommendation into the record on December 28, 2016, just a couple days before the New Year's Day holiday during which time U.S. Mail is not delivered according to regular schedule.

26. Plaintiff is also Plaintiff in case 3:16-cv-2617 and did not receive notice of the Magistrate Brown's Report and Recommendation (R&R) in that case. The docket report shows a "Green Card" **was not entered** evidencing Plaintiff's receipt of notice. Fortunately, Plaintiff visited the Federal Courthouse on December 30, 2016 and requested a copy of the case docket report and upon noting the Magistrate Brown's R&R entry into the record,

7

Plaintiff requested a copy of the R&R and was able to timely file his Objection to Magistrate Judge Brown's R&R. Had Plaintiff not requested a copy of the docket report and R&R, Plaintiff likely would not have responded timely and his case would have been dismissed and un-appealable.

27. **Plaintiff requests clarification in this case as to whether or not the Court's Order would prevent the Court Clerk from providing copies of Orders directly to Plaintiff upon request** and if so, Plaintiff hereby objects vehemently as an order of this nature is in violation of Plaintiff's right to equal protection which is a constitutionally guaranteed right.

## CONCLUSION

For the foregoing reasons;

1. Plaintiff respectfully requests findings and conclusions used as a basis in determining that this case should be exempt from Customized Case Management which would otherwise establish a program appropriate for just, speedy, and inexpensive resolution of Plaintiff's cause of action;

2. Plaintiff respectfully requests findings and conclusions used as a basis in exempting Defendants from initial disclosures required by Rule 26(a)

3. Plaintiff respectfully requests the Court to modify its order regarding notice to parties to provide Equal Protection guaranteed by the fourteenth amendment of the U.S. Const.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via US Mail to;

Board of Judicial Conduct
511 Union Street
Suite 600
Nashville, TN 37219

Board of Judicial Conduct
Timothy Discenza
511 Union Street
Suite 600
Nashville, TN 37219

Board of Judicial Conduct
The Honorable Judge Chris Craft
511 Union Street
Suite 600
Nashville, TN 37219

Office of Attorney General
Civil Rights and Claims
PO Box 20207
Nashville, TN 37202-0207

On this the 6th day of February, 2017

_____
John Anthony Gentry, CPA

4

## Oath

**State of Tennessee**  )

**County of** _Maury_  )

    I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in this PLAINTIFF'S MOTION FOR CLARIFICATION MODIFICATION OF ORDER EXEMPTING DEFENDANTS' FROM INITIAL DISCLOSURE CUSTOMIZED CASE MANAGEMENT MAIL ONLY NOTIFICATION TO PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW, are true and correct to the best of my knowledge, information and belief

                                                      _John Anthony Gentry_
                                                         John Anthony Gentry

Sworn to and subscribed before me, this

the _6th_ day of _February_, 2017

[Notary Seal: KAREN PETERS, STATE OF TENNESSEE, NOTARY PUBLIC, MAURY COUNTY]

Notary Public _Karen Peters_

My Commission Expires _5/22/2019_



