# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE TENNESSEE BOARD ) | |
| OF JUDICIAL CONDUCT; ) | |
| THE HONORABLE JUDGE CHRIS, ) | JURY DEMANDED (12) |
| CRAFT, individual and official capacity; ) | |
| TIMOTHY R. DISCENZA, individual and ) | |
| official capacity; UNNAMED MEMBERS OF ) | |
| INVESTIGATIVE PANEL, individual and ) | |
| official capacity; UNNAMED ) | |
| LIABILITY INSURANCE CARRIER(S), ) | |
| THE STATE OF TENNESSEE ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REVIEW MAGISTRATE JUDGE'S JANUARY 27, 2017 & FEBRUARY 7, 2017 ORDERS

Pursuant to Local Rules, U.S. District Court, Middle District of Tennessee, Rule 7.01 (a), this memorandum of law is properly filed in Support of Plaintiff's Motion for Review of the Magistrate Judge's Orders dated January 27, 2017 and February 07, 2017.

Plaintiff respectfully asks this Court to consider the legal issue and constitutionality of exempting this case from Customized Case Management and the constitutionality of providing Notice to Plaintiff via "first class mail (only)". Plaintiff's asserts these orders violate Plaintiff's

1

basic right of Equal Protection under the law guaranteed in the Fourteenth Amendment of the U.S. Constitution. Plaintiff further objects and complains that Defendants are not exempt from initial disclosure as provided for in Fed. R. Civ. P. Rule 26 and that the Magistrate's Order is in error and improperly exempts Defendants from Initial Disclosure.

In response to the Magistrate Judge's Orders, Plaintiff respectfully requested clarification and modification of the Order (See Docket Entry 9), so as to ensure Plaintiff's Equal Protection under the law. Without stating any basis for her rulings, the Magistrate Judge denied Plaintiff's motion.

## TABLE OF CONTENTS

CUSTOMIZED CASE MANAGEMENT BENEFICIAL TO CASE ............................................. 3
    Case Management Contributes to Just and Efficient Proceedings ............................................. 3
    Equal Protection ............................................................................................................................. 6
    Joinder of Additional Parties ........................................................................................................ 7
INITIAL DISCLOSURES REQUIRED ............................................................................................... 8
MAGISTRATE'S ORDER DOES NOT PROVIDE PLAINTIFF EQUAL PROTECTION ...... 11
DISPOSITIVE ORDERS NOT WITHIN MAGISTRATE JUDGE'S AUTHORITY OR JURISDICTION ..................................................................................................................................... 14
PLAINTIFF DOES NOT CONSENT TO MAGISTRATE JUDGE'S CONDUCT OF CIVIL PROCEEDING ........................................................................................................................................ 15
CONCLUSION ......................................................................................................................................... 16

**Cases**
EPA v. Mink, 410 US 73 - Supreme Court 1973 ........................................................................ 10
Gilmore v. Lynch, 319 F. Supp. 105 - Dist. Court, ND California 1970 ................................... 12
Hoffmann-La Roche Inc. v. Sperling, 493 US 165 - Supreme Court 1989 ..................... 6, 7, 8, 10
Noll v. Carlson, 809 F. 2d 1446 - Court of Appeals, 9th Circuit 1987 ......................................... 5
Thomas v. Arn, 474 US 140 - Supreme Court 1985 ..................................................................... 14
United States v. Raddatz, 447 US 667 - Supreme Court 1980 ................................................... 15

| | |
|---|---|
| Wolff v. McDonnell, 418 US 539 - Supreme Court 1974 | 12 |

**Statutes**

| | |
|---|---|
| Freedom of Information Act U.S.C. Title 5, Part I, Chapter 5, Subchapter II, § 552 | 9 |

**Rules**

| | |
|---|---|
| Fed. R. Civ. P. Rule 1 | 3 |
| Fed. R. Civ. P. Rule 26 (a)(1)(B) | 10 |

**Other Authorities**

| | |
|---|---|
| Judicial Case Management: Caught in the Crossfire, 60 Duke Law Journal | 4 |
| Managing Civil Litigation: The Trial Judge's Role, 61 Judicature 400 (1978) | 6 |
| The Elements of Case Management: A Pocket Guide for Judges, 2nd Ed. (2006) | 3 |
| The Federal Judge as a Case Manager: The New Role in Guiding a Case from Filing to Disposition, 69 Calif. L. Rev. 770 (1981) | 5 |

