IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | )<br>) |
| Plaintiff | )<br>) |
| | ) CASE NO. 3:17-0020 |
| vs. | )<br>) |
| THE TENNESSEE BOARD<br>OF JUDICIAL CONDUCT;<br>THE HONORABLE JUDGE CHRIS,<br>CRAFT, individual and official capacity;<br>TIMOTHY R. DISCENZA, individual and<br>official capacity; UNNAMED MEMBERS OF<br>INVESTIGATIVE PANEL, individual and<br>official capacity; UNNAMED<br>LIABILITY INSURANCE CARRIER(S),<br>THE STATE OF TENNESSEE | )<br>)<br>) JURY DEMANDED (12)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## PLAINTIFF'S MOTION FOR DEFENDANTS' COUNSEL TO WITHDRAW & INCORPORATED MEMORANDUM OF LAW

Plaintiff raises the question for this Honorable Court, and hereby asserts, that the representation of the Defendants by the Tennessee Office of Attorney General and Reporter, creates a Conflict of Interest and Defendants' counsel should withdraw.

In the case, State ex rel. Commissioner of Transportation v. Medicine Bird, 63 SW 3d 734 – Tenn. Ct. App., the Court of Appeals of Tennessee, at Nashville recognized the dual obligation of the Office of the Attorney General. In this case, the Ct. of App. stated;

> The Code of Professional Responsibility contains no specific exemptions
> for the Attorney General and his or her assistants. Therefore, as a lawyer

1

and officer of the court, the Attorney General is subject to the Code of Professional Responsibility. Chun v. Board of Trustees of Employees' Retirement Sys., 87 Hawai'i 152, 952 P.2d 1215, 1237 (1998); Attorney General v. Michigan Pub. Serv. Comm'n, 243 Mich.App. 487, 625 N.W.2d 16, 27 (2001); Manchin v. Browning, 170 W.Va. 779, 296 S.E.2d 909, 920 (1982). There is, however, a need for studied application and adaptation of the ethics rules in the Code of Professional Responsibility to the Attorney General and his or her staff in recognition of the uniqueness of the office, **the Attorney General's obligation to <u>protect the public interest</u>, and the Attorney General's statutory obligation to represent the various and sometimes conflicting interests of numerous state agencies**. Chun v. Board of Trustees of Employees' Retirement Sys., 952 P.2d at 1236; Attorney General v. Michigan Pub. Serv. Comm'n, 625 N.W.2d at 28. State ex rel. Commissioner of Transportation v. Medicine Bird, 63 SW 3d 734 – Tenn. Ct. App. (at 773)

There is no doubt that pursuant to Tenn. Code Ann. 8-6-109 and 8-6-301, the Office of the Attorney General has the duty to represent state agencies in civil suits. As the Tennessee Court of Appeals stated though, the Attorney General also has a duty to protect the public interest. Plaintiff asserts there is no higher public interest than to ensure proper oversight of the judiciary, thus ensuring fair and impartial courts.

The Office of the Attorney General has obviously been served a copy of Plaintiff's Complaint as evidenced in Plaintiff's Proof of Service (Docket Entry 8). Plaintiff asserts the Office of Attorney General should have begun an investigation of Plaintiff's allegations, or should have at least referred the matter to the District Attorney General or Tennessee Bureau of Investigation.

Evidencing a Conflict of Interest, the Office of the Attorney General elected to fulfil its responsibility under T.C.A. 8-6-109 and 301 while ignoring the public interest. Plaintiff in this matter, is not the only Plaintiff in this cause of action. There are literally hundreds of complaints against judges every year dismissed by Defendants. Plaintiff alleges many of these complaints are

wrongfully and routinely dismissed through gross negligence and a failure to provide Equal Protection under the law. Those Plaintiffs should also be redressed for the wrongful and negligent acts of Defendants. Plaintiff intends to identify the other unnamed Plaintiffs through discovery and joinder them to his cause of action pursuant to Fed. R. Civ. P. Rules 17, 18, 19, 20 and 23. Accordingly, Plaintiff's cause of action is plainly in the best of public interest and not just an individual cause of action.

