IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) **CASE NO. 3:17-0020** <br> vs. ) <br> ) <br> THE TENNESSEE BOARD ) <br> OF JUDICIAL CONDUCT; ) <br> THE HONORABLE JUDGE CHRIS, ) **JURY DEMANDED (12)** <br> CRAFT, individual and official capacity; ) <br> TIMOTHY R. DISCENZA, individual and ) <br> official capacity; UNNAMED MEMBERS OF ) <br> INVESTIGATIVE PANEL, individual and ) <br> official capacity; UNNAMED ) <br> LIABILITY INSURANCE CARRIER(S), ) <br> THE STATE OF TENNESSEE ) <br> ) <br> Defendants ) | |

---

### PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

Plaintiff, John Anthony Gentry, pursuant to Federal Rules of Civil Procedure Rule 65, hereby moves this Honorable Court for entry of a Temporary Restraining Order and Preliminary Injunction enjoining Defendants; Tennessee Board of Judicial Conduct, The Honorable Judge Chris Craft, Timothy R. Discenza, and all persons acting on behalf of the Tennessee Board of Judicial Conduct, from destroying, disposing of, or in any way hiding or concealing hard copy original documents or electronic copies of (1) any complaints filed against judges with the Tennessee Board of Judicial Conduct, (2) notices or letters disposing or dismissing complaints,

1

(3) names or lists of names and addresses of complainants, and (4) any communications between members of the Board of Judicial Conduct regarding dispositions and or determinations of dispositions of complaints.

This motion is based on the following grounds:

1. On January 9, 2017, Plaintiff John Anthony Gentry filed a Verified Complaint alleging that Defendants violated Title 42 U.S. Code § 1983 and failed to provide Equal Protection under the law in violation of the fourteenth amendment of the U.S. Constitution, and conspired to do so in violation of Title 42 U.S. Code § 1985.

2. Plaintiff further alleged, Defendant's aided and abetted violations of constitutional provisions and willfully caused offenses against the United States and its Citizens in violation of U.S. Code § 2 (a) (b) and that Defendants willfully, knowingly, and intentionally committed these acts through intentional gross negligence.

3. Unless enjoined by this Honorable Court, Defendants will likely destroy, dispose or otherwise conceal evidence necessary to Plaintiff's case before satisfying discovery requirements and before this Court can enter a final judgement.

4. Pursuant to Rule 65(a)(1) of the Federal Rules of Procedure, undersigned Plaintiff, acting as pro se counsel, respectfully certifies to the Court that on January 9, 2017, Plaintiff filed a complaint in this matter. On January 11, 2017, this Court assigned this case to the Magistrate Judge for decision on all pretrial, non-dispositive motions and report and recommendation on all dispositive motions. On January 27, 2017, Magistrate Judge Barbara D. Holmes, without Motion from either party, issued a dispositive order exempting Defendants from initial disclosures which is in excess of her authority. On February 13, 2017, Plaintiff objected to Magistrate Judge Holmes' dispositive order and sought review of the Magistrate's dispositive order pursuant to Local Rule 72.02(b) and

2

Fed. R. Civ. P. Rule 72 (a). As of February 25, 2017, Plaintiff's Motion for Court Review is still pending determination by the District Court Judge.

5. There is a substantial likelihood that Plaintiff will establish at trial that Defendants, routinely, and as a matter of practice, fail to provide Equal Protection under the law through intentional gross negligence and that Defendants' routine failure to provide Equal Protection results in routine violations of constitutionally guaranteed rights in Tennessee courts.

6. A Temporary Restraining Order is necessary to preserve the status quo, and to prevent irreparable injury to the public that would result from the destruction, disposal or concealment, and to allow the Court to render effective relief if the Plaintiff prevails at trial. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired, if Defendants proceed to destroy, dispose or conceal evidence that is found, after trial, to be unlawful.

7. Any harm to Defendants from enjoining the destruction, disposal of or concealment of evidence would be outweighed by the actual and potential effects of identifying and protecting the interests of other Plaintiffs who should also receive redress in this cause of action.

8. Plaintiff asserts Defendants are required maintain public records as a matter of course and that an injunction and restraining order would not cause Defendant's to bear any additional costs.

This Emergency Motion is supported by a concurrently filed Memorandum in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction.

3

## WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

That the Defendants, and all persons acting on their behalf, be enjoined from destroying, disposing or otherwise concealing (1) any complaints filed against judges with the Tennessee Board of Judicial Conduct, (2) notices or letters disposing or dismissing complaints, (3) names or lists of names and addresses of complainants, and (4) any communications between members of the Board of Judicial Conduct regarding dispositions and or determinations of dispositions of complaints, pending entry by the Court of a final judgment in this action.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

On this the 27th day of February, 2017

John Anthony Gentry, CPA

4

Case 3:17-cv-00020   Document 19   Filed 02/27/17   Page 4 of 4 PageID #: 99