IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | |
| Plaintiff | |
| | CASE NO. 3:17-0020 |
| vs. | |
| THE TENNESSEE BOARD OF JUDICIAL CONDUCT; THE HONORABLE JUDGE CHRIS, CRAFT, individual and official capacity; TIMOTHY R. DISCENZA, individual and official capacity; UNNAMED MEMBERS OF INVESTIGATIVE PANEL, individual and official capacity; UNNAMED LIABILITY INSURANCE CARRIER(S), THE STATE OF TENNESSEE | JURY DEMANDED (12) |
| Defendants | |

## PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDERS

With all due respect, Defendant's "Response in Opposition to Plaintiff's Motion for Review of Magistrate Judge's Orders" is plainly in error and without any legal basis whatsoever.

Defendant erroneously cited Fed. R. Civ. P. Rule 52(a)(3) falsely stating that findings and conclusions are not required. Rule 52(a)(3) states;

1

> *For a Motion.* The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion.

Obviously, Rule 52(a)(3) pertains to rulings on "motions". The Magistrate Judge did not issue a ruling on a "motion". On this fact alone, Rule 52(a)(3) is wholly inapplicable to Plaintiff's Motion for Court Review. Meaning no disrespect, but the Magistrate Judge took it upon herself to issue dispositive rulings for which the Magistrate has no authority to do, and Plaintiff has further objected that the dispositive rulings of the Magistrate Judge, violate the Equal Protection clause of the Fourteenth Amendment.

Certainly, Plaintiff has grounds to request Court Review of orders issued contended to be unconstitutional and in excess of authority. In fact, Local Rule 72.02(b) and Fed. R. Civ. P. Rule 72(a) provide exactly such a mechanism to object the orders issued by a Magistrate Judge. Furthermore, failure to timely object and request court review of a Magistrate's order, bars future objection and review, so it is of course necessary for Plaintiff to object and request Court Review timely.

The correct reading of Rule 52 in fact demonstrates that this Honorable Court is required to state findings and conclusions. Rule 52(a)(2) states;

> For an Interlocutory Injunction. In granting or refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action.

The Magistrate Judge's Orders exempting the case from case management, exempting Defendant from initial disclosure, and requiring the clerk's office to provide notice by "first class mail (only)" are not only dispositive rulings made in excess of authority, but they are also Interlocutory Injunctions against Plaintiff, and pursuant to Rule 52, the court must state findings and conclusions.

Although further justification for requesting the Court to stating findings and conclusions should not be necessary, Rule 52 even further demonstrates the Magistrate Judge's order issued in error. Rule 52(a)(1) states;

> In General. **In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately**. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. **Judgment must be entered under Rule 58.**

Meaning no disrespect, but without trial, without argument, without motion by either party, the Magistrate Judge apparently held a hearing by herself, decided matters and issued a ruling that did not in any way state the facts or conclusions supporting the Magistrate Judge's rulings. Even after Plaintiff requested clarification (see Docket Entry 9), the Magistrate Judge did not state any basis for her rulings. Plaintiff respectfully asserts the Magistrate did not state findings and conclusions because there are no facts, no conclusions of law to support her rulings.

In the case, Thomas v. Arn, 474 US 140 - Supreme Court 1985, it is obvious that litigants must object to a Magistrate's orders when requesting Court Review. In the Thomas case, the Supreme Court stated;

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.

In the case, Universal Camera Corp. v. NLRB, 340 US 474 - Supreme Court 1951, our Supreme Court stated unlawful, arbitrary decisions made in excess of constitutional right should be set aside.

> SCOPE OF REVIEW.—So far as necessary to decision and where presented the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of any agency action. It shall (A)

3

> compel agency action unlawfully withheld or unreasonably delayed; and (B) **hold unlawful and set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law;** (5) unsupported by substantial evidence in any case subject to the requirements of sections 7 and 8 or otherwise reviewed on the record of an agency hearing provided by statute; or (6) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. **In making the foregoing determinations the court shall review the whole record or such portions thereof as may be cited by any party, and due account shall be taken of the rule of prejudicial error.**" 60 Stat. 243-244, 5 U. S. C. § 1009 (e). (Italics ours.)

In the case United States v. Raddatz, 447 US 667 - Supreme Court 1980, the Supreme Court plainly states, Magistrates do not have authority to make binding dispositions, and that **any party may file objections, and that upon objection, the judge of the court is to make a de novo determination.**

> Certain "dispositive" motions, including a "motion . . . to suppress evidence in a criminal case," are covered by § 636 (b) (1) (B). As to these "dispositive" motions, the district judge may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court of [the] motion." **However, the magistrate has no authority to make a final and binding disposition. Within 10 days after the magistrate files his proposed findings and recommendations, any party may file objections.** The statute then provides:
>> "**A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole 674*674 or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." § 636 (b) (1) (emphasis added). (at 674).

Plaintiff is rather astounded that Defendant's counsel would suggest Plaintiff has no grounds to request Court Review in plain contradiction of Fed. R. Civ. P. and in contradiction

4

of Supreme Court rulings. Plaintiff can only assume Defendant's counsel tendered their "Response" in an desperate effort to avoid a fair ruling and to prevent Plaintiff's objection and request for Court Review from being heard.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

On this the 28th day of February, 2017

John Anthony Gentry, CPA