# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| Plaintiff, | ) |
| | ) No. 3:17-cv-00020 |
| v. | ) |
| | ) Judge Trauger/Magistrate Judge Holmes |
| THE TENNESSEE BOARD OF JUDICIAL CONDUCT; THE HONORABLE CHRIS CRAFT, TIMOTHY R. DISCENZA; THE STATE OF TENNESSEE, | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants submit the following Memorandum of Law in Support of their Motion to Dismiss.

### FACTS

Plaintiff sues the State of Tennessee, Tennessee Board of Judicial Conduct ("Board"), the Honorable Chris Craft, in his capacity as Board Chair, and Timothy Discenza, in his capacity as Disciplinary Counsel for the Board. (Compl. 2-4, ¶¶ 2-5.) He submitted a complaint to the Board about a Tennessee judge. (Compl. 10.) He alleges that Defendants failed to read his complaint and dismissed it through a false assertion that "[a]t its core, your complaint appears to be a reflection mostly of dissatisfaction with a decision or series of decisions made by a judge." (Compl. 10, 15-16.) Plaintiff alleges that the Board dismisses "effectively one-hundred percent" of complaints filed by "non-members of [the] legal profession," which he alleges constitutes discrimination and violation of equal protection under the law. (Compl. 14.)

Plaintiff alleges loss of property due to the cost of "unnecessary litigation" and loss of time to appear in court. (Compl. 11, 13, 15.) He alleges civil rights violations under 42 U.S.C. §§ 1983 and 1985, and requests monetary damages, injunctive relief, and "appropriate" declaratory relief. (Compl. 11, 13, 15, 20-21.)

**LAW AND ARGUMENT**

**I.  PLAINTIFF LACKS STANDING TO CHALLENGE THE BOARD'S DISMISSAL OF HIS COMPLAINT.**

Federal courts are limited to the jurisdiction prescribed by Article III of the United States Constitution. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016). Article III limits the jurisdiction of federal courts to "cases" or "controversies." U.S. Const. art. 3, § 2. A court must determine whether a plaintiff has "such a personal stake in the outcome of the controversy as to warrant [plaintiff's] invocation of federal-court jurisdiction and justify exercise of the court's remedial powers on [his or her] behalf." *Soehnlen*, 844 F.3d at 581.

A plaintiff has the burden to establish standing. *Id.* Three elements must be shown: (1) an injury in-fact, (a) which is concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) an injury "fairly traceable to the challenged action of the defendant;" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*.

Plaintiff alleges that he filed a complaint against a Tennessee judge with the Board and it was dismissed. (Compl. 10.) He alleges loss of property due to the cost of "unnecessary litigation" and loss of time to appear in court. (Compl. 11, 13, 15.) Plaintiff cannot prove any element necessary to show standing. He has not suffered a concrete and actual injury; it is conjectural to assume that any further investigation or formal charge against the judge would have resulted in

2

disciplinary action, and that any such discipline would have changed the course of Plaintiff's underlying proceedings with that judge. For those same reasons, any injury is not fairly traceable to the actions of any Defendant. Further, Plaintiff does not allege that he has a pending complaint for which prospective relief could remedy a harm. Plaintiff lacks standing to challenge the Board's dismissal of his complaint.

## II. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Under Fed. R. Civ. P. 12(b)(6), a court takes a plaintiff's factual allegations as true, and if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his or her claims that would entitle him or her to relief, the dismissal is proper. *See American Eagle Credit Corp. v. Gaskins*, 920 F.2d 352, 353 (6th Cir. 1990). The court does not have to accept as true vague or conclusory allegations, or unwarranted factual allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The requirement seeks to "give the [opposing party] fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although "the allegations of a complaint drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers," *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989).

An "unadorned, the-defendant-unlawfully harmed-me accusation" is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A pleading must instead "contain either direct or

3

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436-37 (6th Cir.1988) (quotation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss" for failure to state a claim. *Ashcroft*, 556 U.S. at 677.

