**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JOHN ANTHONY GENTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0020** |
| | ) | **Judge Aleta A. Trauger** |
| **TENNESSEE BOARD OF JUDICIAL** | ) | |
| **CONDUCT et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

Before the court are plaintiff John Anthony Gentry's Motion for Review (Doc. No. 14),

by this court, of two non-dispositive Orders (Doc. Nos. 7, 12) entered by the magistrate judge

and his Motion for Status Update on his Motion for Review (Doc. No. 27).

**I.      BACKGROUND**

The plaintiff, proceeding *pro se*, filed his Complaint in this court on January 9, 2017,

alleging violations of his constitutional rights. (Doc. No. 1.) On January 11, 2017, the

undersigned entered an Order referring the case to the magistrate judge for case management,

decision on all pretrial, non-dispositive motions, and report and recommendation on all

dispositive motions under 28 U.S.C. § 626(b)(1) and Rule 72 of the Federal Rules of Civil

Procedure. (Doc. No. 4.)

In accordance the authority granted by the January 11 Order, the magistrate judge issued

an Order (Doc. No. 7) on January 27, 2017. Among other matters, the January 27 Order

provided, pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, that the parties

are exempt from the initial disclosures otherwise required by Rule 26(a) and that, pursuant to

Local Rule 16.01(b)(2)(b), the case is exempt from customized case management. The Order

noted that a scheduling order setting out deadlines for the progression of the case would be entered separately. The Order further directed the Clerk of Court to "send copies of all orders entered in this case to the *pro se* Plaintiff and to any other *pro se* party by regular, first class mail (only), unless otherwise directed by the Court." (Doc. No. 7.) This is a standard order entered by the magistrate judge in most cases in which one or more parties proceed *pro se*.

On February 6, 2017, the plaintiff filed his Motion for Clarification [or] Modification of the January 27 Order. He argued that exemption from initial disclosures prejudices his ability to conduct discovery, that customized case management would facilitate progression of the case, and that serving him by first-class mail only places defendants at an unfair advantage over him. He requested that the magistrate judge reconsider and issue an order requiring the parties to comply with Rule 26(a) governing initial disclosures and that the case be subject to customized case management. He also demanded that the defendants either be served only by first-class mail as well or, alternatively, that all parties receive immediate email notification via PACER "so that all parties are provided Equal Protection and equal access." (Doc. No. 9, at 7.) He also requested clarification as to whether the January 27 Order would prevent the docket clerks from providing copies of orders directly to the plaintiff upon his request.

The magistrate judge entered an Order (Doc. No. 12) on February 7, 2017, denying in part and granting in part the Motion for Clarification. She granted the motion insofar as she clarified that she was exercising her discretion granted under Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and Local Rule 16.01(b)(2)(b) to exempt both parties from initial disclosures and customized case management because one of the parties appears *pro se*. She also clarified that the directive that the Clerk provide copies of Orders to the plaintiff via first-class mail only had no effect other than to relieve the Clerk of the expense of sending copies to the

plaintiff via certified mail. Nothing in the order prevents the docket clerks from providing copies of documents to the plaintiff directly if he requests copies and pays the appropriate copying fee.

## II.     MOTION FOR REVIEW

When a magistrate judge has issued a ruling on a pretrial matter that is not dispositive of a party's claim or defense, any party may "serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). A factual finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Adams County Reg'l Water Dist. v. Vill. of Manchester*, 226 F.3d 513, 517 (6th Cir. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

In this district, the procedure for objecting to a magistrate judge's non-dispositive ruling is to file a motion for review. L.R. 72.02(b)(1). On February 13, 2017, the plaintiff properly filed his Motion for Review and supporting Memorandum of Law, objecting to both the January 27 and February 7 Orders. This court has reviewed both Orders and the plaintiff's objections and finds that the magistrate judge's decisions are neither clearly erroneous nor contrary to law.

First, with respect to initial disclosures, the Federal Rules of Civil Procedure authorize the courts to exempt certain cases from the initial disclosures otherwise required by Rule 26(a). The magistrate judge was well within her discretion in applying the exemption in this case. It has long been the accepted practice in this court to exempt cases in which one party proceeds *pro se*.

The exemption applies to both parties, the plaintiff as well as the defendants; the plaintiff is not unfairly harmed by this exemption; and it does not violate his constitutional rights.

Likewise, pursuant to this court's Local Rules, "[a]ll actions in which one of the parties appears pro se" are exempt from customized case management. L.R. 16.01(b)(1)(b). The magistrate judge did not err or abuse her discretion in applying that Local Rule to this case. Further, both parties are exempted and there is nothing inherently unfair about the exemption from customized case management. The exemption does not violate the plaintiff's rights.

Finally, as the magistrate judge explained, because the plaintiff proceeds *pro se*, and the court cannot presume that he has access to CM/ECF or PACER, or even a computer, the Clerk of Court will provide copies of court orders to him via first-class mail—rather than incurring the expense of sending copies via certified mail. However, the plaintiff is free to file a motion for service of court orders by email. In such a motion, the plaintiff would need to expressly (1) consent to service via email through the court's electronic filing system; (2) provide a valid email address; and (3) waive service by mail. If he elects to receive service via email, he would receive a notification from the court via email any time an order or other document is filed in his case. The email notification would contain a hyperlink allowing him to access an Adobe PDF version of the document online, which the plaintiff would then also be able to print if he has access to a computer with a connected printer. The document would be accessible for free only one time. If he later needs to obtain additional copies, he would be required to request them directly from the Clerk's office and pay the applicable copying costs. Alternatively, if the plaintiff wishes to have access to the docket of his case online, he may register for such access through PACER, without court intervention (assuming he pays the applicable fees and meets other requirements). *See* http://www.pacer.gov.

**III.     CONCLUSION**

The plaintiff's objections are **OVERRULED**, and the court **DECLINES** to modify or set aside any part of the Orders to which he objects (Doc. Nos. 7, 12). The Motion for Status Update (Doc. No. 27) is **DENIED AS MOOT**.

The matter remains referred to the magistrate judge for case management.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge