```
                                                      FILED
                                                  2017 MAR 27  AM 11:25
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

---

**RESPONSE TO STATE OF TENNESSEE'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT**

---

Defendant State of Tennessee has moved for additional time to file an answer or motion in response to Plaintiff's Amended Complaint. In so far as Defendant seeks additional time to answer, Plaintiff does not contest Defendant's request.

Defendant further seeks the Court's guidance pertaining to whether or not this Court will grant Plaintiff permission to file a Second Amended Complaint. Plaintiff respectfully asserts this is a *nunc pro tunc* matter to consider.

First, pursuant to Federal Rules of Civil Procedure Rule 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days after serving it. In Plaintiff's Amended

1

Verified Complaint, Plaintiff served three new Defendants; PAMELA ANDERSON TAYLOR, BRENTON HALL LANKFORD, and SARAH RICHTER PERKY. Accordingly, as a "Matter of Course", the Fed. R. of Civ. P. allow Plaintiff to amend without the necessity of taking the Court's time to rule on a motion to amend.

Second, as a *nunc pro tunc* matter, Plaintiff had requested the Court's permission for extension of time to file two documents, his (1) Response to Motion to Dismiss, and (2) his Amended Complaint, but the Court did not clearly rule on an extension of time for both documents. Plaintiff recognizes he is Pro Se and may not have understood the Court's intent.

Since the Court was not clear (according to a pro se's understanding), on whether an extension for both filings was granted, Plaintiff *"rushed"* preparation and filed of his amended complaint far in advance of the subsequently granted deadline. Almost immediately after filing, Plaintiff noted curable deficiencies in his pleading, and promptly filed his Notice of Intent to Amend (so all parties would not waste time responding to a pleading that would be amended).

Furthermore, on the same day Plaintiff filed his Amended Complaint, March 16, 2017, the Court clarified its extension of time ruling (Docket Entry 31), clarifying and granting Plaintiff an extension of time to file his Amended Complaint until March 31, 2017. Plaintiff asserts this is a matter of no harm and is *nunc pro tunc,* as evidenced by Court's subsequent ruling on March 16, 2017 (Docket Entry 31). Also, since all parties were promptly made aware of Plaintiff's intent to amend, no harm has been done and this should be a non-issue.

2

Although it should not be necessary to comment further considering the above facts, leave to amend should be granted "freely". In the case, *Kottmyer v. Maas, 436 F. 3d 684 - Court of Appeals, (6th Cir. 2006)*, the 6th District Court of Appeals stated;

> Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint "**when justice so requires**." Fed. R. Civ. Pro. 15(a) (at 692).

Also, in the Supreme Court case, Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated;

> **Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded.** See generally, 3 Moore, Federal Practice (2d ed. 1948), ¶¶ 15.08, 15.10. **If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive** on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.— **the leave sought should, as the rules require, be "freely given."** Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, **but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.** (at 182)

Plaintiff expects that this Honorable Court will recognize that Plaintiff's Second Amended Complaint, filed concurrently with this response, cures a number of defects or deficiencies in Plaintiff's Amended Complaint. Since Plaintiff is forced to proceed pro se in this matter for the reasons stated in his Second Amended Complaint, and because Plaintiff

cannot afford legal representation anyway, Plaintiff is hopeful this Honorable Court will provide a future opportunity to amend if necessary, and if in fact there are additional defects in Plaintiff's Second Amended Complaint.

"Further, when the plaintiff proceeds pro se, as in this case, a court is obliged to construe his pleadings liberally, **particularly when they allege civil rights violations.**" See *Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir.2001)*.

"Our reluctance to dismiss these complaints at such an early stage of the proceedings stems in part from the limited legal knowledge and resources available to pro se plaintiffs, which may hamper their ability to articulate potentially valid claims in legally cognizable language". See *Mawhinney v. Henderson, 542 F.2d 1, 3-4 (2d Cir.1976)*.

"Untimely dismissal may prove wasteful of the court's limited resources rather than expeditious, for it often leads to a shuttling of the lawsuit between the district and appellate courts."); see *Ron v. Wilkinson, 565 F.2d 1254, 1258 (2d Cir.1977)*.

On a final note, if so desired by this Honorable Court, Plaintiff can provide this Court with "good cause" and the circumstances surrounding his need to rush filing of his Amended Complaint. Plaintiff is hopeful further discussion of this is *nunc pro tunc* issue is unnecessary.

Respectfully submitted,

*/s/ John A Gentry*
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Sarah Richter Perky
Thompson Burton
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067

Pamela Anderson Taylor
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

Brenton Hall Lankford
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

On this the 27th day of March, 2017

_____
John Anthony Gentry, CPA

5