UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | ) |
| Plaintiff, | ) |
| vs. | ) |
| THE STATE OF TENNESSEE; PAMELA ANDERSON TAYLOR; BRENTON HALL LANKFORD; SARAH RICHTER PERKY; UNNAMED LIABILITY INSURANCE CARRIER(S); et al. | ) CASE NO. 3:17-0020 ) ) JURY TRIAL DEMANDED(12) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANTS PAMELA TAYLOR AND BRENTON LANKFORD

Come now, Defendants Pamela Taylor and Brenton Lankford (collectively, "Defendants"), and submit this Memorandum in Support of their Motion to Dismiss the Second Amended Complaint on the grounds of res judicata and litigation privilege[1], and state as follows.

## INTRODUCTION AND BACKGROUND

This is the second lawsuit filed by Gentry against Defendants arising out of the same set of facts, that is, Plaintiff's dissatisfaction with the results of his divorce proceeding in Sumner County Circuit Court before the Honorable Judge Joe H. Thompson (the "Divorce Action").[2] The first lawsuit against Defendants was initiated by complaint filed on October 3, 2016 (the "Prior Complaint"), in the Circuit Court for Davidson County (the "Davidson Lawsuit"). A copy of the Prior Complaint is attached hereto as Exhibit A. The Prior Complaint alleged, generally, that Defendants should be held liable to Plaintiff on claims of fraud, constructive fraud, abuse of

---

[1] In the event this Motion to Dismiss is denied, Defendants reserve the right to file a Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) and/or a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). Defendants may also join in any Motion to Dismiss, Motion for Judgment on the Pleadings, or Motion for Summary Judgment filed by any co-defendant in this action.

[2] The Divorce Action is styled *Katherine Wise Gentry v. John Anthony Gentry*, Case No. 2014CV393, filed in the Circuit Court for Sumner County, Tennessee at Gallatin.

process, civil conspiracy, and intention infliction of emotional distress based on Defendants' legal representation of Plaintiff's ex-wife in the Divorce Action. Defendants moved to dismiss the Davidson Lawsuit for failure to state a claim and based on the litigation privilege. By order entered January 26, 2017, the Davidson County Circuit Court granted Defendants' Motion to Dismiss (the "Davidson Court Judgment"). Copies of the Davidson County Circuit Court's Memorandum Opinion and Order Granting Defendants' Motion to Dismiss are attached hereto as <u>Exhibit B</u>. On February 21, 2017, Plaintiff moved the Davidson Court to alter the Davidson Court Judgment and to Conduct an Evidentiary Hearing. That motion is set for hearing on April 21, 2017.

Defendants were first joined in this federal case when Plaintiff filed his Amended Complaint on March 16, 2017, and then his Second Amended Complaint (the "Complaint") on March 27, 2017. The causes of action asserted in the Federal Complaint, like those in the Davidson Lawsuit, arise out of Defendants' representation of Plaintiff's ex-wife the Divorce Action. Generally, Plaintiff alleges Defendants conspired and engaged in a "Racketeering Scheme" with the Honorable Judge Joe H. Thompson, the Sumner County judge that presided over the Divorce Action, with Sarah Perky, Plaintiff's former counsel in the Divorce Action, and with the Tennessee Court of Appeals.[3]

Regardless of how Plaintiff terms the causes of action, all of the allegations contained in both the Davidson Lawsuit and this case arise out of the same set of facts, that is, Defendants' representation of Plaintiff's ex-wife, which have already been litigated in the Davidson Lawsuit and/or could have been brought in the Davidson Lawsuit. While Plaintiff makes the legal conclusion that the causes of action he asserted in the Davidson Lawsuit, including civil

---

[3] Plaintiff sued the Honorable Judge Joe Thompson in a separate action in this Court, Civil Action No. 3:16-cv-2617.

conspiracy, are separate and distinct from the causes of action in this federal lawsuit, Complaint at ¶ 89, the facts he's alleged all relate to the same Divorce Action that was subject of the Circuit Lawsuit   As such, Plaintiff's claims must be dismissed under the doctrine of *res judicata*.

