Copy

IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 16C-2615 |
| | ) JURY DEMAND |
| PAMELA ANDERSON TAYLOR, and BRENTON HALL LANKFORD, | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Based on the Memorandum Opinion, filed contemporaneously herewith, Defendants' Motion to Dismiss is, hereby, **GRANTED**. Plaintiff's Complaint is dismissed with prejudice.

It is so **ORDERED**.

This __26__ day of January, 2017.

AMANDA MCCLENDON, Judge

Copy

cc: Lauren Paxton Roberts, BPR# 25049
STITES AND HARBISON, PLLC
Suntrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 244-5200

*Counsel for Defendants*

John A. Gentry, CPA
208 Navajo Court
Goodlettsville, Tennessee 37072
(615) 351-2649
john.a.gentry@comcast.net

*Pro se Plaintiff*



IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 16C-2615 |
| | ) JURY DEMAND |
| PAMELA ANDERSON TAYLOR, and | ) |
| BRENTON HALL LANKFORD, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Currently before this Court is a Motion to Dismiss filed by Defendants Pamela Anderson Taylor and Brenton Lankford (hereinafter referred to collectively as "Defendants"). Defendants filed their motion pursuant to Rule 12.02 (6) of the Tennessee Rules of Civil Procedure.

### Background and Procedural History

Plaintiff, John Anthony Gentry's ("Mr. Gentry"), Complaint arises from Defendants' representation of Mr. Gentry's ex wife in the case of *Katherine Wise Gentry v. John Anthony Gentry*, Case No. 2014CV393, filed in the Circuit Court for Sumner County, Tennessee at Gallatin. At all times relevant, Defendants were employed by the law firm of Stites and Harbison, PLLC with their principal office located at 401 Commerce Street, Suite 800, Nashville, Tennessee. Mr. Gentry was proceeding pro se at all times relevant herein.

1

The Sumner County Court entered a Final Decree Granting Divorce and Reserving All Other Issues ("Final Decree") on May 12, 2016. A separate final order with respect to the division of the marital property was contemplated by the Final Decree. On July 14, 2016, the Sumner County Court issued its Memorandum Order and Opinion resolving the issues of classification of marital property, equitable division of the marital estate, and Ms. Gentry's request for attorney fees.

Mr. Gentry filed his Complaint for fraud, constructive fraud, abuse of process, civil conspiracy, and intentional infliction of emotional distress on October 3, 2016. He takes issue with the Defendants' handling of the underlying divorce case, alleging that Defendants' tendered "surreptitious documents" to the Court and that they "intentionally engaged in dilatory behavior in an effort to deny Plaintiff access to the courts[.]" Mr. Gentry takes issues with timing and handling of discovery in the underlying case, Defendants' request for an award of attorney's fees on behalf of their client, Defendants' filing of a motion to quash a subpoena issue by Plaintiff, Defendant's filing a proposed order in response to Plaintiff's Motion to Recuse the trial court judge in the underlying case, Defendants' garnishment of Plaintiff's bank account to collect a judgment against him, and that a hearing on Plaintiff's Petition for Contempt or in the Alternative for Pendente Lite Support was not able to be heard for more than six months after filing due to scheduling issues.

Mr. Gentry goes on to allege that all these actions were undertaken as part of a conspiracy between Defendants. He alleges that these actions were "outrageous" and caused him to become "temporarily alcohol dependent" and to begin using

tobacco again. Mr. Gentry further alleges a variety of medical and financial hardships were caused by Defendants actions in the trial court proceedings.

### Applicable Law

A motion to dismiss tests the legal sufficiency of a claim, not the strength of plaintiff's proof, and a court should construe all facts in factor of the plaintiff, taking the relevant and material allegations as true. *Stein v Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Legett v. Duke Energy Corporation*, 308 S.W.3d 843 at 851 (Tenn. 2010); *Trau-Med of America, Inc. v. Allstate Insurance Company*, 71 S.W.3d 691 at 696 (Tenn. 2002).

A defendant who files a motion to dismiss admits the truth of all the relevant and material allegations contained in the complaint, but asserts that the allegations fail to establish a cause of action. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002).

