# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 3:17-cv-00020** |
| **v.** | ) | |
| | ) | **Judge Trauger/Magistrate Judge Holmes** |
| THE STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## STATE OF TENNESSEE'S MOTION TO DISMISS THE AMENDED COMPLAINT
_____

The State of Tennessee moves the Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. In his amended complaints,[1] Plaintiff has sued the State of Tennessee. (Am. Compl. 8-10; Second Am. Compl. 7.) But this Court lacks jurisdiction over Plaintiff's claims against the State of Tennessee due to sovereign immunity arising from the Eleventh Amendment. Therefore, the State of Tennessee should be dismissed as a defendant in this case.

Dismissal is also appropriate pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted on the following grounds:

1.     Lack of subject matter jurisdiction to the extent Plaintiff seeks appellate review of state court orders;

---

[1] Plaintiff filed an Amended Complaint (Docket Entry No. 32), and a Second Amended Complaint (Docket Entry No. 36). It is unclear whether the Court will allow the Second Amended Complaint and so allegations contained in both complaints will be referenced in this Memorandum.

2. Abstention to the extent Plaintiff seeks interference with a pending state judicial proceeding, *Gentry v. Gentry*, No. M2016-01765-COA-R3-CV (Tenn. Ct. App.);

3. Plaintiff lacks standing to challenge dismissal of complaints filed with the Tennessee Board of Judicial Conduct and Tennessee Board of Professional Responsibility;

4. Plaintiff fails to state a claim because the State is not a "person" under § 1983;

5. Plaintiff fails to state a claim because dismissal of a complaint by the Tennessee Board of Judicial Conduct or Board of Professional Responsibility does not implicate a constitutional or legal right that gives rise to a 42 U.S.C. §§ 1983 or 1985 action;

7. Plaintiff fails to state a claim under 18 U.S.C. §§ 2, 1341, 1512, 1951, 1952 because they are criminal statutes that do not provide a private right of action;

8. The statute of limitations bars Plaintiff's allegations for alleged violations of civil rights that occurred more than one year prior to the filing of the amended complaint, including but not limited to the dismissal of his complaint by the Tennessee Board of Professional Responsibility, and numerous rulings and orders by the judge in his divorce case, *Gentry v. Gentry*, No. 2014CV393 (Sumer. Cnty. Cir. Ct.); and

9. Plaintiff is not entitled to injunctive relief because he cannot establish a constitutional violation for which he will suffer a continuing irreparable injury.

The State of Tennessee relies upon a contemporaneously filed memorandum of law in support of this motion.

2

<center>**CONCLUSION**</center>

For the reasons stated, the State of Tennessee respectfully requests that this Court grant its motion to dismiss.

<div style="margin-left: 50%;">

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

</div>

<center>**CERTIFICATE OF SERVICE**</center>

I hereby certify that a true and exact copy of the foregoing was filed electronically, and served through the electronic filing system on this the 18th day of March, 2017, to:

| | |
|---|---|
| Erika R. Barnes | William S. Walton |
| Lauren Paxton Roberts | Butler Snow LLP (Nashville) |
| Stites & Harbison, PLLC (Nashville Office) | The Pinnacle at Symphony Place |
| 401 Commerce Street | 150 Third Avenue South |
| Suite 800 | Suite 1600 |
| Nashville, TN 37219 | Nashville, TN 37201 |
| *Attorney for Defendants Pamela Anderson Taylor and Brenton Hall Lankford* | *Attorney for Defendant Sarah Richter Perky* |

and served by first-class mail, postage prepaid on this 18th day of March, 2017, to:

John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

<div style="margin-left: 50%;">

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer

</div>

<center>3</center>