IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN ANTHONY GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:17-cv-00020 |
| v. ) | |
| ) | Judge Trauger/Magistrate Judge Holmes |
| THE STATE OF TENNESSEE, ET AL., ) | |
| ) | |
| Defendants. ) | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
STATE OF TENNESSEE'S MOTION TO DISMISS THE AMENDED COMPLAINT**

---

The State of Tennessee submits the following Memorandum of Law in Support of its Motion to Dismiss.

**FACTS**

In his amended complaints,[1] Plaintiff has sued the State of Tennessee. (Am. Compl. 8-10; Second Am. Compl. 7.) He has not sued any state official. Plaintiff asserts this cause of action against the State of Tennessee under: 42 U.S.C. §§ 1983, 1985; and 18 U.S.C. §§ 2, 1341, 1346, 1512, 1951, 1952, and 1962. (Am. Compl. 8-10; Second Am. Compl. 7.)

Plaintiff complains of rulings made and orders entered by the judge in his divorce case, *Gentry v. Gentry*, No. 2014CV393 (Sumer. Cnty. Cir. Ct.). (Am. Compl. 17-31; Second Am. Compl. 28-48.) The final decree granting divorce was entered on May 12, 2016. (Am. Compl. 24; Second Am. Compl. 37.)

---

[1] Plaintiff filed an Amended Complaint (Docket Entry No. 32), and a Second Amended Complaint (Docket Entry No. 36). It is unclear whether the Court will allow the Second Amended Complaint and so allegations contained in both complaints will be referenced in this Memorandum.

Plaintiff filed complaints with the Tennessee Board of Judicial Conduct and Tennessee Board of Professional Responsibility, which he alleges were wrongfully dismissed. (Am. Compl. 31-39; Second Am. Compl. 57, 65.)

Plaintiff alleges that the Tennessee Court of Appeals wrongfully dismissed his petition for recusal appeal in *Gentry v. Gentry*, No. M2016-01731-COA-T10B-CV (Tenn. Ct. App. Oct. 6, 2016). (Am. Compl. 40-42; Second Am. Compl. 68-71.) In his pending Rule 3 appeal, *Gentry v. Gentry*, No. M2016-01765-COA-R3-CV (Tenn. Ct. App.), Plaintiff complains of various orders entered by the court, and alleges that court clerks are concealing documents from the appellate record and/or from online access. (Am. Compl. 43-52; Second Am. Compl. 71-83.)

## LAW AND ARGUMENT

### I. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S CLAIMS AGAINST THE STATE OF TENNESSEE.

A state's immunity from suit in federal courts "flows from the nature of sovereignty itself as well as the Tenth and Eleventh Amendments." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (internal citations omitted). The Eleventh Amendment provides "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. It is well settled that due to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The suit itself is barred, "regardless of whether it seeks damages or injunctive relief." *Id.* at 102.

2

But "[t]here are three exceptions to a State's sovereign immunity: (a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young* applies; and (c) when Congress has properly abrogated a State's immunity." *S & M Brands, Inc.*, 527 F.3d at 507.

The State of Tennessee has not consented to suit. *Berndt v. State*, 796 F.2d 879, 881 (6th Cir. 1986) (Tenn. Code Ann. § "20-13-102(a) of the Tennessee Code, which expressly prohibits any suits in state court against the state or where state treasury funds are potentially involved, also extends impliedly to suits brought in federal court."). The *Ex Parte Young*[2] exception does not apply here since the State of Tennessee is the defendant. *See e.g., Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 74 (1996) ("The Eleventh Amendment bar [may] be lifted, as it was in *Ex Parte Young*, to allow a suit against a state officer."); *S & M Brands, Inc.*, 527 F.3d at 507 ("Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law."). Finally, congress did not override a state's Eleventh Amendment immunity by enacting: (1) 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); (2) 42 U.S.C. § 1985, *Abe v. Michigan Dep't of Consumer and Indust. Servs.,* No. 99-1813, 2000 WL 1176878, *1 (6th Cir. Aug. 9, 2000); or (3) the RICO statutes, *Jackson v. Dempsey*, No. 1:09-CV-240, 2010 WL 1408432, at *3 (E.D. Tenn. Apr. 2, 2010). Therefore, no exception to sovereign immunity applies here and the Eleventh Amendment bars Plaintiff's suit against the State of Tennessee.

---

[2] *Ex Parte Young,* 209 U.S. 123, 155-6 (1908).

