IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY | ) |
| | ) |
| v. | ) NO. 3:17-0020 |
| | ) |
| THE TENNESSEE BOARD OF | ) |
| JUDICIAL CONDUCT, et al. | ) |

**O R D E R**

The motion of Defendant State of Tennessee (Docket Entry No. 35) for an extension of time to respond to Plaintiff's first two amended complaints is GRANTED *nunc pro tunc*. The motion to dismiss (Docket Entry No. 51) filed by Defendant State of Tennessee is deemed timely filed.

The joint motion to dismiss (Docket Entry No. 22) filed by Defendant State of Tennessee and three Defendants who have now been dropped from this action by virtue of Plaintiff's amended complaint is DENIED as moot in light of Defendant State of Tennessee's subsequently filed motion to dismiss Plaintiff's amended complaints.

The motion of Defendant Sarah Richter Perky ("Defendant Perky") (Docket Entry No. 43) for an extension of time to respond to Plaintiff's first two amended complaints is GRANTED *nunc pro tunc*. The motion to dismiss (Docket Entry No. 49) filed by Defendant Perky is deemed timely filed. The motion (Docket Entry No. 48) of Defendant Perky for leave to file a memorandum in support of her motion to dismiss that is in excess of the page limitation requirement of Local Rule 7(a) is GRANTED.

Plaintiff's second notice of intent to amend his complaint (Docket Entry No. 53) is DENIED to the extent that Plaintiff requests leave to file a third amended complaint. Plaintiff's original complaint was followed by: 1) a first amended complaint (Docket Entry No. 32), which dropped three of the originally named Defendants, added three new Defendants, and added several pages of new factual allegations; and 2) a second amended complaint (Docket Entry No. 36), which retained the same Defendants named in the first amended complaint and added yet more factual allegations.

Plaintiff has exhausted his ability to amend his complaint "once as a matter of course," as allowed under Rule 15(a)(1). Defendants have filed motions to dismiss Plaintiff's first and second amended complaints, and the Court sees no basis upon which to conclude that justice requires Plaintiff be granted leave to file yet another amended complaint in this action. Rule 15(a)(2). Permitting another amended complaint would in turn require Defendants to file a new round of motions to dismiss, which Plaintiff appears to believe would permit him to file another amended complaint in an unending cycle of amendments. However, Plaintiff has now had three opportunities to plead his claims, and has taken full advantage of those opportunities by filing a second amended complaint that is 103 pages long. He has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose. The pending motions to dismiss will be decided upon the pleadings that are already before the Court. Any arguments Plaintiff wishes to raise in objection to the motions to dismiss can be raised in his responses to the motions.

    Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.02(b) of the Local Rules of Court.

    So ORDERED.

<br>

BARBARA D. HOLMES
United States Magistrate Judge