FILED
2017 MAY -8 AM 11: 52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER
DATED APRIL 26, 2017 AND
MOTION FOR EXTENSION OF TIME
OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND**

Pursuant to Local Rules, U.S. District Court, Middle District of Tennessee, Rule 72.02 (b) and Fed. R. Civ. P. Rule 72 (a), Plaintiff respectfully objects and requests the U.S. District Court Judge's Review of the Magistrate's Orders filed and entered into the record on April 26, 2017.

Pursuant to Fed. R. Civ. P. Rule 6 and Local Rule 72.02 (b), Plaintiff's Objection and Motion for Court Review is filed timely. Local Rule 72.02 (b) states: such motions shall be

1

filed within fourteen (14) days. Accordingly, Plaintiff's Objection and Motion for Review is filed timely on May 8, 2017.

In an effort to keep all parties apprised of Plaintiff's filings and as a matter of courtesy, Plaintiff properly filed a Second Notice of Intent to file a Third Amended Verified Complaint on April 24, 2017 (Docket Entry 53). Plaintiff respectfully suggests, had the case not been exempted from customized case management, the Court could have provided oversight and guidance that would have resulted in fewer amendments reducing cost and time for all parties including the Court, which is the purpose of customized case management.

On April 26, 2017, the Magistrate Judge entered an order stating: *"Plaintiff's second notice of intent to amend his complaint (Docket Entry No. 53) is DENIED to the extent that Plaintiff requests leave to file a third amended complaint."* The Magistrate's Order is ambiguous in stating *"to the extent that Plaintiff requests leave"* in that Plaintiff was not seeking leave to amend. Plaintiff was giving "notice of intent" to amend pursuant to Rule 15.

Regardless, this language by the Magistrate Judge, forces Plaintiff into an unclear, confusing, and dangerous position of being held in contempt of court if he simply moved forward pursuant to Rule 15 and filed his Third Amended Complaint. Plaintiff desires to leave no impression whatsoever of being in contempt of court and possibly disobeying a Magistrate's order, while at the same time desiring to safeguard his right to amend in compliance with and according to the Federal Rules of Civil Procedure.

Pursuant to Federal Rules of Civil Procedure, Rule 15 (a)(1)(B), a Plaintiff is allowed to amend as a matter of course, and without need of Court approval, within twenty-one (21)

days of receiving a Rule 12(b) motion. Plaintiff received a Rule 12(b) Motion to Dismiss filed by Defendant SARAH RICHTER PERKY on April 17, 2017 and as a matter of course, Plaintiff is allowed to amend his complaint up to twenty-one (21) days thereafter.

Due to the confusing nature of the language used by the Magistrate, and Plaintiff's desire to remain in compliance with orders issued by this Court, Plaintiff seeks Court Review of the Magistrate's Order.

Since Plaintiff was caused concern about whether he would be in contempt of court if he filed his Third Amended Complaint as a matter of course pursuant to Rule 15, Plaintiff seeks Court Review and affirmation of Plaintiff's right to file an amended complaint pursuant to Rule 15.

Due to the fact that the interjection of the Magistrate caused Plaintiff to withhold filing his Third Amended Complaint, Plaintiff respectfully requests an extension of time for an additional twenty-one (21) days after this Court Review for Plaintiff to file his Third Amended Verified Complaint.

In the Alternative, Plaintiff respectfully requests leave to amend so that Plaintiff can state new and additional facts giving rise to his causes of action pertaining to Defendant's SARAH RICHTER PERKY, PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD. Plaintiff further requests leave to amend so as to add new allegations against the State of Tennessee and further violations of the U.S. Constitution: Amendment VIII and Article I § 9.

This Motion is filed concurrently with a Memorandum of Law supporting this motion.

3

**WHEREAS PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

To affirm Plaintiff's right to amend pursuant to Rule 15;

To grant Plaintiff an extension of time to file his third amended complaint;

In the alternative to grant Plaintiff leave to amend.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Pamela Anderson Taylor
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

Sarah Richter Perky
Thompson Burton
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067

Brenton Hall Lankford
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

On this the 8th day of May, 2017

John Anthony Gentry, CPA