# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | **CASE NO. 3:17-0020** |
| ) | |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | **JURY TRIAL DEMANDED(12)** |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

---

## MEMORANDUM OF LAW SUPPORTING
## PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S ORDER
## DATED APRIL 26, 2017 AND
## MOTION FOR EXTENSION OF TIME
## OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND

---

Pursuant to Fed. R. Civ. P. Rule 15 (a) (2), Plaintiff requests leave to amend so as to

ensure justice prevails in this matter.  In the case, *Kottmyer v. Maas, 436 F. 3d 684 - Court of*

*Appeals, (6th Cir. 2006)*, the 6th District Court of Appeals stated;

> Under Federal Rule of Civil Procedure 15(a), a district court should
> freely grant a plaintiff leave to amend a complaint "**when justice so
> requires**." Fed. R. Civ. Pro. 15(a) (at 692).

1

## BASIS FOR REQUESTING LEAVE TO AMEND

Plaintiff respectfully requests leave to amend so that Plaintiff can state new and additional facts giving rise to his causes of action pertaining to Defendant's SARAH RICHTER PERKY, PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD.

Regarding Defendant SARAH RICHTER PERKY, Defendant's counsel suggested defects in Plaintiff's complaint falsely suggesting "*where is the harm?*" This is a easily curable "defect" in Plaintiff's complaint that can easily be cured by providing the Court additional facts and restating allegations.

Regarding Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD, Plaintiff has recently discovered new evidence further proving conspiracy and collusion between the Defendants and the Circuit Court Judge made in an effort to deny Plaintiff his property under color of law and in violation of his right of due process. Plaintiff desires to state these new facts in his amended Complaint.

Plaintiff further requests leave to amend so as to add new allegations against the State of Tennessee and further violations of the U.S. Constitution: Amendment VIII and Article I § 9. Furthermore, Since Defendant State of Tennessee has raised the argument that Amendment IX U.S. Constitution prevents suits against the State, this raises the issue of unconstitutional laws enacted by the State to protect corruption occurring in State courts.

The Constitution of the State of Tennessee grants its citizens the right to sue the state and abrogates it Eleventh Amendment protection. "Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct." This state constitutional

2

provision served the state well since its ratification in 1835. In 2016, in a clear effort to protect corrupt interests and "Racketeering Enterprises" and "Racketeering Activities" the state enacted new legislation under the Government Tort and Liabilities Act. This act of the congress is enacted into state statute 29-20-205 and grants immunity to the state as follows: **(1)** The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused; and **(5)** The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause. Plaintiff challenges these laws as unconstitutional on their face and intent. Plaintiff further seeks to challenge the constitutionality of other state laws and court rules as unconstitutional as well.

Regarding these allegations, Plaintiff can certainly bring a separate cause of action against the state, but since these matters are interrelated with Plaintiff's current causes of action, it would be much more efficient to consider these matters together and at the same time. This is quite simply a more efficient means to address these interrelated matters and saves cost and time for all parties including the Court.

Plaintiff further seeks to make allegations and present proof regarding the states violations of Amendment VIII and Article I § 9. These are very serious matters for the Court to consider as they affect not only the citizens of Tennessee, but they affect the Republic as a whole. And most certainly, Justice, not just for Plaintiff, but for all citizens, demands that the issues Plaintiff seeks to allege, be addressed in federal courts who are given the solemn responsibility of protecting against. Does not this Court at least desire to hear Plaintiff's allegations in this regard considering the importance of protecting the Constitution?

The injustices suffered under the Crown of England are what caused our founding fathers to define and protect our rights in our federal constitution. The same grievances suffered under the Crown, enumerated in the Declaration of Independence, are the same injustices inflicted upon citizens today. Plaintiff intends to prove these injustices are caused by the State in violation of Article I § 9 of the U.S. Constitution. Surely this court does not desire to turn back the clock, to the same injustices that gave rise to our Declaration of Independence.

Plaintiff asserts that once the State recognizes that it has engaged in the same practices causing our independence from England, the State too, will desire to return to the fold and uphold the Constitution as our forefathers intended. Upon seeing the evidence and facts, Plaintiff believes this Court too will desire the same.

In the U.S. Supreme Court case, Mathews v. Eldridge, 424 US 319 - Supreme Court 1976, our Supreme Court stated;

> The "**right to be heard before being condemned to suffer grievous loss of any kind, even though it may not involve the stigma and hardships of a criminal conviction, is a principle basic to our society**." Joint Anti-Fascist Comm. v. McGrath, 341 U. S. 123, 168 (1951) (Frankfurter, J., concurring). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). (at 333)

Until one suffers a "grievous loss" as Plaintiff did while being denied his right to be heard, the pain of emotional turmoil, mental anguish and financial hardship cannot fully be understood or appreciated. Plaintiff is an Honorably Discharged Veteran and hearing impaired caused by his service to country and wholeheartedly believes in our system of justice. It is

4

Plaintiff's belief in our system of justice, that gives him strength to preserve the Constitution. As a patriot from a long line of family service to country, Plaintiff has "stood the wall" protecting and defending the Constitution and stands again today in defense of the same.

**STANDARD OF REVIEW**

Federal Rules of Civil Procedure, Rule 15(a)(2) states; "…The court should freely give leave to amend when justice so requires. "Under Federal Rule of Civil Procedure 15(a), a district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. Pro. 15(a) *Kottmyer v. Maas, 436 F. 3d 684 - Court of Appeals, (6th Cir. 2006) at 692.*

In the Supreme Court case, Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated:

> **…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.** (at 182)

In the Magistrate Judge's order, ambiguously denying Plaintiff's right to amend as a matter of course, the Magistrate Judge misinterprets Plaintiffs desire and right to amend as a matter of course. Plaintiff does not seek to amend in response to every motion filed by Defendants. Plaintiff merely seeks to amend in response to each 12(b) motion to dismiss.

Since Plaintiff is pro se due to the fact of the legal monopoly and that no attorney will take action against another attorney or judge in a case of this nature, Plaintiff sought only to preserve his Complaint and timely respond to each dismissal motion. Had the case not been

5

exempted from customized case management, the Court could have provided direction, and given guidance to Plaintiff to amend only once after all 12(b) motions had been filed by all of the Defendants. Since the Court provided no guidance in this regard, Plaintiff timely responded to each 12(b) motion and amended each time as is his right, except the Court apparently did not allow an amended complaint in response to Defendant Perky's Motion to Dismiss.

Plaintiff does not seek an "unending cycle of amendments" as the Magistrate Judge suggests. Plaintiff simply seeks to amend in response to each 12(b) served as is provided for in Fed. R. Civ. P. Rule 15.

Plaintiff asserts this is just a misunderstanding and misinterpretation of Plaintiff's intent with no harm done so long as Plaintiff is allowed to amend as Rule 15 provides for.

**CONCLUSION**

Plaintiff's right as a matter of course should be affirmed and the Court should grant an extension of time to amend for up to twenty-one days after this Honorable Court issues opinion.

Alternatively, Plaintiff should be granted leave to amend as justice so requires and demands.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Pamela Anderson Taylor
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

Sarah Richter Perky
Thompson Burton
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067

Brenton Hall Lankford
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219

On this the 8th day of May, 2017

John Anthony Gentry, CPA

7