# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | NO. 3:17-cv-0020 |
| THE STATE OF TENNESSEE; PAMELA | ) | |
| ANDERSON TAYLOR; BRENTON | ) | **JURY TRIAL DEMANDED** |
| HALL LANKFORD; SARAH RICHTER | ) | |
| PERKY; UNNAMED LIABILITY | ) | |
| INSURANCE CARRIER(S); et al. | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## DEFENDANT'S RESPONSE OBJECTING TO AND *OPPOSING* PLAINTIFF'S "ALTERNATIVE MOTION FOR LEAVE TO AMEND"

Defendant, Sarah Perky ("Defendant"), pursuant to Rule 15, Fed. R. Civ. P., respectfully objects and *opposes* Plaintiff's "Alternative Motion to Amend" (Docket Entry 56),[1] filed on May 8, 2017. Rule 15 (a) (2) provides that leave to amend should be freely given, "when justice so requires." Here, justice does *not* so require.

Reasons for Objection and Opposition to Plaintiff's "Alternative Motion for Leave to Amend"

1. Plaintiff Has Already Pled Three Times, *Twice* Without Leave of Court

Plaintiff argues unconvincingly that he has a right to file a third amended complaint without leave of court. Plaintiff's position is contrary to the  plain language of Rule 15 and would effectively eliminate the Court's ability to control its own docket pursuant to Rule 16, Fed. R. Civ. P.

---

[1] Plaintiff's Motion is styled "Plaintiff's Motion for Review of Magistrate's Order Dated April 26, 2017 and Motion for Extension of Time or in the Alternative Motion for Leave to Amend." (Docket Entry 56).

Rule 15 (a) (1) (B), Fed. R. Civ. P. permits a party to plead "*once* as a matter of course." Rule 15 (a)(2) provides that "*in all other cases*, a party may amend *only* with the opposing party's written consent or the court's leave." Despite having submitted two amended complaints without leave, Plaintiff submitted "an intent" to file another (third) amended complaint. (Docket Entry 53). In the Magistrate Judge's Order of April 26, 2017 (Docket Entry 55), Judge Holmes correctly ruled as follows:

> Plaintiff's second notice of intent to amend his complaint (Docket Entry No. 53) is DENIED to the extent that Plaintiff requests leave to file a third amended complaint. Plaintiff's original complaint was followed by: 1) a first amended complaint (Docket Entry No. 32), which dropped three of the originally named Defendants, added three new Defendants, and added several pages of new factual allegations; and 2) a second amended complaint (Docket Entry No. 36), which retained the same Defendants named in the first amended complaint and added yet more factual allegations. Plaintiff has exhausted his ability to amend his complaint "once as a matter of course," as allowed under Rule 15(a)(1). Defendants have filed motions to dismiss Plaintiff's first and second amended complaints, and the court sees no basis upon which to conclude that justice requires Plaintiff be granted leave to file yet another amended complaint in this action. Rule 15(a)(2). Permitting another amended complaint would in turn require Defendants to file a new round of motions to dismiss, which Plaintiff appears to believe would permit him to file another amended complaint in an unending cycle of amendments. However, Plaintiff has now had three opportunities to plead his claims, and has taken full advantage of those opportunities by filing a second amended complaint that is 103 pages long. He has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose. The pending motions to dismiss will be decided upon the pleadings that are already before the Court. Any arguments Plaintiff wishes to raise in objection to the motions to dismiss can be raised in his responses to the motions.

Plaintiff has now pled three (3) times, including submission of a First and Second Amended Complaint without leave of Court. See Docket Entries 1 (Complaint), 32 (First Amended Complaint), and 36 (Second Amended Complaint). Plaintiff's submissions to the Court have been lengthy (including more than 100 pages and 300 subparagraphs). Similarly, Plaintiff has submitted numerous exhibits with his pleadings (See e.g. Exhibits A-W to Second

Amended Complaint, Docket Entry 36). While Defendant disputes that Plaintiff has stated a cause of action against this Defendant (See e.g. Defendant's Motion to Dismiss and supporting legal memorandum, Docket Entries 49 and 50), Plaintiff unquestionably has had a full and fair opportunity to present his allegations and arguments for consideration by the Court. Plaintiff has already submitted a 45-page Response opposing Defendant's Motion to Dismiss (See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry 54).

Plaintiff's argument that he may file a *third* amended complaint without leave of court is not supported by the language of Rule 15 or judicial efficiency.[2] The Court properly determined that Plaintiff did not have an unlimited right to amend his pleadings multiple times without leave of court and accurately observed that permitting yet another amended complaint would serve no useful purpose and would invite additional motions to dismiss.

Plaintiff disputes the Court's concern that Plaintiff seeks an "unending cycle of amendments." The Court's docket belies Plaintiff's position. Rule 15 allows Plaintiff to amend *once* without leave of court. The Court's concern that Plaintiff seeks an endless cycle of amendments was, and is, well founded. More than 100 pages of Plaintiff's pleadings are currently before the Court. Plaintiff's argument that he may amend without leave of court "in response to each [Rule] 12b[6][Motion] served as is provided in Fed. R. Civ. P. Rule 15" (See Plaintiff's Memorandum of Law, p. 6, Docket Entry 57) is unpersuasive and contrary to the language of Rule 15 (a)(2), Fed. R. Civ. P. and to the tenets of judicial efficiency. Plaintiff has no unilateral right to submit another pleading without leave of court.

---

[2] Plaintiff's argues that "Plaintiff's right to amend should be affirmed and the Court should grant an extension of time up to 21 days after this Honorable Court issues [its] opinion." (See Plaintiff's Legal Memorandum, p. 6, Docket Entry 57).

