FILED
2017 MAY 16 PM 12: 16
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY,<br>    Plaintiff<br><br>vs.<br><br>THE HONORABLE JUDGE<br>JOE H THOMPSON<br>CIRCUIT COURT JUDGE<br>    Defendant | 3:17-cv-20<br><s>CASE NO. 3:16-cv-02617</s><br>Judge Trauger/Brown<br><br>JURY DEMANDED (12) |

---

## PLAINTIFF'S MOTION TO ALTER MAY 15, 2017 ORDER DENYING LEAVE TO AMEND AND INCORPORATED MEMORANDUM OF LAW

---

Pursuant to Fed. R. Civ. P. Rule 59 (e), Plaintiff hereby respectfully moves this Honorable Court to Alter or Amend the Order dated January 26, 2017 for good cause. Pursuant to Local Rule 7.01, Plaintiff's motion incorporates a memorandum of law citing supporting authorities.

1. Pursuant to Fed. R. Civ. P. Rule 59 (e) as amended, *"A motion to alter or amend a judgement must be filed no later than 28 days after the entry of judgement"*. This Court's Order was entered into the record on May 15, 2017. Plaintiff's Motion to Alter and Incorporated Memorandum of Law is properly filed on May 16, 2017, the next day after entry of the Court's Order. Therefore, Plaintiff's motion is filed timely.

1

2.  As this Honorable Court knows, a Rule 59 (e) motion to alter or amend must clearly establish either a manifest error of law or fact.

3.  Plaintiff respectfully asserts the Court errored in stating the magistrate judge's ruling was a "non-dispositive" matter. Plaintiff also respectfully asserts the Court errored in applying Rule 15 (a), when in fact Rule 15 (a)(1)(B) is the controlling rule.

4.  Federal Rules of Civil Procedure 15 (a)(1)(B) states a party may amend a pleading as a matter of course as follows:

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

5.  Plaintiff received a 12(b) motion to dismiss from DEFENDANT SARAH RICHTER PERKY. Meaning no disrespect, to deny Plaintiff his right to amend in response to a 12(b) motion is in violation of the Federal Rules of Civil Procedure. **Plaintiff should be granted leave to amend in response to each 12(b) motion**. To deny Plaintiff this right is effectively to "tie his hands" and prevents amending in response to a 12(b) motion to dismiss. Plaintiff respectively asserts this is not justice nor due process.

6.  Since this Court did not cite any supporting authority regarding multiple 12(b) motions, Plaintiff respectfully asserts this may be a matter of First Impression for the Sixth Circuit Court of Appeals.

7.  The magistrate judge's ruling is in fact a "dispositive" order and a magistrate judge is not given authority to issue "dispositive" orders. Plaintiff's right to amend is being terminated with finality and entirely disposing of a right guaranteed in the Fed. R. Civ. P.

2

8. Considering the nature of this case and the fact that the State of Tennessee has utterly and completely abrogated federally protected rights, Plaintiff begs this Court to stand as guardian of his rights.

> **The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights—to protect the people from unconstitutional action under color of state law**, "whether that action be executive, legislative, or judicial." Mitchum v. Foster, 407 US 225 - Supreme Court 1972 (at 242)

9. Plaintiff respectfully reminds this Honorable Court leave to amend is something that should be given freely.

> Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. **Foman v. Davis, 371 US 178 - Supreme Court 1962**

10. Plaintiff should be granted leave to amend to present new facts and new allegations against the State of Tennessee. Again, Plaintiff intends to present facts and new allegations against the State of Tennessee and further violations of the U.S. Constitution: Amendment VIII and Article I § 9 and Plaintiff further desires to challenge the constitutionality of state law.

11. Plaintiff can certainly take these new issues up in a separate cause of action but asserts it would be much more efficient to address those matters along with the present cause of action. To address these matters now provides judicial efficacy.

12. Plaintiff respectfully suggests to this Honorable Court, that he be permitted to present this Honorable Court with a "Proposed Third Amended Complaint," and based on the contents

3

of that amended complaint, make a determination then as to whether or not grant leave to amend. Regardless, Plaintiff still asserts his right to amend in response to **each** 12(b) motion.

Respectfully submitted,

*/s/ John A Gentry*

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 16th day of May, 2017

*/s/ John Anthony Gentry*

John Anthony Gentry, CPA