IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN ANTHONY GENTRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE STATE OF TENNESSEE; PAMELA )<br>ANDERSON TAYLOR; BRENTON )<br>HALL LANKFORD; SARAH RICHTER )<br>PERKY; UNNAMED LIABILITY )<br>INSURANCE CARRIER(S); et al. )<br>)<br>Defendants. )<br>) | NO. 3:17-cv-0020<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S *OPPOSING* PLAINTIFF'S "MOTION TO ALTER MAY 15 ORDER DENYING LEAVE TO AMEND"

On May 16, 2017, Plaintiff filed a "Motion to Alter [the Court's] May 15, 2017 Order Denying Leave to Amend." (Docket Entry 61).[1] Defendant, Sarah Perky ("Defendant") respectfully *opposes* Plaintiff's "Motion to Alter [the Court's] May 15, 2017 Order Denying Leave to Amend" for several reasons.

Initially, Plaintiff's present motion essentially "re-argues" the same position Plaintiff presented in Plaintiff's "Motion for Review of Magistrate's Order Dated April 26, 2017" (Docket 56). While Plaintiff may disagree with the Magistrate Judge's ruling and may disagree with this Court's Order of May 15, 2017, Plaintiff's present motion does not raise a new legal

---

[1] Plaintiff's Motion also states that Plaintiff seeks to alter to amend the "[Magistrate's] Order of January 26, 2017 for good cause." (See page 1, ¶ 1, Docket Entry 61). Defendant believes that Plaintiff meant to reference the Magistrate's Order of *April* 26, 2017. (See Magistrate's April 26, 2017 Order, Docket Entry 55).

position and does not present any additional legal authority to challenge either the Magistrate Judge's determination of April 26, 2017 or this Court's Order of May 15, 2017.[2]

This Court's Order of May 15, 2017 (Docket Entry 60) correctly stated that the April 26, 2017 ruling by the Magistrate Judge relates to a non-dispositive motion. This Court may only modify or set aside the Magistrate Judge's ruling if it is found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Rule 72(a), Fed. R. Civ. P. The "clearly erroneous" standard does not empower a reviewing court to reverse a Magistrate Judge's finding because it would have decided the matter differently. Anderson v. Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). Instead, the standard is met when, despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 33 U.S. 364, 395 (1948). Here, the Magistrate Judge's ruling is not "clearly erroneous," and is consistent with the law.[3] The Court correctly observed that Rule 15 (a) does not grant a litigant an unlimited number of times to amend their pleadings without leave of court.

Plaintiff acknowledges that he has already submitted two amended complaints without leave. Judge Holmes' Order of April 26, 2017 (Docket Entry 55), was prompted by Plaintiff's self-stated intention to file another (third) amended complaint without leave of court (Docket

---

[2] Plaintiff's reliance upon the case of Mitchum v. Foster, 407 U.S. 225 (1972) and reference to 42 U.S.C.§1983 (Plaintiff's Motion at p. 3, ¶ 8, Docket Entry 61) are misplaced. The facts in Mitchum are not remotely similar to this case. Mitchum involved a county prosecutor's action to close a bookstore. The Supreme Court reversed the District Court's ruling that the anti-injunction statute, 28 U.S.C.§ 2283, absolutely barred enjoining a pending state proceeding under any circumstances whatsoever instead finding that 42 U.S.C.§1983 may have allowed an exception to the prohibition with the facts of that case.

In the present case, Defendant Sarah Perky is, and has been, at all relevant times to Plaintiff's Complaint, an attorney in private practice. She served for a brief period of time in 2015 as Plaintiff's lawyer in his divorce proceedings. She withdrew as counsel a full year before his divorce was granted in 2016. It is well-established that a lawyer in private practice does not act under the "color of law" for the purpose of a claim under §1983. See Polk County v. Dodson, 454 U.S.312 (1981).

[3] Even viewed under a *de novo* standard, the Magistrate Judge's ruling is consistent with the law and was correctly decided.

2

Case 3:17-cv-00020   Document 62   Filed 05/24/17   Page 2 of 4 PageID #: 1642

Entry 53). Rules 15 and 16, Fed. R. Civ. P., provide the Court with authority to manage and control the proceedings before the Court. Plaintiff's argument that he may file a *third* amended complaint without leave of court is unpersuasive and it not supported by the language of Rule 15 or judicial efficiency.[4] Indeed, Plaintiff's present motion and supporting memorandum remain silent as to how the substantive deficiencies of Plaintiffs' claims against this Defendant could be corrected by an amended pleading, the terms of which remain unknown.[5]

Wherefore, these premises considered, Defendant requests that the Court deny Planitiff's "Motion to Alter [the Court's] May 15, 2017 Order Denying Leave to Amend" (Docket Entry 61) and grant Defendant's pending Motion to Dismiss.

Respectfully submitted,

*/s/ William S. Walton*
William S. Walton, #11177
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6700
Fax: (615) 651-6701
bill.walton@butlersnow.com

*Attorneys for Defendant*

---

[4] Plaintiff has now pled three (3) times, See Docket Entries 1 (Complaint), 32 (First Amended Complaint), and 36 (Second Amended Complaint). Plaintiff's submissions to the Court are lengthy and Plaintiff has submitted voluminous argument. (See e.g., Plaintiff's 45 page Response to Defendant's Motion to Dismiss, Docket Entry 54).

[5] As noted by the Court in its Order of April 26, 2017, "[Plaintiff] has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose."

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via ECF on the date of filing to all counsel of record and other parties

John A. Gentry, CPA, pro se (via regular mail 5-24-2017)
208 Navajo Court
Goodlettsville, TN 37072

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Erika Barnes
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219

*/s/ William S. Walton*
WILLIAM S. WALTON