IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:17-cv-00020 |
| ) | Judge Trauger |
| THE TENNESSEE BOARD OF JUDICIAL ) | |
| CONDUCT, ET AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

The plaintiff has filed a "Motion to Alter May 15, 2017 Order Denying Leave to Amend" (Docket No. 61), to which defendant Perky has filed a response in opposition (Docket No. 62), to which the plaintiff has responded (Docket No. 64), and defendant State of Tennessee has filed a further Response to the plaintiff's motion (Docket No. 66).

The plaintiff makes two substantive arguments for his assertion that this court's Order of May 15, 2017 (Docket No. 60) was in error. First, he asserts that a ruling on a motion to amend is a dispositive motion and must be reviewed under the less deferential standard for dispositive matters ruled upon by the magistrate judge. Second, he asserts, without any authority, that, under Rule 15(a)(1)(B), Federal Rules of Civil Procedure, he may amend his complaint as a matter of course, without seeking leave of court, each time a Rule 12 motion is filed. Both of the plaintiff's arguments lack merit.

Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review set out in 28 U.S. § 636(b)(1)(A) and Rule 72(a), Federal

Rules of Civil Procedure.  See *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245 (3d Cir. 1998); *Fluker v. County of Kankakee*, 945 F. Supp. 2d 972, 980-81 (C.D. Ill. 2013); *Ambrose v. Southworth Products Corp.*, 953 F. Supp. 728 (W.D.Va. 1997); *Bryant v. Mississippi Power & Light Co.*, 722 F. Supp. 298 (S.D. Miss. 1989); *Sana v. Hawaiian Cruises, Ltd.*, 961 F. Supp. 236 (D. Haw. 1997).

As to the plaintiff's assertion that the filing of each new motion to dismiss affords him an additional opportunity to amend his complaint as a matter of course, without seeking leave of court, that, too is in error.  The plain language of the rule dictates this conclusion, which is also supported by the definitive learned treatise on federal civil procedure and the Advisory Committee Notes to Rule 15.  The Advisory Committee Note to the 2009 Amendment to Rule 15 clearly states: "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."  See also Moore's Federal Practice ¶ 15.12[3] (3d ed. 2016).

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *GenCorp, Inc. v. Int'l Underwriters*, 179 F.3d 804, 834 (6th Cir. 1999).

Neither this court nor the magistrate judge has committed a clear error of law, and the court finds no manifest injustice here, where the plaintiff has already amended his allegations on two other occasions (Docket Nos. 32, 36). The plaintiff has not argued that newly discovered evidence or an intervening change in controlling law would merit the granting of his motion. For these reasons, the plaintiff's Motion to Alter May 15, 2017 Order Denying Leave to Amend (Docket No. 61) is DENIED.

_____
ALETA A. TRAUGER
U.S. District Judge