IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN ANTHONY GENTRY )
)
v. ) NO. 3:17-0020
)
THE TENNESSEE BOARD OF )
JUDICIAL CONDUCT, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 11, 2017 (Docket Entry No. 4), the Court referred this *pro se* civil action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Addressed in this report and recommendation is Plaintiff's pending motion for a temporary restraining order and a preliminary injunction. *See* Docket Entry No. 19. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends this motion be denied.

## I. BACKGROUND

John Anthony Gentry ("Plaintiff") is a resident of Goodletsville, Tennessee. He filed this lawsuit on January 9, 2017, originally bringing civil rights and other claims against the State of Tennessee; the Tennessee Board of Judicial Conduct ("the Board"); Judge Chris Craft ("Craft"), the Chairperson of the Board; Timothy R. Discenza ("Discenza"), Disciplinary Counsel for the Board; "unnamed members of investigative panel;" and "unnamed liability insurance carriers." *See* Complaint (Docket Entry No. 1) at 2-5. Plaintiff's initial claims arose out of an administrative complaint filed with the Board in February 2016 against a state court judge for alleged violations of due process and for judicial misconduct that Plaintiff alleged had been committed during a divorce proceeding in which Plaintiff was involved. *See* Complaint, Docket 1 at 15-16, ¶ 50. The administrative complaint was dismissed with no action being taken. Plaintiff's original assertions

were that Defendants caused a violation of his federal constitutional rights by failing to fulfill their responsibilities and duties with respect to the administrative complaint, and that his equal protection rights were violated because, "as a matter of practice, Defendants routinely dismiss effectively one-hundred percent of the cases filed by non-members of legal profession." *Id*. at 14, ¶ 44.[1]

After Defendants were served and filed a joint motion to dismiss, Plaintiff filed two amended complaints in which he drops Craft, Discenza, and the Board as Defendants but adds numerous new claims against three new Defendants – Pamela Anderson Taylor, Brenton Hall Lankford, and Sarah Richter Perky, each of whom was an attorney involved in the underlying divorce proceeding. *See* Amended Complaint (Docket Entry No. 32) and Second Amended Complaint (Docket Entry No. 36).[2] The basic factual basis for the case continues to be Plaintiff's dissatisfaction with the outcome of his divorce proceeding. The claims added in the 103-page Second Amended Complaint include extortion, racketeering, fraud, breaches of fiduciary duties, and others, in addition to Plaintiff's continuing constitutional claims. The three new Defendants have all appeared and have filed motions to dismiss that are pending before the Court.

## II. ANALYSIS

A few weeks after initiating his lawsuit but prior to filing his amended complaints, Plaintiff filed the pending motion for a temporary restraining order and a preliminary injunction. Plaintiff seeks to enjoin formerly named Defendants Craft, Discenza, and the Board, as well as all persons acting on behalf of the Board, from destroying, disposing of, or in any way hiding or concealing hard

---

[1] Plaintiff sued the state court judge directly in another lawsuit brought in this Court. *See John Anthony Gentry v. John H. Thompson*, 3:16-2617. By Order entered January 27, 2017, that lawsuit was dismissed with prejudice. *See* Docket Entry No 27 in Case No. 3:16-2617. Plaintiff has filed a notice of appeal in that case.

[2] By Order entered April 26, 2017 (Docket Entry No. 55), the Court denied Plaintiff's "notice of intent" to file a third amended complaint. Plaintiff's motion for review of the Order was denied. *See* Order entered May 15, 2017 (Docket Entry No. 60). Plaintiff's motion to "alter" the order denying his motion for review was denied by Order entered May 31, 2017. *See* Docket Entry No. 69.

2

copy original documents or electronic copies of judicial complaints, notices or letters disposing or dismissing judicial complaints, names or lists of names and addresses of complainants before the Board, and any communications between members of the Board regarding dispositions and or determinations of disposition of judicial complaints. *Id*. at 1-2. Plaintiff alleges that, unless enjoined by a Court order, these former Defendants "will likely destroy, dispose or otherwise conceal evidence necessary to Plaintiff's case before satisfying discovery requirements and before this Court can enter a final judgment." *Id*. at 2, ¶ 3. The responses of Craft, Discenza, and the Board in opposition to the motion, contend that they are complying with their obligation to preserve relevant information and that, pursuant to the Rules of Practice and Procedure for the Board, the Board retains an electronic file of relevant portions of all complaint and documentation that is never destroyed. *See* Docket Entry No. 29.

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has not met this burden, and his motion should be denied.

Plaintiff's first failure of proof is that his motion is moot as result of his Second Amended Complaint. "When [a] plaintiff files an amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). The amended complaint is the only "legally operative complaint." *Id*. Craft, Discenza and the Board are no longer parties to this action; they were dropped from the case when Plaintiff filed a second amended complaint.

Generally, a federal court may not enter an injunction against a person who is not a party to the case before it. *See In re N.A.A.C.P, Special Contribution Fund*, 849 F.2d 1473, at *4 (6th Cir.

1988) (unpublished table opinion) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 394 U.S. 100, 112 (1969)). *See Schuh v. Michigan Dep't of Corrections*, No. 1:09-cv-982, 2011 WL 7139457, at *2 (W.D. Mich. Nov. 10, 2011) (citations omitted). Under the plain language of Rule 65, an injunction binds only parties and those who actively act in concert with them. Although Plaintiff refers broadly to some alleged and speculative misconduct on the part of Craft, Discenza, and the Board, he has not supported his assertion that evidence "will likely" be destroyed, disposed, or concealed, nor has he provided sufficient justification for broadening the scope of injunctive relief to include these non-parties.

Additionally, Plaintiff has likewise not shown that any factors weigh in favor of his request for preliminary injunctive relief. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). At this stage of the proceedings, Plaintiff's likelihood of success on his claims is no greater than that of Defendants and, more importantly, he no longer makes any claims against the non-parties whom he seeks to bind by the requested injunction. Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief. *See National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003).

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry No. 19) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

5