# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | )<br>) |
| Plaintiff | )<br>) |
| | ) CASE NO. 3:17-0020 |
| vs. | )<br>) |
| THE STATE OF TENNESSEE;<br>PAMELA ANDERSON TAYLOR;<br>BRENTON HALL LANKFORD;<br>SARAH RICHTER PERKY;<br>UNNAMED LIABILITY INSURANCE<br>CARRIER(S); Et al | )<br>)<br>) JURY TRIAL DEMANDED (12)<br>)<br>)<br>) |
| Defendants | ) |

## PLAINTIFF'S OBJECTION TO MAGISTRATE'S JUNE 5, 2017 REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. Rule 72 (b)(2), Plaintiff hereby respectfully objects to Magistrate Barbara Holmes "*Report And Recommendation*" in its entirety. Plaintiff's "specific written objections" are stated below with particularity.

Plaintiff's Objection to the Magistrate's "*Report And Recommendation*" is filed timely. Magistrate's "*Report And Recommendation*" was entered into the record on June 5, 2017 (Docket Entry 70). Pursuant to Fed. R. Civ. P. Rule 72 (b)(2), "*Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations*". Plaintiff's Objection herein is filed

1

on June 12, 2017, just seven days after the Magistrate Judge's "*Report and Recommendation*", and is therefore timely filed.

## LEGAL DISCUSSION - Standard of Review
**DE NOVO**

Pursuant to Rule 72, Notes of Advisory Committee on Rules – 1983, which states;

> Implementing the statutory requirements, **the rule requires the district judge to whom the case is assigned to make a de novo determination of those portions of the report, findings, or recommendations to which timely objection is made. The term "de novo" signifies that the magistrate's findings are not protected by the clearly erroneous doctrine**, but does not indicate that a second evidentiary hearing is required. See *United States v. Raddatz*, 417 U.S. 667 (1980). See also Silberman, *Masters and Magistrates Part II: The American Analogue*, 50 N.Y.U. L.Rev. 1297, 1367 (1975).

Plaintiff hereby moves this Honorable Court for *de novo* review of Plaintiff's "*Motion for Temporary Restraining Order and Preliminary Injunction*" and supporting memorandum and "*Second Amended Complaint*" (Docket Entries 19, 20 and 36).

When, as here, the **public interest is implicated**, this Court's equitable powers "assume an even broader and more flexible character than when only a private controversy is at stake". FTC v. Gem Merch. Corp., 87 F.3d 466, 469 (11th Cir. 1996) (quoting Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946). In the case University of Texas v. Camenisch, 451 US 390 - Supreme Court (1981), the Supreme Court stated;

> The purpose of a preliminary injunction is merely **to preserve the relative positions of the parties until a trial on the merits can be held**. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the

2

merits.  University of Texas v. Camenisch, 451 US 390 - Supreme Court (1981) (at 395)

**ARGUMENTS**

In the Magistrate's R&R, Magistrate Judge Barbara D. Holmes erroneously states *"The factual basis for the case continues to be Plaintiff's dissatisfaction with the outcome of his divorce proceeding."*  This is a very "unfortunate characterization" of Plaintiff's Complaint by the Magistrate.  Plaintiff has stated and evidenced: "At its core, … is about the corruption of a state's legal system at all levels (Second Amended Complaint Docket Entry 36 p. 3 ¶ 1).

Rampant corruption of public officials throughout the Tennessee judicial system should be of grave concern to this Honorable Court.  In reviewing the Magistrate's R&R de novo, pursuant this Plaintiff's Objection herein stated, the District Court Judge should herself consider the facts, evidence and allegations contained in Plaintiff's Second Amended Complaint (Docket Entry 36).

The Magistrate further argues: *"Plaintiff has likewise not shown that any factors weigh in favor of his request for preliminary injunctive relief"* and that *"Plaintiff has also not shown that he will suffer irreparable harm in the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief"*

As the nature of these exchanges becomes more and more ambivalent, the focus of this Court is clearly no longer on the "Scales of Justice".  More to the Court's dissatisfaction with the facts and circumstances surrounding this case; in essence, "Shooting the messenger" because the message is not well received.

3

The core focus must remain on the facts and evidence presented, and do these facts and evidence point to "Tainted Proceedings", or "Tainted Practices" in state courts and oversight boards. Plaintiff has well stated the facts and his concerns about preserving evidence in his Second Amended Compliant, Motion, and Supporting Memorandum (Docket Entries 19, 20 and 36).

The Magistrate asserts that Plaintiff's Motion for Temporary Restraining Order is "moot" as a result of Plaintiff filing a Second Amended Complaint. Plaintiff asserts the Magistrate is in error. By the same logic then, are not the previous Orders exempting the case from customized case management, exempting the case from initial disclosures, and notice to Plaintiff by "first class mail only" also "moot"? Of course, the previous Orders issued by the Magistrate are not "moot" just as Plaintiff's Motion for TRO is not "moot"

Plaintiff directs the Court's attention to Docket Entry 36, pages 49 through 54 which include the same facts and allegations contained in Plaintiff's original complaint but strengthened with additional facts and causes of action. Plaintiff further directs the Court's attention to the memorandum of law (Docket Entry 20) in support of Plaintiff's Motion for Temporary Restraining Order.

