IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-0020 <br><br> JURY TRIAL DEMANDED (12) |

**PLAINTIFF'S MOTION TO SET EVIDENTIARY OR OTHER APPROPRIATE HEARING AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 12(i), Plaintiff hereby respectfully moves this Honorable Court to set a date certain for an evidential or other appropriate hearing. An evidential or other hearing is appropriate for the following reasons:

1. Fed. R. Civ. P. 12(i) states;

   > Hearing Before Trial. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

1

2. Motions to dismiss on the pleadings under Fed. R. Civ. P. 12(c) are reviewed *de novo* and the standard of review is the same as for a motion under Rule 12(b)(6) for failure to state a claim.

3. Pursuant to Fed. R. Civ. P. 12(d), all parties must be given a reasonable opportunity to present all material that is pertinent to the motion. Specifically, Fed. R. Civ. P. 12(d) states;

> Result of Presenting Matters Outside the Pleadings. If, **on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion**.

4. Plaintiff further directs this Honorable Court's attention to the language of Rule 72 (b)(1) which states;

> (b) Dispositive Motions and Prisoner Petitions.
> (1) *Findings and Recommendations.* **A magistrate judge must promptly conduct the required proceedings when assigned**, without the parties' consent, **to hear a pretrial matter dispositive of a claim or defense** or a prisoner petition challenging the conditions of confinement. **A record must be made of all evidentiary proceedings** and may, at the magistrate judge's discretion, be made of any other proceedings.

5. In the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, our Supreme Court stated the following;

> "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, **and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.** These rights are important in cases such as those before us, **where recipients have challenged proposed terminations as resting on incorrect or**

2

> **misleading factual premises or on misapplication of rules or policies to the facts of particular cases**. (at 268)

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT TO ISSUE EQUITABLE RELIEF AS FOLLOWS:**

1. To set a date certain for an evidential or other such appropriate hearing so that Plaintiff may be fairly heard.
2. To hear Plaintiff's arguments of law and review Plaintiff's evidence that give rise to his cause of action and claim for relief.
3. To order the parties to appear for such appropriate hearing on a date certain.
4. And for any other actions deemed appropriate by this Honorable Court.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 12th day of June, 2017

John Anthony Gentry, CPA