IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, | ) | |
| sui juris/pro se, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:17-cv-0020 |
| | ) | JURY TRIAL DEMANDED |
| THE STATE OF TENNESSEE; PAMELA | ) | |
| ANDERSON TAYLOR; BRENTON | ) | |
| HALL LANKFORD; SARAH RICHTER | ) | |
| PERKY; UNNAMED LIABILITY | ) | |
| INSURANCE CARRIER(S); et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF JUNE 5, 2017**

This matter is currently before the Court to consider Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (Docket Entry 72). The Magistrate Judge's Report and Recommendation is located at Docket Entry 70, and addresses Plaintiff's Motion for a Preliminary Injunction (Docket Entry 19).[1] The Court ordered that any responses to Plaintiff's Objections should be filed by June 26, 2017 (Docket Entry 75).

Defendant, Sarah Richter Perky ("Defendant") respectfully submits the following response to Plaintiff's Objections.[2] Based upon a review of the record, Defendant respectfully submits that the Magistrate Judge's Report and Recommendation (Docket Entry 70) is legally sound. The Magistrate Judge correctly noted that Plaintiff's own hand effectively dismissed the

---
[1] Judge Chris Craft, Timothy Discenza and the Board of Judicial Conduct filed a Response to Plaintiff's Motion for Preliminary Injunction on March 13, 2017. See Response, Docket Entry 29.

[2] Defendant observes that Plaintiff's Motion for a Preliminary Injunction was filed on January 9, 2017—before Plaintiff sued Ms. Perky. Accordingly, Plaintiff's Motion does not seek specific relief from this Defendant (she was not a party to the lawsuit at the time the motion was filed).

o
36986607v1

same individuals (Timothy Discenza and Judge Chris Craft) and The Tennessee Board of Judicial Conduct to whom, and to which, the Motion for Preliminary Injunction is directed. Timothy Discenza, Judge Chris Craft and The Tennessee Board of Judicial Conduct are identified as parties in the original Complaint. (See Complaint, Docket Entry 1). Timothy Discenza, Judge Chris Craft and The Tennessee Board of Judicial Conduct are specifically mentioned in Plaintiff's Memorandum filed in Support of his Motion for Temporary Restraining Order filed on February 27, 2017 (See Plaintiff's Memorandum of Law, Docket Entry 20, p.7).

On February 28, 2017, Judge Chris Craft, Timothy Discenza and the Board of Judicial Conduct filed a Motion to Dismiss (See Motion to Dismiss, Docket Entries 22 & 23). On March 2, 2017 Plaintiff sought additional time to respond to the Motion to Dismiss (Docket Entry 24). Plaintiff's Response to Motion to Dismiss filed by Timothy Discenza, Judge Chris Craft and The Tennessee Board of Judicial Conduct was filed on March 27, 2017 (See Docket Entry 38). Notably, Plaintiff's Response states that Plaintiff was "removing" the "individuals and agencies and arms of the State as defendants" by amending his lawsuit. (See Docket Entry 38, p. 14).[3] Plaintiff's strategic decision to remove these parties from the lawsuit three months ago does not justify insistence that the Court now issue injunctive relief against the same parties after their removal as defendants.

The Magistrate Judge's finding that a federal court may not enjoin a person who is not a party to the lawsuit is a correct statement of the law. See In Re: NAACP, Special Contribution Fund, 849 F.2d 1473 (6th Cir. 1988). Here, it would be unfair for a plaintiff to remove parties from a lawsuit but then insist upon injunctive relief against the same dismissed parties. Such a result would constitute a clear violation of due process.

---

[3] Procedurally, Plaintiff did not submit a Rule 41 stipulation of dismissal of these parties. However, by amending his pleadings, Plaintiff effectively "removed" his claims against these parties.

Similarly, the Magistrate Judge's conclusion that Plaintiff's request for injunctive relief concerning these defendants is moot is also a legally and factually accurate statement. The parties against whom injunctive relief was sought by Plaintiff are no longer before the court rendering this issue moot. See generally, Dellis v. Corrections Corp. of Am., 257 F.3d 508 (6th Cir. 2001)[claims for declaratory and injunctive relief in actions against prison officials are moot when the inmate plaintiff is no longer incarcerated in the prison employing the defendant officials]. In March, Plaintiff informed the Court that Plaintiff removed the parties as defendants. See Docket Entry 36, p.14. Plaintiff's Objections do not address the fact that it was Plaintiff who determined that these defendants should be removed as parties from the lawsuit.

