IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. 3:17-cv-0020 |
| | ) | JURY TRIAL DEMANDED |
| THE STATE OF TENNESSEE; PAMELA ANDERSON TAYLOR; BRENTON HALL LANKFORD; SARAH RICHTER PERKY; UNNAMED LIABILITY INSURANCE CARRIER(S); et al. | ) ) ) ) ) ) | |
| Defendants. | ) | |

**RESPONSE OF DEFENDANT *OPPOSING* PLAINTIFF'S MOTION TO SET EVIDENTIARY HEARING OR OTHER APPROPRIATE HEARING**

Comes now your Defendant, Sarah Richter Perky ("Defendant"), and files this Response in Opposition to Plaintiff's "Motion to Set Evidentiary Hearing or Other Appropriate Hearing" (See Docket Entry 73). Defendant respectfully objects to Plaintiff's Motion for an Evidentiary Hearing for the following reasons:

1. Plaintiff has established no basis to conduct an evidentiary hearing concerning this Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief May be Granted Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Conducting a hearing when Plaintiff has failed to state a claim for relief is burdensome, time-consuming and judicially inefficient.

2. Defendant respectfully submits that Plaintiff's citation to Rule 12(b) does not entitle Plaintiff to an evidentiary hearing. Whether the Court deems an evidentiary hearing necessary is one of discretion with the Court. Contrary to Plaintiff's argument, he does not have an automatic right to an evidentiary hearing pursuant to Rule 12. "Bald assertions and

conclusory allegations do not provide sufficient ground to warrant conducting an evidentiary hearing. *See,* for example, *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) [citations omitted].

3. This Court is already familiar with the facts and voluminous record in this case. Plaintiff has submitted hundreds of pages of documents in the record. At least three (3) Reports have been issued from the Magistrate, the Court has addressed numerous arguments and motions from the Plaintiff, and the Court has indicated it clearly understands and has carefully considered, and will continue to carefully consider Plaintiff's arguments. <u>See e.g</u>. Docket Entry 74.

Here, an evidentiary hearing is not required, such a hearing would add unnecessary expense and burden to Defendant and the Court, and Plaintiff has not demonstrated the need for such a hearing. Defendant respectfully submits that the Court deny Plaintiff's motion.

Respectfully submitted,

BUTLER SNOW LLP

By: */s/William S. Walton*
WILLIAM S. WALTON, #11177
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
(615) 651-6717
bill.walton@butlersnow.com

*Attorneys for the Defendant Sarah Richter Perky*

CERTIFICATE OF SERVICE

      I, the undersigned, do hereby certify that on June 15, 2017, a true and correct copy of the foregoing document has been mailed electronically via the Court's electronic filing system and via regular mail, to the following:

      John A. Gentry, CPA, pro se (regular mail)
      208 Navajo Court
      Goodlettsville, TN 37072

      Stephanie A. Bergmeyer
      Office of the Attorney General and Reporter
      P.O. Box 20207
      Nashville, TN 37202-0207

      Erika Barnes
      Stites & Harbison PLLC
      401 Commerce Street, Suite 800
      Nashville, TN 37219

      *William S. Walton*