

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

---

### PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT PERKY'S "RESPONSE OF DEFENDANT *OPPOSING* PLAINTIFF'S MOTION TO SET EVIDENTIARY HEARING OR OTHER APPROPRIATE HEARING" AND INCORPORATED MEMORANDUM OF LAW

---

Comes now Plaintiff, John Anthony Gentry, and tenders to this Honorable Court, his response and objection to Defendant PERKY'S: "Response of Defendant *Opposing* Plaintiff's Motion To Set Evidentiary Hearing Or Other Appropriate Hearing" (Docket Entry 77).

Without stating any legal basis whatsoever, Defendant SARAH RICHTER PERKY recklessly encourages this Honorable Court to ignore Due Process, Federal Rules of Civil Procedure, Supreme Court Opinion, and the welfare of "The People," because it is too burdensome and costly to ensure justice is served. Defendant SARAH RICHTER PERKY

1

further makes the **"false and failed assertion"** that Plaintiff's Complaint is about "bald assertions" and "conclusory allegations" which is obviously untrue.

Considering the nature of this case, federal laws violated, and facts presented thus far, there can be no good reason to prevent Plaintiff from presenting: (1) facts and supporting evidence of his Complaint, (2) additional and newly discovered facts and evidence, and (3) arguments of law as to why his complaint should not be dismissed.

Plaintiff first complains about Defendant's falsified "Certificate of Service." Defendant's "Certificate of Service" states: "*I the undersigned, do hereby certify than on June, 15, 2017, a true and correct copy of the foregoing document **has been mailed electronically** via the Court's electronic filing system **and** regular mail.*" Plaintiff did not receive documents **"*mailed electronically*"** and therefore, this is a false and fraudulent statement made by Defendant's counsel to this Honorable Court.

Plaintiff previously notified Defendants via email and stated: "*I noted on the last two responses filed by Defendant's (sic Defendants,) I was not provided notice via email. Is it your intent to no longer provide notice via email? Please confirm.*" EXHIBIT 1. As noted in the attached EXHIBIT 1, only the State's counsel responded to Plaintiff's inquiry and offered an apology. Considering this repeated offense by Defendant, and false "Certificate of Service," these actions by Defendant and her counsel are obviously intentional, and force Plaintiff to monitor the docket daily, so that Plaintiff can respond to false assertions and adverse statements, prior to issuance of rulings so as to be fairly heard. This repeated "gamesmanship" borders on constructive fraud and abuse of process. Considering this intentionally false statement, made to

2

a federal court of law, Defendant's response should be stricken from the record and Defendant's counsel admonished appropriately.

Defendant will likely attempt to "sugar-coat" Plaintiff's complaint in this regard and "cloud the issue" asserting notice by email is a "courtesy" and not required. **Let this Court make no mistake, Plaintiff does not complain about not receiving "courtesy" notice by email. Plaintiff complains of the intentionally false statement made by Defendant's counsel to this Honorable Court and this Court should address such deceit appropriately.**

Defendant's false assertion that Plaintiff's Complaint is about "Bald assertions and conclusory allegations," is but another failed attempt to deceive this Honorable Court and is easily proven as false and untrue. Let us first consider Defendant's citation of Washington v. Renico, 455 F.3d 722, 733 (6th Cir. 2006). Plaintiff draws the Court's attention to the end of Defendant's citation of this case "**[citation omitted]**" (Docket Entry 77 ¶ 2). The **omitted citation** of the "bald and conclusory" quote refers to the case Stanford v. Parker, 266 F. 3d 442, (6th Circuit 2001). In the Stanford v. Parker case, the 6th Circuit stated:

> **Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."** Wilson v. Kemna, 12 F.3d 145, 146 (8th Cir.1994) (citation and internal quotation omitted).

Although both the Washington and Stanford cases pertain to habeas petitions, it is important for this Court to consider the grounds entitling an evidentiary hearing as stated in the Stanford opinion which are (1) alleging sufficient grounds for release, (2) relevant facts in dispute, and (3) state court did not hold a full and fair evidentiary hearing.

