FILED
2017 JUN 19 AM 8:03
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-0020 <br><br> JURY TRIAL DEMANDED (12) |

---

**PLAINTIFF'S SUPPLEMENTAL MOTION TO SET EVIDENTIARY OR OTHER APPROPRIATE HEARING**

---

Pursuant to Fed. R. Civ. P. 16(a), Plaintiff hereby respectfully moves this Honorable Court to set a date certain for a Pretrial Conference, Scheduling or other appropriate hearing. Plaintiff further moves this Court to issue Order commencing discovery. Plaintiff respectfully suggests a Pretrial Conference and Scheduling Hearing should be conducted prior to Plaintiff's requested Evidentiary Hearing. A Pretrial, Conference and/or Scheduling Hearing is appropriate for the following reasons:

1. Fed. R. Civ. P. 16(a), states;

> PURPOSES OF A PRETRIAL CONFERENCE. In any action, the court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

1

> (1) **expediting disposition of the action;**
> (2) **establishing early and continuing control so that the case will not be protracted because of lack of management;**
> (3) **discouraging wasteful pretrial activities;**
> (4) **improving the quality of the trial through more thorough preparation; and**
> (5) **facilitating settlement.**
> (b) SCHEDULING.
> (1) *Scheduling Order.* Except in categories of actions exempted by local rule, **the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order**:
>> (A) after receiving the parties' report under Rule 26(f); or
>> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.

2. Due to the fact that the Magistrate Judge has exempted the case from customized case management, unnecessary filings have become necessary for both parties resulting in undue burden and expense on all parties, including this Honorable Court. Case in point, regarding Plaintiff's amended complaint.

3. Moreover, it has become necessary for Plaintiff as Pro Se, to step in and manage the case, despite the fact, Plaintiff has little experience in litigating in federal courts which is of course not efficient in any way whatsoever.

4. Plaintiff respectfully suggests a "meeting of the parties" in a Pretrial Conference and/or Scheduling hearing to get the case back on track, and to manage the case in an efficient manner which would be cost-efficient for all parties, as well as conducive to moving the case forward in an efficient manner ensuring justice is served.

5. Plaintiff further moves this Honorable Court to issue order commencing discovery. Despite the fact, Plaintiff has already provided this Court with overwhelming evidence, Plaintiff

2

asserts additional documentation obtained through commencement of discovery, will make his case "proof perfect."

6. Plaintiff asserts he should be afforded the opportunity to obtain additional evidence through discovery and present that evidence to this Honorable Court, prior to consideration of any 12(b) motions made by Defendants.

7. Plaintiff asserts that with a "proof perfect" case before them, the Defendants will be encouraged to reform themselves and the TN legal system, eliminating the need for an embarrassing trial, while preserving the "Public Trust", and restoring constitutional rights.

8. Plaintiff has no desire to bring the judiciary into disrepute. Plaintiff is committed to restoring the principles upon which our country was founded, which requires that due process and equal protection be reinstituted in state court proceedings. Certainly, this Honorable Court seeks the same, and we are of the same mind, with the same goals here.

9. Plaintiff assumes he will be reminded that the Magistrate Judge exempted the case from initial disclosures. However, Plaintiff reasserts this was an error of the Court for the following reasons: Rule 26(a)(1)(B) states only certain proceedings are exempt from initial disclosures as follows:

   a. *"(i) an action for review on an administrative record."* Obviously, Plaintiff's case is not an action for review on an administrative record and this exemption is inapplicable.

b. *"(ii) a forfeiture action in rem arising from a federal statute."* Obviously, Plaintiff's case not a rem arising from a federal statute and this exemption is also wholly inapplicable.

c. *"(iii) a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence."* Again, wholly inapplicable as Plaintiff is not a criminal and not challenging any conviction.

d. *"(iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision."* Obviously, Plaintiff is not a person in custody and is not a criminal and again, this exemption too is wholly inapplicable.

e. *"(v) an action to enforce or quash an administrative summons or subpoena."* Obviously, Plaintiff does not bring action to enforce or quash an admin summons or subpoena, also wholly inapplicable.

f. *"(vi) an action by the United States to recover benefit payments."* Again, wholly inapplicable.

g. *"an action by the United States to collect on a student loan guaranteed by the United States."* Again, wholly inapplicable.

h. *"(viii) a proceeding ancillary to a proceeding in another court."* An ancillary proceeding is a proceeding that complements a proceeding that is in another court or a proceeding that is subordinate and secondary to another action, also wholly inapplicable.

