# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | )<br>) |
| Plaintiff | )<br>)<br>) CASE NO. 3:17-0020 |
| vs. | )<br>) |
| THE STATE OF TENNESSEE;<br>PAMELA ANDERSON TAYLOR;<br>BRENTON HALL LANKFORD;<br>SARAH RICHTER PERKY;<br>UNNAMED LIABILITY INSURANCE<br>CARRIER(S); Et al | )<br>)<br>) JURY TRIAL DEMANDED(12)<br>)<br>)<br>) |
| Defendants | ) |

**PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS PAMELA ANDERSON TAYLOR AND BRENTON HALL LANKFORD**

Plaintiff, John Anthony Gentry, pursuant to Federal Rules of Civil Procedure Rule 65, hereby moves this Honorable Court for entry of an Emergency Temporary Restraining Order and Preliminary Injunction enjoining Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD from engaging in, and or, perpetuating further "Corrupt Racketeering Activities," including: (1) extortion under color of law, (2) witness tampering, (3) obstruction of justice, (4) extortion through fraudulent orders, (5) subordinating perjury, (6) conspiring with trial court judges to deny due process and engage in "Corrupt Racketeering Activities," (7) conspiring with appellate court judges to deny due process and engage in

1

"Corrupt Racketeering Activities," and underlying abuses of process leading to "Racketeering Activities" including: (1) ignoring discovery requests, (2) making false statements during proceedings, and other vexatious litigation tactics.

1. On March 27, 2017, Plaintiff, John Anthony Gentry filed a Second Amended Verified Complaint alleging Defendants conspired with The Honorable Judge Joe H Thompson and the Tennessee Court of Appeals judges to commit federal law violations of extortion, witness tampering, objection of justice, and denial of due process all defined as "racketeering activities" under 18 USC § 1961 subject to civil suit pursuant to 18 USC § 1964 and 42 USC § 1983.

2. Pursuant to Rule 65(a)(1) of the Federal Rules of Procedure, undersigned Plaintiff, acting as pro se counsel, respectfully certifies to the Court that on March 27, 2017 Plaintiff filed a complaint in this matter naming Defendants to be enjoined by this motion.

3. Despite the fact of Plaintiff's complaint against them, Defendants continue to engage in "Corrupt Racketeering Activities" and act with impunity as though they are above the law and not subject to the law.

4. On April 26, 2017, Defendants filed "Brief of Appellee, Katherine Wise Gentry" with the Tennessee Court of Appeals (excerpt of this brief attached as **EXHIBIT 1**).

5. Without any legal basis whatsoever, Defendants have requested the Tennessee Court of Appeals to award their client attorney's fees and costs incurred on appeal and corruptly

cites Tennessee state statute 36-5-103(c) as the "legal basis" for requesting attorney's fees and costs incurred.

6. Plaintiff estimates the "value" of those requested attorney's fees and costs incurred on appeal to be in the range of $30,000 to $50,000.

7. Defendants intentionally and corruptly cite Tennessee state statute 36-5-103(c) which is a state law that allows for awarding of attorney's fees incurred to enforce alimony and child support. This statute is not a mechanism for relief of attorney fees incurred on defending an appeal. The trial court in the underlying litigation has already ruled that Defendants' client "is not at an economic disadvantage" and could afford to pay the $188,000 of attorney's fees incurred during trial court litigation.

8. Plaintiff alleges this is yet another "Corrupt Racketeering Scheme" intended to extort money from Plaintiff under color of law.

9. Plaintiff alleges both Defendants and the Tennessee Court of Appeals know the inapplicability of the cited statute.

10. Due to the obvious fact of the inapplicability of state statute 36-5-103(c), the question must be asked: "Why would Defendants attempt to tender this malicious request to the appellate court?" It must be true that they do so through the belief that the Tennessee Court of Appeals will grant their request if not contested or enjoined.

11. This plainly evidences conspiracy between the Tennessee Court of Appeals and Defendants to extort significant monies from Plaintiff under color of law.

12. If this "racketeering scheme" is allowed to continue, Plaintiff will suffer irreparable harm. Plaintiff has already been made insolvent and will likely be forced into bankruptcy protection as a result of the corrupt activities that led to his cause of action against the Defendants in this case. If this "scheme" is inflicted upon Plaintiff through "tongue in cheek" falsely applied law, Defendants will likely subject Plaintiff to wage garnishments that will force him into bankruptcy and abject poverty without hope of relief or solvency.

13. Defendants further actions are nothing more than a "Confidence Game" and "Corrupt Racketeering Scheme." A Yale Journal of Law essay attached as **EXHIBIT 2**, describes well the Defendants in this case as follows:

> Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law,** and the fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, society has been neither willing nor able to avenge itself affectively. (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p.250*)

14. A previous Report and Recommendation issued by the Magistrate plainly states the parties have an equal chance of success in this case which establishes the likelihood of success on the merits and that this motion should be granted.

15. The facts stated and evidenced in this motion prove plaintiff will suffer irreparable harm.

16. Most certainly it is in the public interest to restrain and enjoin the Defendants from inflicting the same harm and same "Corrupt Racketeering Schemes" against other

litigants in other cases. If Defendants are not restrained and enjoined, they will most certainly inflict the same harm suffered by Plaintiff against other litigants in their present and future cases.

17. Indeed, as stated above, they continue their "Corrupt Racketeering Schemes" even while facing suit. Very obviously Defendants either believe their "Confidence Game" and this particular scheme will not be found out, or they believe they are above the law and not subject to the law.

18. A Temporary Restraining Order is necessary to preserve the status quo, and to prevent irreparable injury to Plaintiff and the public that would result from continued "racketeering schemes", and to allow the Court to render effective relief if the Plaintiff prevails at trial.

19. Any harm to Defendant from enjoining "racketeering activities" would be outweighed by the actual and potential effects of protecting the interests of Plaintiff and other present and future litigants facing Defendants.

20. Plaintiff asserts that Defendants' cessation of "racketeering activities" would not cause Defendants to bear any additional costs.

This Emergency Motion is supported by a concurrently filed Memorandum in Support of PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS PAMELA ANDERSON TAYLOR AND BRENTON HALL LANKFORD.

## WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

That the Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD, and all persons acting on their behalf, be enjoined from: (1) continued "racketeering activities" against Plaintiff as defined under 18 USC § 1961, (2) that they be ordered to file with the Tennessee Court of Appeals, a motion to strike requested attorney's fees and costs incurred on appeal in Case No. M2016-01765-COA-R3-CV as that request is an obvious extortion scheme, (3) continuing "racketeering activities" against **other litigants** as defined under 18 USC § 1961, (4) conspiring with trial and appellate court judges to deny due process to Plaintiff and other litigants.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 26th day of June, 2017

                                    John Anthony Gentry, CPA