# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-0020 <br><br> JURY TRIAL DEMANDED(12) |

---

**MEMORANDUM SUPPORTING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS PAMELA ANDERSON TAYLOR AND BRENTON HALL LANKFORD**

---

Pursuant to Local Rules, U.S. District Court, Middle District of Tennessee, Rule 7.01 (a), this memorandum of law is properly filed in Support of Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD.

### TABLE OF CONTENTS

I. INTRODUCTION..................................................................................2
II. FACTS...............................................................................................4

1

A. The Parties .................................................................................................................. 4
   1. Plaintiff ................................................................................................................... 4
   2. The Defendants ...................................................................................................... 5
B. Defendants' alleged and evidenced federal law violations ........................................... 6
C. Defendants' continued federal law violations ............................................................. 6
III. A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST DEFENDANTS .................................................................................................................. 8
A. This Court Has the Authority to Grant Requested Relief ............................................ 8
B. Plaintiff Meets the Standard for Granting a Request for a Preliminary Injunction ..... 9
   1. Plaintiff Has Demonstrated his Likelihood to Succeed on the Merits .................... 9
IV. THE SCOPE OF THE PROPOSED TRO IS APPROPRIATE IN LIGHT OF DEFENDANTS' CONDUCT ............................................................................................ 12
A. Conduct Relief ............................................................................................................ 12
V. CONCLUSION ............................................................................................................. 13

**Cases**

Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987) ............................................................................................................................ 12
Califano v. Yamasaki, 442 US 682 - Supreme Court (1979) ............................................. 5
Flynt Dist. Co., Inc. v. Harvey, 734 F .2d 1389, 1394 (9th Cir. 1984) .............................. 9
FTC v. Affordable Media, LLC, 179 F. 3d 1228 - Court of Appeals, (9th Circuit 1999) ....... 11
FTC v. Gem Merch. Corp., 87 F.3d 466, 469 (11th Cir. 1996) ......................................... 8
Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 591, 88 L.Ed. 754 (1994) ........... 8
Heideman v. S. Salt Lake City, 348 F. 3d 1182, 188 (10th Cir. 2003) ............................... 9
Munaf v. Geren, 553 U.S. 128 S.Ct. 2207, 2218-2219, 171 L.Ed.2d 1 (2008) ................. 12
University of Texas v. Camenisch, 451 US 390 - Supreme Court (1981) ......................... 9
Wal-Mart Stores, Inc. v. Dukes et al.131 S.Ct. 2541 (2011) .............................................. 5
Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) ............................................................................................................................ 12
Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 - Supreme Court (2008) ... 11

## I. INTRODUCTION

Plaintiff(s) respectfully requests that this Court, Pursuant to Federal Rules of Civil Procedure, Rule 65, issue a temporary restraining order and preliminary injunction against

Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD from engaging in, and or, perpetuating further "Corrupt Racketeering Activities," including: (1) extortion under color of law, (2) witness tampering, (3) obstruction of justice, (4) extortion through fraudulent orders, (5) subordinating perjury, (6) conspiring with trial court judges to deny due process and engage in "Corrupt Racketeering Activities," (7) conspiring with appellate court judges to deny due process and engage in "Corrupt Racketeering Activities," and underlying abuses of process leading to and facilitating "Racketeering Activities" including: (1) ignoring discovery requests, (2) making false statements during proceedings, and other vexatious litigation tactics.

Defendants in this case have a responsibility, required of them by Tennessee Supreme Court Rule 8: Rules of Professional Conduct to conduct themselves ethically and for the public good. Furthermore, Defendants are subject to various federal laws under 18 and 42 USC that provide for civil and criminal suit.

Defendant's actively engauge and continue to engage in "Racketeering Activities" that cause grave emotional and financial harm as a result of their corruption, conspiracy with state court judges, to inflict rights and federal law violations. Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD are in fact "Confidence Men" who perpetuate their "Confidence Games" upon unsuspecting and helpless victims in family court.

Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law,** and the

3

fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, **society has been neither willing nor able to avenge itself affectively.** (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p.250*) (*See **EXHIBIT 2** of the motion this memorandum supports.*)

There is a substantial likelihood that Plaintiff will establish at trial, that Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD caused Plaintiff grievous emotional trauma, mental anguish, financial harm, and deprivation of property by conspiring to deny him due process, obstructing evidence, witness tampering, extorting monies, attempting to extort, subordinating perjury, and denying him his rightful property through these corrupt racketeering activities.

As evidenced in Plaintiff's motion which this memorandum supports, Defendants unabashedly continue to perpetuate "Corrupt Racketeering Activities" against Plaintiff. There is no doubt Defendants believe themselves above the law and if this Court does not enjoin them, they will most certainly continue to cause grave harm to Plaintiff and other unsuspecting and helpless victims.

It is for these reasons, Plaintiff seeks an Emergency Restraining Order and Preliminary Injunction against Defendant.

## II. FACTS
### A. The Parties
#### 1. Plaintiff

Plaintiff is a Citizen of the United States of America and the State of Tennessee. Plaintiff is provided certain protections including, Due Process and Equal Protection under the

4

law provided for in the United States Constitution. Plaintiff is also provided protection from federal law violations in 18 and 42 USC.

As evidenced in the motion that this memorandum supports, and in Plaintiff's Second Amended Verified Complaint (Docket Entry 36), Federal Rules of Civil Procedure and United States Code authorizes individuals to initiate United States District Court proceedings in proper cases to seek permanent relief to enjoin violations of the U.S. Constitution and federal laws and to secure such equitable relief as may be appropriate in each case. See, e.g., *Wal-Mart Stores, Inc. v. Dukes et al.131 S.Ct. 2541 (2011)* and *Califano v. Yamasaki, 442 US 682 - Supreme Court (1979)*

### 2. The Defendants

Defendant PAMELA ANDERSON TAYLOR was and is a Member attorney of Stites and Harbison, PLLC, with her principal office located at 401 Commerce Street, Suite 800, Nashville, Davidson County, Tennessee, 37219.

Defendant BRENTON HALL LANKFORD was and is an attorney of Stites and Harbison, PLLC, with his principal office located at 401 Commerce Street, Suite 800, Nashville, Davidson County, Tennessee, 37219.

Defendant(s), UNNAMED LIABILTY INSURANCE CARRIERS were and are malpractice and or liability insurance carriers for the insureds; PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD

### B. Defendants' alleged and evidenced federal law violations

The facts will show, as evidenced in EXHIBITS A – W attached to Plaintiff's Second Amended Complaint (Docket Entry 36), Defendants BRENTON HALL LANKFORD and PAMELA ANDERSON TAYLOR, conspired with the Honorable Judge Joe H. Thompson and appellate court judges to (1) engage in corrupt racketeering activities, (2) extort money from Plaintiff, (3) deny Plaintiff due process, (4) deprive Plaintiff of his property, (5) deny Plaintiff Equal Protection under the law, (6) corruptly induced withholding of testimony, interfere with foreign and interstate commerce, and (7) obstruct subpoenaed evidence. (See Plaintiff's Second Amended Complaint, Docket Entry 36 pages 28 – 49)

### C. Defendants' continued federal law violations

The facts will show, as evidenced in the motion to which this memorandum supports and EXHIBIT 1 of that motion, that Defendants continue to engage in acts of extortion under color of law by conspiring to misapply state law in conspiracy with state judges as part of a "Confidence Game" and "Racketeering Scheme".

Further facts to be presented to the Court, will further show Defendants ongoing activities designed to wrongfully deny Plaintiff his property, deny him due process of law in conspiracy with state appellate court judges.

Regarding Defendants current "racketeering scheme" currently underway in state appellate court, Defendants seek award of attorney's fees and costs incurred on appeal on behalf of their client. In making this request to the appellate court, Defendants falsely assert and cite state statute 36-5-103(c) as basis for their request.

6

This court should keep in mind: "Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law..."**

Defendants citation 36-5-103(c) is nothing more than a "suave and slick" "Confidence Game." Let not this Court be swindled by such a "suave and slick" attempt to extort monies from Plaintiff. As a result of the lengthy underlying litigation and being exposed to the "gamesmanship" of the Defendants, Plaintiff has become wary of Defendants' "racketeering schemes". Even Plaintiff as a wary victim of Defendants, did not at first notice this "suave and slick" "racketeering scheme" or he would have addressed it in his response to appellee's brief.

