# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | )<br>) |
| Plaintiff | )<br>)<br>) CASE NO. 3:17-0020 |
| vs. | )<br>) |
| THE STATE OF TENNESSEE;<br>PAMELA ANDERSON TAYLOR;<br>BRENTON HALL LANKFORD;<br>SARAH RICHTER PERKY;<br>UNNAMED LIABILITY INSURANCE<br>CARRIER(S); Et al | )<br>)<br>) JURY TRIAL DEMANDED(12)<br>)<br>)<br>)<br>) |
| Defendants | ) |

## PLAINTIFF'S MOTION TO RECONSIDER CUSTOMIZED CASE MANAGEMENT AND INITIAL DISCLOSURES

Comes now your Plaintiff, respectfully requesting this Honorable Court to reconsider its rulings exempting the case from customized case management and exempting the case from initial disclosures.

In an order dated January 27, 2017, the Magistrate Judge exempted this case from customized case management (Docket Entry 7). In a subsequent Report and Recommendation by the Magistrate Judge filed on June 5, 2017 (Docket Entry 70), the Magistrate Judge recommends that Plaintiff's Emergency Motion for a Temporary Restraining Order and

1

Preliminary Injunction (TRO) and supporting memorandum (Docket Entries 19 and 20), be denied and asserts Plaintiff's motion is "moot" as a result of his amended complaint.

Based on the Magistrate's logic that Plaintiff's amended complaint made his TRO motion "moot," Plaintiff begs this court to consider whether or not his amended complaint also made the Magistrate's rulings exempting the case from customized case management and initial disclosures no longer appropriate in light of Plaintiff's amended complaint and the allegations, facts and evidence contained therein.

**CUSTOMIZED CASE MANAGEMENT**

As this Court knows, the purposes of Fed. R. Civ. P. Rules 1, 16, 26 and Customized Case Management are to ensure just, speedy, and cost-effective proceedings. Due to the fact that this case has been exempted from Customized Case Management, all parties have been subjected to litigation that would not have been necessary had not the case been exempted.

Case in point, Plaintiff has filed motions for scheduling and evidentiary hearings. No doubt this court will receive responses opposing these hearings from the Defendants, as well as Plaintiff's responses to those opposing responses, creating unnecessary work for all parties, including this Court, and increased litigation costs for all parties. Since this will result in these hearings being scheduled anyway, or if denied, creating a clear appealable issue, it must be obvious to this court that this process is inefficient and costly to all parties including this Honorable Court.

Moreover, due to the fact the case was exempted from Customized Case Management, and because Plaintiff has assumed this responsibility, this too results in ineffective case

management. Obviously, the Magistrate or District Court Judge would do a much better job at managing the case, as opposed to an inexperienced pro se litigant such as Plaintiff. Plaintiff respectfully moves the court to consider re-evaluating as to whether this matter is best exempted from Customized Case Management.

**INITIAL DISCLOSURES**

In the same order dated January 27, 2017, the Magistrate Judge also exempted this case from initial disclosures (Docket Entry 7). For the same reasons stated above, exempting the case from initial disclosures also results in an inefficient process that is unnecessarily costly to all parties. Due to the fact, the parties have been exempted from initial disclosures, this has required Plaintiff to file his TRO motion, and other motions for various hearings, etc. Moreover, this exemption will further require Plaintiff to start serving subpoenas and requesting leave for depositions. Here too, these subpoenas and requests for leave to depose, will result in opposing responses, motions to quash by Defendants, as well as Plaintiff's responses to Defendants' opposing responses and motions that may result in further appealable issues. Plaintiff respectfully moves the court to consider re-evaluating as to whether Defendants are best exempted from initial disclosures.

**DISCUSSION**

Plaintiff respectfully suggests to move this case forward in the most efficient and cost-effective manner possible leading to amicable resolution for all parties. Plaintiff respectfully suggests to move past the initial handling of this case, mistake or no mistake, to ensure the most efficient process possible and that justice is served amicably and appropriately.

3

## CONCLUSION

Due to Plaintiff's new allegations in his amended complaint, and due to the fact that the record is becoming voluminous as a result of exempting the case from Customized Case Management and initial disclosures, this case should no longer be exempted from Customized Case Management and Initial Disclosures.

Again, Plaintiff is grateful of the Court's understanding that Plaintiff is Pro Se and does not understand the inner workings of judicial process. Plaintiff simply desires to make this process efficient while ensuring justice is appropriately served.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 3rd day of July, 2017

John Anthony Gentry, CPA