FILED
2017 JUL -3 AM 8:28
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) CASE NO. 3:17-0020 <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) JURY TRIAL DEMANDED(12) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | |

**PLAINTIFF'S MOTION FOR EXHIBIT 1 DOCKET ENTRY 85: AUDITOR'S COMPILATION REPORT, TO BE PROPERLY REFELECTED IN THE RECORD**

Comes now your Plaintiff, John Anthony Gentry hereby requesting the Court to order that Plaintiff's **EXHBIT 1** of Docket Entry 85, be properly reflected as part of the record on PACER. Plaintiff properly filed Docket Entry 85 with attached **EXHIBIT 1** on June 26, 2017 per order of the Court.

**EXHIBIT 1** of Docket Entry 85 is a Compilation Report prepared using the Annual Reports of eighteen various state's judicial oversight boards, committees, etc. This Compilation Report is a critical piece of Plaintiff's evidence proving dismissal rates of complaints made against judges across eighteen states. This report proves that effectively one-hundred percent

1

of complaints made by non-legal professionals are dismissed. Plaintiff asserts further discovery will prove these complaints are wrongfully dismissed and therefore these oversight boards, aide and abet constitutional rights violations (due process) and federal law violations (extortion, witness tampering, etc.) occurring on a daily basis during state court proceedings.

This report further proves that the most common reasons for dismissal are "legal error" also known as "Case Fixing" and are primarily dismissed due to falsely alleged "insufficient evidence" or "compliant about ruling"

The report further proves that the highest percentage of complaints made against judges arise out of family court cases. Finally, this report proves that there is no oversight of the judiciary in family court cases, and that judges in conspiracy with attorney officers of the court, can act with impunity, without oversight, and abrogate constitutionally guaranteed rights according to their own whims and personal interests.

Plaintiff moves the Court in this motion due to the fact his **EXHIBIT 1** attached to Docket Entry 85 was not properly attached electronically as an exhibit. In other motions, pleadings, responses, etc. exhibits have been properly attached electronically as evidenced in PACER. Review of the Docket proves this fact.

PACER training for Attorney Filers requires exhibits be attached separately. Obviously, this promotes judicial efficacy facilitating easy reference to the record and attached exhibits. Below is a screen shot from PACER training module for Attorney Filers evidencing the fact, exhibits should be attached separately.

2





While this was likely just an error of the Clerk's office, Plaintiff asserts his exhibits should be properly reflected in the record. Certainly, it will necessary for the District Court Judge and perhaps the Sixth Circuit Court of Appeals, to refer to this document and critical piece of evidence.

3

Examination of this document, together with dismissed complaints obtained through discovery, will prove that the Tennessee Board of Judicial Conduct fails to provide Equal Protection and only acts on complaints filed by legal professionals while dismissing all complaints filed by non-legal professionals which is nothing less than discrimination against a class of persons who are not legal professionals.

**WHEREAS PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

For the Court to Order that Plaintiff's exhibit be properly included in the record as separate document and EXHIBIT titled "Auditor's Compilation Report: Dismissal Rates of Complaints Against Judges"

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 3rd day of July, 2017

_____
John Anthony Gentry, CPA