UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 3:17-0020 |
| THE STATE OF TENNESSEE; PAMELA ANDERSON TAYLOR; BRENTON HALL LANKFORD; SARAH RICHTER PERKY; UNNAMED LIABILITY INSURANCE CARRIER(S); ET AL. | ) JURY TRIAL DEMANDED (12) |
| Defendants. | ) |

### RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AGAINST DEFENDANTS PAMELA ANDERSON TAYLOR AND BRENTON HALL LANKFORD

Come now, Defendants Pamela Taylor and Brenton Lankford (collectively, "Defendants"), and for their opposition to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against Defendants (Docket Entry 86, the "Motion"), state:

Defendants are counsel to Plaintiff's ex-wife in divorce proceedings now pending at the Tennessee Court of Appeals. This is the second lawsuit filed by Plaintiff against his ex-wife's attorneys arising out of his dissatisfaction with the results of his divorce proceeding. The first lawsuit against Defendants was initiated by complaint filed on October 3, 2016 in the Circuit Court for Davidson County. Generally, Plaintiff alleges Defendants conspired and engaged in a "Racketeering Scheme" with the Honorable Judge Joe H. Thompson, the Sumner County judge that presided over the divorce, with Sarah Perky, Plaintiff's former counsel in the divorce Action, and with the Tennessee Court of Appeals. Plaintiff has a misguided belief that

Defendants' zealous representation of their client adverse to him amounts to racketeering and conspiracy.

On April 12, 2017, Defendants filed their Motion to Dismiss the Second Amended Complaint (Docket Entry 45) on the grounds of res judicata and litigation privilege, which motion is currently pending before this Court.

Plaintiff now seeks an order from this Court regulating Defendants' ability to represent Mrs. Gentry in the Tennessee Court of Appeals. Specifically, Plaintiff points to Defendants' filing the Brief of Appellee, Katherine Wise Gentry with the Tennessee Court of Appeals, and making a request for attorneys' fees and costs on appeal in the appellate brief as a "Corrupt Racketeering Scheme." *See* Motion, p. 2-3. Defendants filed the appellate brief on April 26, 2017, and the Court of Appeals has not yet issued an opinion in the appeal.

On June 26, 2017, two months' after Defendants filed the appellate brief requesting attorneys' fees, Plaintiff filed his "emergency" Motion. Plaintiff requests that this Federal Court order Defendants to strike their request for attorneys' fees and costs in the Tennessee Court of Appeals, enjoin Defendants from continuing to engage in "racketeering activities" against Plaintiff and other litigants, and enjoin Defendants from "conspiring with trial and appellate court judges to deny due process to Plaintiff and other litigants."

Defendants submit that Plaintiff has not and cannot meet his very high burden to prove he is entitled to any injunctive relief. As such, Plaintiff's request for temporary restraining order and preliminary injunction must be denied.

The temporary restraining order and preliminary injunction sought by Plaintiff is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). This

1231119:1:NASHVILLE                                -2-
Case 3:17-cv-00020   Document 91   Filed 07/07/17   Page 2 of 5 PageID #: 2083

Court considers four factors when ruling on motions for temporary restraining orders and preliminary injunctive relief:

> "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

*Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (citations omitted); *Solis v. Tenn. Commerce Bancorp, Inc.*, 713 F. Supp. 2d 701, 716 (M.D. Tenn. 2010). The party seeking the preliminary injunction—here, Plaintiff—bears the burden of justifying such relief, including demonstrating a showing of irreparable harm and a substantial likelihood of success on the merits. *McNeilly v. Terri Lynn Land*, 684 F.3d 611, 615 (6th Cir. 2012). The Sixth Circuit has noted that "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion" because a preliminary injunction is an "extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in [the] limited circumstances which clearly demand it." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiff cannot meet this very high burden to prove he is entitled to the extraordinary relief he has requested.

Plaintiff has failed to establish a strong likelihood that he will succeed on the merits of his claims. Defendants refer to their Motion to Dismiss the Second Amended Complaint and the Memorandum in Support of the Motion to Dismiss (Docket Entry 45) for the factual and legal basis as to why Plaintiff's claims should be dismissed against Defendants generally.

Plaintiff's request in the Motion that the Federal Court enter an order requiring that Defendants move to strike pleadings filed in a state court action also fails as a matter of law.

Under the Rooker-Feldman doctrine, this Court does not have jurisdiction to re-examine the rulings of the state court – including whether Defendants properly made a request for attorneys' fees on appeal. This is a matter for the Tennessee Court of Appeals to decide. The law is clear that federal district courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Thus, to the extent Plaintiff has a complaint with respect to statements made by Defendants in a brief filed in the Tennessee Court of Appeals, then Plaintiff must take that complaint up with the Tennessee Court of Appeals or on appeal from that action, and not in a separate case filed in federal district court.

Further, even if Plaintiff could show a strong likelihood of success, Plaintiff has not and cannot show irreparable harm absent preliminary relief. To demonstrate irreparable harm, Plaintiff must show that he will suffer "actual and imminent harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). Harm is not irreparable "if it is fully compensable by money damages." *Thompson v. Hayes*, 748 F. Supp. 2d 824, 832 (E.D. Tenn. 2010). In the unlikely event that Plaintiff is successful on any of his claims against Defendants, monetary damages can satisfy his claims, and therefore, injunctive relief is not warranted.

Most importantly, Defendants' client, Mrs. Gentry, certainly will suffer significant harm if the Court grants the extreme preliminary injunctive relief that Plaintiff requests. By seeking to enjoin Defendants' actions in the Tennessee Court of Appeals, Plaintiff seeks to interfere with Defendants' representation of his ex-wife. Undoubtedly, that is the purpose behind Plaintiff filing the multiple complaints and motions against Defendants. Mrs. Gentry will suffer

significant and irreparable harm if she is denied legal representation in the appeal of the divorce action.

Finally, Plaintiff has not shown that injunctive relief is in the public interest.

WHEREFORE, Defendants respectfully request that this Court deny the motion, and award Defendants their reasonable attorneys' fees for responding to this frivolous motion.

Respectfully submitted,

*s/ Erika R. Barnes*
Erika R. Barnes (BPR #028628)
Lauren Paxton Roberts (BPR #025049)
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2252
Fax: (615) 742-0734
e-mail: ebarnes@stites.com

*Counsel for Defendants Pamela Anderson Taylor and Brenton Hall Lankford*

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2017, a true and correct copy of the foregoing document was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's filing system. The filing was also served by electronic mail and first-class mail, postage pre-paid, upon:

John Anthony Gentry
208 Navajo Court
Goodlettsville, TN 37072

*s/ Erika R. Barnes*
Erika R. Barnes