IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

---

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT**

---

Comes now your Plaintiff, John Anthony Gentry hereby requesting leave of Court to amend his complaint, and tender to this Honorable Court his Third Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2). Fed. R. Civ. P. Rule 15(a)(2) states: *"a party may amend its pleading only with the opposing party's written consent or **the court's leave**.*[1]" Rule 15(a)(2) further states: *"The court should freely give leave when justice so requires.*

---

[1] Plaintiff has not sought consent from opposing parties due to their vociferous responses in opposition to his amending as a matter of course pursuant to Rule 15(a)(1)(b). Due to the fact of their opposition (and Magistrate) of Plaintiff amending as provided for in the Fed. R. of Civ. P., it would be an obvious waste of time to seek their consent. See Magistrate's ORDER and Defendants' oppositions (Docket Entries 55, 58, 59 and 66)

1

There can be no doubt justice requires Plaintiff be granted leave to amend. Considering the already well evidenced facts of this case, the welfare of "The People," the cruelties of mental anguish and financial harm suffered by Plaintiff at the hands of Defendants in case, the atrocities being inflicted upon other litigants, this Court should make every effort to ensure justice is served, and that Plaintiff is provided every opportunity to ensure the success of his case. Justice, morality, rule of law, rules of procedure, and the integrity of the courts all demand Plaintiff be granted leave to amend.

1. As a result of litigation in another related case, Plaintiff discovered new evidence further proving conspiracy and "racketeering activities" between Defendants SARAH RICHTER PERKY, PAMELA ANDERSON TAYLOR, BRENTON HALL LANKFORD and the Honorable Judge Joe H Thompson. Plaintiff will include this new evidence in the memorandum supporting this motion filed concurrently. This new evidence will strengthen Plaintiff's complaint against all Defendants and will be included as another cause of action.

2. In conjunction with, and in compliment of Plaintiff's newly discovered evidence, Plaintiff further asserts he should be granted leave to amend to include additional facts establishing the harm and knowledge of harm caused by Defendant SARAH RICHTER PERKY due to the fact she challenges as to whether harm was caused by her against Plaintiff in her motion to dismiss.

3. In addition to Plaintiff's newly discovered evidence and proof of their "Confidence Game" Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD

2

continue their corrupt "racketeering schemes" in state appellate court and in conspiracy with state appellate court judges.

4. As referenced in "Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD…" (Docket Entry 86), despite facing suits in both federal and state courts, Defendants continue to act with impunity as though above the law, and continue to engage in "Corrupt Racketeering Activities" (extortion under color of law).

5. Plaintiff reminds this court as stated in Docket Entry 86 Exhibit 2: "Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law**, and the fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, society has been neither willing nor able to avenge itself affectively. (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p.250*)"

6. Due to the fact of Defendants' "high intelligence" and "solid organization" as "Confidence Men," Plaintiff did not discover this latest "Confidence Game" until very recently. Plaintiff desires to add this newly discovered evidence as another cause of action that will further strengthen his complaint and prove conspiracy.

7. Due to the fact Plaintiff alleges conspiracy between Defendants and state officials, it is critical to Plaintiff's case to state all causes of action so as to establish a clear and convincing pattern to thus prove conspiracy beyond any doubt whatsoever.

3

8. Plaintiff further intends to prove a "legal monopoly" exists in Tennessee Courts perpetuated by "Corrupt Racketeering Activities" and asserts he should be granted leave to amend to establish the facts of this assertion in a new cause of action.

9. Plaintiff further intends to prove that certain state officials and legal professionals, manifested by "Corrupt Racketeering Activities" are in violation of the emoluments clause of the US Constitution and asserts he should be granted leave to amend to establish the facts of this assertion in a new cause of action.

10. Defendant SARAH RICHTER PERKY has stated she is not subject to suit due to state law statute of limitations that protects attorneys and CPAs. Although this is not an affirmative defense pertaining to Plaintiff's cause of action, Plaintiff asserts he should be granted leave to amend to include a separate cause of action challenging the constitutionality of state law. There is no doubt Tenn. Code Ann. § 28-3-104 (c) is in violation of Equal Protection clause of the US Constitution. Obviously, Justice requires this law be declared unconstitutional and this Honorable Court should grant Plaintiff leave to amend in defense of established constitutional principles.

11. The Defendant State of Tennessee has repeatedly falsely asserted a defense of sovereignty under Amendment XI of the US Constitution. Obviously in the Constitution of the State of Tennessee, the State long ago abrogated its sovereignty in 1835. Article I § 17 of the Constitution of the State of Tennessee states: "... ***Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct.***"

12. In yet another "Corrupt Racketeering Activity" intended to protect the "Corrupt Racketeering Enterprise" known as the Tennessee judicial system, the state enacted the Government Tort and Liabilities Act encoded in state statute Tenn. Code Ann. § 29-20-205.

13. Tenn. Code Ann. § 29-20-205 is plainly an unconstitutional law for at least two reasons. First, the state cannot assert sovereignty pertaining to particular lawsuits. The state either asserts sovereignty in full force and effect, or abrogates its sovereignty. Second, that state cannot assert sovereignty from due process violations which is exactly what Tenn. Code Ann. § 29-20-205 does. Obviously, Justice requires this law be declared unconstitutional and this Honorable Court should grant Plaintiff leave to amend in defense of established constitutional principles.

**WHEREAS PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

For the Court to grant Plaintiff leave to amend as justice so requires.

For the Court to issue Order that Plaintiff has thirty (30) days to amend and file his Third Amended Complaint.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

5

Case 3:17-cv-00020   Document 92   Filed 07/10/17   Page 5 of 6 PageID #: 2091

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 3rd day of July, 2017

*[signature]*

John Anthony Gentry, CPA