# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## CIVIL RIGHTS DIVISION

| | |
|---|---|
| **JOHN ANTHONY GENTRY, sui juris/pro se** ) | |
| ) | |
| Plaintiff ) | |
| ) | **CASE NO. 3:17-0020** |
| vs. ) | |
| ) | |
| **THE STATE OF TENNESSEE;** ) | |
| **PAMELA ANDERSON TAYLOR;** ) | |
| **BRENTON HALL LANKFORD;** ) | **JURY TRIAL DEMANDED(12)** |
| **SARAH RICHTER PERKY;** ) | |
| **UNNAMED LIABILITY INSURANCE** ) | |
| **CARRIER(S); Et al** ) | |
| ) | |
| Defendants ) | |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT STATE OF TENNESSEE'S "RESPONSE OF THE STATE OF TENNESSEE IN OPPOSITION TO PLAINTIFF'S PENDING MOTIONS

---

Comes now the Plaintiff, John Anthony Gentry, in Response to Defendant State of Tennessee opposing Plaintiff's pending motions (Docket Entry 95). Defendant State of Tennessee is opposing Plaintiff's various pending motions (Docket Entries 80 (*sic 73*), 86, 88, and 89) without any legal basis of opposition, and as such, consideration of the State's response is a waste of the Court's time. However, due to false statements made by Defendant State of Tennessee in their Response, and to due to false citations of Fed. R. Civ. P., Plaintiff is compelled to respond in turn.

1

In an effort to ensure proper reference to the record, Plaintiff points out that Defendant incorrectly refers to Docket Entry 80 as Plaintiff's motion for evidentiary hearing. Likely this was just a negligent error on the part of Defendant's counsel, and not an attempt to misdirect the Court's attention (hopefully). Plaintiff's actual Motion for Evidentiary Hearing is Docket Entry 73 filed on June 12, 2017. Docket Entry 80 is a supplement to Docket Entry 73.

Defendant State of Tennessee first makes the false statement: *"Contrary to Plaintiff's suggestion, the amended complaint does not make the Court's order moot."* Plaintiff does not make that "suggestion" in manner whatsoever. In fact, Plaintiff specifically stated: *"Of course, the previous Orders issued by the Magistrate are not "moot" just as Plaintiff's Motion for TRO is not "moot"* (Docket Entry 72, p. 4 ¶ 2).

What Plaintiff does ask the Court to consider though, is that in consideration of the fact that the record in this case is becoming voluminous as a result of being exempted from customized case management, perhaps it is in the best interest of the parties and the Court, to reconsider exempting the case from customized case management, and initial disclosures, and for the Court to take back control of this case so as to move it forward in an efficient manner (Docket Entry 89 p. 2 – 3).

Plaintiff also suggests for the Court to consider its own logic, in asserting Plaintiff's TRO motion enjoining the State from destroying evidence, was made "moot" as a result of Plaintiff's Second Amended Complaint (Docket Entry 36), and if according to the Court's own logic, perhaps the Court should reconsider its previous rulings (Docket Entry 72, p. 2 ¶ 1). Plaintiff asserts this is more than reasonable issue for the court to consider, especially taking

2

into account how this case has been managed by Plaintiff and Defendants thus far as a "free for all" (intending no disrespect to this Honorable Court). Plaintiff merely suggests this Court would do a much better job at managing the case than a pro se litigant with little experience in federal court proceedings.

Defendant then falsely asserts: "*a pretrial conference, order commencing discovery, evidentiary hearing, and permission to depose Judge Thompson should all be denied since this case is exempt from initial disclosures.*" and cites Fed. R. Civ. P. 26(d)(1), and (f)(1). Clearly, Defendant State of Tennessee incorrectly cites this rule as basis for denial. **Plaintiff is rather astounded that Defendant State of Tennessee cites this rule as basis for denial, due to the fact that this rule clearly states this Honorable Court is required by Fed. R. Civ. P. 26(d)(1) to grant his motions.** Specifically, Fed. R. Civ. P. Rule 26(d)(1) states:

> (d) TIMING AND SEQUENCE OF DISCOVERY.
> (1) *Timing.* **A party may not seek discovery** from any source before the parties have conferred as required by Rule 26(f), **except in a proceeding exempted from initial disclosure** under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Obviously, a party can seek discovery when exempted from initial disclosures prior to the parties conferring. Plaintiff wonders if Defendant's counsel simply didn't read or understand this rule, or whether it was Defendant's counsel's intent to mislead this Honorable Court. Plaintiff respectfully suggests to this Court to find out which is true.

Advisory comments to Rule 26(d)(1) states the principal effect of 26(d)(1) is to establish priority by court order which is what Plaintiff had moved for:

3

The principal effects of the new provision are first, to eliminate any fixed priority in the sequence of discovery, and second, to make clear and explicit the court's power to **establish priority by an order** issued in a particular case.

