# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO CONSIDER DOCKET 73 MOTION AND PROPERLY REFLECT IN THE RECORD HIS MOTIONS PENDING CONSIDERATION AND MOTION FOR PACER FILING PRIVILAGES AND NOTIFIATION AND INCORPORATED MEMORANDUM OF LAW**

Comes now the Plaintiff, John Anthony Gentry, moving this Court to consider the correct motion (Docket Entry 73) pending ruling, and for the docket record to properly reflect motions and exhibits filed by Plaintiff. Plaintiff further moves this Honorable Court to grant him equal access to the Court by granting him PACER filing and notification privileges due to numerous errors by the Clerk's Office in docketing Plaintiff's case.

In Docket Entry 96, Plaintiff explicitly identified the negligent error of Defendant State of Tennessee referring to "Plaintiff's Motion To Set Evidentiary Or Other Appropriate Hearing

1

And Incorporated Memorandum of Law" as Docket Entry 80 **when in fact Plaintiff's motion for evidentiary or other appropriate hearing is plainly Docket Entry 73** (See Docket Entry 96 p. 2 ¶ 1). Docket Entry 80 is in fact only a supplement to Docket Entry 73.

Plaintiff Directs this Court's attention to the fact that this error has been repeated by the Clerk's Office, and again his motion for evidentiary or other appropriate hearing has been referenced as Docket Entry 80 when in fact his motion for evidentiary or other appropriate hearing is Docket Entry 73. The following screen shot demonstrates this error:

| 07/10/2017 | 96 R | Response to Response to Motion re 89 R MOTION for Reconsideration, 80 R MOTION for Hearing, 86 R MOTION for Preliminary Injunction, MOTION for Temporary Restraining Order, 88 R MOTION for Leave to filed by John Anthony Gentry. (eh) (Entered: 07/11/2017) |

Plaintiff is greatly concerned this Honorable Court will erroneously consider Docket Entry 80 as his motion for evidentiary or other appropriate hearing and not consider his arguments made in Docket Entry 73.

Due to the fact of this error, and due to the fact exhibits have repeatedly not been properly reflected in the record (See Docket Entry 90, "Plaintiff's Motion For Exhibit 1 Docket Entry 85: Auditor's Compilation Report, To Be Properly Reflected In The Record"), and further due to the fact that exhibits to Docket Entry 54 were also not properly reflected in the Record, Plaintiff respectfully requests this Court grant Plaintiff access to file his own pleadings electronically via PACER upload, so as to ensure the record properly reflects Plaintiff's motions.

Plaintiff further draws the Court's attention to the fact that Docket Entry 96 shows a docket entry date of July 10, 2017, when in fact the document is filed stamped July 11, 2017.

While this was likely a negligent error, Plaintiff asserts proper dates reflected in the record are important and granting access to Plaintiff to upload his own documents will ensure accuracy in the record.

Not only will granting Plaintiff equal access to PACER ensure the record properly reflects exhibits, granting access further provides equal access to the Court as is afforded to Defendants' counsels. Plaintiff should be granted equal access to the Court as provided by the Equal Protection Clause of the fourteenth amendment.

Moreover, this will lift a great burden off the Court Clerks. Due to the fact Plaintiff does not have equal access, Plaintiff is required to personally file his motions with the Clerk's Office necessitating their uploading and stamping multiple documents. Case in point, July 10, 2017, the Clerk's Office had to stamp one-hundred and five times Plaintiff's motions and attached exhibits which is unnecessarily burdensome and time consuming for Plaintiff as well as for the Clerk. This unnecessary burden is easily rectified by the Court by granting Plaintiff access to upload his own documents. Furthermore, this causes Plaintiff to be late to work which can affect his ability to earn a living.

This Court must recognize by now that Plaintiff is very intelligent, well-organized, and knowledgeable about PACER. Plaintiff is a Certified Public Accountant and works as a financial analyst for Parallon, a subsidiary of HCA. Plaintiff works daily with much more complex databases than PACER and is quite proficient working with numerous software applications. Plaintiff has a computer and high-speed internet and checks email frequently throughout the day.

3

In Docket Entry 30, the District Court Judge instructed Plaintiff to affirm he has access to email and to waive service by mail in order to receive notification via PACER. Plaintiff hereby waives service by mail, **provided he is granted equal access to upload his own motions and pleadings via PACER, and provided he is granted equal access to receive instant notification via PACER, thus providing Plaintiff the same equal access and convenience presently afforded to Defendant's counsels**.

Plaintiff further provides assurance to this Honorable Court that Plaintiff is well aware of what is, and is not, protected information (such as social security numbers and names of minor children) and will properly redact that information if necessary. Again, Plaintiff is a financial analyst employed by Parallon a subsidiary of HCA, and is daily exposed to sensitive information for literally hundreds of thousands of individuals, after extensive background investigation of Plaintiff and his sensitive information training.

Plaintiff affirms his gratitude to the Clerk's Office and expresses his gratitude for how pleasant it has been to work through the Clerk's Office. However, due to repeated errors of not properly reflecting exhibits in the record, and now the recent errors of referring to a supplemental motion, and incorrectly dating a document, Plaintiff is caused great concern about his pleadings and motions being properly heard as a result of errors in the record.

**WHEREAS PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

That in considering Plaintiff's motion for evidentiary or other appropriate hearing, the Court properly consider both his motion (Docket Entry 73), and his supplement (Docket Entry 80).

That Plaintiff be granted Equal Protection under the law by this Court providing equal access to the Court, and that Plaintiff be granted equal access to PACER to upload his own motions and exhibits, and receive instant notification of filings through PACER providing him equal access to the Court.

Respectfully submitted,

_____
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and served through the electronic filing system on this the 12th day of July 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

and served by email and first-class mail, postage prepaid on this the 12th day of July, 2017 to:

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

_____
John Anthony Gentry, CPA