IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| | ) NO. 3:17-cv-0020 |
| THE STATE OF TENNESSEE; PAMELA ANDERSON TAYLOR; BRENTON HALL LANKFORD; SARAH RICHTER PERKY; UNNAMED LIABILITY INSURANCE CARRIER(S); et al. | ) ) JURY TRIAL DEMANDED ) ) ) ) |
| Defendants. | ) ) ) |

## **DEFENDANT'S RESPONSE *OPPOSING* PLAINTIFF'S MOTION TO FILE A THIRD AMENDED COMPLAINT**

Comes now your Defendant, Sarah Perky ("Defendant") and pursuant to Rule 15, Fed. R. Civ. P. respectfully *opposes* Plaintiff's Motion for Leave to Amend Complaint (Docket Entry 92) [hereafter "Motion to Amend"]. Defendant has previously moved to dismiss Plaintiff's pending First and Second Amended Complaints based upon Rules 9 (b), Rule 12 (b) (1) and Rule 12 (b) (6), Fed. R. Civ. P. (See Defendant's Motion to Dismiss Docket Entries 49 & 50).[1] In addition, Defendant has previously filed a Response Opposing Plaintiff's "Alternative Motion to Amend" (Docket Entry 56).[2]

Defendant submits that Plaintiff's proposed arguments for a proposed third Amended Complaint *invite* additional motions to dismiss the purported claims, and Plaintiff's supporting memorandum offers no explanation as to how the substantive deficiencies present in the First

---

[1] Defendant refers to and incorporates the arguments presented in her pending Motion to Dismiss as additional reason to overrule Plaintiff's Motion to Amend (Docket Entry 92).

[2] Defendant refers to and incorporates the arguments presented in her Response Opposing Plaintiff's "Alternative Motion to Amend" (Docket Entry 56) as additional reason to overrule Plaintiff's Motion to Amend (Docket Entry 92).

1

and Second Amended Complaint are cured by a proposed third Amended Complaint. Plaintiff has already pled and argued his position for hundreds of pages.

As noted by the Court in its Order of April 26, 2017, "[Plaintiff] has not shown any necessity for a third amended complaint. Repetitive pleadings that assert the same claims and allege essentially the same factual events simply serve no useful purpose." (See Order, Docket Entry 55). This is especially true concerning Plaintiff's tenuous allegations against Defendant.

The Court is not required to allow amendments which would be futile and it is not required to permit amendments which fail to establish a proper jurisdictional basis for Plaintiff's case to be in federal court.[3] As argued in Defendant's pending Motion to Dismiss,[4] Plaintiff's First and Second Amended Complaint fail to state a federal cause of action under RICO, Section 1983 or any other federal statute against Defendant. Any state law claims for legal malpractice are barred on their face by the statute of limitations or otherwise fail to state a cause of action upon which relief may be granted. Nothing in Plaintiff's Motion to Amend alters this fact.

In light of the pending motions to dismiss pursuant to Rule 9(b), Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P., and the fact that Plaintiff proposed amended arguments also fail to state a cause of action upon which relief may be granted, and fail to establish a jurisdictional basis for any claims against Defendant, Plaintiff's Motion to Amend should be overruled and denied.

<u>Plaintiff's Proposed Amendment Does Not Salvage Plaintiff's Claims Against Defendant and Simply Re-Packages Plaintiff's Existing Allegations</u>

---

[3] Defendant has also moved to dismiss for lack of federal subject matter jurisdiction pursuant to Rule 12 (b) (1). See Defendant's Motion to Dismiss, Docket Entry 49.

[4] Docket Entry 49.

Plaintiff did not attach a copy of the proposed (Third) Amended Complaint to his Motion to Amend or supporting memorandum.[5] Plaintiff described generally the presumed content of the proposed amendment in his Motion to Amend (Docket Entry 92) and supporting memorandum (Docket Entry 93). Accordingly, for the purposes of responding to Plaintiff's Motion to Amend, Defendant has considered those matters raised by Plaintiff's Motion to Amend (Docket Entry 92), as well as Plaintiff's supporting legal memorandum (Docket Entry 93). For example, Plaintiff asserts the following allegations support his Motion to Amend against Defendant, Sarah Perky:

➔Plaintiff's Motion to Amend asserts that he has "discovered new evidence[6] [further] proving conspiracy and 'racketeering activities'" and that Plaintiff will "include this new evidence in [Plaintiff's] memorandum supporting [his] motion…" See Motion to Amend, Docket Entry 92, p. 2;

➔Plaintiff Motion to Amend asserts that since Defendant [Perky] has stated that Plaintiff's claim is barred by the applicable statute of limitations,[7] Plaintiff submits that he

---

[5] A party seeking leave to amend should generally submit a proposed amendment in order that the court may determine whether leave to amend should be granted. See e.g. Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003). Here, Plaintiff generally describes his proposed amended allegations within his supporting memorandum.

