# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### CIVIL RIGHTS DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | **CASE NO. 3:17-0020** |
| vs. | ) | |
| | ) | |
| THE STATE OF TENNESSEE; | ) | |
| PAMELA ANDERSON TAYLOR; | ) | |
| BRENTON HALL LANKFORD; | ) | **JURY TRIAL DEMANDED(12)** |
| SARAH RICHTER PERKY; | ) | |
| UNNAMED LIABILITY INSURANCE | ) | |
| CARRIER(S); Et al | ) | |
| | ) | |
| Defendants | ) | |

---

## PLAINTIFF'S RESPONSE TO "DEFENDANT'S (PERKY) OPPOSING MOTION TO FILE A THIRD AMENDED COMPLAINT"

---

Comes now your Plaintiff, John Anthony Gentry in response to Defendant PERKY opposing "Plaintiff's Motion For Leave Of Court To Amend Complaint" (Docket Entry 92) and supporting memorandum (Docket Entry 93).

### STANDARD OF REVIEW

**Rule 15. Amended and Supplemental Pleadings**
(a) AMENDMENTS BEFORE TRIAL.
(2) *Other Amendments.* In all other cases, **a party may amend its pleading** only **with** the opposing party's written consent or **the court's leave. The court should freely give leave when justice so requires.**

Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated:

1

> **...outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules**. (at 182)

Plaintiff directs the Court's attention to numerous false assertions made by Defendant PERKY in her opposing response. Defendant first falsely states "... *and pursuant to Rule 15, Fed. R. Civ. P.*," because there is a pending motion to dismiss, Plaintiff's motion should be denied. Plaintiff is rather astounded Defendant cites Rule 15 as a basis for opposing. As this Court knows, Rule 15 does not in any way provide basis for opposing a motion for leave to amend. In fact, Rule 15 states just the opposite of Defendant's false assertion: "*The court should freely give leave when justice so requires*." This begs the question: "Why would Defendant falsely cite this rule?" Plaintiff asserts Defendant falsely cites Rule 15 because she has no basis to oppose Plaintiff's motion and unfortunately desires to mislead this Honorable Court. This Court should be offended by such mischaracterizations.

Incredulously, Defendant then uses the false logic that a Third Amended Complaint "*invites*" additional motions to dismiss, which is a veiled assertion that doing so unduly burdens the parties and the Court; when in fact, the opposite is true. Should somehow the magistrate decide to issue a ruling denying leave to amend, Plaintiff will most certainly begin the appellate process and seek court review because justice so requires. If somehow, the district court judge upholds the magistrate's ruling, Plaintiff will provide the district court judge an opportunity to correct that error through a motion to alter. Assuming that is also denied, and Plaintiff is not satisfied with the outcome of the case, Plaintiff will then seek appellate relief in The US Sixth

2

Circuit Court of Appeals, and denial of leave to amend will most certainly be an issue raised on appeal.

Imagine the burden upon the Court and the parties under such unfortunate circumstances. Even in the unlikely event the appellate court rules in favor of Defendants, this undue burden could easily be avoided by granting Plaintiff leave to amend now. Again, Plaintiff wonders if Defendant's counsel didn't thoroughly consider this, or worse: desires to "run up the bill" through vexatious litigation. Or worse yet, is in conspiracy to "run up the bill" and then later attempt to assign those costs to Plaintiff. Plaintiff is left rather shocked considering such false logic, and so too should the Court.

Obviously the most efficient means to resolution of this case, is to get all the facts, assertions, and allegations out into to the open, and address the facts and allegations all at once rather than needlessly burdening the Courts and parties with appealable issues.

This Court knows: *"The court should freely give leave when justice so requires,"* and further knows there can be no more *"seriously culpable conduct,"* than an attorney turning predatory and conspiring against their own client, of which *"seriously culpable conduct"* Defendant PERKY is most certainly guilty, as already evidenced in the record (See Docket Entry 36, p. 21 – 28 and transcript evidence therein). Therefore, justice requires Plaintiff be granted leave to amend.

