IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JOHN ANTHONY GENTRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:17-cv-0020** |
| | ) | **Judge Aleta A. Trauger** |
| **THE STATE OF TENNESSEE et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM & ORDER

Before the court is plaintiff John Anthony Gentry's Objection (Doc. No. 72) to the magistrate judge's June 5, 2017 Report and Recommendation ("R&R") (Doc. No. 70), recommending that Mr. Gentry's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion") (Doc. No. 19) be denied. For the reasons set forth herein, the court will overrule the Objection and deny the TRO Motion.

## I.      Background

The plaintiff, proceeding *pro se*, filed his original Verified Complaint in this court on January 9, 2017, alleging claims under 42 U.S.C. § 1983 based on alleged violations of his constitutional rights. (Doc. No. 1.) He named as defendants the Tennessee Board of Judicial Conduct ("TBJC"), the Honorable Judge Chris Craft, Timothy R. Discenza, Unnamed Members of Investigative Panel, Unnamed Liability Insurance Carrier(s), and the State of Tennessee. On January 11, 2017, the undersigned entered an Order referring the case to the magistrate judge for case management, decision on all pretrial, non-dispositive motions, and report and recommendation on all dispositive motions under 28 U.S.C. § 626(b)(1) and Rule 72 of the

Federal Rules of Civil Procedure. (Doc. No. 4.)

On February 27, 2017, the plaintiff filed his TRO Motion, requesting that the court preliminarily enjoin the TBJC, Judge Chris Craft, Timothy Discenza, and "all persons acting on behalf of the [TBJC]" from "destroying, disposing of, or in any way hiding or concealing hard copy original documents or electronic copies of (1) any complaints filed against judges with the [TBJC], (2) notices or letters disposing or dismissing complaints, (3) names or lists of names and addresses of complainants, and (4) and communications between members of the [TBJC] regarding dispositions and or determinations of dispositions of complaints." (Doc. No. 19, at 1– 2.) In support of this request, the plaintiff asserts that, "unless enjoined by this Honorable Court, Defendants will likely destroy, dispose or otherwise conceal evidence necessary to Plaintiff's case" and that a TRO is necessary to preserve the status quo. (*Id.* at 2–3.) In his Memorandum in support of the TRO Motion, the plaintiff argues that he is likely to succeed at trial, resulting in embarrassment and exposure of corruption on the part of the defendants against whom the TRO is sought. On this basis, the plaintiff asserts that the defendants "will most certainly make every effort to prevent discovery and there is a substantial likelihood that Defendant will even destroy, or otherwise dispose of, evidence to hide their wrongful conduct." (Doc. No. 20, at 6.)

On March 13, 2017, the defendants filed their Response in Opposition to the TRO Motion (Doc. No. 29), arguing that the request was moot because they were already complying with their obligation to preserve relevant information and that there was a high likelihood that their then-pending Motion to Dismiss would be granted.

The plaintiff filed a first Amended Verified Complaint (Doc. No. 32) on March 16, 2017, and a Second Amended Verified Complaint (Doc. No. 36) on March 27, 2017. In both of these, the plaintiff abandoned his claims against the TBJC, Judge Chris Craft, Timothy Discenza, and

the Unnamed Members of Investigative Panel of the TBJC, and he asserted new claims against lawyers Pamela Anderson Taylor, Brenton Hall Lankford, and Sarah Richter Perky. The only defendants common to both the original and amended pleadings are the State of Tennessee and Unnamed Liability Insurance Carrier(s).

The magistrate judge recommends that the TRO Motion be denied on the grounds that (1) the motion has been rendered moot by the plaintiff's filing of an Amended Complaint that no longer names as defendants those individuals whose conduct is the focus of the TRO Motion; and (2) the plaintiff has not shown that any of the relevant factors weigh in favor of his request for preliminary injunctive relief.

In his Objections, the plaintiff disputes that his TRO Motion has been mooted, arguing that "pages 49 through 54 . . . include the same facts and allegations contained in Plaintiff's original complaint but strengthened with additional facts and causes of action." (Doc. No. 19, at 4.) He also insists that the allegations in his Memorandum in support of the TRO Motion as well as his Amended Complaint demonstrate that he will suffer irreparable harm if the requested relief is not granted.

## II.    Review of the Plaintiff's Motion

The standard of review to be employed by the court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. The court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

The plaintiff's Objections were timely, and he has filed specific objections to the R&R. This court has reviewed the TRO Motion *de novo* in light of the plaintiff's Objections and finds

that the plaintiff is not entitled to the relief sought.

Temporary restraining orders and preliminary injunctions are extraordinary remedies "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Co. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). As a threshold matter, as the magistrate judge correctly noted, a federal court generally may not enter an injunction against a person who is not a party to the case before it. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504, at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). The TBJC, Chris Craft, and Timothy Discenza are not named in the Second Amended Complaint, which "supersedes all previous complaints." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). It therefore appears that the TBJC, Craft, and Discenza are no longer parties to this action.

The Sixth Circuit has acknowledged that a court may exercise jurisdiction over a non-party in limited circumstances:

> A federal court may properly exercise its inherent jurisdiction and enjoin a non-party if his actions would disturb "in any way the adjudication of rights and obligations as between the original plaintiffs and defendants." However, if the actions of the non-party would not upset either the plaintiff's rights or the defendant's duty to perform, then the court has no jurisdiction over the non-party.

*Id.* at *4 (quoting *United States v. Hall*, 472 F.2d 261, 265 (5th Cir. 1972)). Here, it is purely the plaintiff's speculation that the non-defendants associated with the TBJC might destroy documents he believes he needs to adjudicate his case. This speculation is not sufficient to warrant the exercise of jurisdiction over non-parties.

Even if that were not the case, the plaintiff has not established that the requisite factors weigh in favor of issuance of a temporary restraining order or preliminary injunction. To determine whether a temporary restraining order or a preliminary injunction should issue, the

court must generally consider four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g.*, *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Rock & Roll Hall of Fame & Museum v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). These four factors "are factors to be balanced not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997). Nonetheless, the court must address each factor "unless fewer factors are dispositive of the issue." *Id.* at 399.

The court agrees with the magistrate judge that the plaintiff has no greater chance of success on the merits than the defendants. He also has not shown that he will suffer irreparable harm without the injunction. He acknowledges that the TBJC has a responsibility to "maintain public records as a matter of course." While this allegation supports a conclusion that granting the injunction would not cause substantial harm to others, since the TBJC is already maintaining the evidence at issue, it does not support the plaintiff's contention that he will suffer irreparable harm if the court does not enter an preliminary injunction. The plaintiff simply has no evidence, aside from rank speculation, that the Board might destroy evidence the plaintiff needs in order to pursue his lawsuit. Finally, there is no evidence that entry of an injunction will have an effect one way or the other on the public interest.

In sum, the relevant factors do not weigh strongly in favor of an injunction. The court therefore finds that the plaintiff has not carried his burden of proving that that the "circumstances clearly demand" issuance of a temporary restraining order and preliminary injunction. *Overstreet*, 305 F.3d at 573.

**III.    Conclusion**

Having conducted a *de novo* review of the TRO Motion in light of the plaintiff's Objections to the R&R, the court **OVERRULES** the Objections and **DENIES** the TRO Motion (Doc. No. 19).

The matter remains referred to the magistrate judge.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge