IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| Plaintiff, | ) |
| v. | ) No. 16C-2615 |
| | ) JURY DEMAND |
| PAMELA ANDERSON TAYLOR, and BRENTON HALL LANKFORD, | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND

Plaintiff, John Anthony Gentry ("Mr. Gentry") has moved this Court to amend its January 26, 2017 Order dismissing Mr. Gentry's Complaint. Mr. Gentry's Motion is filed pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure.

### Legal Standard

Rule 59 of the Tennessee Rules of Civil Procedure provides trial courts the opportunity to correct errors before a judgment becomes final. *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn. 1998). Rule 59 motions may be granted under the following circumstances:

(1) when the controlling law changes before a judgment becomes final;
(2) when previously unavailable evidence becomes available; or,
(3) when sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice.

*Bradley*, 984 S.W.2d at 933. "They should not, however, be granted if they are simply seeking to relitigate matters that have already been adjudicated." *Id.*

1

## Analysis

First and foremost, this Court found that dismissal was warranted because this Court was not the proper venue to address his complaints. Mr. Gentry argues that this Court clearly made an error, citing *Givens v. Mullikin* and *Peerman v. Sidicaine.* 75 S.W.3d 383, 400 (Tenn.2002); 605 S.W.2d 242 (Tenn. Ct. App. 1980). This Court did not say that it was not the proper place to litigate claims of fraud and abuse or process rather that it was not the proper venue to address underlying errors in the Sumner County case, which is what this Court found Mr. Gentry was attempting to do. This Court went on to address why Mr. Gentry's claims fail as a matter of law.

Mr. Gentry does not allege that the controlling law has changed or that new evidence is available. The only possible grounds upon which he could base his Motion to Alter are that the Court made a clear error of fact or law.

Mr. Gentry asserts that the Order denying his Motion to Strike and for Default or Summary Judgment should be set aside the Court overlooked his argument that Defendants' Memorandum in Support of the Motion to Dismiss was in violation of Local Rule 26.04, for failing to attach certain opinions to the Memorandum. This Court very clearly addressed the issue and found there was no basis for sanctioning or admonishing Defendants. This Court found that Defendants, in good faith, complied with Local Rule 26.04.

Copy

This Court found that the facts alleged in the Complaint, taken as true, failed to state a claim upon which relief can be granted for fraud, fraudulent inducement, constructive fraud and abuse of process.[1]

To state a claim for abuse of process in Tennessee, as in a majority of other jurisdictions, two elements must be alleged: (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the regular prosecution of the charge. *Blalock v. Preston Law Grp., P.C.*, No. M2011-00351-COA-R3CV, 2012 WL 4503187, at *4 (Tenn. Ct. App. Sept. 28, 2012); *Givens v. Millikin*, 75 S.W.3d 383, 400 (Tenn.2002); *Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen & Ginsberg, P.A. et al*, 986 S.W.2d 550, 555 (Tenn.1999); *Priest v. Union Agency et al*, 174 Tenn. 297, 125 S.W.2d, 140, 143 (Tenn.1939); 1 Am.Jur.2d *Abuse of Process* § 5 (1994).

The alleged actions of Defendants do not meet the elements of abuse of process. The parties were directed by the Sumner County Court to prepare findings of fact and conclusions of law, which the parties did. While the judge may have reserved the issue of attorney fees and the party prepared order addressed attorney fees, this Court does not find that it was done surreptitiously or fraudulently. Submission of the party prepared order was not an act in the process outside of what is "proper in the regular prosecution of the charge."

Mr. Gentry complains that Defendants awarded attorney fees to their client in the June 14, 2016 Memorandum and Order, despite specific instructions from the Court to

---

[1] While this Court's Order failed to explicitly list constructive fraud, that claim was included in the Court's analysis and dismissal of the fraud based claims based on failure to state a claim upon which relief may be granted.

3



reserve the issue of attorney fees. The Memorandum and Order, attached as Exhibit 1 to Mr. Gentry's Complaint did address attorney's fees in Section III:

> The final issue before the Court is attorney's fees and expenses. An award of attorney's fees usually takes the form of an award of alimony in solido. *Yount v. Yount*, 91 S.W.3d 777, 783 (Tenn. Ct. App. 2002) (citing *Storey v. Storey*, 835 S.W.2d 593 (Tenn. Ct. App. 1992)). "Accordingly, a trial court considering a request for attorney's fees must consider the factors contained in [Tennessee Code Annotated] § 36-5-121(i) with the most important factors being the need of the economically disadvantaged spouse and the ability of the obligor spouse to pay. Owens, 241 S.W.3d at 495-96 (citing *Eldridge*, 137 S.W.3d at 24-25; *Miller v. Miller*, 81 S.W.3d 771, 775 (Tenn. Ct. App. 2001)).
>
> Considering these factors and the Court's allocation of marital property and debt, the Court finds that Ms. Gentry is not at an economic disadvantage and does not have a need for alimony. Therefore, the Court declines to grant Ms. Gentry any attorney's fees other than those awarded by previous orders of the Court. Mr. Gentry's motion to reconsider the Court's prior award of attorney's fees is denied. Each party shall bear their own fees.

Mr. Gentry complains that Defendants perpetrated fraud and abuse of process by surreptitiously awarding their client attorney fees. While the Memorandum and Order did not reserve attorney's fees as directed by the Sumner County Court, the July 14, 2016 Memorandum and Order did not grant attorney fees to Ms. Gentry as Mr. Gentry alleges in his Complaint.

This Court found that Mr. Gentry's claims for fraud and fraudulent inducement must be dismissed because Mr. Gentry failed to plead his fraud-based claims with the particularity required by Rule 9.02 of the Tennessee Rules of Civil Procedure. Based on the facts as plead in the Complaint, this Court was unable to find a properly supported claim for fraud, constructive fraud, fraudulent, inducement or abuse of process.

Copy

Mr. Gentry has provided no valid grounds for altering this Court's Order's pursuant to Rule 59.04. This Court declines to disturb its Order entered on January 26, 2017.

Based on the foregoing, Mr. Gentry's Motion to Alter or Amend is, respectfully, **DENIED**.

It is so **ORDERED**.

this 17th day of July, 2017.

AMANDA McCLENDON, Judge

cc: Lauren Paxton Roberts, BPR# 25049
STITES AND HARBISON, PLLC
Suntrust Plaza
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
(615) 244-5200

*Counsel for Defendants*

John A. Gentry, CPA
208 Navajo Court
Goodlettsville, Tennessee 37072
(615) 351-2649
john.a.gentry@comcast.net

*Pro se Plaintiff*