FILED
2016 NOV 10 PM 12: 17

FILED
2017 JUL 21 AM 9:52
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN ANTHONY GENTRY, <br> Plaintiff <br><br> vs. <br><br> PAMELA ANDERSON TAYLOR, and <br> BRENTON HALL LANKFORD <br> Defendants, Jointly and Separately | CASE NO. 16 C 2615 <br><br> JURY DEMANDED (12) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR PERMISSION TO AMEND COMPLAINT

Plaintiff, John Anthony Gentry, as Pro Se counsel, hereby moves this Honorable Court to deny "Defendants' Motion' to Dismiss". Defendants' Motion is not well not well taken and is unfortunately based on misstatements of facts. "Defendant's Memorandum In Support of Motion to Dismiss" is also based on misstatements of facts as well as inappropriate case citations and false arguments not supported case law precedence, T.R.C.P., or statutory code.

1. Defendant's motion incorrectly misstates facts and assert Plaintiff's claim is based upon and related directly to action taken in the underlying litigation between Plaintiff and his former wife which is untrue. Plaintiff's claim is based on the fraudulent and tortious actions between Defendants and the court and abuse of process between Defendant and Plaintiff

EXHIBIT 1

1

which are clearly despicable and tortious acts, as properly detailed in Plaintiff's Complaint pursuant to Rule 9.02.

2. As stated in Plaintiff's Complaint, while attorneys are protected against defamation torts under the long-established doctrine of '*Privileged Litigation*', that protection does not extend to protection from fraud and abuse of process torts. In the case, Peerman v. Sidicane, 605 SW 2d 242 - Tenn: Court of Appeals, Middle Section 1980, the appellate court stated in its opinion as follows;

> We are compelled to agree with the conclusion of counsel for the plaintiff-appellee that defendant's [Attorneys] action is not one of defamation but is **an action for … .. abuse of process and the fact that the defendant is an attorney does not afford him immunity**.

3. Accordingly, Defendant's argument that "those issues were properly part of that case and cannot be collaterally attacked in the instant case" is a false argument and in contradiction of precedence.

4. Defendant's then falsely assert that Plaintiff's Complaint fails to meet the '*heightened*' pleading requirements required by T.R.C.P. Rule 9.02 which is a false statement. Pursuant to T.R.C.P., 9.02, as evidenced in Plaintiff's Complaint, Plaintiff did state with particularity the circumstances and facts constituting fraud, abuse of process, and intentional inflection of emotional distress.

5. Furthermore, T.R.C.P. Rule 9.02 plainly states; the malice, intent and knowledge of an actionable and tortious complaint may be averred generally which requirement Plaintiff plainly satisfied in his complaint. Plaintiff's Complaint goes far beyond generally averring

Defendant's culpability, and stated the facts plainly evidencing Plaintiff's claims in obvious detail.

6. Defendant's next falsely assert they were acting "with (sic within) the scope of their agency" and therefore cannot be co-conspirators with their clients". First, Plaintiff does not assert Defendants' were co-conspiring with their client. Plaintiff asserts Defendants' were conspiring between themselves. Second, the actionable tortious act of civil conspiracy that occurred between Defendant's is not protected by the scope of agency. It is never true that a tortious act is protected from civil conspiracy just because the perpetrators work together.

7. Furthermore, it is never true that fraud, civil conspiracy and intentional infliction of emotional distress are within the scope of any agency, even with a firm like that of Stites and Harbison, PLLC. To assert these acts are within the scope of agency is a plain admission of guilt and culpability not only of their own but their entire law firm which may or may not be true but does not relieve their culpability.

8. Lastly, Defendant's falsely assert Plaintiff "fails to plead an actionable claim for intentional infliction of emotional distress". Plaintiff plainly stated the symptoms of the mental anguish he suffered caused by the tortious acts maliciously and knowingly committed by Defendants.

9. As a result of the malicious and tortious acts committed by Defendants against Plaintiff, Plaintiff suffered extraordinary mental anguish but because of the tortious acts committed by Defendants against Plaintiff, Plaintiff could not afford medical care he needed. Accordingly, Plaintiff could not receive a medical diagnosis his mental affliction caused by

3

Defendant's malicious and tortious acts. Plaintiff did state the symptoms of mental anguish including obsession and substance abuse, which were and still are symptomatic of his mental affliction caused by Defendants.

10. Plaintiff has since learned that the symptoms he has suffered, caused by Defendants, is "Post Traumatic Stress Syndrome" and Plaintiff is seeking treatment for this affliction as Plaintiff has recently obtained health insurance that he lost and had been unable to afford for more than two years because of the malicious and tortious acts of Defendants.