# CUSTOMIZED CASE MANAGEMENT BENEFICIAL TO CASE

## Case Management Contributes to Just and Efficient Proceedings

As Plaintiff stated in his Motion for Clarification and Modification (See Docket Entry 9), The central principle underlying Rule 16 is that a judicial officer take charge of the case early on and, together with the lawyers, establishes a program appropriate for its just, speedy, and inexpensive resolution. The Elements of Case Management: A Pocket Guide for Judges states;

> ... **there is agreement that case management, in essence, involves trial judges using the tools at their disposal** with fairness and common sense (and in a way that fits their personalities and styles) **in order to achieve the goal described in Rule 1**. These tools include the Federal Rules of Civil and Criminal Procedure, the Federal Rules of Evidence, local rules, some provisions in Title 28, and the inherent authority of the court. Although judges operate in an environment largely shaped by local practice and custom, innovation and adaptation to circumstances **also contribute to effective case management**. *The Elements of Case Management: A Pocket Guide for Judges, 2nd Ed. (2006)*

As this Honorable Court knows, Fed. R. Civ. P. Rule 1 states;

3

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. **They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.**

It is obvious that the purposes of Fed. R. Civ. P. Rules 1, 16, 26 and Customized Case Management are to ensure just, speedy, and cost effective proceedings. In a very thorough analysis of Judicial Case Management, presented at the 2010 Civil Litigation Conference (*http://www.uscourts.gov/rules-policies/records-and-archives-rules-committees/special-projects-rules-committees/2010-civil*), Steven Gensler discussed the importance of Case Management and stated;

> Case management is about taking control. **Without having "ownership" of a particular case, the judge lacks both the ability and the incentive to exercise control.** Steven S. Gensler, *Judicial Case Management: Caught in the Crossfire*, 60 Duke Law Journal *p. 675 (2010)*
>
> ... the "Committee **consciously chose to concentrate on the pretrial phase as the best hope for meaningfully attacking [the] cost and delay [problems].**" Steven S. Gensler, *Judicial Case Management: Caught in the Crossfire*, 60 Duke Law Journal *p. 678 (2010)*

In contrast, the leading critic of Case Management voiced concerns as follows;

> The leading critic is Professor Judith Resnik. She questions whether the new model of "managerial judging" is too susceptible to abuse because the case-management activities being advocated tend to be less formal, less visible, and more discretionary than the traditional judicial activities of holding hearings, deciding motions, and conducting trials. According to Professor Resnik's critique, **active case management creates a heightened risk that judges would exert activist or ideological pressures in ways that would elude appellate oversight.** Steven S. Gensler, *Judicial Case Management: Caught in the Crossfire*, 60 Duke Law Journal *p. 678 (2010).*

4

Meaning no disrespect to this Honorable Court, Plaintiff respectfully agrees with Professor Resnik, that active case management creates a heightened risk of judicial pressures that would "elude appellate oversight" and that perhaps the Magistrate's Order may be beneficial to his cause of action in this regard. However, Plaintiff respectfully seeks to understand the basis of the Magistrate's Order exempting this case from Customized Case Management. Plaintiff objects and is concerned, that together with rulings which Plaintiff asserts are in error, indicates an appearance of bias against Plaintiff.

The Noll v. Carlson case demonstrates pro se litigants should be somewhat 'guided' through the legal process and provided reasonable accommodations. In this case, the Court of appeals stated;

> **The requirement that courts provide a pro se litigant with notice of the deficiencies in his or her complaint helps ensure that the pro se litigant can use the opportunity to amend effectively.** Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors. This is equally true for the pro se litigant who amends his complaint at his own instance without any guidance from the court. Amendments that are made without an understanding of underlying deficiencies are rarely sufficient to cure inadequate pleadings. *Noll v. Carlson, 809 F. 2d 1446 - Court of Appeals, 9th Circuit 1987 (at 1448)*

In the Hoffmann v. Sperling, the Supreme Court agrees that early judicial intervention is a wise and necessary course for the Courts to engage in. In Hoffman, the Supreme Court stated;

> **One of the most significant insights that skilled trial judges have gained in recent years is the wisdom and necessity for early judicial intervention in the management of litigation.** Peckham, The Federal Judge as a Case Manager: The New Role in Guiding a Case from Filing to Disposition, 69 Calif. L. Rev. 770 (1981); Schwarzer, Managing Civil Litigation: The Trial Judge's

5

Role, 61 Judicature 400 (1978). *Hoffmann-La Roche Inc. v. Sperling, 493 US 165 - Supreme Court 1989 (at 171)*

Based on the above legal analysis, Plaintiff does not understand and seeks the Court's guidance as to why exemption of case management is of clear benefit to Plaintiff's case.