Furthermore, the Office of Attorney General also has a duty to bring suit upon behalf of the state to recover state funds when funds, through the improper actions of the directors of officers have been used for unauthorized purposes. Tenn. Code Ann. 8-6-109(b)(14) specifically states;

> **8-6-109. Duties.**
> (a) The attorney general and reporter has and shall exercise all duties vested in the office by the Constitution of Tennessee and all duties and authority pertaining to the office of the attorney general and reporter under the statutory law. The attorney general and reporter is authorized to utilize and refer to the common law in cases in which the state is a party.
> (b) (14) **To bring suit upon behalf of the state, local government units or local education agencies to recover public funds from entities financed by the funds and their directors or officers when the funds through the improper actions of the directors or officers have been used for unauthorized purposes, misapplied or misappropriated;**

If the state hired a contractor to build a bridge and the contractor absconded with the money to build the bridge without actually building it, that would certainly be unauthorized use of state funds that were misappropriated. The same is true of Defendants. They are being funded to provide oversight of judges, a task which Defendants intentionally and grossly neglect.

Plaintiff asserts that Defendants' failure to fulfil the responsibilities for which they are statutorily charged pursuant to T.C.A. 17, is a misuse of state funds for unauthorized purposes and

3

the Office of the Attorney General has a duty to bring suit upon Defendants. This obviously creates another conflict of interest for the Office of the Attorney General in that they have a duty to bring suit as well as defend the same client.

Pursuant to Fed. R. Civ. P. Rule 15 (a) (1) (B), Plaintiff intends to amend pleadings as a matter of course, subsequent to Defendants' forthcoming responsive pleading. Rule 15 specifically states;

> **Rule 15. Amended and Supplemental Pleadings**
> (a) AMENDMENTS BEFORE TRIAL.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) **if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading** or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiff's amended pleadings will plainly demonstrate that this matter is in the best of the public's interest which results in a conflict of interest for the Office of the Attorney General. As referenced below, ethical rules of the legal profession prohibit representation of two clients who have differing interests.

> **The ethical rules of the legal profession prohibit representation of two clients who "may have differing interests."** Ethical Consideration 5-14, American Bar Association, Model Code of Professional Responsibility (1982)

As referenced in the Glasser Opinion below, the courts should refrain from encouraging a conflict of interest.

> Of equal importance with the duty of the court to see that an accused has the assistance of counsel is its duty to refrain from embarrassing counsel in the defense of an accused by insisting, or indeed, **even suggesting, that**

> counsel undertake to concurrently represent interests which might diverge from those of his first client, when the possibility of that divergence is brought home to the court. **In conspiracy cases, where the liberal rules of evidence and the wide latitude accorded the prosecution may, and sometimes do, operate unfairly against an individual defendant, it is especially important that he be given the benefit of the undivided assistance of his counsel without the court's becoming a party to encumbering that assistance.** *Glasser v. United States, 315 US 60 - Supreme Court 1942 (at 76).*

In a more recent case, The Supreme Court referenced the 1942 Glasser Opinion in Holloway v. Arkansas, 435 US 475 - Supreme Court 1978 (at 485).

As noted in the Young case below, a public office like the Office of the Attorney General cannot serve "two masters". In concurrence to the Young Opinion, Justice Blackmun stated the constitutionality of such dual representation is called into question, and that justice "unfettered" is the higher goal as opposed to private representation.

> Between the private life of the citizen and the public glare of criminal accusation stands the prosecutor. That state official has the power to employ the full machinery of the state in scrutinizing any given individual. Even if a defendant is ultimately acquitted, forced immersion in criminal investigation and adjudication is a wrenching disruption of everyday life. **For this reason, we must have assurance that those who would wield this power will be guided solely by their sense of public responsibility for the attainment of justice. A prosecutor of a contempt action who represents the private beneficiary of the court order allegedly violated cannot provide such assurance, for such an attorney is required by the very standards of the profession to serve two masters.** The appointment of counsel for Vuitton to conduct the contempt prosecution in these cases therefore was improper. Accordingly, the judgment of the Court of Appeals is ***Reversed.*** Young v. United States ex rel. Vuitton et Fils SA, 481 US 787 - Supreme Court 1987 (at 814).
>
> JUSTICE BLACKMUN, concurring.
>
> I join JUSTICE BRENNAN's opinion. I would go further, however, and hold that the practice — federal or state — of appointing an interested

5

party's counsel to prosecute for criminal contempt is a violation of due process. **This constitutional concept, in my view, requires a disinterested prosecutor with the unique responsibility to serve the public, rather than a private client, and to seek justice that is unfettered**. See Brotherhood of Locomotive Firemen & Enginemen v. United States, 411 F. 2d 312, 319 (CA5 1969); see generally Note, Private Prosecutors in Criminal Contempt Actions under Rule 42(b) of the Federal Rules of Criminal Procedure, 54 Ford. L. Rev. 1141, 1146-1166 (1986). Young v. United States ex rel. Vuitton et Fils SA, 481 US 787 - Supreme Court 1987 (at 815).