Plaintiff fails to state a claim under any viable legal theory. (*See* Compl.) Although Plaintiff alleges that he brings an action under 18 U.S.C. § 2(a)(b), those are definitional statutory provisions applicable to federal criminal statutes and do not create a civil cause of action. He also cannot satisfy the necessary elements of claims under 42 U.S.C. §§ 1983 and 1985, and so this case should be dismissed.

### A. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983.

A claim under 42 U.S.C. § 1983 "must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted).

The dismissal of a complaint by the Board does not implicate a constitutional or legal right that gives rise to a 42 U.S.C. § 1983 action. *Jones v. Blackburn*, No. 3:14-CV-01229, 2014 WL 2480601, at *6 (M.D. Tenn. June 2, 2014). *See also Saier v. State Bar of Mich.*, 293 F.2d 756, 759 (6th Cir. 1961) (state bar's denial of plaintiff's request for investigation of attorneys did not implicate a right guaranteed to him by the Federal Constitution). In *Jones*, the plaintiff alleged that he filed a complaint with the Tennessee Board of Judicial Conduct "but that body rejected the complaint, stating that it did not 'rise to the level that would justify further action.'" *Id.* at *2. Plaintiff sued Chris Craft, in his capacity as a member of the Board, along with other defendants. *Id.* This Court stated that: "Craft's participation in the dismissal of an administrative investigation

4

does not implicate a fundamental right of the plaintiff's and does not give rise to a claim under § 1983." *Id.* at \*6. "The complaint fail[ed] to state a colorable claim against Craft under § 1983." *Id.*

Here, Plaintiff also alleges that the Board dismissed a complaint he filed. (Compl. 10, 15-16.) No right secured by the Constitution or laws of the United States is implicated, and so Plaintiff fails to state a claim for violation of his civil rights under 42 U.S.C. § 1983.

### B. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1985.

To bring a 42 U.S.C. § 1985 action, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Webb v. U.S.*, 789 F.3d 647, 671-672 (6th Cir. 2015). There must be two persons or entities to have a conspiracy. *See Hull v. Cuyahoga Valley Joint Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991).

Under § 1985, "a corporation cannot conspire with its own agents or employees." *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). "[I]f all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Id.* (quoting *Hull*, 926 F.2d at 510). This intra-corporate conspiracy doctrine applies to government entities. *See, e.g., Hines v. Vonore*, 912 F.Supp. 628, 654 (E.D. Tenn. 2012); *Irons v. City of Bolivar*, 897 F.Supp. 665, 669 (W.D. Tenn. 2012).

The Sixth Circuit Court of Appeals has created a "scope of employment" exception to the intra-corporate conspiracy doctrine because "when employees act outside the course of their employment, they and the corporation may form a conspiracy." *Johnson*, 40 F.3d at 841. The

5

exception "recognizes a distinction between collaborative acts done in pursuit of an employer's business and private acts done by persons who happen to work at the same place." *Id.*

Here, Plaintiff alleges a conspiracy by "Defendants . . . in their capacity as members of the Board." (Compl. 7.) Since Judge Craft and Mr. Discenza are members of the same entity—the Board—the intra-corporate conspiracy doctrine applies. The exception does not apply because the act alleged, dismissal of Plaintiff's complaint, was an action taken within the scope of Judge Craft's and Mr. Discenza's membership with the Board, assuming for the sake of argument that they were involved in those decisions. *See* Tenn. Code Ann. § 17-5-301.

### C. Plaintiff Fails to State a Claim Against the State, the Board, and Any Defendants in their Official Capacity.

Under 42 U.S.C. § 1983, "[e]very person who, under the color of any statute . . . causes . . . the deprivation of any rights . . . shall be liable to the party injured in an action at law." A state, arms of the state, and state officials acting in their official capacity are not "persons" under § 1983. *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Therefore, "§ 1983 creates no remedy against a State." *Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997).