To the extent that any of Plaintiff's claims are not dismissed on *res judicata* grounds, then the claims should be dismissed based on litigation privilege since the Defendants' actions complained of in the Complaint were taken in a representative capacity in the Divorce Action.

## STATEMENT OF THE ALLEGED FACTS[4]

On March 27, 2017, Plaintiff John A. Gentry filed his Second Amended Complaint ("Complaint") against Defendants. (*See generally*, Complaint, DE 36.) The relevant facts, as set forth in the Complaint and the exhibits thereto, are as follows:

Defendants represented Plaintiff's ex-wife in the Divorce Action, where the Honorable Judge Joe H. Thompson served as presiding judge.  Plaintiff alleges that Defendants conspired with the Judge Thompson during the course of the Divorce Action to Plaintiff's detriment. Complaint, ¶ 88.  Specifically, among other allegations, Plaintiff alleges Defendants decided matters for themselves and issued rulings of the Court that Judge Thompson would execute without question (Complaint, ¶ 90), conspired with Judge Thompson to unlawfully order Plaintiff to pay his opposing party's attorneys' fees (Complaint, ¶ 94), fraudulently stated Plaintiff was voluntary pro se when he was involuntary pro se (Complaint, ¶ 97), conspired to extort additional money from Plaintiff in the form of fraudulently escrowed and later awarded attorney's fees (Complaint, ¶ 110), falsely stated that Plaintiff was sanctioned attorneys' fees (Complaint, ¶ 115), fax filed a fraudulent order to the Sumner County Clerk's Office (Complaint, ¶ 119), tendered a fraudulent document directly to Judge Thompson (Complaint, ¶ 125), filed an illegal motion to quash any and all subpoenas (Complaint, ¶ 139), wrongfully quashed a witness

---

[4] Defendants assume the facts alleged in the Complaint as true for the purposes of this Motion only.

subpoena (Complaint, ¶ 144), conspired with Judge Thompson and Katherine Wise Gentry to subordinate "multiple perjurious testimony" (Complaint, ¶ 146), and conspired with Judge Thompson to corruptly cause withholding of testimony during official proceedings (Complaint, ¶ 147).

Plaintiff goes on further to allege that Defendants have conspired with the judges and clerks of the Tennessee Court of Appeals to deny him a fair hearing regarding the appeal of the Divorce Action. (Complaint, ¶ 231). However, these allegations relate to claims that should have been brought as part of the Davidson Lawsuit.

Many of Plaintiff's claims regarding the Tennessee Court of Appeals pre-date the Davidson Lawsuit. For example, Plaintiff refers to a Petition for Rehearing filed on August 22, 2016 (Complaint, ¶ 232), a Response to Order filed on September 8, 2016, a Response to Appellant's Petition for Rehearing Before a Different Judge filed on September 30, 2016 (Complaint, ¶ 239), Appellant's Response to Wife's Motion to Dismiss Husband's Rule 10B Petition For Recusal Appeal filed on September 12, 2016 (Complaint, ¶ 241); and the Order of the Court of Appeals dismissing Plaintiff's Petition for Recusal Appeal entered on October 6, 2016 (Complaint, ¶ 243). The only actions alleged by Plaintiff to have taken place after the Davidson Court Judgment are Defendants' routine filings on behalf of their client in the ongoing appeal, including a motion for extension of time, a motion to dismiss appeal and a memorandum in support thereof. (Complaint, ¶ 267). The appeal of the Divorce Action is currently pending before the Tennessee Court of Appeals, which has not yet made a final ruling.