### Analysis

Defendants seek dismissal based on failure to state claim and the litigation privilege. At all times relevant to the Complaint, Defendants were acting in a representative capacity in litigation before the Sumner County Court on behalf of Mr. Gentry's now ex-wife. Tennessee has long recognized an absolute privilege for

3

statements made by attorneys in the course of litigation. *Simpson Strong-Tie Company, Inc. v. Stewart*, 232 S.W.2d 18, 22 (Tenn. 2007). That privilege extends to conduct in the court of litigation on behalf of a client.

In *Unarco Material Handling, Inc. v. Liberato*, the Court of Appeals, using parameters set forth in *Simpson*, held that the litigation privilege applies to attorney conduct if:

> (1) the attorney was acting in the capacity of counsel for a client or identifiable prospective client when the conduct occurred, (2) the attorney was acting in good faith for the benefit of and on behalf of the client or prospective client, not for the attorney's self interest, (3) the conduct was related to the subject matter of proposed litigation that was under serious consideration by the attorney, and (4) there was a real nexus between the attorney's conduct and litigation under consideration.

317 S.W.3d 227, 238 (Tenn. Ct. App. 2010) (citing *Simpson* at 24). The Tennessee Supreme Court integrated persuasive reasoning from *Kahala v. Royal Corporation, Inc.*, 151 P.3d 732 (Haw. 2007) (holding that a claim against a law firm for intentional interference with contractual relations must fail because attorneys were not shown to be acting outside the scope of their attorney-client relationship or acting with a desire to harm that was outside their desire to protect their clients) and *Macke Laundry Serv. Ltd. P'Ship v. Jetz Serv. Co.*, 931 S.W.2d 166, 178-79 (Mo. Ct. App. 1996) (denying a civil conspiracy claim against an attorney because there was no evidence that the attorney acted for his own personal gain) in the *Unarco* decision. 317 S.W.3d at 238.

This Court finds that all the *Unarco* elements are met. As set forth in the Complaint, Defendants were unquestionably "acting in the capacity as counsel for a

4

client." Mr. Gentry does not allege that Defendants derived any personal benefit from the alleged conduct. All actions of which Mr. Gentry complains were made in a representative capacity in the underlying litigation, and the alleged conduct is directly connected to the litigation. Accordingly, Defendants' alleged conduct falls within the litigation privilege and is not actionable.

Further, this Court is not the proper place to litigate such claims. While Mr. Gentry claims this case is completely separate and apart from the underlying divorce case, his Complaint functions as a collateral attack on litigation of and judgment of the case in the Sumner County Court. Each of his complaints could have or should have been addressed by the Sumner County Court in the underlying divorce case.

Counts I, II, and II of Mr. Gentry's Complaint all take issue with Defendants' handling of the underlying divorce action in which Defendants represented Mr. Gentry's ex-wife. Mr. Gentry claims he suffered damages as a result of the outcome allegedly tortious actions of Defendants, which led to an unfavorable outcome for him in the underlying divorce action.

It is well settled that "[a] judgment of a court of competent jurisdiction is binding and conclusive on the parties and their privies until vacated or reversed on a direct proceeding for review, and is not subject to collateral attack." *Carter v. Townsend*, No. 02A01-9108CV00179, 1991 WL 268355, at *1 (Tenn. Ct. App. Dec. 18, 1991) (citing *Fransioli v. Podesta*, 175 Tenn. 340, 347, 134 S.W.2d 162, 165 (1939)). The primary reason for precluding a collateral attack is the doctrine of res judicata, which bars a second suit between the same parties or their privies on the same

5

Copy

cause of action in respect to all issues which were or could have been litigated in the former suit. *A.L. Korman Co. v. Metro. Gov't of Nashville & Davidson County*, 391 S.W.2d 633 (Tenn. 1965); *New York Life Ins. Co. v. Nashville Trust Co.*, 292 S.W.2d 749 (Tenn. 1956); *Scales v. Scales*, 564 S.W.2d 667 (Tenn. Ct. App. 1977).

Mr. Gentry submits that this is a suit completely separate from the underlying divorce and not a collateral attack. However, this Court finds that Mr. Gentry is seeking to attack the validity of the Sumner County Court rulings in this case. He asserts multiple issues with discovery, motions, the garnishment action, and the lack of recusal of the judge. The proper venue to address such complaints is in the Sumner County Court, within the divorce proceeding. Mr. Gentry also had the option of filing Rule 60 motion seeking relief for the reasons addressed in his Complaint in this case.