## II. PLAINTIFF'S CLAIMS AGAINST THE STATE OF TENNESSEE SHOULD ALSO BE DISMISSED DUE TO LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's allegations against the State of Tennessee could also be dismissed on the following grounds:

1. Lack of subject matter jurisdiction to the extent Plaintiff seeks appellate review of state court orders. *See Pieper v. Am. Arbitration Ass'n. Inc.*, 336 F.3d 458, 462 (6th Cir. 2003);

2. Abstention to the extent Plaintiff seeks interference with a pending state judicial proceeding, *Gentry v. Gentry*, No. M2016-01765-COA-R3-CV (Tenn. Ct. App.). *See Younger v. Harris*, 401 U.S. 37, 43-44, (1971);

3. Plaintiff lacks standing to challenge dismissal of complaints filed with the Tennessee Board of Judicial Conduct and Tennessee Board of Professional Responsibility. *See Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016);

4. Plaintiff fails to state a claim because the State is not a "person" under § 1983. *See Arizonans for Official English v. Arizona,* 520 U.S. 43, 69 (1997);

5. Plaintiff fails to state a claim because dismissal of a complaint by the Tennessee Board of Judicial Conduct or Board of Professional Responsibility does not implicate a constitutional or legal right that gives rise to a 42 U.S.C. §§ 1983 or 1985 action. *See Jones v. Blackburn*, No. 3:14-CV-01229, 2014 WL 2480601, at *6 (M.D. Tenn. June 2, 2014). *See also Saier v. State Bar of Mich.*, 293 F.2d 756, 759 (6th Cir. 1961) (state bar's denial of plaintiff's request for investigation of attorneys did not implicate a right guaranteed to him by the Federal Constitution);

4

6. Plaintiff fails to state a claim for violations of the provisions 18 U.S.C. § 1962. *See H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989);

7. Plaintiff fails to state a claim under 18 U.S.C. §§ 2, 1341, 1512, 1951, 1952 because they are criminal statutes that do not provide a private right of action. *See, e.g., Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (18 U.S.C. § 1341 does not give rise to private cause of action); *Wisdom v. First Midwest Bank of Poplar Bluff,* 167 F.3d 402, 409 (8th Cir. 1999) (no private cause of action under 18 U.S.C. § 1951); *Hooker v. Hooker*, No. 11-cv-2252-JTF-tmp, 2015 WL 542142 at *3 (W.D. Tenn. Jan. 23, 2015) (18 U.S.C. §§ 2, 1343 have no private right of action); *Parton v. Smoky Mtn. Knife Works*, *Inc.*, No. 3:10-cv-436, 2011 WL 4036959 at *12 (E.D. Tenn. Sept. 12, 2011) (there is no private cause of action under 18 U.S.C. § 1512) (citing *Shahin v. Darling*, 606 F.Supp.2d 525, 538-9 (D. Del. 2009));

8. The statute of limitations bars Plaintiff's allegations for alleged violations of civil rights that occurred more than one year prior to the filing of the amended complaint, including but not limited to the dismissal of his complaint by the Tennessee Board of Professional Responsibility, and numerous rulings and orders by the judge in his divorce case, *Gentry v. Gentry*, No. 2014CV393 (Sumer. Cnty. Cir. Ct.). *See Craft v. Vanderbilt University*, 18 F.Supp 2d 786, 797-798 (M.D. Tenn. 1998) (one year statute of limitations governs actions brought pursuant to 42 U.S.C. §§ 1983 and 1985); and

Case 3:17-cv-00020   Document 52   Filed 04/18/17   Page 5 of 6 PageID #: 1564

9. Plaintiff is not entitled to injunctive relief because he cannot establish a constitutional violation for which he will suffer a continuing irreparable injury. *See Women's Medical Professional Corp. v. Baird*, 438 F.3d 595, 602 (6th Cir. 2006).

## CONCLUSION

For the reasons stated, the State of Tennessee should be dismissed.

Respectfully Submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer, BPR # 27096
Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Stephanie.Bergmeyer@ag.tn.gov
(615) 741-6828

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed electronically, and served through the electronic filing system on this the 18th day of March, 2017, to:

| | |
|---|---|
| Erika R. Barnes | William S. Walton |
| Lauren Paxton Roberts | Butler Snow LLP (Nashville) |
| Stites & Harbison, PLLC (Nashville Office) | The Pinnacle at Symphony Place |
| 401 Commerce Street | 150 Third Avenue South |
| Suite 800 | Suite 1600 |
| Nashville, TN 37219 | Nashville, TN 37201 |
| *Attorney for Defendants Pamela Anderson Taylor and Brenton Hall Lankford* | *Attorney for Defendant Sarah Richter Perky* |

and served by first-class mail, postage prepaid on this 18th day of March, 2017, to:

John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

s/ Stephanie A. Bergmeyer
Stephanie A. Bergmeyer