3

2.  The Court Should Not Permit Another Amended Pleading and Should Overrule Plaintiff's "Alternative Motion to Amend."

The issues before the Court directed to this Defendant have been briefed fully (See Defendant's Motion to Dismiss and supporting memorandum, Docket Entries 49 and 50). Plaintiff has *already* submitted a 45-page Response outlining Plaintiff's position (Docket Entry 54).

Plaintiff's present motion and supporting memorandum offer no explanation as to how the substantive deficiencies of Plaintiffs' claims against this Defendant will be miraculously cured by the a third amendment, the terms of which remain unknown. Plaintiff does not explain how any additional allegations would cure the deficiencies in his pleadings or satisfy the minimal threshold requirements for alleging a RICO claim.

A party seeking leave to amend must generally submit a proposed amendment in order that the court may determine whether leave to amend should be granted. See e.g. Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003). Plaintiff's omission to include any new factual allegations with his Motion is glaring.[3] The Court should exercise its discretion and overrule the Plaintiff's "Alternative Motion to Amend." See e.g., Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009)[leave to amend inappropriate "where plaintiff has not indicated how [plaintiff] would make the complaint viable…"]; Gilmour v. Gates McDonald & Co, 382 F.3d 1312, 1315 (11th Cir. 2004)["a plaintiff may not amend her complaint through argument in a brief opposing summary judgment."].

---

[3]Rule 15 (a) (2) provides the Court with discretion to impose conditions upon allowing a proposed amendment by balancing the interests of one seeking to amend against the interest of those objecting to the amendment. Here, at a minimum, the Plaintiff has failed to explain how any proposed amendment cures the substantive deficiencies of the Plaintiff's first three complaints and Plaintiff also fails to provide a comparison of the allegations. Under the circumstances, the Court is well within its discretion to deny Plaintiff's request to amend a third time. See e.g. U.S. ex. rel. Atkins v. McInteer, 470 F.3d 1362 (11th Cir. 2006) [noting requirement that movant submit copy of proposed amendment or "set forth the substance thereof"]; see too, More v. State of Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993)

4

The Court is not required to allow amendments which would be futile and it is not required to permit amendments which fail to establish a factual foundation to proceed against this Defendant. While Plaintiff's "Alternative Motion to Amend" requests "leave to amend so that Plaintiff can state new and additional facts giving rise to his causes of action pertaining to Sarah Richter Perky, Pamela Anderson Taylor and Benton Hall Lankford," see "Alternative Motion to Amend," Docket Entry 56, p.3), there are no new allegations of fact presented for the Court to determine the nature of the proposed third amendment.

Plaintiff's supporting memorandum of law argues that he can "easily cure" the defect in his First and Second Amended Complaints by alleging he suffered harm and "providing the Court additional facts and *restating* allegations." (See Plaintiff's Memorandum of Law," Docket Entry 57, p.2). Plaintiff has previously pled extensively with scores of exhibits already contained in the record.

As noted by the Court in its Order of April 26, 2017, "[Plaintiff] has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose." This is especially true concerning Plaintiff's tenuous allegations against Defendant. It is undisputed that Defendant withdrew from representing Plaintiff a year before Plaintiff's divorce was granted in July 2016. Moreover, Plaintiff's Response to Defendant's Motion to Dismiss admits that Plaintiff does not have a claim for professional negligence/legal malpractice against Defendant. (See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry 54, p.7 ["Plaintiff is offended and so too should this Court be offended by the fact that Defendant seeks to mischaracterize his Complaint as one of malpractice when in fact it is complaint of RICO violations. Nowhere in Plaintiff's Complaint did he complain of malpractice"]).

Plaintiff's present motion to amend is vague. Invariably, any amended pleading will invite additional motions to dismiss the purported RICO claim. Plaintiff's supporting memorandum offers <u>no</u> explanation as to how the substantive deficiencies in the original submissions to the Court would be (or could be) cured by Plaintiff.[4] Indeed, Plaintiff presents no amended allegations.[5]

Wherefore, these premises considered, Defendant requests that the Court deny the pending motion to amend, and grant Defendant's pending Motion to Dismiss.

Respectfully submitted,


*/s/ William S. Walton*
William S. Walton, #11177
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6700
Fax: (615) 651-6701
bill.walton@butlersnow.com

*Attorneys for Defendant*

---

[4]Plaintiff continues to struggle with the fact that Defendant is a legal professional and his allegations against Defendant are couched in conclusions, not factual allegations that Defendant played any role in any alleged undetermined criminal enterprise. Plaintiff does not allege any facts that substantiate that Defendant played any role whatsoever with any alleged criminal enterprise (nor does he identify the alleged criminal enterprise). Notably, too, Plaintiff ignores inclusion of any allegations supporting any threat of continuing criminal activity. <u>See e.g. Moon v Harrison Piping Supply</u>, 465 F.3d 719, 623 (6th Cir. 2006).

[5]Although Plaintiff's RICO allegations have been squarely challenged in the pending motion to dismiss, Plaintiff's "Alternative Motion to Amend" was submitted without the proposed amendment or a RICO Statement. Defendant has also challenged Plaintiff's existing pleadings for failure to comply with the requirements of Rule 9, Fed. R. Civ. P.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ECF on the date of filing to all counsel of record and other parties

John A. Gentry, CPA, pro se (via regular mail 5-11-2017)
208 Navajo Court
Goodlettsville, TN  37072

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN  37202-0207

Erika Barnes
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219


*/s/ William S. Walton*
WILLIAM S. WALTON

36530445v1