Not only do these documents more than justify this court to grant Plaintiff 's TRO Motion, these documents and evidence therein, show plain facts that weigh in favor of Plaintiff's request for preliminary injunctive relief.

Defendant State of Tennessee and the Magistrate cannot argue both ways, they cannot argue "bad actor" judicial officials **"are part"** of the state and that they **"are not part"** of the

4

state. This kind of playing "fast and loose" in federal courts should be admonished and thoroughly discouraged.

In Defendant's Motion to Dismiss (Docket Entry 22), Defendant's falsely or erroneously stated they are part of the state and not persons as follows: "*Plaintiff fails to state a claim against the State, the Board, and any Defendants in their official capacity because Defendants are not "persons" under § 1983*" (ie they are part of the state).

Plaintiff's Second Amended Complaint brings suit against the State of Tennessee caused by numerous "Corrupt Racketeering Activities", and numerous violations of constitutionally guaranteed rights by various individuals, agents and agencies of the state including the TN Board of Judicial Conduct. Plaintiff's original complaint also brought suit against the State of Tennessee and its agency the Board of Judicial Conduct. Therefore, Plaintiff's motion for preliminary injunction is not "moot"

Assuming Plaintiff's Second Amended Complaint does not nullify previous orders issued by the magistrate, then again, the same is true of Plaintiff's Motion for preliminary injunctive relief, and it also is not made "moot". But let us assume such a contradictory assertion is true, that one is "moot" while the other is not. Then by that same logic, Plaintiff can just change the title and refile his TRO. Of course, this just makes more work for all parties, including the court and the court clerks which is inefficient.

Therefore, this reasoning by the Magistrate, that Plaintiff's motion is "moot" should be set aside, or alternatively, Plaintiff should just refile with a newly titled document.
5

Assuming the logical conclusion that Plaintiff's motion is not "moot", leads us to the final erroneous conclusions made by the Magistrate that *"Plaintiff has likewise not shown that any factors weigh in favor of his request for preliminary injunctive relief"* and that *"Plaintiff has also not shown that he will suffer irreparable harm in the injunctive relief he requests is not granted and has not shown that a public interest would be advanced by the requested relief"*

Plaintiff again directs the Court's attention to his Motion (Docket Entry 19) and supporting memorandum (Docket Entry 20). In these documents, which should be reviewed de novo, Plaintiff demonstrated beyond doubt that his case would be irreparably harmed without granting of his requested relief. Moreover, what could be of greater public interest than for this Court to stand guardian of constitutional rights that are being violated daily in TN courts?

Again, the Magistrate further states *"Additionally, Plaintiff has likewise not shown that any factors weigh in favor of his request for preliminary injunctive relief."* Plaintiff has provided more than sufficient evidence and shown cause by evidencing "Corrupt Racketeering Activities." What burden does Plaintiff need satisfy? Does Plaintiff need a video of Defendants standing in front of a "burn barrel," before the federal court will take action to issue a generally accepted innocuous TRO? Does Plaintiff need to produce shredded evidenced pieced back together? Surely Plaintiff has presented sufficient evidence in Docket Entries 19, 20 and 36.

Plaintiff also directs the Court's attention to newly occurring and newly discovered facts attached as **EXHIBITS 1 – 4.** Very recently Judge Moreland was arrested by FBI agents. Judge Moreland has been a judge in Tennessee since his election in 1998 and although many complaints have been submitted to the Tennessee Board of Judicial Conduct, the board did

6

nothing to control this obviously and heinously corrupt judge. The Board's own statement in public news media proves the fact of many complaints filed against the corrupt Judge Moreland. Plaintiff asserts Judge Moreland is not an exception of judicial misconduct. Plaintiff asserts the corrupt activities of Judge Moreland are typical of judges in Tennessee, evidenced by the 1.48 complaints per day filed against Tennessee state court judges, with the grossly negligent Tennessee Board of Judicial Conduct which plaintiff has alleged and shown facts proving is nothing more than a "Corrupt Racketeering Enterprise".

Plaintiff also desires to add these newly discovered facts regarding Judge Moreland to his Third Amended Complaint.

Both the Defendant the Magistrate assert *"the Board retains an electronic file of **relevant portions** of all complaint and documentation that is never destroyed."* Plaintiff questions how is "relevant portions" defined? Is this "Racketeer" and "Bad Actor" language that deftly avoids perjury while allowing destruction of evidence critical to Plaintiff's case? Clearly **"relevant portions"** is language intended to "protect" against perjury and fraud on the court while still allowing the Defendant's to destroy Plaintiff's evidence. Plaintiff begs this Court to preserve this evidence. Plaintiff begs this Court to Order Defendant State of Tennessee and its Board of Judicial Conduct to preserve and retain ALL PORTIONS of complaints filed against judges and not just so called **"relevant portions"**

7

**CONCLUSION**

Upon de novo review, given the gravity of this case, facts provided, arguments of law and U.S. Supreme Court Opinion that TRO's are innocuous, and in the interest of the People, the Magistrate's order should be reversed and Plaintiff's motion for preliminary injunctive relief GRANTED.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 12th day of June, 2017

*/s/ John Anthony Gentry*
John Anthony Gentry, CPA