Defendant respectfully submits that the Magistrate Judge correctly stated the record, and also reached the correct legal conclusion. Nothing in Plaintiff's Objections supports a contention that the Magistrate Judge's findings is clearly erroneous or contrary to the law. See 28 U.S.C. § 636 (b) (1) (A); Rule 72 (a), Fed. R. Civ. P. Plaintiff's Objections are not well taken and should be overruled.

Defendant also respectfully submits that the Magistrate Judge correctly determined that Plaintiff fails to satisfy Plaintiff's burden under Rule 65, Fed. R. Civ. P. In the exercise of its discretion with respect to a motion for preliminary injunction, a district court must give consideration to four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." Am. Civil Liberties Union of Ky. v. McCreary Cnty., 354 F.3d 438, 445 (6th Cir. 2003) (internal quotation marks and citations omitted), *aff'd,* 545 U.S. 844 (2005). "The four considerations applicable to preliminary

injunction decisions are factors to be balanced, not prerequisites that must be met.'" Hamad v. Woodcrest Condominium Ass'n, 328 F.3d 224, 230 (6th Cir. 2003) (quoting Mich. Bell Tel. Co. v. Engler, 257 F.3d 587, 592 (6th Cir. 2001)). Notwithstanding, two factors—the likelihood of success and the question of irreparable harm—typically predominate the preliminary- injunction inquiry. Cox v. Jackson, 579 F. Supp. 2d 831, 853 (E.D. Mich. 2008). And, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000). The Plaintiff bears the burden of demonstrating his entitlement to a preliminary injunction, and his burden is a heavy one. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). Defendant respects Plaintiff's belief that Plaintiff did not receive a fair hearing and is dissatisfied by the result which Plaintiff, acting pro se, obtained in his underlying divorce lawsuit. Such dissatisfaction does not transform his personal dispute into one of general public interest. Plaintiff is ably appealing his divorce case, as well as pursuing other appeals. He may achieve appellate relief. However, nothing in Plaintiff's Objections support any contention that the Magistrate Judge's determination that Plaintiff failed to carry his burden of proof and satisfy the criteria of Rule 65 is clearly erroneous or contrary to the law. See 28 U.S.C. § 636 (b) (1) (A); Rule 72 (a), Fed. R. Civ. P.

Finally, Plaintiff attaches several newspaper/internet reports concerning criminal charges against Davidson County General Sessions Judge Casey Moreland (See Docket Entries 72-1 &

72-2)[4] purportedly seeking to use such articles as a basis for his Objections. Defendant respectfully submits that Plaintiff's submissions have nothing to do with Plaintiff's case or any defendant in this case. There is no suggestion, much less evidence, that Casey Moreland was involved with Plaintiff's divorce case or any subsequent aspect of Plaintiff's case. Indeed, Plaintiff's divorce case was determined by a different judge in a different county at a different period of time. Nothing submitted by Plaintiff supports Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

Based upon the record, the Magistrate Judge's Report and Recommendation is sound and should stand.

Respectfully submitted,

BUTLER SNOW LLP

By: /s/William S. Walton
WILLIAM S. WALTON, #11177
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
(615) 651-6717
bill.walton@butlersnow.com

*Attorneys for the Defendant Sarah Richter Perky*

---

[4] Plaintiff characterizes such articles as "newly found evidence."

## CERTIFICATE OF SERVICE

       I, the undersigned, do hereby certify that on June 15, 2017, a true and correct copy of the foregoing document has been mailed electronically via the Court's electronic filing system to the following:

       John A. Gentry, CPA, pro se (regular mail)
       208 Navajo Court
       Goodlettsville, TN 37072

       Stephanie A. Bergmeyer
       Office of the Attorney General and Reporter
       P.O. Box 20207
       Nashville, TN 37202-0207

       Erika Barnes
       Stites & Harbison PLLC
       401 Commerce Street, Suite 800
       Nashville, TN 37219

       *William S. Walton*