3

Regarding factor (1), *"alleging sufficient grounds for release"* translates nicely into "alleging sufficient grounds for civil suit in federal court." In considering Plaintiff's "Second Amended Complaint" (Docket Entry 36), this court must agree, Plaintiff has alleged sufficient ground for civil suit. This fact is undeniable and is evidenced in the Magistrate judge's own statement made in the Magistrate's recent R&R (Docket Entry 70). In page 4, Docket Entry 70, the Magistrate stated: *"Plaintiff's likelihood of success on his claims is no greater than that of Defendants..."* In making this statement, the Magistrate has acknowledged beyond any doubt whatsoever, that Plaintiff has alleged sufficient ground for civil suit. The Magistrate plainly states Plaintiff has an equal chance of success, and therefore, by default, states Plaintiff has sufficiently alleged grounds for civil suit in federal court.

Regarding factor (2), *"relevant facts in dispute"*, Defendant falsely asserts Plaintiff's complaint is nothing more than *"bald assertions"* and *"conclusory allegations."* Very obviously Defendant either ignores or disputes the facts and evidence contained in Plaintiff's Second Amended Complaint (Docket Entry 36). By this fact alone, clearly the facts are in dispute, and Plaintiff should be granted an evidentiary hearing.

Furthermore, the Magistrate's above referenced statement that, Plaintiff and Defendant have equal chance of success, suggests the Magistrate has not fully considered the facts and evidence presented in Plaintiff's Complaint. Plaintiff asserts that full consideration of Plaintiff's facts, evidence, allegations of federal law violations, and arguments of law, will leave no doubt whatsoever that Plaintiff is assured of success, assuming proper consideration of the full facts and adherence to proper due process. This fact of the Magistrate's statement, further

4

evidences that relevant facts are in dispute and Plaintiff should be granted an evidentiary hearing.

Regarding factor (3), "state court did not hold a full and fair evidentiary hearing", brings us back full circle, to Plaintiff's motion for an evidentiary hearing, and the fact that when sufficient grounds for suit are established, and facts are in dispute, the courts should conduct evidentiary hearings.

Defendant falsely states an evidentiary hearing is not necessary and such a hearing would add unnecessary expense and burden to Defendant and the Court. In fact, the opposite is true. Skipping this step in due process merely pushes the burden to the appellate court, which causes far more burden on all parties as well as the appellate court.

Most certainly, Plaintiff will appeal this issue, causing him undue cost of appeal, researching and preparing an Appellate Brief, all the while further delaying his due relief of harm suffered. The same is true for the Defendant, and Defendant will incur far more burden in preparing an Appellee Brief on a matter that would likely be remanded right back to this court for an evidentiary hearing. Plaintiff respectfully suggests that this not be made yet another issue for the appellate court to weigh in on. Very obviously, all factors necessary for requiring an evidentiary hearing have been satisfied. Moreover, with "Public Interest" at stake, this Court should desire to address this matter head on.

Further considering Defendant's citation of the Washington v. Renico case, that case was regarding a habeas petition where the Petitioner Washington asserted ineffective counsel, and that he should have been granted evidentiary hearing in state court despite the fact he did

5

not motion for an evidentiary hearing. Since Washington failed to move for an evidentiary hearing in state court, the District Court did not consider Washington's request for an evidentiary hearing. (id at 723). Accordingly, Defendant's citation of this case is wholly without merit and inappropriate.

While Plaintiff has plainly demonstrated with Defendant's own single and erroneously cited case, that he should be granted an evidentiary hearing, the Federal Rules of Civil Procedure are clear that an evidentiary hearing is required. Plaintiff directs the Court's attention to Docket Entry 73 and references to Fed. R. Civ. P. cited therein.