4

i. And finally, *"(ix) an action to enforce an arbitration award."* Also wholly inapplicable.

10. Regardless of the applicability, or inapplicability, of exempting the case from initial disclosures, error or no error, Plaintiff has now moved the Court for Pretrial Conference, Scheduling, and Order of commencement of discovery and for an evidentiary hearing. Plaintiff respectfully suggests to put these honest errors behind us and move this case forward according to the law of the land and rules of procedure.

11. Plaintiff welcomes the Court's guidance in how to resolve this matter as efficiently as possible while preserving the "Public Trust" and ensuring justice is served while reinstituting in Tennessee state courts, constitutionally guaranteed rights as set forth in our US Constitution.

12. "The People" have demonstrated their desire for change in electing a President who is not part of the "Establishment." Other cases like Hallett v. Ohio 5:16-cv-238-OC-TJC-PRL (See **EXHIBIT 1**) are being filed in federal courts across the country. As a result of the Hallett Appellate Brief, the issue of "legal monopoly" was referred to US Congress with further briefing requested.

13. Plaintiff respectfully suggests this case be "embraced" by all parties including the Court, to affect most necessary change in the Tennessee legal system. What could be a more wholesome endeavor than to reinstitute constitutional rights back into state court proceedings?

14. Necessary change is coming and other District Courts are beginning to accept and even encourage this change. Case in point the case, Hardwick v. County of Orange, Court of Appeals, 9th Circuit 2017.

> **"No official with an IQ greater than room temperature in Alaska could claim that he or she did not know that the conduct at the center of this case violated both state and federal law... ...** Perjury is a crime under both federal and California state law, as is the knowing submission of false evidence to a court. 18 U.S.C. § 1621; Cal. Penal Code § 118. Both crimes make no distinction between criminal and civil proceedings. **This malicious criminal behavior is hardly conduct for which qualified immunity is either justified or appropriate.** The doctrine exists to protect mistaken but reasonable decisions, not purposeful criminal conduct. As the Supreme Court repeated in Sheehan, officials who knowingly violate the law are not entitled to immunity. 135 S. Ct. at 1774 (quoting Ashcroft, 131 S. Ct. 2085)." *Hardwick v. County of Orange, Court of Appeals, 9th Circuit 2017.*

15. Change is coming. As the "Volunteer State," Tennessee should lead the charge in reform through finding a mutually agreeable outcome in this case, that preserves and restorers constitutional rights while at the same time preserving "judicial integrity" and "Pubic Trust"

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT TO ISSUE EQUITABLE RELIEF AS FOLLOWS:**

1. To set a date certain for a Pretrial, Scheduling, or other appropriate hearing.

2. To set a date certain for an evidential or other such appropriate hearing.

3. To Order commencement of discovery so that Plaintiff will have all the facts and evidence available to present to this Court in an Evidentiary Hearing.

4. To hear Plaintiff's arguments of law and review Plaintiff's evidence that give rise to his causes of action and claims for relief.

5. To order the parties to appear for such appropriate hearing on a date certain.

6

Case 3:17-cv-00020   Document 80   Filed 06/19/17   Page 6 of 9 PageID #: 1748

6. And for any other actions deemed appropriate by this Honorable Court.

Respectfully submitted,

/s/ John A Gentry
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 19th day of June, 2017

/s/ John Anthony Gentry
John Anthony Gentry, CPA

In The

# One Hundred-Fifteenth

## Congress

Of The

## United States of America

CITIZEN PETITION
U.S. Code › Title 15 › Chapter 53 › Subchapter I › § 2620 (a)

IN THE MATTERS OF:

<u>Christopher Edward Hallett</u> VS <u>State of Ohio, Et al</u>

---

TITLE 440: CIVIL RIGHTS, OTHER CIVIL

RE: FEDERAL CASE: <u>5:16-CV-238-OC-32-TJC-PRL</u>

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION

---

THE HONORABLE TIMOTHY J CORRIGAN
MAGISTRATE JUDGE PHILLIP R. LAMMENS

---

AMICUS BRIEF
CHRISTOPHER EDWARD HALLETT
Fiduciary Lic. No. 443079

---

Christopher E. Hallett

EXHIBIT 1

16062 SW 34 CT RD  
Ocala, Florida, 34473  
(352) 470-8460  
challett92@gmail.com