State statute 36-5-103(c) is a mechanism put in place by state congress to provide relief to Plaintiff's who are forced to enforce alimony and/or child support payments through the courts. That is the sole intent of that statute beyond dispute and as well established in state appellate and supreme Court opinion. That statute is plainly not applicable in the ongoing state court proceedings and is nothing more than yet another "scheme" intended to extort monies from Plaintiff under color law.

In consideration of the fact that Defendant's continue to engage in "Corrupt Racketeering Activities" even while facing suit, there is no doubt Defendant's will also inflict their harm upon other unsuspecting and helpless victims in present and future litigation unless this Court enjoins them. There is no doubt "Public Interest" is at stake in this case.

7

## III. A TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST DEFENDANTS

### A. This Court Has the Authority to Grant Requested Relief

Pursuant to Fed. R. Civ. P. Rule 65, this Court has the authority to issue and grant the relief sought by Plaintiff, pursuant to this Court's inherent equitable powers to enforce its Permanent Injunction, preserve the status quo, and provide for complete equitable relief, including redress to harms inflicted upon Plaintiff by Defendants' resulting from their federal and constitutional law violations made against Plaintiff. When, as here, the public interest is implicated, this Court's equitable powers "assume an even broader and more flexible character than when only a private controversy is at stake". FTC v. Gem Merch. Corp., 87 F.3d 466, 469 (11th Cir. 1996) (quoting Porter v. Warner Holding Co., 328 U.S. 395, 398 (1946). In the case FTC v. Gem Merch. Corp, the 11th Circuit Ct. of Appeals, citing the Supreme Court case Hecht Co. v. Bowles, stated;

> u]nless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. **And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake.** Power is thereby resident in the District Court, in exercising this jurisdiction, "to do equity and to mould each decree to the necessities of the particular case." Hecht Co. v. Bowles, 321 U.S. 321, 329, 64 S.Ct. 587, 591, 88 L.Ed. 754 (1994).
> Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. Porter, 328 U.S. at 398, 66 S.Ct. at 1089 (citations omitted). FTC v. Gem Merch. Corp., 87 F.3d 466, 469 (11th Cir. 1996) (at 469)

8

**B. Plaintiff Meets the Standard for Granting a Request for a Preliminary Injunction**

**1. Plaintiff Has Demonstrated his Likelihood to Succeed on the Merits**

Generally, the Plaintiff(s) meets its burden of proof on the likelihood of success issue if it shows preliminarily, by affidavit or other proof, that it has a fair and tenable chance of ultimate success on the merits. Moreover, in considering an application for a TRO or preliminary injunction, the Court has the discretion to consider hearsay evidence. Flynt Dist. Co., Inc. v. Harvey, 734 F .2d 1389, 1394 (9th Cir. 1984) (even inadmissible evidence may be given some weight when to do so serves the purpose of preventing irreparable harm before trial); see also Heideman v. S. Salt Lake City, 348 F. 3d 1182, 188 (10th Cir. 2003) ("The Federal Rules of Evidence do not apply to preliminary injunction hearings."). In the case University of Texas v. Camenisch, 451 US 390 - Supreme Court (1981), the Supreme Court stated;

> The purpose of a preliminary injunction is merely **to preserve the relative positions of the parties until a trial on the merits can be held**. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. University of Texas v. Camenisch, 451 US 390 - Supreme Court (1981) (at 395)

Plaintiff has already satisfied the burden of proof of likelihood of success on the merits as the Magistrate has already agreed both parties have equal chance of success (Docket Entry 70, p. 4 ¶ 2)

9

### a. Defendants have violated the fourteenth amendment of the U.S. Constitution and various federal laws defined in the USC

The Fourteenth Amendment of the United States Constitution provides for due process and equal protection under the law for all citizens. 18 USC provides protection from certain federal law violations such as extortion under color of law and 42 USC provides protection from rights violations under color of law. In the case, Cleburne v. Cleburne Living Center, Inc., 473 US 432 - Supreme Court 1985, the Supreme Court stated;