Furthermore, the rule clearly states a party can seek discovery by stipulation, or by court order, so of course Rule 26 (d)(1) not provide any basis for denial of Plaintiff's motions and Defendant's false assertion fails utterly and completely.

Regarding "Stipulations," Fed. R. Civ. P. Rule 29 states:

> **Rule 29. Stipulations About Discovery Procedure**
> Unless the court orders otherwise, the parties may stipulate that:
> (a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event it may be used in the same way as any other deposition; and (b) other procedures governing or limiting discovery be modified— but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial.

Accordingly, there is no doubt whatsoever that Plaintiff has a right to seek discovery and depose his witnesses. Out of respect for the Court, Plaintiff merely seeks the Court's approval prior to commencing his discovery. Moreover, Plaintiff is hopeful that in deposing Judge Thompson, that Defendant State of Tennessee will come to recognize the grave and malicious harm caused by the state, and seek to confer with Plaintiff about how to resolve this matter amicably. What could be a more wholesome reason to depose? Of course, this Court should grant Plaintiff's motions.

Plaintiff directs the Court's attention to Plaintiff's supporting memorandum for his Motion for Leave to Amend (Docket Entry 93, pages 17 – 29) and the "paper stretcher

4

Confidence Game" and denial of due process inflicted upon Plaintiff. In deposing Judge Thompson, Plaintiff desires to understand from him whether or not he was coerced by Defendant's TAYLOR and LANKFORD to inflict "Confidence Games" upon Plaintiff, or whether he took those actions of his own free will in conspiracy against Plaintiff.

The same basis for granting and not denying Plaintiff's motions as is true regarding Rule 26 (d)(1) is also true regarding Rule 26(f)(1) which states:

> (f) CONFERENCE OF THE PARTIES; PLANNING FOR DISCOVERY.
> (1) Conference Timing. Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) **or when the court orders otherwise**, the parties must confer as soon as practicable— and in any event at least 21 days before a scheduling 43 FEDERAL RULES OF CIVIL PROCEDURE Rule 26 conference is to be held or a scheduling order is due under Rule 16(b).

Clearly Rule 26(f)(1), states: except *"when the court orders otherwise"* which is exactly the order Plaintiff moves the Court to provide. This rule citation by Defendant provides no basis for denial of Plaintiff's motions whatsoever.

Furthermore, regardless of the Defendant State of Tennessee's false assertions, their citation of Rule 26 states nothing whatsoever to preclude granting Plaintiff's TRO motion against Defendants TAYLOR and LANKFORD nor his request for evidentiary hearing. Rule 26 only pertains to commencement of discovery. Due the fact the State's opposition provides no defense whatsoever pertaining to an evidentiary hearing or TRO motion, The Court thus has no opposition to those motions by the State.

5

Moreover, the State's counsel has not tendered a notice of appearance to argue on behalf of Defendants TAYLOR and LANKFORD and therefore, their opposing response is not made in good faith and should be disregarded.

Defendant State then falsely asserts their pending motions to dismiss preclude discovery. This assertion fails because the Magistrate has already stated Plaintiff has a valid cause of action. In page 4, Docket Entry 70, the Magistrate stated: "*Plaintiff's likelihood of success on his claims is no greater than that of Defendants...*" In making this statement, the Magistrate has acknowledged beyond any doubt whatsoever, that Plaintiff has alleged sufficient ground for civil suit. The Magistrate plainly states Plaintiff has an equal chance of success, and therefore, by default, states Plaintiff has sufficiently alleged grounds for civil suit in federal court and equal likelihood of success on the merits.

Finally, Defendant's seek protection under Amendment XI of the U.S. Constitution and that argument fails as well. First, Defendant State of Tennessee is not the only Defendant in this case and eleventh amendment sovereign immunity does not extend to Defendants PERKY, TAYLOR and LANKFORD. This fact must be obvious to this Honorable Court. Plaintiff seeks to depose Judge Thompson to prove conspiracy between Judge Thompson and Defendant's PERKY, TAYLOR and LANKFORD. Therefore, Amendment XI sovereign immunity is wholly inapplicable to those Defendants. This holds true for all of Plaintiff's motions and therefore this Honorable Court cannot in good faith deny Plaintiff's motions based on state sovereignty due to the fact of non-state Defendants.