[6] Plaintiff asserts the existence of "new evidence." Defendant respectfully disagrees that Plaintiff's Motion to Amend is supported by any "new evidence." The face of the documents which Plaintiff attaches to his motion and supporting memorandum support the conclusion that Plaintiff has long possessed this documentation. It does not constitute "new evidence." For example, Exhibit 11 to Plaintiff's Motion to Amend is an affidavit filed in Mr. Gentry's divorce case seeking recovery of fees in 2016. See Docket Entry 93-11. As previously pointed in Defendant's original Motion to Dismiss and supporting memorandum (See Docket Entries 49-50), Defendant withdrew from representing Plaintiff in 2015. See Order of Withdrawal, Docket Entry 49-1. Plaintiff represented himself *pro se* through the final hearing in his divorce case. The divorce case concluded in 2016. See Final Order, Docket Entry 49-3. The attachments to Plaintiff's Motion to Amend and Supporting Memorandum largely concern e-mails where Plaintiff is identified on the face of the document as either a recipient or sender of the email. Virtually all of the emails are dated in 2014 and 2015. See e.g. Emails (to and from Plaintiff), attached as Exhibits 2-7 to Plaintiff's Motion to Amend, Docket Entries 93-2 thorough 93-7. This information is not "new evidence" supporting Plaintiff's Motion to Amend.

[7] Defendant's pending Motion to Dismiss and supporting memorandum (Docket Entries 49 & 50) correctly point out that Plaintiff's claims of legal malpractice are barred by the applicable statute of limitations. See e.g. Defendant's Supporting Memorandum, Docket Entry 50, pp. 20-24. Plaintiff's own email of June 18, 2015 accused Defendant of malpractice. See Email of Gentry to Perky, June 18, 2015, Docket Entry 36, Page ID 555 (filed by Plaintiff). Plaintiff did not file his federal lawsuit until 2017 (See Complaint, Docket Entry 1). Plaintiff's Response to Defendant's Motion to Dismiss (Docket Entry 54),

3

should be permitted leave to amend to include a separate cause of action challenging the constitutionality of the state law. See Motion to Amend, Docket Entry 92, p. 6.[8]

→Plaintiff's Motion to Amend asserts that "in compliment of Plaintiff's 'newly discovered evidence,' leave to amend should be granted] to include additional facts establishing the harm and knowledge of harm caused by Defendant [Perky]…" See Motion to Amend, Docket Entry 92, p. 2.[9]

In his supporting memorandum, Plaintiff cites the following as a basis for a third amendment:

→Plaintiff complains that Defendant's performance during a March 10, 2015 hearing was inadequate, and she "intentionally failed to present arguments of law" which was "nothing more than a 'Confidence Game' perpetrated by a 'Corrupt Racketeering Enterprise'…and ignored and did not complain of obvious perjury…" See Plaintiff's Memorandum, Docket Entry 93, pp. 4-6;[10]

---

seemingly abandons any claims of legal malpractice against Defendant and states that "Plaintiff's Complaint is not one of malpractice." (See Plaintiff's Response, Docket Entry 54 pp. 3-4).

[8] Defendant respectfully submits that the statute of limitations is constitutional and does not violate the Equal Protection provisions of the Fourteenth Amendment. The general standard of review of the constitutionality of a statute provides that statute is subject to a "strong presumption of validity" under rational basis review, and will be upheld "if there is *any* reasonably conceivable state of facts that could provide a rational basis." Walker v. Bain, 257 F.3d 660, 668 (6th Cir. 2001)(emphasis added). Plaintiff's prior submissions to the Court state that "Plaintiff's Complaint is not one of malpractice." (See Plaintiff's Response, Docket Entry 54 pp. 3-4). If Plaintiff is not alleging malpractice (or has otherwise abandoned his claim of legal malpractice), Plaintiff has no basis to challenge the statute of limitations governing such claims on constitutional grounds.