Moreover, Defendant PERKY is a *"Confidence Woman"* engaging in "Racketeering Schemes" inflicted upon her own client(s). As stated in Docket Entry 86 Exhibit 2: "Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and

3

capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law**, and the fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, society has been neither willing nor able to avenge itself affectively. (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p.250*)"

Due to the nature of this case, and the "*Confidence Games*" inflicted upon *The People*, by Defendant PERKY, co-Defendants, and the "*Corrupt Racketeering Enterprise*," and due to the fact that Defendants are "*suave, slick and capable*" and because of their "*solid organization and widespread convenience of law*" and that "*society has been neither willing not able to avenge itself*" against these "Confidence Men," it is critical to Plaintiff's case to include all the facts so that there can be no doubt as to the "schemes" inflicted upon Plaintiff and The People.

Plaintiff asserts that considering the nature of this case, and the already established facts which prove Defendant Perky made a false statement in a court of law (*extensive research*), in conspiracy with Judge Thompson and Defendants TAYLOR and LANKFORD, that there can be no clearer case of justice requiring leave to amend. Moreover, since it is the *duty* of this Court to stand guardian of constitutional rights *Mitchum v. Foster, 407 US 225 - Supreme Court 1972*, it becomes even more clear that Plaintiff be granted leave to amend. *Kottmyer v. Maas, 436 F. 3d 684, 6th Cir. 2006, Mitchum v. Foster, 407 US 225 - Supreme Court 1972*

Defendant then falsely states: "*Plaintiff's memorandum offers no explanation as to how the substantive deficiencies...*" in Plaintiff's Complaint are cured by a Third Amended Complaint. First, the Court has not ruled there are "substantive deficiencies" in Plaintiff's

4

complaint. In fact, the Magistrate has already stated Plaintiff has a valid cause of action (Docket Entry 70, p. 4) in stating Plaintiff has an equal chance of success in this case. Second, Plaintiff contends it is necessary to state all the facts in order to expose "Confidence Games." Third, and most importantly, Plaintiff has stated several times in pleadings, how his Third Amended Complaint would not only cure falsely alleged deficiencies, but adds newly occurring facts and new causes of action against Defendants TAYLOR, LANKFORD, and State Of Tennessee (See Docket Entries 92 & 93). These facts *together* prove conspiracy beyond any doubt.

Plaintiff can certainly file a subsequent Motion to Supplement pursuant to Fed. R. Civ. P. Rule 15 (d), but why create all that unnecessary litigation causing undue burden on all parties when these matters can be addressed all at once now, in so granting Plaintiff's motion to amend.

Defendant PERKY falsely asserted Plaintiff did not adequately state harm caused by her (Docket Entry 50 p. 25). In Plaintiff's memorandum supporting his motion for leave to amend (Docket Entry 93 p. 3 - 4), Plaintiff specifically stated:

> In addition to further substantiating Plaintiff's cause of action, these additional facts evidence the harm, and Defendant PERKY'S knowledge of harm caused by her against Plaintiff. **Defendant PERKY has asserted Plaintiff did not adequately state the harm he suffered (Docket Entry 50 p 25). Plaintiff should be granted leave to amend to include additional statement of facts that prove beyond doubt harm against Plaintiff, and Defendant PERKY'S knowledge of the intentional harm which she caused Plaintiff to suffer.** Plaintiff should be granted leave to amend to include these additional facts in his complaint as follows:

Assuming this Court somehow agrees that Plaintiff did not adequately state harm caused by Defendant PERKY, this is an obviously curable defect as evidenced by the facts and

evidence included in Plaintiff's supporting memorandum (Docket Entry 93) and Plaintiff should be granted leave of Court to amend. **These undeniable facts place the Court in a position where either the Court must agree that Plaintiff adequately stated harm in his complaint, or alternatively, the Court must grant leave to amend allowing plaintiff to "cure" this supposed defect.** Plaintiff's supporting memorandum (Docket Entry 93, p. 3 – 16) clearly proves harm caused by Defendant PERKY and her knowledge of the harm caused, and Plaintiff should be granted leave to state these facts in an amended complaint and in doing so cure this alleged defect.