11. Further evidence of their tortious abuse of process by Defendants, is plainly obvious in "Defendant's Motion to Dismiss" to which this response is being made. In "Defendants'" "Motion to Dismiss', Defendant states in their "Notice of Hearing" the following;

> This motion is expected to be heard on Friday, December 2, 2016 at 9:00 am CT. If no response is timely filed **and personally served**, the motion shall be granted and counsel or pro se litigant need not appear in court at the time and date scheduled for the hearing.

12. Plaintiff strongly objects to this 'legal trickery' and Defendants' attempt to create their own rules of procedure to suit their own purpose. This legal trickery contradicts T.R.C.P. Rule 5.02 which states;

> Whenever under these rules service is required or permitted to be made on a party represented by an attorney, the **service shall be made upon the attorney unless service upon the party is ordered by the court**. Service shall be made pursuant to the methods set forth in (1) or (2).

T.R.C.P Rule 5.02 sub-paragraphs (1) and (2) state;

> **(1) Service upon the attorney** or upon a party shall be made by delivering to him or her a copy of the document to be served, or by mailing it to such person's last known address, or if no address is known,

4

by leaving the copy with the clerk of the court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at such person's office with a clerk or other person in charge thereof; or, if there is none in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. **Service by mail is complete upon mailing.** Items which may be filed by facsimile transmission pursuant to Rule 5A may be served by facsimile transmission.

**(2) (a) Service upon any attorney may also be made by sending him or her the document in Adobe PDF format to the attorney's email address, which shall be promptly furnished on request. The sender shall include language in the subject line designed to alert the recipient that a document is being served under this rule. On the date that a document served under this rule is electronically sent to an attorney, the sender shall send by mail, facsimile or hand-delivery a certificate that advises that a document has been transmitted electronically.** The certificate shall state the caption of the action; the trial court file number; the title of the transmitted document; the number of pages of the transmitted document (including all exhibits thereto); the sender's name, address, telephone number and electronic mail address; the electronic mail address of each recipient; and the date and time of the transmission. The certificate shall also include words to this effect: "If you did not receive this document, please contact the sender immediately to receive an electronic or physical copy of this document." The certificate shall be sent to all counsel of record.

13. Accordingly, pursuant to T.R.C.P. Rule 5.02, Defendants have no right to require personal service unless this Honorable Court orders such an unnecessary encumberment upon Plaintiff.

14. The intent of Defendants', in including this 'legal trickery' in their frivolous "Defendant's Motion to Dismiss" is obvious. Plaintiff asserts Defendants' intent is to further abuse process and prevent this matter being heard in violation of Plaintiff's constitutional right of

5

due process. Plaintiff also asserts Defendants' intent is to increase litigation costs by maliciously attempting to require personal service.

15. Defendants also ignored legal decorum and did not inquire of Plaintiff's schedule, to confirm if the hearing date that Defendants set, is a date mutually agreeable to Plaintiff.

16. Pursuant to T.R.C.P. Rule 15.01, Plaintiff requests permission to amend his complaint to include Defendants' latest abuse of process in attempting to require personal service without authorization of this Honorable Court and in contradiction of T.R.C.P. Rule 5.02.

17. Prior to the hearing date set by Defendants, without the legal decorum of confirming a mutually agreeable date with Plaintiff, Plaintiff will timely tender a Memorandum of Law In Support of this "Response to Defendant's Motion to Dismiss and Plaintiff's Motion for Permission to Amend Complaint. Plaintiff's Memorandum of Law will completely and irrefutably refute Defendants' misstatements of fact, inappropriate case citation and false arguments.

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

1. To deny Defendants' Motion To Dismiss as it is not well taken and frivolous;

2. To sanction Defendants pursuant to T.R.C.P. Rules 11.02 and 11.03 for tendering a frivolous motion;

3. To sanction Defendants pursuant to T.R.C.P. Rules 11.02 and 11.03 for attempting to require personal service without a court order pursuant to T.R.C.P. Rule 5.02;

4. To award Plaintiff litigation costs and time off from work in having to defend against Defendants' frivolous Motion to Dismiss;

5. To grant permission to Plaintiff to amend his complaint to include Defendants' further abuse of process evidenced in Defendants' Motion to Dismiss;

6. For a jury to be empaneled, try the facts of this case and render damages consistent;

7. For such general and further relief to which Plaintiff is entitled.

Respectfully submitted,

_____
John A Gentry, CPA, Pro Se
208 Navajo Court
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

**The hearing of this response and motion is set to be heard on** Dec 2, 2016 **at** 9:00 AM.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Lauren Paxton Roberts
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
Counsel for Defendants, Pamela A. Taylor and
Brenton H. Lankford

On this the 10th day of November, 2016

_____
John Anthony Gentry, CPA