**Equal Protection**

Local Rule 16.01(b)(2)(b) states; "*A District Judge **may exempt** a case from this Rule if it is of clear benefit to the case*". Since exempting a case from case management is purely discretionary under Local Rules only and because Plaintiff is concerned that there may be an appearance of bias. Plaintiff seeks to understand the basis of the Magistrate's Order, and respectfully requests findings and conclusions supporting such a ruling.

Plaintiff is further concerned that Local Rule 16.01(b)(2)(b) is in conflict with the Amendment XIV, U.S. Const. which guarantees Equal Protection of the laws. Local Rule 16.01 provides for efficient planning, scheduling and progression of cases facilitated by the Court to effectuate the just, speedy cost efficient disposition of cases. Plaintiff respectfully asks this Honorable Court; Why as a pro se litigant, is Plaintiff not entitled to the same Equal Protection of the Court effectuating a just and speedy resolution of his case? Is it to say as a pro se litigant, Plaintiff's Compliant is not as worthy, or is there some reasonable explanation of the Magistrate's Order that Plaintiff is not aware of, since he is not formally trained in the law?

In Plaintiff's Complaint, Plaintiff seeks redress for the injuries he suffered as a result of Defendants' failure to provide Equal Protection (among other causes and claims). Plaintiff also seeks a return of fairness and impartiality to the State courts that has become lost in many cases,

6

as a result of Defendants' failure to provide Equal Protection, and failure to provide oversight of the judiciary as they are required to do according to statutory law. Surely, there cannot be a worthier cause of action, and in a case of this nature, this Honorable Court obviously desires to ensure the same.

Since substantial analysis has been conducted regarding the importance of case management to effectuate just and timely resolution of cases, Plaintiff asserts he is not being provided Equal Protection of the same case management afforded to members of the legal profession simply on the basis that he is a class of persons who represents himself. Plaintiff respectfully draws the Court's attention to the fact that the Fed. R. Civ. P. do not discriminately suggest pro se cases not be provided effective case management as do the Local Rules, and Plaintiff raises the question as to whether the local rules fail to provide Equal Protection to pro se litigants.

**Joinder of Additional Parties**

Also, as pointed out in the Hoffmann v. Sperling case;

> **The interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps such as joinder of additional parties**. At pretrial conferences, courts are encouraged to address "the need for adopting **special procedures for managing potentially difficult or protracted actions that may involve complex issues, [or] multiple parties . . . .**" Fed. Rule Civ. Proc. 16(c)(10). *Hoffmann-La Roche Inc. v. Sperling, 493 US 165 - Supreme Court 1989 (at 173)*

Plaintiff asserts this is such a case requiring special procedures. In the Hoffmann case, the Supreme Court held that District Courts have a managerial responsibility to oversee the joinder of additional parties. Justice Scalia recognized the Majority Opinion, and although dissenting stated;

> We are told that the district court has a "managerial responsibility to oversee the joinder of additional parties" in § 216(b) actions, ante, at 171, in order to protect potential plaintiffs and avoid duplicative litigation. We are told that all concerned — plaintiffs, defendants, and the judicial system itself — benefit when the district courts abandon their "passiv[e]" stance and instead undertake "early judicial intervention" in the process of identifying people who have a cause of action and securing their consent to join the litigation. Ante, at 171-172. And we are told that by doing good in this fashion the district courts merely avail themselves of their "considerable authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Ante, at 172-173 (quoting Link v. Wabash R. Co., 370 U. S. 626, 630-631 (1962)). *Hoffmann-La Roche Inc. v. Sperling, 493 US 165 - Supreme Court 1989 (at 174)*

Plaintiff intends to join additional parties to his cause of action of identified through discovery. Considering the nature of Plaintiff's Complaint, this would best be effected through discovery, achieved through effective case management rather than through a public announcement. Plaintiff has no desire to bring the judiciary into further disrepute and as stated in the Hoffmann case, this is desirable to all parties, plaintiffs, defendants and the judicial system itself. Considering the nature of Plaintiff's case, there are obviously numerous other complainants who were also not provided Equal Protection, and those Plaintiffs deserve redress just as this Plaintiff does. The Defendants are also best served in this manner as well, in not bringing further disrepute to the judiciary, and in not having to defend against multiple complaints. Finally, the District Courts are best served as well in not having to mediate multiple claims. Obviously, it is in the best interest of all parties, for fair, impartial and effective case management.