As substantiated in the below Supreme Court Opinions, absent class-action plaintiffs should be protected and the Court should be concerned they are properly represented in the cause of action. In the case Phillips Petroleum Co. v. Shutts, 472 US 797 - Supreme Court 1985, the Supreme Court stated;

> **The concern of the typical class-action rules for the absent plaintiffs is manifested in other ways**. Most jurisdictions, including Kansas, **require that a class action, once certified, may not be dismissed or compromised without the approval of the court**. In many jurisdictions, such as Kansas **the court may amend the pleadings to ensure that all sections of the class are represented adequately**. Kan. Stat. Ann. § 60-223(d) (1983); see also, e. g., Fed. Rule Civ. Proc. 23(d).
> Besides this continuing solicitude for their rights, absent plaintiff class members are not subject to other burdens imposed upon defendants. They need not hire counsel or appear. They are almost never subject to counter claims or cross-claims, or liability for fees or costs.[2] Absent plaintiff class members are not subject to coercive or punitive remedies. Nor will an adverse judgment typically bind an absent plaintiff for any damages, although a valid adverse judgment may extinguish any of the plaintiff's claims which were litigated.
> **Unlike a defendant in a normal civil suit, an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection.** In most class actions an absent plaintiff is provided at least with an opportunity to "opt out" of the class, and if he takes advantage of that opportunity he is removed from the 811*811 litigation entirely. This was true of the Kansas proceedings in this case. The Kansas procedure

6

> provided for the mailing of a notice to each class member by first-class mail. The notice, as we have previously indicated, described the action and informed the class member that he could appear in person or by counsel, in default of which he would be represented by the named plaintiffs and their attorneys. The notice further stated that class members would be included in the class and bound by the judgment unless they "opted out" by executing and returning a "request for exclusion" that was included in the notice.
> Phillips Petroleum Co. v. Shutts, 472 US 797 - Supreme Court 1985 (at 810 - 811)

Plaintiff further asserts, just as the Equal Employment Opportunity Commission exists to advance public interest, so too does the Office of The Attorney General. As noted below, the Supreme Court supports such an assertion.

> **The individual victim is given his right to intervene for this very reason.** The EEOC exists **to advance the public interest in preventing and remedying employment discrimination**, and it does so in part by making the hard choices where conflicts of interest exist. We are reluctant, absent clear congressional guidance, to subject § 706 (f) (1) actions to requirements that might disable the enforcement agency from advancing the public interest in the manner and to the extent contemplated by the statute. General Telephone Co. of Northwest v. EEOC, 446 US 318 - Supreme Court 1980 (at 331)

Just as the Office of the Attorney General looks out for the public welfare in prosecuting Unauthorized Practice of Law, the Attorney General also has a responsibility to look out for the public welfare to ensure fair and impartial courts. With the Office of the Attorney General representing the perpetrators and violators of Amendment XIV of the U.S. Constitution while ignoring public interests, there seems to be a clear conflict of interest.

Plaintiff also respectfully brings to the Court's attention, that matters addressed such as are being addressed in this Memorandum, could more effectively be addressed in a status or other

hearing, effected through Customized Case Management reducing cost and time for all parties involved.

## CONCLUSION

Plaintiff respectfully requests the Court to consider, does the Office of Attorney General have a conflicting responsibility to their client and to public interest and as such, should Defendants counsel withdraw their representing due to such conflicting interests.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

On this the 13th day of February, 2017

John Anthony Gentry, CPA

# Oath

State of Tennessee    )
County of DAVIDSON )

     I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in **PLAINTIFF'S MOTION FOR DEFENDANTS' COUNSEL TO WITHDRAW & INCORPORATED MEMORANDUM OF LAW**, are true and correct to the best of my knowledge, information and belief

                                                                           John Anthony Gentry

Sworn to and subscribed before me, this
the 13 day of Feb, 2017

Notary Public _____

My Commission Expires 11-3-20