Plaintiff has named as Defendants the State, the Board, and its members. (Compl. 2-4.) The Board and its members are arms of the state. S*ee* Tenn. Code Ann. § 17-5-101 *et seq*. Therefore, the State, the Board, and any Defendants in their official capacity are not "persons" under § 1983.

### III. JUDGE CRAFT, IN HIS INDIVIDUAL CAPACITY, IS ENTITLED TO ABSOLUTE QUASI-JUDICIAL IMMUNITY.

It is well established that judges are absolutely immune from liability for judicial acts committed within their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam);

6

*Bradley v. Fisher*, 80 U.S. 335, 347-351 (1871). Judicial immunity provides "an immunity from suit, not just from ultimate assessment of damages." *Id*. at 11. Judges are also absolutely immune from suits seeking injunctive relief under 42 U.S.C. § 1983. *Coleman v. Governor of Mich.,* No. 09-1139, 2011 WL 894430, at *5 (6th Cir. Mar. 16, 2011) ("[b]y enacting the 1996 Federal Courts Improvement Act . . . Congress . . . expanded the ambit of judicial immunity by amending § 1983 so as to prohibit injunctive relief against a judicial officer.")

Absolute immunity has been extended to quasi-judicial proceedings, including state bar grievance committees and the Tennessee Board of Medical Examiners. *Watts v. Burkhart*, 978 F.2d 269, 272 (6th Cir. 1992). It stems from "characteristics of the process" such as when "the controversies with which the process deals are often 'intense," and the loser, given an opportunity to do so, will frequently charge the participants in the process with unconstitutional animus." *Id.*

In *Watts,* the court looked to the presence of procedural safeguards and independent status of the board's members to see whether the board was "subject to restraints and safeguards comparable to those built into the archetypal judicial process." *Id.* at 275. The court concluded that the Board of Medical Examiners was independent because it members were physicians and served terms of office. *Id.* The revocation proceedings provided notice and opportunity to be heard. *Id.*

The Board here is independent. Its sixteen (16) members are: 10 current or former judges; 3 members of the public who are attorneys and not salaried judges; and 3 members of the public who are neither a judge nor attorney. Tenn. Code Ann. § 17-5-201(a). The members who are not salaried judges are appointed by the Speaker of the Senate, Speaker of the House of Representatives, and the Governor. *Id*. At least 1 member of an investigative panel, and at least 2 members of a hearing panel shall not be current judges. *Id.* § 17-5-201(d)(1). Each member

7

has a 3-year term, and is eligible for reappointment only once. *Id.* § 17-5-201(c). The appointed disciplinary counsel shall be an attorney. *Id.* § 17-5-301(d).

The Board has authority to "exercise and enjoy any of the powers normally exercised by courts of record in this state." Tenn. Code Ann. § 17-5-301(b). Any complaint is reviewed by both the disciplinary counsel and an investigative panel before a decision is made whether to dismiss it or authorize a full investigation. *Id.* § 17-5-304. A formal charge is prosecuted through a "full evidentiary hearing measuring up to all requirements of due process," and the judgment may be appealed to the Tennessee Supreme Court as a matter of right. *Id.* §§ 17-5-308, -310.

For the reasons stated, the Board has appropriate restraints and safeguards. It has adjudicatory functions when it decides whether probable cause exists to support a complaint of misconduct, and hears formal charges filed against a judge. *See* Tenn. Code Ann. § 17-5-301, *et seq.* Thus, the Board and its members, including Board Chair Judge Craft[1], are entitled to absolute quasi-judicial immunity.

## IV. DISCIPLINARY COUNSEL TIMOTHY R. DISCENZA, IN HIS INDIVIDUAL CAPACITY, IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY.

It is well settled that "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420, (1976). The doctrine of prosecutorial immunity is also applicable to cases brought under 42 U.S.C. § 1985. *See, e.g., Hurlburt v. Graham*, 323 F.2d 723 (6th Cir. 1963) (prosecuting attorney not liable under 42 U.S.C. § 1983 or 1985); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992),

---

[1] The individual capacity claims against Judge Craft could also be dismissed because Plaintiff fails to allege any specific action taken by Judge Craft. (*See* Compl.) The allegation that the Board Chair oversees the process, (Compl. 8, ¶ 21), is not sufficient because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Comm. Schools*, 433 F.3d 460, 470 (6th Cir. 2006).