In short, every allegation made against Defendants involves the Sumner County divorce action, or the appeal thereof.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A pleading that merely offers "labels and conclusions," or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court does not need to accept as true unwarranted inferences or unreasonable conclusions or arguments. *See In re Travel Agent Com'n Antitrust Litig.,* 583 F.3d 896, 903 (6th Cir. 2009) (citation omitted). A complaint must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC*, 500 F.3d at 527.

## ARGUMENT

Plaintiff's claims have already been decided by a court of competent jurisdiction, and cannot be brought again. Further, under the Rooker-Feldman doctrine, this Court does not have

jurisdiction to review the decision of the Tennessee state court in the Davidson Lawsuit. Additionally, Defendants' actions are protected by the Litigation Privilege. Thus, Plaintiff's Complaint against Defendants must be dismissed with prejudice.

## I. THE COMPLAINT IS BARRED BY THE DOCTRINE OF RES JUDICATA

Res judicata operates as a bar to subsequent litigation between the same parties based upon the same claims or causes of action that were or could have been raised in an earlier action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987). A party asserting the defense of *res judicata* must show: "(1) that the underlying judgment was rendered by a court of competent jurisdiction; (2) that the same parties were involved in both suits; (3) that the same cause of action was involved in both suits; and (4) that the underlying judgment was on the merits." *White v. White*, 876 S.W.2d 837, 839-40 (Tenn. 1994).

The Tennessee Supreme Court has held that that "[t]wo suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009).

The first requirement is met because the Davidson County Circuit Court rendered the Order with complete jurisdiction over the parties.

The second requirement is met because the same parties were involved in both lawsuits – Gentry as Plaintiff, and Taylor and Lankford as Defendants.

The third requirement is met because both lawsuits stem from the same cause of action. The "same cause of action" requirement pertains to "issues that were *or could have been litigated in the former suit.*" *Massengill*, 738 S.W.2d 629 at 632 (emphasis added). The underlying facts upon which Plaintiff's claims in this suit and the Davidson Lawsuit are based is the Divorce Action. (*See Prior Compl* and *Compl*. generally.) Plaintiff's claims against

Defendants regarding the Divorce Action have already been decided by the Davidson County Circuit Court. *See* Exhibit B. Therefore, the "same cause of action" requirement is met because the issue in dispute [Plaintiff's claims against Defendants regarding the Divorce Action] were litigated in the former suit. *Massengill*, 738 S.W.2d 629 at 632. However, even if, for sake of argument, the issue in dispute was not litigated in the prior lawsuit, the requirement would still be met. Plaintiff's claims are based on the same factual allegations asserted in the Davidson Lawsuit. (*See Prior Compl*. generally) Therefore, Plaintiff was fully capable of bringing any additional claims related to the same facts in the prior litigation. To that end, even if the issue in dispute was not previously litigated, the "same cause of action" requirement is met because the issue "could have been litigated in the former suit." *Massengill*, 738 S.W.2d 629 at 632.

Finally, the fourth requirement is met because the Davidson Judgment was a judgment on the merits, as evidenced by the Memorandum Opinion from the Davidson Court. *See* Exhibit B.

All of the requirements of the doctrine of *res judicata* are met. Further, under the Rooker-Feldman doctrine, this Court does not have jurisdiction to review the decision of the Tennessee state court in the Davidson Lawsuit. Thus, the Court must dismiss Plaintiff's Complaint against Defendants with prejudice.

## II. THE COMPLAINT AGAINST DEFENDANTS SHOULD BE DISMISSED ON GROUNDS OF LITIGATION PRIVILEGE

The Litigation Privilege precludes attorney liability for acts undertaken during, and in the scope of, the attorney's representation of clients in litigation.

As an initial matter, at all times relevant to the Complaint, Defendants were acting in a representative capacity in litigation before the Sumner County Circuit Court or the Tennessee Court of Appeals on behalf of Plaintiff's now ex-wife, and thus they are protected from liability as a result of this representation. Tennessee has long recognized an absolute privilege for

statements made by attorneys in the course of litigation. *Simpson Strong-Tie Company, Inc. v. Stewart*, 232 S.W.2d 18, 22 (Tenn. 2007). This absolute litigation privilege is based on the public policy goal of "securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients." *Id.* at 24 (quoting Restatement (Second) of Torts, § 586, cmt a. (1977)).