This Court cannot address alleged errors in the underlying case in Sumner County. Further, even if this Court could address the these issues, it finds that Mr. Gentry's claims fail as a matter of law.

I. Fraud, Fraudulent Inducement and Abuse of Process

In order to state a claim for fraud or intentional misrepresentation, a plaintiff must allege facts supporting the following essential elements:

1) the defendant made a representation of an existing or past fact;

2) the representation was false when made;

3) the representation was in regard to a material fact;

4) the false representation was made either knowingly or without belief in its truth or recklessly;

5) plaintiff reasonably relied on the misrepresented material fact; and

6) plaintiff suffered damage as a result of the misrepresentation.

*Metro. Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992).

Mr. Gentry claims that Defendants knowingly and intentionally tendered several surreptitious documents to the Circuit Court Judge that contained false statements. He claims these documents were submitted to intentionally defraud him of monies. He further claims that Defendants knowingly and intentionally obstructed evidence and engaged in dilatory behavior. However, Mr. Gentry does not identify the time, place and content of the alleged misrepresentations as required by Rule 9.02 of the Tennessee Rules of Civil Procedure. Mr. Gentry fails to identify with particularity a single misstatement made by either Defendant to him, any reliance by him or his previous counsel on any misstatements by Defendants, or that he suffered any damage as the result of any misstatements. He simply claims that there was fraud perpetrated by the Defendants.

Mr. Gentry does claim that Defendants submitted an incorrect proposed order on the Motion to Recuse, which constituted fraud and abuse of process. As Mr. Gentry describes in the Complaint, the trial judge asked Defendants to prepare a proposed order. It was up to the trial judge to determine which tendered order he believed to accurately reflected the contents of his ruling. Mr. Gentry does not identify any fraudulent statements in the proposed order, but seems to primarily

7

take issue with the submission procedure, which is common in trial courts. Further, Mr. Gentry concedes that he objected to the proposed order in the underlying divorce proceeding.

Mr. Gentry's abuse of process claim must fail as well. Two elements are necessary to an action for the malicious abuse of legal process: (1) the existence of an ulterior purpose and (2) an act in the use of the process not proper in the regular prosecution of the proceeding. "Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." Priest v. Union Agency, 174 Tenn. 304, 125 S.W.2d 142, 144 (1939) (citing Cooley on Torts, 3d ed., 355). This Court finds that Mr. Gentry has not offered any facts to support either element. Defendants represented Mr. Gentry's ex-wife in a divorce proceeding, the outcome of which was unsatisfactory to Mr. Gentry. While Mr. Gentry may believe Defendants were out to get him, he's offered no evidence that Defendants had an ulterior purpose outside that of adequately representing the interests of their client. Further, Mr. Gentry has not demonstrated that the Defendants took any act that was outside normal procedures in a divorce proceeding.

II. Civil Conspiracy

The elements of civil conspiracy in Tennessee are: "(1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury." Kincaid v. SouthTrust Bank, 221 S.W. 3d 32, 38 (Tenn. Ct. App. 2006). Mr. Gentry claims that Defendants, as co-Counsel for his

ex-wife, "conspired together to defraud Plaintiff and abused process to cause Plaintiff financial and emotional harm with regard of common decency[.]"

First, the Court has already determined that Mr. Gentry has not stated a claim for fraud and abuse of process. Thus, he has failed to demonstrate any underlying tort to support his conspiracy claim. Further, Mr. Gentry has alleged the conspiracy existed between Ms. Taylor and Mr. Lankford as co-counsel. Mr. Gentry does not allege that the Defendants conspired with his ex-wife. The Defendants are employed by the same firm; they were acting with identical interests and cannot conspire together for purposes of a claim of conspiracy. *See* Trau-Med of Am., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 704 (Tenn. 2002) (holding that "there can be no actionable claim for conspiracy where the conspirational conduct alleged is essentially a single act by a single corporation acting through its officers, directors, employees, and other agents, each acting within the scope of his or her employment"). Though Mr. Gentry does briefly state that Defendants conspired with the trial judge, he does not properly support this allegation with any facts.