Moreover, due process requires a pre-termination evidentiary hearing. In the case Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, the Supreme Court stated;

> "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). **In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally. These rights are important in cases such as those before us, where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases.** (at 268)

In the same Goldberg case, in even more plain language, the Supreme Court further stated:

> In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. E. g., ICC v. Louisville & N. R. Co., 227 U. S. 88, 93-94 (1913); Willner v. Committee on Character & Fitness, 373 U. S. 96, 103-104 (1963).

6

> What we said in Greene v. McElroy, 360 U. S. 474, 496-497 (1959), is particularly pertinent here:
>
>> "**Certain principles have remained relatively immutable in our jurisprudence. One of these is that where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue.** While this is important in the case of documentary evidence, **it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy.** We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment . . . . **This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, . . . but also in all types of cases where administrative. . . actions were under scrutiny."** (id at 270)

In another case, regarding a pro se litigant, the Supreme Court stated:

> The appellate court reasoned that when a pro se, indigent prisoner makes allegations that, if proved, would entitle him to habeas corpus relief, he should not be required to prove his allegations in advance of an evidentiary hearing, at least in the absence of counter affidavits conclusively proving their falsity. **The case was therefore remanded for an evidentiary hearing**. 533 F. 2d 894. *Blackledge v. Allison, 431 US 63 - Supreme Court 1977 (at 71)*

This Court should further consider the disturbing complaint by Defendant of so called "*bald assertions*" and "*conclusory allegations*". A "bald assertion" is generally defined as a statement that has very little to no evidence or basis to back it up. A "conclusory allegation" is generally defined as relating to a conclusion or assertion for which no supporting evidence is offered. It is an undeniable fact, Plaintiff has submitted more than substantial evidence already

7

included as EXHIBITS A – W consisting of 242 pages of evidence substantiating his claims and causes of action attached to his Second Amended Complaint (Docket Entry 36).

Considering the nature of this case, and harm against The People, this Court should greatly desire to know the facts and arguments of law. With all due respect, this Court should not give deference to preserving the reputations of "bad actors", but should instead give deference to preserving justice. This Court should address this matter head on and with the greatest of diligence so as to ensure preservation of constitutional rights and to restore "Public Trust". As our Supreme Court stated in 1920, to do otherwise is treason to the constitution *ex parte Young, 209 US 123 (1908) (at 143)*.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 19th day of June, 2017

John Anthony Gentry, CPA

**XFINITY Connect**  john.a.gentry@comcast.net
± Font Size

### RE: Filing US District Court 3:17-cv-00020

**From :** Stephanie A. Bergmeyer <STEPHANIE.BERGMEYER@ag.tn.gov>  Wed, Jun 07, 2017 10:11 AM
**Subject :** RE: Filing US District Court 3:17-cv-00020
**To :** JOHN <john.a.gentry@comcast.net>

Mr. Gentry:

I will provide you with a courtesy copy by e-mail of any future filings. If I forgot to do so with my last filing, I apologize for the oversight.

Stephanie Bergmeyer
Assistant Attorney General
(615) 741-6828

> **From:** JOHN [mailto:john.a.gentry@comcast.net]
> **Sent:** Monday, June 05, 2017 5:48 PM
> **To:** lauren roberts <lauren.roberts@stites.com>; bill walton <bill.walton@butlersnow.com>; Erika Barnes <ebarnes@stites.com>; Stephanie A. Bergmeyer <STEPHANIE.BERGMEYER@ag.tn.gov>
> **Subject:** Filing US District Court 3:17-cv-00020
>
> Please see attached Motion for Clarification filed in District Court today. I am also sending copies via US Mail.
>
> I noted on the last two responses filed by Defendant's I was not provided notice via email. Is it your intent to no longer provide notice via email? Please confirm.
>
> Thanks and kind regards,
>
> John A Gentry, CPA

**EXHIBIT 1**

Case 3:17-cv-00020   Document 79   Filed 06/19/17   Page 10 of 10 PageID #: 1742