> **The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike**. Plyler v. Doe, 457 U. S. 202, 216 (1982).
>
> The general rule gives way, however, when a statute classifies by race, alienage, or national origin. **These factors are so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy — a view that those in the burdened class are not as worthy or deserving as others**. For these reasons and because such discrimination is unlikely to be soon rectified by legislative means, these laws are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest. McLaughlin v. Florida, 379 U. S. 184, 192 (1964); Graham v. Richardson, 403 U. S. 365 (1971). **Similar oversight by the courts is due when state laws impinge on personal rights protected by the Constitution**. Kramer v. Union Free School District No. 15, 395 U. S. 621 (1969); Shapiro v. Thompson, 394 U. S. 618 (1969); Skinner v. Oklahoma ex rel. Williamson, 316 U. S. 535 (1942).

The facts in this case, evidenced in Plaintiff's Second Amended Verified Complaint are so simple, obvious, and easy to comprehend, the likely success on the merits of Plaintiff's claims and causes of action is undeniable as the Magistrate has affirmed (Docket Entry 70, p. 4

10

¶ 2). The facts plainly show denial of due process and multiple federal law violations. Defendants have not once denied the facts, because the facts are undeniable. Thus far, Defendants only defense are the ridiculous assertions that litigation privilege and res judicata provide immunity from suits for 18 and 42 USC federal law violations which is untrue.

### b. The Equities Weigh in Favor of Granting Injunctive Relief

The public interest in ordering Defendants cease continued "racketeering activities" is undeniable. The same is true in requiring Defendants to cease further attempts at extortion under color of law against Plaintiff. In balancing the equities between parties, the public equities must be given greater weight. FTC v. Affordable Media, LLC, 179 F. 3d 1228 - Court of Appeals, (9th Circuit 1999) (at 1236). Since Defendants can have no valid argument whatsoever that they should be permitted to continue perpetuating "corrupt racketeering activities", a balance of equities tips decidedly toward granting the requested relief. Amoco Production Co. v. Gambell, 480 US 531 - Supreme Court (1987). Conversely, Defendants do have a vested interest in ceasing "corrupt racketeering activities" as they are required to conduct themselves ethically pursuant to Tenn. Sup. Ct. Rule 8. In Amoco v. Gambell, the Supreme Court stated;

> In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. **Although particular regard should be given to the public interest...,**

Also, in the case, Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 - Supreme Court (2008)

11

> A plaintiff seeking a preliminary injunction **must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest**. See Munaf v. Geren, 553 U.S. 128 S.Ct. 2207, 2218-2219, 171 L.Ed.2d 1 (2008); Amoco Production Co. v. Gambell, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-312, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982). Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 - Supreme Court 2008 (at 374).

## IV. THE SCOPE OF THE PROPOSED TRO IS APPROPRIATE IN LIGHT OF DEFENDANTS' CONDUCT

### A. CONDUCT RELIEF

To prevent irreparable harm to Plaintiff, the proposed temporary restraining order prohibits Defendants from continuing to engage in "racketeering activities" against Plaintiff. Also, the proposed temporary restraining order requires them to cease and desist in their current "racketeering scam" currently being perpetrated against Plaintiff in state appellate court.

To prevent future irreparable harm, to other litigants, the proposed order also prohibits Defendants from continuing to engage in "racketeering activities" against present and future litigants. As discussed above, this Court has broad equitable authority under Fed. R. Civ. P. and case law precedence to grant ancillary relief necessary to accomplish complete justice. These prohibitions do no more than order Defendants comply with federal law, Tenn. Sup. Ct. Rule 8 and Fed. R. Civ. P. and simply require Defendants to perform their jobs without engaging in corrupt racketeering activities.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the proposed Temporary Restraining Order a Preliminary Injunction to halt Defendants' violations of federal law and the Fourteenth Amendment of United States Constitution.

Respectfully submitted,

John Anthony Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
615-351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 26th day of June, 2017

                                                        John Anthony Gentry, CPA