6

Moreover, throughout Plaintiff's pleadings and motions, Plaintiff has shown that time and again, higher courts have held that the eleventh amendment does not trump the fourteenth amendment. In the case, Fitzpatrick v. Bitzer, 427 US 445 - Supreme Court 1976, the Supreme Court stated:

> The principal question presented by these cases is whether, as against the shield of sovereign immunity afforded the State by the Eleventh Amendment, Edelman v. Jordan, 415 U. S. 651 (1974), **Congress has the power to authorize federal courts to enter such an award against the State as a means of enforcing the substantive guarantees of the Fourteenth Amendment.**

The Supreme Court affirmed it previous decision in the case, Atascadero State Hospital v. Scanlon, 473 US 234 - Supreme Court 1985. In this case, the Supreme Court stated;

> Moreover, the **Eleventh Amendment is "necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment,"** that is, by Congress' power "to enforce, by appropriate legislation, the substantive provisions of the Fourteenth Amendment." Fitzpatrick v. Bitzer, 427 U. S. 445, 456 (1976). As a result, when acting pursuant to § 5 of the Fourteenth Amendment, Congress can abrogate the Eleventh Amendment without the States' consent.

The Supreme Court also affirmed the same in Hutto v. Finney, 437 US 678 - Supreme Court 1978 as follows;

> But time has not stood still. Two Terms ago, we decided *Fitzpatrick* v. *Bitzer,* which for the first time in the recent history of the Court asked us to decide **"the question of the relationship between the Eleventh Amendment and the enforcement power granted to Congress under § 5 of the Fourteenth Amendment."** *Id.,* at 456. **There we concluded that "the Eleventh Amendment, and the principle of state sovereignty which it embodies, . . . are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment."** *Ibid.* (Citation omitted.) And we went on to hold:

7

> "Congress may, in determining what is `appropriate legislation' for the purpose of enforcing the provisions of the Fourteenth Amendment, provide for private suits against States or state officials which are constitutionally impermissible in other contexts." Ibid.

Then, in *Monell* v. *New York City Dept. of Social Services, supra,* decided only weeks ago, **we held that the Congress which passed the Civil Rights Act of 1871, now § 1983—a statute enacted pursuant to § 5 of the Fourteenth Amendment, see 436 U. S., at 665—"*did* intend municipalities and other local government units to be included among those persons to whom § 1983 applies.**" *Id.,* at 690. This holding alone would appear to be enough to vitiate the vitality of *Fitzpatrick*'s explanation of *Edelman.*

Moreover, central to the holding in *Monell* was the conclusion that the Act of Feb. 25, 1871, ch. 71, § 2, 16 Stat. 431, provided a definition of the word "person" used to describe the class of defendants in § 1983 suits. Although we did not in *Monell* have to consider whether § 1983 as properly construed makes States liable in damages for their constitutional violations, **the conclusion seems inescapable that, at the very least, § 1983 includes among possible defendants "a class . . . which literally includes States."** *Edelman* v. *Jordan,* 415 U. S., at 672. This follows immediately from the language of the Act of Feb. 25, 1871:

> "[I]n all acts hereafter passed . . . the word `person' may extend and be applied to bodies politic and corporate . . . unless the context shows that such words were intended to be used in a more limited sense . . . ."

**The phrase "bodies politic and corporate" is now, and certainly would have been in 1871, a synonym for the word "State."** See, *e. g., United States* v. *Maurice,* 26 F. Cas. 1211, 1216 (No. 15,747) (CC Va. 1823) (Marshall, C. J.) ("The United States is a government and, consequently, a body politic and corporate"). See also *Pfizer Inc.* v. *Government of India,* 434 U. S. 308 (1978).

Given our holding in *Monell,* the essential premise of our *Edelman* holding—that no statute involved in *Edelman* authorized suit against "a class of defendants which literally includes States," 415 U. S., at 672—

8

would clearly appear to be no longer true. **Moreover, given** *Fitzpatrick's* **holding that Congress has plenary power to make States liable in damages when it acts pursuant to § 5 of the Fourteenth Amendment, <u>it is surely at least an open question whether § 1983 properly construed does not make the States liable for relief of all kinds, notwithstanding the Eleventh Amendment. Whether this is in fact so, must of course await consideration in an appropriate case.</u>**

Regarding the underlined section just above, this case is exactly such a case demanding relief of all kinds, including reform of the state.

On a final note, Plaintiff directs this Honorable Court's attention to Article I § 1 of the Constitution of the State of Tennessee which states:

> That **all power is inherent in the people**, and all free governments are founded on their authority, and instituted for their peace, safety, and happiness; **for the advancement of those ends they have at all times, an unalienable and indefeasible right to alter, reform, or abolish the government in such manner as they may think proper**.

Plaintiff's suit at its heart is about reforming the State to reinstitute constitutional rights back into state court proceedings and the State Constitution grants him this authority. Plaintiff specifically requested this relief in his Second Amended Complaint (Docket Entry 36 p. 100 – 101)

**CONCLUSION**

Therefore, based on the above higher court opinions, Fed. R. Civ. P., common sense logic, and for the good of "The PEOPLE," this Court should grant Plaintiff's motions: Docket Entries 73, 86, 88, and 89.

9

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and US Mail to;

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

On this the 11th day of July, 2017

John Anthony Gentry, CPA