If the Court wishes to entertain Plaintiff's constitutionality argument, such arguments are more properly addressed by the State of Tennessee Office of Attorney General. See generally, Rule 24.04, Tenn. R. Civ. P [Notification Provision]. Defendant respectfully suggests that any such claim would be futile. Under the rational basis test, state action "must be sustained if any conceivable basis rationally supports it. A defendant need not offer any rational basis so long as this Court can conceive of one." Bench Billboard, 499 F. App'x at 548 (internal quotation marks and citations omitted).

[9] Defendant respectfully submits that Plaintiff misinterprets the argument concerning damages. In Defendant's Motion to Dismiss, Defendant argued that since Plaintiff admittedly raised the *same* argument which Plaintiff maintains that Defendant failed to present (or otherwise emphasize) during the March 10, 2015 hearing, Plaintiff did not suffer any legal harm by the alleged omission. The argument Plaintiff alleges was omitted during the March 10, 2015 hearing had to do with the implied partnership of the parties and division of assets. No division of assets occurred as a result of the March 10, 2015 hearing. Plaintiff also raised the arguments *pro se* at the subsequent trial, and was addressed by the trial court (See Order, Docket Entry 49-3).

[10] Plaintiff's challenge of Defendant's performance during the March 10, 2015 hearing is not new. See e.g. See First Amended Complaint, ¶ 33 (Docket Entry 32); see, too, Second Amended Complaint, ¶¶ 71-72 (Docket Entry 36-1). This issue has already been extensively discussed in Defendant's pending

4

➔Judge Thompson stated at the hearing that he "wanted to get something in place," regarding "temporary support for Plaintiff" and ordered both parties to submit income and this date[11] and Plaintiff only did so "on advice of Defendant Perky despite it not being in his or her (sic) best interest." Plaintiff maintains that it was not in his best interest to agree to such an extension,[12] and Defendant would not have "encouraged Plaintiff to agree to the order" had Defendant been looking out for Plaintiff's best interests and "not in conspiracy with [Anderson and Hall] …and Judge Thompson." See Plaintiff's Supporting Memorandum, Docket Entry 93, p. 7.[13]

➔Plaintiff asserts that Defendant was "testing the waters" when she emailed Plaintiff and told Plaintiff that, "I feel that we have a good argument that the entire business is marital property under an implied partnership theory."[14] Plaintiff asserts that Defendant wanted to determine if "Plaintiff had knowledge of the 'legal theories' of commingling and transmutation and knew well these stronger doctrines as evidenced in Plaintiff's Second Amended Complaint." See Plaintiff's Memorandum, 93, p. 9;[15]

---

Motion to Dismiss and supporting Memorandum. See Docket Entries 49. & 50 (pp. 20-25 of supporting Memorandum).

[11] See Agreed Order, Exhibit 1 to Plaintiff's Supporting Memorandum, Docket Entry 93-1.

[12] This agreed extension was apparently requested by co-defendant Anderson due to unspecified personal family issues. See Plaintiff's Supporting Memorandum, Docket 93, p. 8. Plaintiff claims that opposing counsel frequently used "family issues" as a frequent excuse to "perpetrate dilatory actions." Id.

[13] Defendant respectfully submits that these are conclusory allegations which do not survive a Rule 12 (b)(6) motion to dismiss. Counsel agreeing to an extension of time to submit documentation to the court because one attorney (or a pro se litigant) requests an extension of time due to personal or family issue does not state a federal cause of action upon which relief may be granted. Extensions of time are frequently permitted upon request. See e.g. Rule 6, Fed. R. Civ. P. The Court is not required to accept legal conclusions or unwarranted factual inferences advanced by Plaintiff. See e.g., Grindstaff v. Green, 133 F.3d 416 (6th Cir. 1998). Courts are not required to accept as true legal conclusions couched as a factual allegation. See e.g., League of Latin Amer. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007)(citing Bell v. Twombly, 127 S.Ct. 1955, 1966 (2007)). Conclusory allegations, speculation, and a formulaic recitation of the elements of a cause of action will not suffice to state a cause of action. See Permobile v. American Express Travel, 571 F.Supp. 825, 832 (M.D. Tenn. 2008) (citing Bell).

[14] See Email of April 10, 2014, Exhibit 2 to Motion to Amend, Docket Entry 93-2.