Plaintiff then falsely states: "*As noted by the Court in its Order dated April 26, 2017 "[Plaintiff] has not shown any necessity for a third amended complaint.*" Again, Plaintiff is aghast, and so too should be the Court, at such a patently false statement. That order simply states: "*Plaintiff's second notice of intent to amend his complaint (Docket Entry No. 53) is DENIED to the extent that Plaintiff requests leave to file a third amended complaint.*" As this Court knows, Plaintiff was not seeking leave to amend at that time. Plaintiff was simply giving notice of exercising his right as a matter of course, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B). Therefore, that order cannot be taken out of context denying a motion for leave to amend, nor can it be misconstrued as such.

Defendant then falsely asserts, Plaintiff's request to amend would be futile. Again, as stated above, Defendant asserts Plaintiff did not adequately state harm caused by Defendant in her 12(b) motion. Again, Plaintiff's supporting memorandum (Docket Entry 93, p. 3 – 16) clearly proves harm caused by Defendant PERKY, and her knowledge of the harm caused and

Plaintiff should be provided the opportunity to amend so as to cure that "defect." Docket Entry 93, p. 3 – 16 clearly proves showing harm is easily curable by amending.

Defendant then falsely asserts, referring back to her 12(b) arguments via footnote, that Plaintiff failed to state claims of RICO, § 1983, etc. Plaintiff already proved Defendant's defenses fail in his response (Docket Entry 54). PLAINTIFF'S RESPONSE TO DEFENDANT SARAH RICHTER PERKY'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW (Docket Entry 54) included numerous supporting authorities proving his case against Defendant PERKY should not be dismissed. Furthermore, as stated above, the magistrate has already stated an equal chance of success by both Plaintiff and Defendant. Obviously, Plaintiff cannot have an equal chance of success on the merits except for that fact that he has properly stated a valid cause of action.

Regardless of this false assertion by Defendant PERKY, the additional facts Plaintiff desires to include in his amended pleading, as detailed and evidenced in Plaintiff's memorandum supporting leave to amend (Docket Entry 93), prove beyond doubt that Defendant SARAH RICHTER PERKY conspired to deprive plaintiff due process and equal protection of the laws which is in violation of 42 USC § 1985 (3). Therefore, in no way can Plaintiff's request for leave to amend be misconstrued as an exercise in futility. Plaintiff's amended compliant with additional facts and evidence will prove her conspiracy.

Defendant then complains Plaintiff did not attach a copy of his proposed amended complaint and in footnote cites Spadafore v Gardner, 330 F.3d 849, 853 (6th Cir. 2003). Plaintiff

7

is rather astounded Defendant cites this case as a supporting authority. In that opinion, the Sixth

Circuit stated:

> The Spadafores argue that they were wrongfully **denied the opportunity to further amend their complaint after offering to do so in their opposition to the defendant's motion for summary judgment. No motion for leave to amend was ever filed, however, nor was a proposed amendment submitted in any form** as required by Rule 15(a) of the Federal Rules of Civil Procedure. **Without viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted.** These facts support our conclusion that the Spadafores **failed to exercise the "due diligence" required to take advantage of Rule 15(a)'s dictate that leave to amend shall be freely granted.** United States v. Midwest Suspension & Brake, 49 F.3d 1197, 1202 (6th Cir.1995) **(affirming the district court's denial of a Rule 15(a) motion on the ground that the plaintiff had failed to demonstrate due diligence).** We therefore agree with the district court that the only federal claim alleged by the Spadafores against the individual defendants is a civil conspiracy, which is an action available under § 1983. (at 853/854)

In considering Plaintiff's supporting memorandum, the facts and evidence stated

therein, how possibly can Defendant misconstrue that Plaintiff did not do his due diligence.

Plaintiff spent hour upon hour searching his records and compiling his evidence, proving

Defendant PERKY's conspiracy against Plaintiff whom she was engaged to protect. Plaintiff

painstakingly detailed the facts and evidence for this Honorable Court to consider.

Further considering the above Spadafores opinion clearly demonstrates how ridiculous

it was for Defendant to cite this case. The Sixth Circuit stated *"The Spadafores argue they were*

*wrongfully denied the opportunity to further amend their complaint after offering to do so in*

*their opposition to the defendant's motion for summary judgement."* Clearly, the plaintiff in

that case merely offered to amend without stating the how, what or why of their request. In

8

contrast, your Plaintiff in this case made exhaustive effort, compiling evidence, stating facts, and providing supporting authorities to this Court (See Docket Entry 93).