## INITIAL DISCLOSURES REQUIRED

As Plaintiff stated in his previous motion (Docket Entry 9), this court knows, Fed. R. Civ. P. Rule 26 (a) (1) (B), provides that certain proceedings are exempt from initial disclosure for

specified causes of action including; (1) review on an administrative record, (2) forfeiture action in rem, petition for habeas corpus, (3) an action brought by a person in custody, (4) an action to enforce or quash an administrative summons or subpoena, (5) an action to recover benefit payments, (6) an action to collect on a student loan, and (6) a proceeding ancillary to a proceeding in another court.

Plaintiff asserts that proceedings in this matter are not one of the above types of proceedings subject to an initial disclosure exemption. See Docket Entry 9 p. 4 – 5 ¶¶ 9 – 19 and EXHIBIT 1 of that Docket Entry. Plaintiff objects and complains of the Magistrate Judge's Order that it threatens to prejudice Plaintiff's ability to discover information essential to the resolution of the case. Plaintiff asserts that records maintained by the Board of Judicial Conduct are Public Records and available to all persons who are Citizens of United States under the Freedom of Information Act U.S.C. Title 5, Part I, Chapter 5, Subchapter II, § 552 and Fed. R. Civ. P. Rule 26 (b) (1) which states as follows;

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

In the case EPA v. Mink, 410 US 73 - Supreme Court 1973, the Supreme Court stated;

> The Freedom of Information Act, 5 U. S. C. § 552,[5] is a revision of § 3, the public disclosure section, of the Administrative Procedure Act, 5 U. S. C. § 1002 (1964 ed.). Section 3 was generally recognized as falling far short of its

9

> disclosure goals and came to be looked upon more as a withholding statute than a disclosure statute. See S. Rep. No. 813, 89th Cong., 1st Sess., 5 (1965) (hereinafter S. Rep. No. 813); H. R. Rep. No. 1497, 89th Cong., 2d Sess., 5-6 (1966) (hereinafter H. R. Rep. No. 1497). The section was plagued with vague phrases, such as that exempting from disclosure "any function of the United States requiring secrecy in the public interest." Moreover, even "matters of official record" were only to be made available to "persons properly and directly concerned" with the information. **And the section provided no remedy for wrongful withholding of information. The provisions of the Freedom of Information Act stand in sharp relief against those of § 3. The Act eliminates the "properly and directly concerned" test of access, stating repeatedly that official information shall be made available "to the public," "for public inspection." Subsection (b) of the Act creates nine exemptions from compelled disclosures. These exemptions are explicitly made exclusive, 5 U. S. C. § 552 (c), and are plainly intended to set up concrete, workable standards for determining whether particular material may be withheld or must be disclosed. Aggrieved citizens are given a speedy remedy in district courts, where "the court shall determine the matter de novo and the burden is on the agency to sustain its action." 5 U. S. C. § 552 (a) (3). Noncompliance with court orders may be punished by contempt.** Ibid.
> Without pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, **we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case.** *Hoffmann-La Roche Inc. v. Sperling, 493 US 165 - Supreme Court 1989 (at 170) EPA v. Mink, 410 US 73 - Supreme Court 1973 (at 179)*

Pertaining to protecting the names of the judges complained of to the Defendants, Plaintiff does not currently contend a need to know the names of the judges complained against. Defendants are welcome at this point, to redact the names of any judges to protect their identity.

Plaintiff asserts the Magistrate Judge's Order, an Order issued without apparent motion by the parties, is in error and that Defendants are not exempt from initial disclosure pursuant to Fed. R. Civ. P. Rule 26 (a)(1)(B) or any other rule. Plaintiff respectfully requests the Court to state its

10

findings fact and conclusions of law as its basis for this decision and if without legal basis to reverse this Order.