8

*cert. denied* 506 U.S. 1053 (1993) (affirming dismissal of 42 U.S.C. §§ 1983 and 1985 claims against prosecutor due to absolute prosecutorial immunity); *Agnew v. Moody* , 330 F.2d 868, 869 (9th Cir. 1964), *cert. denied* 379 U.S. 867 (1964) (doctrine of immunity applies to actions under § 1985).

"Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000) (quoting *Imbler*, 424 U.S. at 430). "The analytical key to prosecutorial immunity . . . is *advocacy*— whether the actions in question are those of an advocate." *Id*. at 775. The Sixth Circuit Court of Appeals has applied immunity to "a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Id.* Also, to "claims regarding the evaluation of evidence and the determination of probable cause." *Buchanan v. Metz*, No. 15-2220, 647 Fed.App'x. 659, 668 (6th Cir. 2016) (quoting *Huffer v. Bogen*, 503 Fed.App'x. 523, 525 (6th Cir. 2012). In *Buchanan*, "the acts of evaluating the evidence and drafting requests to trigger a criminal prosecution" had absolute immunity. 647 Fed.App'x. at 668. Immunity does not extend "when [officials] perform administrative, investigative, or other functions; for example, when they give legal advice to the police, hold a press conference, or fabricate evidence." *Holloway*, 220 F.3d at 774.

Prosecutorial immunity "extends beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in initiating . . . judicial proceedings or undertaking the defense of a civil suit." *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) (internal citation and quotations omitted). Accordingly, the Sixth Circuit has extended prosecutorial immunity to officials performing a disciplinary role. *See, e.g., Watts*,

9

978 F.2d at 273-6 (Tenn. Bd. of Med. Examiners); *Thrower v. Ohio Bar Ass'n*, No. 92-3577, 1993 WL 15017 at *1 (6th Cir. Jan. 25, 1993) (state and local bar associations).

An official's recommendation or decision *not* to pursue disciplinary charges is an act made as an advocate, and it is entitled to absolute prosecutorial immunity. *See Thrower*, 1993 WL 15017 at *1 (6th Cir. Jan. 25, 1993). *See also Ysais v. New Mexico Judicial Standard Com'n*. 616 F.Supp.2d 1176 (D. New Mexico 2009) ("decision whether to investigate and prosecute is a prosecutorial act"); *Myers v. North Carolina*, No. 5:12-cv-714-D, 2013 WL 4456848, at *4 (E.D. N.C. Aug. 16, 2013) (defendants entitled to absolute immunity from their alleged failure to take disciplinary actions against attorneys; "[d]eciding whether to bring a disciplinary case against a lawyer is a core prosecutorial function"). In *Thrower*, the plaintiff alleged violation of due process in the bar association's refusal to investigate a complaint against an attorney. 1993 WL 15017 at *1. The Sixth Circuit affirmed the district court's judgment dismissing plaintiff's claims and stated that an official "charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damages claims for such functions." *Id.* (citing to *Clulow v. Oklahoma*, 700 F.2d 1291, 1298 (10th Cir. 1983), *overruled on other grounds*, 731 F.2d 640 (10th Cir. 1984), *aff'd*, 471 U.S. 261 (1985).)

In *Ysais*, the plaintiff alleged that members of the state disciplinary board violated due process by failing to investigate his allegation of misconduct and instead sending him a letter of dismissal. 616 F.Supp.2d at 1182. The only factual allegation against the counsel for the disciplinary board was "that she did not conduct any investigation into [his] allegation of [attorney] misconduct." *Id*. at 1192 (internal quotation omitted). The court concluded that "the decision whether to investigate and prosecute is a prosecutorial act protected by absolute prosecutorial immunity." *Id.* at 1193 (citing to *Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000) ("there is no

10

question in [the Tenth Circuit] that prosecutors are absolutely immune from liability for allegedly failing to conduct an adequate, independent investigation of matters referred to them for prosecution.").