Out of cases from multiple other states, a new principle arose extending this absolute litigation privilege beyond mere statements, to encompass attorney conduct during litigation. *See Clark v. Duckman*, 624 S.E.2d 864, 870 (W. Va. 2005) ("no reason to distinguish between *communications* made during the litigation process and *conduct* occurring during the litigation process." (emphasis in original). *See also Macke Laundry Serv. Ltd. P'ship v. Jetz Serv. Co.*, 931 S.W.2d 166, 178-79 (Mo. Ct. App. 1996) (denying a civil conspiracy claim against an attorney because there was no evidence that the attorney acted for his own personal gain). The "absolute" privilege is subject to qualifications such as "actual malice", "intent to harm that was independent from the desire to protect the client", or "bad faith, personal ill-will, malice, or a deliberate intent to harm the third party". *Kahala v. Royal Corporation, Inc.*, 151 P.3d 732 (Haw. 2007) (holding that a claim against a law firm for intentional interference with contractual relations must fail because its attorneys were not shown to be acting outside the scope of their attorney-client relationship or acting with a desire to harm that was outside of their desire to protect their clients) (internal citations omitted).

Tennessee has now adopted this rule. In *Unarco Material Handling, Inc. v. Liberato*, 317 S.W.3d 227 (Tenn. Ct. App. 2010), the Court of Appeals, citing with approval *Macke* and *Kahala*, and using parameters from *Simpson Strong-Tie,* held that the litigation privilege applies to attorney conduct if:

(1) the attorney was acting in the capacity of counsel for a client or identifiable prospective client when the conduct occurred, (2) the attorney was acting in good faith for the benefit of and on behalf of the client or prospective client, not for the attorney's self-interest, (3) the conduct was related to the subject matter of proposed litigation that was under serious consideration by the attorney, and (4) there was a real nexus between the attorney's conduct and litigation under consideration.[5]

*Unarco*, at 238.

Here, all of the *Unarco* elements are met. As set forth all throughout the Complaint, Defendants were unquestionably "acting in the capacity as counsel for a client" when the alleged conduct occurred. Each of Defendants' actions were taken for and on behalf of their client, and were not taken for Defendants to derive any personal benefit or self-interest. The "related to" and nexus requirements are also met, as every single complaint regarding Defendants' actions were those taken in a representative capacity in the Divorce Action, and the alleged conduct is directly connected to that litigation. Accordingly, Defendants' alleged conduct, regardless of the specific cause(s) of action that may be alleged, is covered by the litigation privilege, and not actionable.

## CONCLUSION

WHEREFORE, Defendants by and through their undersigned attorneys, respectfully request that this Court grant their Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of *res judicata* and litigation privilege, and dismiss Plaintiff's Second Amended Complaint against Defendants with prejudice.

---

[5] *Unarco's* facts specifically involved conduct prior to litigation. There is no meaningful difference in the analysis of litigation that is in progress, rather than contemplated. In fact, the effect of *Simpson Strong-Tie*, upon which *Unarco* was largely based, was to extend the general litigation privilege rule to encompass pre-litigation statements, in addition to statements made once litigation commences, which had always been covered by the privilege.

Respectfully submitted,

*s/ Erika R. Barnes*
Erika R. Barnes (BPR #028628)
Lauren Paxton Roberts (BPR #025049)
STITES & HARBISON PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Fax: (615) 742-0734
e-mail: ebarnes@stites.com

*Counsel for Defendants Pamela Anderson Taylor and Brenton Hall Lankford*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of April, 2017, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system. The filing was also served by electronic mail and first-class mail, postage pre-paid, upon:

John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

*s/ Erika R. Barnes*
Erika R. Barnes