### III. Intentional Infliction of Emotional Distress

In order to state a claim for intentional infliction of emotional distress, a plaintiff must establish the following elements: (1) the conduct complained of must be intentional and reckless, (2) it must be so outrageous that it is not tolerated by a civilized society, and (3) it must result in serious mental injury. *Lyons v. Farmers Ins. Exch.*, 26 S.W.3d 888, 893 (Tenn. Ct. App. 2000) (citing *Bain v. Wells*, 936 S.W.2d 618 (Tenn. 1997)). The burden is on the plaintiff to show that the conduct is "so

outrageous in character, and so extreme in degree, as to go beyond all possible bunds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community." *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999). This conduct must be more than mere insults, indignities, threats, annoyances, petty oppression or other trivialities." *Bain*, 936 S.W.2d at 623 (internal citations omitted). "The actionable conduct should be set out in the complaint describing the substance and severity of the conduct that is allegedly outrageous." *Lyons* at 893.

Mr. Gentry asserts that the conduct of the Defendants in the underlying case was outrageous. The conduct complained of includes filing motions, submitting proposed orders, moving to quash subpoenas, statements in court and otherwise advancing the interest of Defendants' client in court. While Mr. Gentry, like any plaintiff, has "a right to emotional tranquility," these are not the types of actions Tennessee courts have found to be outrageous.[1] *Miller v. Willbanks*, 8 S.W.3d 607, 611 (Tenn. 1999). Even if Defendants actions were otherwise tortious, which this Court has found they are not, they do not rise to the level of outrageous. *See Nelson v. Ford Motor Credit Co.*, 621 S.W.2d 573, 576 (Tenn. Ct. App. 1981) (finding that defendant's credit collection practices, undertaken because the plaintiff's account was erroneously flagged as delinquent, were not outrageous because they were not

---

[1] See, e.g., *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48 (Tenn. 2004) (defendant's conduct (murder of his wife and suicide, both in presence of plaintiff) could form basis of outrageous conduct action); *Miller*, 8 S.W.3d at 613-14 (doctor spreading false rumors that parent's illegal drug use affected newborn infant); *Lawrence v. Stanford*, 655 S.W.2d 927, 928 (Tenn.1983) (veterinarian threatening to kill dog unless owners paid bill); *Dunn v. Moto Photo, Inc.*, 828 S.W.2d 747, 749 (Tenn.Ct.App.1991) (film developer falsely obtaining nude photo of plaintiff and entrusting it to fellow co-worker of plaintiff who displayed it at plaintiff's workplace)

10

threatening or abusive), *see also*, Rogers v. Louisville Land Co., 367 S.W.3d 196, 211 (Tenn. 2012) (Court found no serious mental injury where plaintiff, who while mourning the loss of her son was faced with an overgrown and ill-maintained cemetery where his remains were interred).

Recovery is reserved for "serious or severe" emotional injury. *Ramsey v. Beavers*, 931 S.W.2d 527, 532 (Tenn. 1996). "[S]evere emotional injury" occurs when "a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Rogers v. Louisville Land Co.* (quoting Eskin, 262 S.W.3d at 735 n.21) (internal citations omitted).

Mr. Gentry does not successfully plead that he has "sustained a serious mental injury" as a result of outrageous conduct. *See Lyons*, 26 S.W.3d at 893. He alleges that "he became temporarily alcohol dependent for a period lasting several months" as a result of Defendants' actions. *See* Compl. ¶ 135. He further alleges that he lost clients at his business as a result of his "obsession with finding justice." *Id.* at ¶ 137. Mr. Gentry also alleges that he began to use tobacco again "as a means to defray his mental anguish." *Id.* at ¶ 138. While this Court is not without sympathy for Mr. Gentry, who was faced with stress of going through a divorce and proceeding pro se in a case following the withdraw of counsel, the evidence preponderates against finding a serious mental injury in this case. This is not the type of mental distress that has been recognized in a claim for emotional distress.

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED. Mr. Gentry's allegations all deal with how the underlying divorce action was handled by

11

Copy

the Defendants and the judge. The alleged errors could have and should have been addressed in the underlying divorce case or by Rule 60 motion seeking relief. Mr. Gentry also has the option of seeking appeal if the Sumner County Court judgment.

It is so ORDERED.

This 26 day of January, 2017.

AMANDA MCCLENDON, Judge

Copy

cc: Lauren Paxton Roberts, BPR# 25049
STITES AND HARBISON, PLLC
Suntrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 244-5200

*Counsel for Defendants*

John A. Gentry, CPA
208 Navajo Court
Goodlettsville, Tennessee 37072
(615) 351-2649
john.a.gentry@comcast.net

*Pro se Plaintiff*