[15] Defendant respectfully submits that Plaintiff has not presented any new facts supporting another amendment. Plaintiff has simply re-branded his arguments. For example, Plaintiff now suggests that he was subjected to a "mock trial" on March 10, 2015 and "Defendant Perky failed to make critical arguments of law that would 'win the day' for Plaintiff during the pendency." See Plaintiff's Supporting Memorandum, Docket Entry 93, p. 12. In his original pleadings, Plaintiff argued that Defendant "withheld" these arguments during the March 10, 2015 hearing. Defendant responded to Plaintiff's contention that Defendant "withheld" arguments concerning comingling and transmutations of assets during the hearing on March 10, 2015 and noted that Plaintiff's argument failed to state a federal claim upon which relief may be granted. Moreover, the transcript reflects that there was no division or assets during this hearing. Plaintiff's allegation that such arguments were not addressed or otherwise understood by the trial court is inconsistent with Plaintiff's own testimony from the hearing on March 10, 2015. See e.g., March 10, 2015 Transcript, pp. 15[57], 24[91] [Gentry testifying about commingling]; see

5

➔Plaintiff asserts that he did suffer harm [citing his declining financial condition and emotional trauma] during the period of time the parties were waiting for the trial judge's ruling on temporary support.[16] In this regard, Plaintiff attaches a number of emails (Exhibits 3-7 to the supporting Memorandum) evidencing his communications to counsel or her legal assistant to determine if he trial court had issued his ruling or could be persuaded to speed up the process, See Plaintiff's Memorandum, Docket Entry 93, pp. 10-11).[17] According to Plaintiff, if Defendant was "looking out for Plaintiff's best interest, as well as her own interest in getting paid, she would have filed a motion for status update." See Plaintiff's Memorandum, Docket Entry 93, p. 13).[18] Plaintiff maintains that the only reason why Defendant did not file a motion for a status update ("or even file a complaint against Judge Thompson with for the Board of Judicial Conduct for failure to perform judicial responsibilities timely") is that "Defendant Perky breached her fiduciary duty through conspiracy to deprive Plaintiff of due process, and equal protection of the law, property, and income from property." See Plaintiff's Memorandum, Docket Entry 93, p. 15.[19]

➔Plaintiff maintains that Defendant provided Plaintiff with conflicting advice[20] about whether Plaintiff should seek employment as part of the "confidence game" and "racketeering scheme" "to force a litigant into insolvency so they have no means to provide for their own legal representation." See Plaintiff's Memorandum, Docket Entry 93, p. 11.[21]

---

March 10, 2015 Transcript, pp. 55-56 [Trial Judge mentioning issue of commingling], Exhibit 2 to Motion to Dismiss, Docket Entry 49-2.

[16] Defendant respectfully submits that Plaintiff has misinterpreted the issue regarding damages. As stated previously (footnote 9), Plaintiff's argument that the "implied partnership" theory was not forcefully presented by Defendant did not result in any damages—Plaintiff presented the same argument during the final hearing.

[17] Defendant respectfully submits that Plaintiff has not stated any federal cause of action against Defendant for any alleged delay by the trial court in issuing the trial court's temporary support decision. Defendant had no control over when the trial judge would issue his ruling.

[18] Assuming for the purpose of argument that Defendant had filed a Motion to ascertain the status of the underlying trial court ruling, Plaintiff still is unable to demonstrate how such an action would have altered any decision of the trial judge. For example, if such a motion would have prompted an earlier ruling by the trial judge is unknown. More importantly, such an allegation does not give rise to a federal claim upon which relief may be granted.

[19] Plaintiff presents conclusory argument, not facts. Courts are not required to accept as true legal conclusions couched as a factual allegation. Defendant respectfully submits that such allegations fail to state a cause of state a claim upon which relief may be granted.

[20] Plaintiff's characterization of the exchange is not entirely consistent with the actual documentation. For example, Exhibit 9 to the Motion to Amend is an email dated March 16, 2015 and states in relevant part that "with respect to getting a new job, of course, it helps our case if you do not have a job. However, I understand the economic circumstances." Defendant inquires about whether Plaintiff would meet with the "headhunter and go to interviews but not accept a job yet?" (See Exhibit 9, Docket Entry 93-9).

[21] Plaintiff's argument is unpersuasive. It was in Defendant's economic interest for Plaintiff to have the financial ability to pay Defendant for legal services. Defendant was owed approximately $12,000 (twelve

6

→Plaintiff alleges that Defendant Perky made a patently false statement asserting she had done extensive research "which cannot possibly been true." See Plaintiff's Memorandum, Docket Entry 93, p. 16.[22]

## Standard of Review

Although Rule 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires," Fed.R.Civ.P. 15(a)(2), "[a] motion to amend a complaint should be denied if the amendment... would be futile," See Harbison v. Little, 723 F. Supp. 2d 1032, 1033-1034 (M.D. Tenn. 2010)[J. Trauger] citing Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir.2010). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir.2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir.1980)). An amendment is futile "if it merely restates the same facts as the original complaint in different terms [or] reasserts a claim on which the court previously ruled." 3 James Wm. Moore et al., Moore's Federal Practice § 15.15 [3] (3d ed.); see also Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 573 (6th Cir.2008) (noting that an amendment is futile when the claim is barred by res judicata). The same standard applies to a Rule 15(d) motion to supplement. See Spies v. Voinovich, 48 Fed.Appx. 520, 527 (6th Cir.2002).

The Court should exercise its discretion and overrule the Plaintiff's Motion to Amend. See e.g., Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009)[leave to amend inappropriate "where plaintiff has not indicated how [plaintiff] would make the complaint viable…"]; Gilmour v. Gates McDonald & Co, 382 F.3d 1312, 1315 (11th

---

thousand dollars) for legal services when she filed her motion to withdraw as counsel in May, 2015. See Exhibit 10, Docket Entry 93-10. Notwithstanding Defendant's disagreement with Plaintiff's conclusory allegation, no claim is stated for a federal cause of action by such allegations.

[22] This issue has already been discussed and addressed in Defendant's Motion to Dismiss and supporting Memorandum, Docket Entries 49 & 30.

7

Cir. 2004)["a plaintiff may not amend her complaint through argument in a brief opposing summary judgment."].

### Plaintiff's Motion To Amend Should Be Denied

The Court is not required to allow amendments which would be futile and it is not required to permit amendments which fail to establish a factual foundation to proceed against this Defendant. Plaintiff's Response to Defendant's Motion to Dismiss admits that Plaintiff does not have a claim for professional negligence/legal malpractice against Defendant. (See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry 54, p.7 ["Plaintiff is offended and so too should this Court be offended by the fact that Defendant seeks to mischaracterize his Complaint as one of malpractice when in fact it is complaint of RICO violations. Nowhere in Plaintiff's Complaint did he complain of malpractice"]).[23] Nothing in Plaintiff's present Motion to Amend (Docket Entry 92) salvages Plaintiff's purported RICO claim or any others claim against Defendant.

Plaintiff's supporting memorandum offers no explanation as to how the substantive deficiencies in the original submissions to the Court would be (or could be) cured by Plaintiff. The Motion to Amend does not correct the deficiencies.

---

[23] Plaintiff fails to allege that any of the alleged predicates acts by Defendant caused any RICO injury; Plaintiff continues to ignore the fact that Defendant is a legal professional and his allegations against Defendant invariably are couched in conclusions, not factual allegations that Defendant played any role in any alleged criminal enterprise. Plaintiff does not allege any facts that substantiate that Defendant played any role whatsoever with the administration any alleged criminal enterprise.

Notably, too, Plaintiff continues to ignore inclusion of any allegations supporting any threat of continuing criminal activity. See e.g. Moon v Harrison Piping Supply, 465 F.3d 623 (6th Cir. 2006).

Conclusion

Wherefore, these premises considered, Defendant requests that the Court deny the pending motion to amend (Docket Entry 92), and grant Defendant's pending Motion to Dismiss (Docket Entry 49).

Respectfully submitted,

*/s/ William S. Walton*
William S. Walton, #11177
BUTLER SNOW LLP
The Pinnacle at Symphony Place
150 3rd Avenue South, Suite 1600
Nashville, TN 37201
Phone: (615) 651-6700
Fax: (615) 651-6701
bill.walton@butlersnow.com
*Attorneys for Defendant, Sarah Perky*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via ECF on the date of filing to all counsel of record and regular mail to Mr. Gentry on 7/13/2017 as the address below:

John A. Gentry, CPA, *pro se (regular mail on 7/13/2017)*
208 Navajo Court
Goodlettsville, TN 37072

Stephanie A. Bergmeyer
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202-0207

Erika Barnes
Stites & Harbison PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219

*William S. Walton*