Moreover, Spadafores' offer to amend, was made in response to a motion for summary judgement. This Court knows, generally a motion for summary judgement is made when there are no facts at issue and the moving party essentially claims a jury could only rule in favor of the moving party. Obviously, Plaintiff has already stated sufficient facts in his Second Amended Complaint (Docket Entry 36) for a jury to rule in his favor due to the fact Defendant PERKY made a false statement "*after extensive research*" in a court of law while knowingly and maliciously withholding arguments. And again, the magistrate plainly stated Plaintiff has an equal chance of success on the merits (Docket Entry 70, p. 4).

Obviously, whether Plaintiff satisfied the "due diligence" requirement of Rule 15 is a non-issue due to the facts, and evidence plainly stated in Plaintiff's supporting memorandum (Docket Entry 93). There is no doubt Plaintiff did his due diligence.

Finally, in the Spadafores opinion the Sixth Circuit also stated: "*Without viewing the proposed amendment, it was impossible for the district court to determine whether leave to amend should have been granted.*" Here, such a finding does not hold true due to the facts detailed and evidenced in Docket Entry 93. In reviewing Docket Entry 93 which is Plaintiff's supporting memorandum of his motion for leave to amend, this court can easily determine whether or not leave to amend should be granted. Plaintiff painstakingly stated and evidenced the facts, provided supporting authorities, and stated exactly what and why he should be granted leave of court to amend. Furthermore, the Sixth Circuit further stated: "*No motion for leave to*

9

*amend was ever filed, however, nor was a proposed amendment submitted in any form.*"
Obviously, that does not hold true in this case either as the Court plainly has a motion for leave
to amend before the Court for its consideration with substantial evidenced facts..

Therefore, this court must state a justifying reason for denying leave to amend or grant
Plaintiff's motion: and of course, his motion should be granted. In the Supreme Court case,
Foman v. Davis, 371 US 178 - Supreme Court 1962, the Supreme Court stated:

> **...outright refusal to grant the leave without any justifying reason
> appearing for the denial is not an exercise of discretion; it is merely
> abuse of that discretion and inconsistent with the spirit of the
> Federal Rules**. (at 182)

The reminder of Defendant's arguments opposing Plaintiff's motion for leave to amend
are then presented to the Court "veiled" in exhaustive footnotes pertaining to out of context
excerpts from Plaintiff's motion (Docket Entry 92) and supporting memorandum (Docket Entry
93).

Although Defendant "*veils*" her false assertion by stating in footnote [5] "*Here, Plaintiff
**generally** describes his proposed amended allegations within his supporting memorandum*" it
is still misleading for Defendant to suggest "*generally*." There is nothing "general" about what
and why Plaintiff desires to amend. Plaintiff could not have been clearer in Docket Entries 92
and 93, in detailing the facts and reasons justifying amendment of pleadings.

Defendant's footnote [6], misleadingly suggests "new evidence" pertains to Defendant
PERKY which it does not. Plaintiff's new evidence pertains to continued "Racketeering
Activities" by Defendant's TAYLOR and LANKFORD as detailed in Plaintiff's TRO motion

10

and supporting memorandum (Docket Entries 86 and 87). Plaintiff agrees the evidence presented against Defendant PERKY partly referenced in Defendant's footnote [6] is not new evidence. **The fact of the matter regarding the evidence and facts partly referenced in Defendant's footnote [6], is that that evidence proves conspiracy by Defendant PERKY to deny Plaintiff due process and equal protection of the law thus curing an alleged defect in Plaintiff's complaint.**

Defendant's footnote [7], referencing her 12(b) motion and supporting memorandum (Docket Entries 49 & 50) falsely asserts a statute of limitations defense. Furthermore, this footnote states "Plaintiff's claims of Malpractice" are barred by applicable statute of limitations. **Due to the fact that Defendant raised the issue of statute of limitations defense, there is no doubt Plaintiff should be permitted rebuttal. In this case, Plaintiff's rebuttal is that the statute of limitations she claims defense by, is plainly unconstitutional.** Moreover, Defendant's statement that "Plaintiff's claims of Malpractice" is intentionally misleading. Plaintiff's causes of action against Defendant PERKY can in no way be construed as "malpractice." Plaintiff plainly has brought suit against Defendant PERKY under 18 U.S.C. §§ 1346, 1341, 1512, 1952, and 1962 and 42 U.S.C. §§ 1983 and 1985 (Docket Entry 36 p. 21)

Due to the fact, Defendant raised the issue of statute of limitations, and due to the fact that state statute Tenn. Code Ann. § 28-3-104 (c)(1) is very obviously unconstitutional due to the fact that it violates the equal protection clause of Amendment XIV, U.S. Constitution, Plaintiff should be granted leave of court to amend so as to challenge this plainly unconstitutional state law.

11

The facts are clear: Defendant makes contradictory arguments and in so doing is playing "fast and loose" with the court and should be admonished appropriately. In Defendant's memorandum supporting her 12(b) motion, Defendant stated: "...the gravamen of Plaintiff's claims against his former attorney, Perky, is one of legal malpractice (Docket Entry 50 p. 4 ¶ 2). In Defendant's footnote 8, Defendant PERKY contradicts herself, agrees with Plaintiff and states:

> Plaintiff's prior submissions to the Court state that "Plaintiff's Complaint is not one of malpractice." (See Plaintiff's Response, Docket Entry 54 pp. 3-4). If Plaintiff is not alleging malpractice (or has otherwise abandoned his claim of legal malpractice), Plaintiff has no basis to challenge the statute of limitations governing such claims on constitutional grounds.

Obviously, Defendant PERKY is backtracking on her failed statute of limitations defense, due to the fact that she is an active member of the "Corrupt Racketeering Enterprise," and she knows Tenn. Code Ann. § 28-3-104 (c)(1) is an unconstitutional law enacted to protect corruption of the "legal monopoly" and "Corrupt Racketeering Enterprise" that is the Tennessee legal system. A litigant cannot assert a defense, and then backtrack on the defense, when the defense is exposed as a protection mechanism for illegal activities.

Moreover, this law evidences the fact that the "Corrupt Racketeering Enterprise" has infiltrated the state legislature, in violation of the "Separation of Powers" principle upon which our government is founded. Clearly the "BAR" aka "Corrupt Racketeering Enterprise" must be dissolved and checks and balances put back in place so as to protect "THE PEOPLE" from the tyranny of state that has been commandeered by the "BAR," "judiciary" and various

12

oversight agencies like the Tennessee Board of Judicial Conduct, Tennessee Court of Appeals, and Tennessee Board of Professional Responsibility. A good first step would be to grant Plaintiff leave to amend so that this unconstitutional law can be struck down. T.C.A. § 28-3-104 reads as follows:

> Actions and suits against **licensed public accountants, certified public accountants, or attorneys for malpractice** shall be commenced within one (1) year after the cause of action accrued, whether the action or suit is grounded or based in contract or tort. Tenn. Code Ann. § 28-3-104 (c)(1)

Considering this obviously unconstitutional law, it is plain that this law was enacted to protect corrupt attorneys and CPAs while not affording the same protection to doctors. Obviously, doctors are not afforded equal protection under this unconstitutional law. This remains true, while it is obvious that attorneys like Defendants TAYLOR, LANKFORD and PERKY inflict malicious harm upon THE PEOPLE, while on the other hand, doctors sincerely desire to help THE PEOPLE but sometimes make negligent mistakes. Plaintiff cannot imagine a more backward and unjust law than T.C.A. § 28-3-104. Plaintiff looks forward to putting the legislators who enacted this corrupt law on the witness stand and hearing how they might attempt to justify this malicious law. Clearly this law was not enacted in the best interest of THE PEOPLE.

Defendant plainly raised the issue of "Expiration of the Statute of Limitations" (Docket Entry 50, p. 5 ¶ 1). Due to the fact Defendant raised this issue, Plaintiff now has the right to contest it and there is no doubt Plaintiff should be granted leave to amend. Surely this Honorable Court must not only recognize its duty to uphold the constitution, but its inherent

duty to stand guardian of protected rights including Equal Protection of the laws. The fact that Defendant PERKY backtracks on Statute of Limitations defense evidences the: (1) corrupt intent of this law, (2) unconstitutionality of this law, and (3) existence of a "Corrupt Racketeering Enterprise." Is not this Court appalled as is Plaintiff?

In footnote [8] Defendant then suggests the law is constitutional, and Plaintiff has no basis to challenge the law, and further suggests to this court to abrogate its authority and defer to the State of Tennessee Office of Attorney General. **Plaintiff cannot imagine a more ridiculous suggestion**. This Court must in fact know that the State of Tennessee is a Defendant in this case. This Court must in fact further know that Defendant State of Tennessee is represented by the Office of Attorney General. This Court must still further know that as counsel for the State, the Office of Attorney General receives instant notification via PACER of all filings into this case. There is no doubt the Office of Attorney General has been made well aware of this unconstitutional law. Instead of thanking Plaintiff for pointing out this unconstitutional law, the Office of Attorney General remains silent, thus evidencing the fact of conspiracy by the Office of Attorney General to abrogate constitutionally protected rights and protect the "Corrupt Racketeering Enterprise" that is the Tennessee legal system.

Defendant's suggestion to this Court to abrogate its authority and defer to the Office of Attorney General is no different than suggesting that the Court defer to a criminal being charged with a crime as to whether the criminal committed a crime. Such abrogation of authority is a mockery of this Honorable Court and offensive to justice. Plaintiff is beyond astounded.

In footnote [9], Defendant PERKY backtracks further and "*respectfully submits*" that Plaintiff "*misinterprets the argument concerning damages*". Defendant further attempts to justify her backtracking in footnote [9] and states:

> In Defendant's Motion to Dismiss, Defendant argued that since Plaintiff admittedly raised the same argument which Plaintiff maintains that Defendant failed to present (or otherwise emphasize) during the March 10, 2015 hearing, Plaintiff did not suffer any legal harm by the alleged omission. The argument Plaintiff alleges was omitted during the March 10, 2015 hearing had to do with the implied partnership of the parties and division of assets. No division of assets occurred as a result of the March 10, 2015 hearing. Plaintiff also raised the arguments pro se at the subsequent trial, and was addressed by the trial court (See Order, Docket Entry 49-3).

Let there be no mistake, Plaintiff does not "misinterpret" Defendant's failed arguments. Defendant PERKY merely attempts to misdirect this Honorable Court's attention. The harm caused by Defendant PERKY was inherent in her intentional withholding of arguments, ignoring obvious perjury and not raising objection, and then subsequent refusal to enforce due process of a timely ruling causing Plaintiff great emotional and financial harm. It was the extortion suffered by Plaintiff being denied his property, being denied due process, denied his rightful income during pendency that caused Plaintiff harm.

In footnote [10] Defendant asserts Plaintiff 's challenge is not new. Let there be no mistake, Plaintiff does not assert he has "new evidence" regarding Defendant PERKY. Plaintiff plainly asserts, additional facts will cure any alleged defect as well as establish a pattern of "racketeering activities.

In footnote [12], Defendant again attempts to misdirect the Court's attention. While Plaintiff also complains about Defendant Taylor's dilatory behavior as one of many of that Defendant's "schemes", the fact that Defendant PERKY encouraged Plaintiff to agree to an unnecessary extension, establishes a pattern of behavior by Defendant PERKY to conspire and deny Plaintiff due process in violation of 42 U.S.C 1985. Plaintiff is also confused as to why in this footnote, Defendant PERKY refers to Defendant TAYLOR as "co-defendant Anderson." Plaintiff suggests, Defendant PERKY does not want to properly name co-defendant PAMELA ANDERSON TAYLOR as a co-member, co-conspirator of the "Corrupt Racketeering Enterprise"

In footnote,[13] Defendant PERKY attempts the old two-step "*fallback position*" that Plaintiff's allegations are "*conclusory*." Again, Plaintiff reminds this Honorable Court, Defendant PERKY is a "*Confidence Woman*" engaging in "Racketeering Schemes." And **"Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law,** and the fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, **society has been neither willing nor able to avenge itself affectively**. (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p.250*)" Proving "Confidence Games" is obviously difficult as recognized in the Yale Journal of Law & the Humanities, and Plaintiff should be granted leave to amend to state all the facts that prove conspiracy and "Confidence Games."

Moreover, "conclusory" is defined in Black's Law Dictionary as "*An inference that has no proof but is stated none the less*" Defendant cannot use this "*fallback position*" due to

the fact that Plaintiff did state facts backed up with supporting evidence. This Court is required to accept Plaintiff's facts as true. Bell Atlantic Corp., 27 S.Ct. 1955 (slip op., at 8-9) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In keeping with due process, a jury must decide the facts.

Of course, Defendant PERKY'S failed argument regarding "conclusory" allegations are exactly why this Court must grant leave to amend to include additional facts curing alleged defects in Plaintiff's complaint, that prove conspiracy and establish harm maliciously inflicted upon Plaintiff by Defendant SARAH RICHTER PERKY.

In footnote [15], Defendant PERKY falsely asserts Plaintiff's allegations are just "re-branded" arguments. Plaintiff has not "re-branded" any of his arguments or facts. Plaintiff has clearly stated additional facts that cure alleged defects, and this court should grant leave to amend to include facts that cure alleged defects. Defendant goes on to say in footnote [15] that there was no division of assets which ignores the fact Plaintiff was caused great harm in being denied his rightful income during pendency causing him great financial and emotional harm.

In footnote [16], Defendant PERKY falsely asserts there was no harm because Plaintiff represented himself as involuntary pro se and made the arguments she should have made on his behalf. Again, this ignores the fact Plaintiff was caused great harm in being denied his rightful income during pendency causing him great financial and emotional harm.

17

In footnote [17], Defendant PERKY falsely asserts she has "*no control over when a trial judge would issue his ruling.*" Of course she has control through insistence that the trial court judge adhere to the Code of Judicial Conduct and state statute requiring timely ruling. In consideration of all the facts, which Plaintiff should be allowed to present in an amended complaint, Defendant PERKY, in conspiracy with Defendants TAYLOR and LANKFORD and Judge Thompson intentionally did not raise objection with the intent to deny Plaintiff his rightful income during pendency.

In footnote [18], Defendant PERKY falsely asserts her failure to enforce due process does not give rise to a federal claim. Defendant PERKY'S actions fall squarely under 42 U.S.C, § 1985 and 1986.

In footnote [19], Defendant PERKY again attempts the old two-step "*fallback position*" that a Plaintiff's allegations are "*conclusory.*" Again, Defendant cannot use this "*fallback position*" due to the fact that Plaintiff did state facts backed up with supporting evidence. The jury should decide the facts.

In footnote [20], Defendant PERKY fails yet again to mischaracterize facts. In this footnote, she states: "*Plaintiff's characterization of the exchange **is not entirely consistent** with the actual documentation.*" and she falsely asserts that the statement "*However, I understand the economic circumstances*" somehow excuses her conduct of encouraging Plaintiff to not seek income. This should be plain evidence to this Court of her conspiracy in further considering her next statement as follows: "*Could you just meet with the headhunter and go on interviews but not accept a job yet?*" Very obviously, Defendant PERKY was encouraging Plaintiff into

an insolvent position. Considering this fact and further facts that she failed to insist upon timely ruling, conspired to delay proceedings, refused to present arguments, ignored perjury, it is obvious Defendant PERKY conspired against Plaintiff.

Her "Confidence Game" in conspiracy with Defendants TAYLOR and LANKFORD and Judge Thompson is this: Take whatever steps necessary to cause emotional destruction, abject poverty and complete financial insolvency of the "target litigant" ie. Plaintiff. It does not matter if the steps necessary to accomplish this "Goal of the Game" result in violation of professional rules, abuse of process, or even violation of constitutional rights or federal laws. This "Goal of the Game" must be obtained through whatever means necessary, so as to emotionally and financially destroy the "target litigant" so that the "target litigant" has no means whatsoever to seek redress. Plaintiff should be granted leave to amend to include these additional facts and allegations and a jury of peers should decide the facts.

In footnote [21], Defendant PERKY admits it was in her best interest to insist upon timely due process and yet again attempts the old two-step "*fallback position*" that a Plaintiff's allegations are "*conclusory*." Again, Defendant cannot use this "*fallback position*" due to the fact that Plaintiff did state facts backed up with supporting evidence. The jury should decide the facts.

In footnote [22], Defendant PERKY falsely asserts that she addressed the fact of her patently false statement to the trial court judge that she did "extensive research" in her Docket Entries 49 & 30. Defendant did not "address" the fact of her patently false statement that was an obvious lie, made in conspiracy to deny plaintiff due process causing him great emotional

Case 3:17-cv-00020  Document 101  Filed 07/17/17  Page 19 of 22 PageID #: 2297

and financial harm. Defendant makes no page nor parenthetical reference because in fact she did not defend her conspiratorial false statement to the trial court judge.

In her final footnote [23], Defendant PERKY falsely asserts Plaintiff fails to allege that any "alleged predicates acts" by Defendant PERKY caused any RICO injury. See Plaintiff Second Amended Complaint (Docket Entry 36 ¶ 84 & 85). Her actions constitute subpoena evasion (18 USC § 1512), breach of fiduciary duty, fraudulent representation (18 USC § 1341), extortion and robbery affecting foreign commerce (18 USC § 1951, 1952). Additionally, her actions were in plain violation of 42 USC § 1983 and 1985). Moreover, her actions demonstrate "seriously culpable conduct" in violation of 18 USC § 1346. Plaintiff contends if §1346 had been in place at the time the Racketeering and Corrupt Organizations Act was put into law, congress most certainly would have included § 1346 in § 1961 and the Supreme Court has ruled the intent of congress is inherent in federal courts enforcing federal laws.

Plaintiff cannot comprehend why Defendant's counsel elected to make arguments via exhaustive footnotes, except in the hope that Plaintiff might not do his due diligence and debunk failed footnote arguments. Plaintiff seeks the Court's guidance as to whether or not Defendant PERKY'S response in this format is not made in "good faith."

In reviewing Defendant PERKY'S "Standard of Review," Defendant cites cases that: an amending complaint *should be denied if the amendment... would be futile.*" And cites Harbison v. Little, 723 F. Supp. 2d 1032 - Dist. Court, MD Tennessee 2010. Since the presiding Judge Trauger ruled in that case, this court should be quite familiar with the facts of that case. In that case, Judge Trauger ruled that leave to amend must be denied because various counts

were adjudicated and any amendment would be futile. Moreover, Judge Trauger citied various

other cases, that a motion to amend is futile, if it merely restates the same facts as the original

complaint in different terms. Neither of those circumstances are true in this case. Plaintiff has

provided the court additional facts not previously stated that are well evidenced and not denied

(See Docket Entry 93 and especially pages 3 – 16 regarding Defendant PERKY). As such

Plaintiff's Motion cannot be denied on this false assertion. Moreover, in Docket Entries 92 and

93, Plaintiff has firmly established how (1) additional facts regarding Defendant PERKY will

cure any alleged defects in Plaintiff's Complaint, (2) new facts regarding Defendant's

TAYLOR and LANKFORD give rise to a new cause of action and further substantiate existing

causes of action, (3) how the raised issue by the Defendant State of Tennessee asserting state

sovereignty creates a new cause of action.

**CONCLUSION**

      This Honorable Court should grant Plaintiff's Motion For Leave of Court to Amend

Complaint.

      This Court should provide adequate time for Plaintiff to prepare his Third Amended

Complaint. Plaintiff respectfully requests thirty (30) days to amend and file his Third Amended

Complaint.

                    Respectfully submitted,

                    John A Gentry, CPA, Pro Se
                    208 Navajo Court,
                    Goodlettsville, TN 37072
                    (615) 351-2649
                    john.a.gentry@comcast.net

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and served through the electronic filing system on this the 17th day of July 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

and served by email and first-class mail, postage prepaid on this the 17th day of July, 2017 to:

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

John Anthony Gentry, CPA