## MAGISTRATE'S ORDER DOES NOT PROVIDE PLAINTIFF EQUAL PROTECTION

In the order dated January 27, 2017, the Magistrate Judge issued Order that *"The Clerk is directed to send copies of all orders entered in this case to the pro se Plaintiff and to any other pro se party by regular, first class mail (only), unless otherwise directed by the Court."* Plaintiff asserts this is a discriminatory Order issued by the Magistrate Judge and in violation of the Equal Protection Clause of Amendment XIV, U.S. Const. Plaintiff asserts this in violation of the Equal Protection Clause for several reasons. First, it must be obvious, that Plaintiff as pro se, a distinct class of persons, is being treated differently than other legal professionals. This fact alone demonstrates a violation of Equal Protection under the law.

Defendants' Counsel, as a legal professional, is permitted under local policy to register in the PACER database and receive immediate email notification of any documents filed in this case and they are also permitted to upload pleadings, briefs, etc. Plaintiff, as pro se, is not granted this same privilege and convenience, and is required to either mail in documents to the Clerk, or he is required to deliver documents directly the Clerk. This creates unnecessary delay and inconvenience for Plaintiff and creates a distinct advantage for Defendants. Considering the many short deadlines for timely filing of documents with the Clerk, this local policy obviously discriminates against a class of litigants who are pro se.

Plaintiff brings to the Court's attention that this local policy fails to provide Equal Protection in violation of Amendment XIV, U.S. Const. Other U.S. District Courts provide the convenience of PACER upload and email notification of filings to pro se litigants while this District Court does not. Even prisoners retain the constitutional right of access to the Courts. In the case, Gilmore v. Lynch, 319 F. Supp. 105 - Dist. Court, ND California 1970, a case cited by the U.S. Supreme Court in Wolff v. McDonnell, 418 US 539 - Supreme Court 1974, the Northern District California Court stated;

> "**Access to the courts**," then, is a **larger concept** than that put forward by the State. It **encompasses all the means a defendant or petitioner might require to** get a fair hearing from the judiciary on all charges brought against him or grievances alleged by him. In some contexts this has been interpreted to require court-appointed counsel for indigents. Gideon v. Wainwright and Douglas v. California, cit. supra. In other situations, the State might be obligated to provide free transcripts, process-serving facilities, and in forma pauperis filing privileges. Indigents asking for habeas corpus relief are not invariably entitled to court-appointed counsel [Eskridge v. Rhay, 345 F.2d 778 (9 Cir. 1965)], but **Johnson v. Avery, supra, note 1, makes it clear that some provision must be made to ensure that prisoners have the assistance necessary to file petitions and complaints which will in fact be fully considered by the courts**. (at 110).

Plaintiff complains he should be afforded the same conveniences and privileges in PACER as Defendants' Counsel enjoys.

Unfortunately, the Magistrate's Order directing the Clerk to provide Notice of Orders via "first class mail (only)" worsens this Court's discrimination against Plaintiff. It must be obvious to this Honorable Court, that Notice via Certified U.S. Mail protects all parties and provides proof of service. Since, Plaintiff has received other documents from this District Court via Certified

Mail, it appears that sending Notice via Certified Mail is a standard and policy of this Court, and for good reason.

In considering the specifically chosen language by the Magistrate Judge, "only", it is important to note that "only" is a preclusive adverb. The definition of this preclusive adverb is; without others or anything further; alone; solely; exclusively; no more than; merely; just. Although, after Plaintiff's Motion for Clarification and Modification (Docket Entry 9), the Magistrate clarified her Order and stated *"Nothing in the Order prevents the Clerk from providing copies to Plaintiff directly..."*, one can easily presume the Clerk to mistakenly interpret the Magistrates Order to prevent service at the counter of the Clerk's Office.

This is important to consider when taking the following facts into consideration. In the related case Gentry v. Thompson Case No. 3:16-cv-02617, Magistrate Judge Brown issued his R&R on December 28, 2016, just a couple days before the New Year's Holiday when mail is not delivered according to regular schedule. Apparently, there was an error in the Clerk's Office, and Notice was not sent out regarding that Magistrate's R&R. The Docket Report in that case plainly shows a "Green Card" was not received by the Clerk's Office after delivery of Notice evidencing Notice was not provided.

Assuming the same unfortunate circumstance occurs again, as in the case mentioned above, and Notice is erroneously not provided, not properly sent. Likely, a reasonable interpretation, or misinterpretation by the Clerk, that the Magistrate ordered Notice "only" by first class mail, preclusive of other delivery methods, would result in the Clerk refusing service directly to Plaintiff at the counter of the Clerk's Office. Knowing the requirements of Fed. R. Civ. P. Rule 72 (b) (2),

13

that objections to a R&R must be filed within 14 days, these circumstances could easily result in dismissal of Plaintiff's case without the opportunity for appellate relief. In the case, Thomas v. Arn, 474 US 140 - Supreme Court 1985, the Supreme Court stated;

> The question presented is **whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment. We hold that it may.** (at 142)

Obviously, sending out orders of the court via return receipt, certified mail, prevents issues of failure to provide Notice and protects all parties, and the standard policy and practice to do so should be adhered to without exception. Plaintiff respectfully acknowledges and appreciates Magistrate Judge Holmes commitment to *"relieve the Clerk of the expense of sending copies of Court mail by certified mail"*. However, Plaintiff asserts that sending copies of Court mail by certified mail is an important protection and safeguard necessary in proceedings of this nature.

If somehow deemed necessary, Plaintiff is willing to bear the cost of certified mail. Regardless, of the Court's determination in the matter of certified mail, Plaintiff respectfully asserts he should have equal access to the Court and equal access to PACER to upload and receive instant notification of case filings and that without equal access, Plaintiff is denied Equal Protection under the law.

## DISPOSITIVE ORDERS NOT WITHIN MAGISTRATE JUDGE'S AUTHORITY OR JURISDICTION

Plaintiff further and respectfully asserts that the Magistrate Judge exceeded her jurisdiction in the Orders issued on January 27, 2017 and February 7, 2017. Pursuant to The Honorable Judge Trauger's order issued on January 11, 2017, pursuant to Rule 72, Fed. R. Civ. P. and 28 U.S.C. §

636(b)(1), this case was assigned to the Magistrate Judge for "case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions…"

The Magistrate's Orders were made **without motion**, and even before assignment of Defendants' counsel and are dispositive rulings. Plaintiff asserts the Magistrate only has authority to issue recommendations on dispositive matters, and that the rulings exempting case management and exempting initial disclosure are dispositive matters that should have been ruled upon by the presiding judge and not the magistrate judge. In the case, United States v. Raddatz, 447 US 667 - Supreme Court 1980, the U.S. Supreme Court stated;

> Certain "dispositive" motions, including a "motion . . . to suppress evidence in a criminal case," are covered by § 636 (b) (1) (B). **As to these "dispositive" motions**, the district judge may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court of [the] motion." **However, the magistrate has no authority to make a final and binding disposition**. (at 673)

With all due respect, exempting a party from initial disclosures is exactly the same as suppressing evidence, and is a dispositive motion that should have been decided by the District Court Judge and not the Magistrate Judge. This is even more true considering this ruling was made without motion by Defendants.

Plaintiff further complains that exempting the case from Customized Case Management is contradictory to the District Court Judge's order assigning case management to the Magistrate and is another dispositive ruling.

**PLAINTIFF DOES NOT CONSENT TO MAGISTRATE JUDGE'S CONDUCT OF CIVIL PROCEEDING**

15

Case 3:17-cv-00020   Document 15   Filed 02/13/17   Page 15 of 18 PageID #: 79

Although this case has not been assigned to the Magistrate for Trial by Consent, pursuant to Fed. R. Civ. P. Rule 73, Plaintiff respectfully designates that he does not consent to such trial by the Magistrate Judge for reasons stated above.

## CONCLUSION

Plaintiff respectfully requests the Court to state its findings and conclusions used as a basis in determining that this case should be exempt from Customized Case Management, which would otherwise establish a program appropriate for just, speedy, and inexpensive resolution of Plaintiff's cause of action;

Plaintiff respectfully requests the Court state its findings and conclusions used as a basis in exempting Defendants from initial disclosures required by Rule 26(a)

The Court modify or reverse the order regarding notice to parties, to provide Equal Protection guaranteed by the fourteenth amendment of the U.S. Const.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

On this the 13th day of February, 2017

_____
John Anthony Gentry, CPA

17

# Oath

**State of Tennessee** )
**County of** Davidson )


I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REVIEW MAGISTRATE JUDGE'S JANUARY 27, 2017 & FEBRUARY 7, 2017 ORDERS**, are true and correct to the best of my knowledge, information and belief

_____
John Anthony Gentry


Sworn to and subscribed before me, this the 13 day of Feb, 2017

Notary Public _____

My Commission Expires 11-3-20

[Notary seal: JAMES R. BINGHAM, STATE OF TENNESSEE, NOTARY PUBLIC, DAVIDSON COUNTY]