Here, the Board has "broad powers to investigate, hear and determine charges sufficient to warrant discipline or removal" of a judge. Tenn. Code Ann. § 17-5-301(a). Disciplinary counsel for the Board has the authority to "[r]eceive and screen complaints, . . . file formal charges . . . , and prosecute formal charges." *Id*. § 17-5-301(e)(1). The first step is to "evaluate all information coming to the counsel's attention by complaint." *Id.* § 17-5-304(a). If there is no probable cause, the disciplinary counsel recommends dismissal of the complaint, and upon agreement an investigative panel dismisses the complaint. *Id.* § 17-5-304(b)-(c). In the alternative, the disciplinary counsel may prosecute a formal charge; a full evidentiary hearing is held, and the judgment is appealable to the Tennessee Supreme Court. *Id.* § 17-5-308(a), -310(a).

Plaintiff does not allege a specific action taken by Mr. Discenza as disciplinary counsel but alleges that "Defendants" failed to read his complaint and dismissed it. (Compl. 10, 15-16.) He fails to state a claim on this basis alone. But any decision by Mr. Discenza regarding whether the complaint should have been dismissed or prosecuted was taken in his role as an advocate for the Board; therefore, he is entitled to absolute prosecutorial immunity.

### V. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE STATE, THE BOARD, AND ANY DEFENDANTS IN THEIR OFFICIAL CAPACITY.

A state's immunity from suit in federal courts "flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (internal citations omitted). The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced

11

or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. It is well settled that due to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The suit itself is barred, "regardless of whether it seeks damages or injunctive relief." *Id.* at 102.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office;" therefore, "it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police*, 491 U.S. at 71. Thus, the Eleventh Amendment bars suits against state officials sued in their official capacity. *Id.*

However, "[t]here are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young* applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc.*, 527 F.3d at 507.

The State of Tennessee has not consented to suit. *Berndt v. State*, 796 F.2d 879, 881 (6th Cir. 1986) (Tenn. Code Ann. § "20-13-102(a) of the Tennessee Code, which expressly prohibits any suits in state court against the state or where state treasury funds are potentially involved, also extends impliedly to suits brought in federal court."). And Congress did not override a state's Eleventh Amendment immunity by enacting 42 U.S.C. § 1985, *Abe v. Michigan Dep't of Consumer and Indust. Servs.,* No. 99-1813, 2000 WL 1176878, *1 (6th Cir. Aug. 9, 2000), or 42 U.S.C. § 1983, *Will*, 491 U.S. at 66.

Therefore, the only exception that remains at issue is the one set forth in *Ex parte Young*, 209 U.S. 123 (1908)*. See S & M Brands, Inc*, 527 F.3d at 507. The United States Supreme Court has explained that "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh

Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Md., Inc. v. Public Service Com'n of Md.*, 535 U.S. 635, 645 (2002) (citation omitted). The Sixth Circuit Court of Appeals has stated that a complaint did not fall under the *Ex Parte Young* exception when it was "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to them." *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003).

Plaintiff alleges that he filed a complaint with the Board and it was dismissed. (Compl. 10.) He does not allege that he has a pending complaint for which prospective relief could remedy a harm. Thus, the *Ex Parte Young* exception does not apply in this case, and the Eleventh Amendment bars Plaintiff's suit against the State, the Board, and any Defendants in their official capacity.

13

## CONCLUSION

For the reasons stated, Defendants requests that this Court grant their Motion to Dismiss. Judge Craft and Timothy Discenza do not waive and affirmatively raise any other affirmative defenses they may have, including but not limited to qualified immunity.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically, and served by first-class mail, postage prepaid on this 28th day of February, 2017, to:

John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer