FILED

2017 FEB 21 AM 11:50

RICHARD R. ROOKER, CLERK

**IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
TWENTIETH JUDICIAL DISTRICT**

| | |
|---|---|
| JOHN ANTHONY GENTRY,<br>Plaintiff | )<br>)<br>) |
| vs. | )<br>)<br>) |
| PAMELA ANDERSON TAYLOR, and<br>BRENTON HALL LANKFORD<br>Defendants, Jointly and Separately | )<br>)<br>)<br>)<br>) |

CASE NO. 16C2615
JURY DEMAND

---

## PLAINTIFF'S MOTION TO ALTER
## AND
## MOTION TO CONDUCT EVIDENTIARY HEARING

---

Pursuant to Tenn. R. Civ. P. Rule 59.04, Plaintiff, John Anthony Gentry, hereby respectfully moves the Court to Alter its MEMORANDUM OPINION and ORDER ON AMENDED MOTION TO STRIKE AND MOTION FOR DEFAULT OR SUMMARY JUDGEMENT OR IN THE ALTERNATIVE MOTION TO RECUSE, both entered into the record on January 26, 2017. Pursuant to Tenn. R. Civ. P. Rule 59.04, a motion to alter shall be filed and served within 30 days after the entry of the judgement. The Court entered its judgement on January 26, 2017. Plaintiff's Motion to Alter is filed and served on February 21, 2017, twenty-six days after entry of judgement and is therefore timely filed.

Plaintiff also hereby moves this Honorable Court to conduct an evidentiary hearing so that Plaintiff may present his proof for the Court's consideration so that his case will not be improperly dismissed for a lack of proof.

EXHIBIT 3

1

Citing the case, Jones v. Jones, No. M2012-02558-COA-R3-CV, Court of Appeals of Tennessee, at Nashville, The Court of Appeals stated;

> **A motion for relief under Tenn. R. Civ. P. 59 "permits the trial court to revisit and rectify errors that were made when the court overlooked or failed to consider certain matters."** citing Morrison v. Morrison, No. W2001-02653-COA-R3-CV, 2002 WL 31423848, at *2 (Tenn. Ct. App. Oct. 29, 2002).

In the case, Bradley v. McLeod, 984 SW 2d 929 - Tenn: Court of Appeals, Middle Section 1998, the court of appeals stated;

> Tenn. R. Civ. P. 59.04 motions may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) **when, for sui generis reasons, a judgment should be amended to correct a clear error of law or to prevent injustice.** (at 933).

Plaintiff respectfully asserts clear errors of law and procedure have resulted in improper dismissal of Plaintiff's Complaint, and that for sui generis reasons, justice demands the Court alter its rulings in this matter.

## MOTION TO ALTER REGARDING MOTION TO STRIKE AND MOTION FOR DEFAULT OR SUMMARY JUDGEMENT

Regarding the Court's Order pertaining to Plaintiff's AMENDED MOTION TO STRIKE AND MOTION FOR DEFAULT OR SUMMARY JUDGEMENT OR IN THE ALTERNATIVE MOTION TO RECUSE, the court overlooks the fact that Defendant's Memorandum In Support of Motion To Dismiss was in violation of Local Rule 26.04. In their Memorandum, Defendants did not include attachment of opinions issued in unreported Tennessee decisions, other state opinions, and federal court opinions as required by Local Rule 26.04.

2

It does not matter that Defendants' counsel, upon Plaintiff's request, subsequently provided some, (not all), of the required opinions to Plaintiff via email; the fact remains that they did not provide copies to the Court as required by Rule 26.04. The fact also remains that Defendants did not rectify their further abuse of process and did not amend their memorandum with attachment of the unreported Tennessee decisions, other state opinions, and opinions from federal courts. This undeniable, irrefutable fact remains today that Defendants' memorandum is still in defect and *still in violation* of Rule 26.04.

What good are Local Rules if the courts knowingly refuse to enforce them? Local Rule 26.04 plainly states:

> Whenever a memorandum cites an **unreported Tennessee decision or a decision from a court of another state or federal jurisdiction, counsel shall attach a complete copy of the opinion to the memorandum**; counsel shall also furnish a copy of any such opinion to opposing counsel.

As evidenced in Local Rule 26.04, the rule plainly states "*counsel **shall also** furnish a copy of any such opinion to opposing counsel*", and "***shall also***", plainly means they are to provide copies to the Court attached to their memorandum, **and** to opposing counsel. Defendants never did provide copies to the Court, nor attach to their memorandum, even after Plaintiff plainly complained to the Court of their defective memorandum. In not addressing Defendants' knowing and malicious disregard of Local Rules, Plaintiff is hopeful that this was an unintentional oversight by the Court, and that the Court will properly address Defendants' refusal to comply with Local Rules.

3

Plaintiff further asserts that Defendants knowingly, intentionally, and maliciously omitted attaching unreported, out of state, and federal opinions in an effort to deceive this Court. As detailed in *"Plaintiff's Memorandum of Law In Support Of Plaintiff's Response To Defendant's Motion To Dismiss And In Support of Plaintiff's Motion To Strike Or In The Alternative Motion To Recuse"*, Defendants not only cited inappropriate cases, and misspelled case citations, but Defendant's willingly and intentionally misrepresented the facts and rulings of the courts in the opinions they cited. (Plaintiff's Memorandum of Law P. 16 -29).

In the Court's Order denying Plaintiff's Amended Motion to Strike, and Motion for Default or Summary Judgement, the Court simply does not address Plaintiff's arguments in this regard in any way whatsoever. Plaintiff is further hopeful that this was simply another unintentional oversight, and that the Court will properly address Plaintiff's assertion that Defendants' were intentionally misrepresenting opinions issued in unreported, out of state, and federal courts in an effort to deceive this Honorable Court. To not address this matter directly gives the impression that this Honorable Court desires to be misled which cannot or should not be true.

In the Court's Order denying Plaintiff's Amended Motion to Strike, and Motion for Default or Summary Judgement, the Court stated *"The only legitimate dispute here is whether Ms. Roberts was required by Local Rule 6.01(b) to provide copies of federal cases"*. Plaintiff respectfully asserts the Court's statement is in plain error. Plaintiff asserts that legitimate disputes are also that (1) that Defendant's intentionally and maliciously omitted the opinions of unreported, out of state, and federal courts in an effort to deceive this Honorable Court and (2)

4

that they failed to comply with the rule when they filed their defective memorandum, and then further failed to correct their defective memorandum when complained of by Plaintiff.

The Court should address Defendants' failure to attach the opinions of unreported, out of state, and federal opinions to their memorandum and the Court should address Plaintiff's complaint of Defendants' misrepresentations of those other court opinions. Since Defendants obviously failed to comply with Local Rule 26.04 and did so with an intent to deceive, their memorandum should be stricken from the record in its entirety, and Defendants should be admonished and sanctioned appropriately. In not addressing this matter directly, this Court is not providing Equal Protection under the law.

## MOTION TO ALTER REGARDING THE COURT'S MEMORANDUM OPINION MISCONDUCT OCCURRING <u>DURING LITIGATION</u> NOT PROTECTED

Regarding the Court's Order pertaining to Plaintiff's AMENDED MOTION TO STRIKE AND MOTION FOR DEFAULT OR SUMMARY JUDGEMENT OR IN THE ALTERNATIVE MOTION TO RECUSE, the Court states in its Memorandum Opinion, "*That privilege extends to **conduct** in the court of litigation on behalf of a client*" and the Court cites Simpson Strong-Tie v Stewart and Unarco v. Libarato cases. With all due respect to this Honorable Court, the Court's assessment of these opinions is in error. Regarding "*conduct*" referred to in the Unarco case, the Court of Appeals plainly stated "...*we have concluded that the litigation privilege in Tennessee applies to an attorney's conduct **prior to** commencement of litigation*". The court's opinion in Unarco was regarding conduct **prior to** commencement of litigation, **and not conduct during** litigation. The Court's opinion in Unarco clarifies this at the outset of its opinion stating:

5

"The issue on appeal is whether an attorney, while acting in the course of representation of his client **when litigation was not pending,** has immunity from a claim that he induced the former president of the plaintiff to breach a confidentiality agreement by disclosing confidential information in violation of the agreement." *Unarco Material Handling, Inc. v. Liberato, 317 SW 3d 227 - Tenn: Court of Appeals, Middle Section 2010 (at 228)*

In the **complete and appropriate citation** of the Simpson v Stewart Opinion, the Tennessee Supreme Court stated;

> For the foregoing reasons, **we hold that an attorney is privileged to publish what may be defamatory information prior to a proposed judicial proceeding,** even though the communication may be received by individuals who are unconnected with the proposed proceeding. In order for the privilege to apply, (1) the communication must be made by an attorney acting in the capacity of counsel, (2) the communication must be related to the subject matter of the proposed litigation, (3) the proposed proceeding must be under serious consideration by the attorney acting in good faith, and (4) the attorney must have a client or identifiable prospective client at the time the communication is published. The costs in this Court are taxed one-half to each party and their sureties, for which execution may issue if necessary. Simpson Strong-Tie Company, Inc. v. Stewart, 232 S.W.2d 18,22 (Tenn. 2007)

There are two plain and obvious errors in this Court relying on the Simpson and Unarco cases. First, these opinions are both addressing *"conduct"* **prior to** commencement of litigation. This fact is clear, obvious and undeniable. Second, these cases are referring to **defamatory language** (Simpson) **made prior to litigation** and **inducement to breach confidentiality also occurring prior to commencement of litigation.** These cases do not in any way suggest that fraud and abuse of process are protected by the doctrine of Litigation Privilege.

## FRAUD AND ABUSE OF PROCESS NOT PROTECTED UNDER DOCTRINE OF LITIGATION PRIVILEGE

6

The Court's Memorandum Opinion suggests that all conduct is protected by litigation privilege which is obviously not true. Put in the simplest of terms, whether prior to, or during litigation, an attorney would not be protected, if said attorney physically assaulted or murdered any person prior to or during proceedings. This must be an obvious fact to this Honorable Court.

The same is true of fraud, constructive fraud, abuse of process and intentional infliction of emotional distress. These tortious actions are also not protected by litigation privilege. To rule otherwise would result in chaos in Tennessee Courts, and attorneys at whim could violate the law with impunity. In fact, chaos is exactly what is happening in the courts, because the Defendants, and those like them, that are allowed to proceed with impunity even when they commit fraud and abuse process.

It is time for Defendants' impunity to be reined in, and it is this Court's responsibility do so and uphold the law. When the Defendants tendered a fraudulent order to the judge in the underlying case, despite that court's repeated instruction not to tender anything other than an order declaring the parties divorced, the Defendants effectively said to the judge; '*we don't care about your instructions, we don't care about your intent, this Court is going to rule according to our wishes whether you (judge) like it or not.*' (See Docket entry 1 Comp. p. 7 – 11). Surely this Court must recognize this type of behavior is abhorrent to justice and a mockery of all members of the judiciary. Do these Defendants have so much power that they can defy judges? This cannot be so, or the legitimacy of the entire Tennessee judiciary is called into question.

7

This court references in its Memorandum Opinion, the Kahala v. Royal Corp case, and that *"a claim against a law firm... ... must fail because attorney's were not shown to be acting outside the scope of their attorney-client relationship or acting with a desire to harm that was outside their desire to protect their clients."* Plaintiff respectfully reminds this Honorable Court that Plaintiff provided this Court with a full copy of this out of state opinion from the Hawaii Supreme Court during the hearing held on December 9, 2016. For the Court's convenience, in the full Kahala opinion provided to the Court, Plaintiff "flagged" paragraph 751 in which the Hawaii Supreme Court clarified that fraud, collusion, or other malicious or tortious acts are not protected. Specifically, the Hawaii Supreme Court stated;

> "an attorney is not liable for inducing his principal (i.e., his client) to breach a contract with a third person, at least where he is acting on behalf of this principal **within the scope of his authority. Absent a showing of fraud or collusion, or of a malicious or tortious act,** an attorney is not liable to third parties for purported injuries **caused by services performed on behalf of a client** or advice offered to that client" Kahala v. Royal Corporation Inc., 151 P.3d 732 (Haw. 2007) (at 751)

There are two important facts in this opinion, that this Honorable Court did not properly take into account when issuing opinion, as evidenced in the above out of state Hawaii opinion. First, in order to be protected, the attorney **must be acting within their scope of authority**. Second, **fraud and other malicious or tortious acts, are for obvious reasons, not protected** under the doctrine of litigation privilege.

In examining one such instance, stated as one of many in Plaintiff's Complaint, as to whether Defendants were acting "within the scope of their authority", the evidence is plain that **Defendants were in fact maliciously and fraudulently acting outside and above their**

8

**authority** and in plain defiance of the judge in the underlying litigation. This fact is undeniable and plainly detailed and evidenced in Plaintiff's Complaint. (See Docket entry 1 Comp. p. 7 – 11). As evidenced in Plaintiff's Complaint, Defendants maliciously, fraudulently, and through abuse of process awarded their client attorney fees in complete defiance of the judge's clear and explicit instructions.

The facts are plain that the judge in the underlying litigation did not make a ruling on escrowed attorney fees. This fact is plainly stated and evidenced in Plaintiff's Complaint referenced above. This Honorable Court must know that attorney fees are only awarded in divorce proceedings when one spouse has need and the other has an ability pay. In Powell v. Powell 124 SW 3d 100 - Tenn. Ct. App., 2003, the Court of Appeals of Tennessee, at Jackson stated;

> **Attorney's fees constitute alimony *in solido*,** and Tenn. Code Ann. § 36-5-101(d)(2002) sets forth the relevant factors to consider when making an alimony award. *Houghland v. Houghland,* 844 S.W.2d 619, 623 (Tenn.Ct.App.1992). **Need is the critical factor to be considered in making an award of alimony, and an award of attorney's fees is proper when one spouse is disadvantaged and does not have sufficient resources with which to pay attorney's fees.** *Lancaster v. Lancaster,* 671 S.W.2d 501, 503 (Tenn.App.1984); *Thompson v. Thompson,* 797 S.W.2d 599 (Tenn.App.1990).

In Yates v. Yates, Tenn. Ct. App. 2009 No. M2008-00552-COA-R3-CV, the Court of Appeals stated;

> **Tennessee law recognizes several types of spousal support: alimony in futuro, alimony in solido,** rehabilitative spousal support, and transitional spousal support. Tenn. Code Ann. § 36-5-121; Riggs v. Riggs, 250 S.W.3d 453, 456 (Tenn. Ct. App. 2007).

9

Among these factors, "**the two that are considered the most important are the disadvantaged spouse's need and the obligor spouse's ability to pay.**" Riggs, 250 S.W.3d at 457 (citing Robertson v. Robertson, 76 S.W.3d 337, 342 (Tenn. 2002).

As evidenced in the final judgement Memorandum Opinion issued by the judge in the underlying litigation, **Plaintiff's former spouse was properly determined to not be at an economic disadvantage EXHIBIT 1**

This Court also knows, attorney's fees may also be awarded as sanction pursuant to Tenn. R. Civ. P. Rule 11.03. As this Honorable Court also knows, Rule 11.03 states in part;

> **(1) How Initiated.**
> **(a) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriated corrected.**
> **(b) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.**

As Rule 11.03 obviously and plainly states, sanctions shall be initiated **by separate motion** describing specific conduct alleged to violate 11.02, **or they may be initiated by the court.** If Rule 11 sanctions are to be initiated by the court, **the court is required to direct the party to show cause why it has not violated subdivision 11.02.**

Neither of these requirements were satisfied, and so it is obvious that Defendants through a plain abuse of process, fraudulently awarded attorney's fees to their client. **The record in the**

10

underlying litigation plainly shows Wife's counsel did not tender a separate motion alleging violations of Rule 11.02. This fact is undeniable and irrefutable.

The record in the underlying litigation plainly shows, the Circuit Court Judge did not enter an order describing this Plaintiff's specific conduct that appeared to violate Rule 11.02 and did not direct this Plaintiff to show cause why he had not violated Rule 11.02. This fact also is undeniable and irrefutable. Very obviously, the requirements for sanction under Rule 11.03 were plainly not satisfied, and attorney fees were awarded by Defendants to their client in a plain abuse of process and fraud.

Plaintiff is hopeful that in this Court not recognizing this plain fraud and abuse of process, this error of the Court was a mere oversight that the Court is obligated to correct. It must be obvious according the facts stated in Plaintiff's Complaint (See Docket entry 1 Comp. p. 7 – 11), that in fraudulently awarding attorney fees to their client, in violation of Tenn. R. Civ. P. Rule 11.03, case law precedence and in complete defiance of the judge's instructions, Defendants were plainly exceeding their authority through fraud and abuse of process.

Plaintiff is not arguing the facts of the case here, but is merely reminding this Court of the facts stated in Plaintiff's compliant which the Court is required to accept as true. In the Court's Memorandum Opinion, this Honorable Court stated;

> A motion to dismiss tests the legal sufficiency of a claim, not the strength of plaintiff's proof, and a court should construe all facts in factor of the plaintiff, taking the relevant and material allegations as true. Stein v. Davidson Hotel Co., 945 S.W.2d 714, 716 (Tenn. 1997).
>
> A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would

11

> **entitle the plaintiff to relief."** Crews v. Buckman Labs. Int'l, Inc., 78
> S.W.3d 852, 857 (Tenn.2002)

According to the Court's own citations, a trial court should accept the Plaintiff's allegations as true and should dismiss only when it appears that Plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Obviously, the facts support Plaintiff's claim.

In referencing the above facts, Plaintiff is simply reminding this Honorable Court of the facts stated in Plaintiff's Complaint and argued before the Court during the hearing on December 9, 2016 as evidenced in the transcripts which prove Plaintiff's claim and which also prove a clear error of the Court in its reliance on the Simpson v. Stewart and Kahala v Royal cases. In both the Simpson and Kahala cases, the Courts were plainly referring to **conduct prior to commencement of litigation**. Still, even holding that these opinions extend to conduct during litigation, **which they do not**, the court is still in error. In Simpson, the case to which the Unarco Court was referring to; the Simpson court stated; "an attorney is not liable for inducing his principal (i.e., his client) to breach a contract with a third person, at least where he is acting on behalf of this principal **within the scope of his authority"**. As evidenced above and in Plaintiff's Complaint, Defendants do not have authority to award their client attorney fees. They do not have authority to defy a judge. They do not have authority to violate Tenn. R. Civ. P.

Furthermore, as stated in the Kahala case, fraud and other malicious and tortious actions are not protected by litigation privilege. In the Unarco case, the Tenn Ct. of App. said exactly the same and stated:

12

In the context of conduct of an attorney that is alleged to constitute tortious interference with contractual rights of a client's adversary or potential adversary, **the conduct shall not be privileged if the attorney employed wrongful means.** See Macke, 931 S.W.2d at 181; see also Nazeri, 860 S.W.2d at 317. In this context, **wrongful means includes, inter alia, fraud,** trespass, threats, violence, **or other criminal conduct.** See Macke, 931 S.W.2d at 181; Nazeri, 860 S.W.2d at 317. *Unarco Material Handling, Inc. v. Liberato, 317 SW 3d 227 (at 238)*

As Plaintiff cited to this Honorable Court in PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS, In the case Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002, our Supreme Court quoted the Court of Appeals of The State of New York as follows:

> **"when a party abuses process[,] his tortious conduct injures not only the intended target but offends the spirit of the legal procedure itself,"** id. 380 N.Y.S.2d 635, 343 N.E.2d at 281, the court further stated that [w]hile it is true that public policy mandates free access to the courts for redress of wrongs and our adversarial system cannot function without zealous advocacy, it is also true that legal procedure 402*402 must be utilized in a manner consonant with the purpose for which that procedure was designed. Where process is manipulated to achieve some collateral advantage, whether it be denominated extortion, blackmail or retribution, **the tort of abuse of process will be available to the injured party.** Id. 380 N.Y.S.2d 635, 343 N.E.2d at 283 (citations omitted).

In the case, Peerman v. Sidicane, 605 SW 3d 242 - Tenn: Court of Appeals, Middle Section 1980, the appellate court stated in its opinion as follows:

> We are compelled to agree with the conclusion of counsel for the plaintiff-appellee that defendant's [Attorneys] action is not one of defamation but is **an action for ... .. abuse of process and the fact that the defendant is an attorney does not afford him immunity.**

13

Tennessee Courts have consistently held that attorneys do not have immunity when they abuse process and that such abuse of process is offensive to the spirit of legal procedure itself. Tennessee Courts have consistently held that fraud and abuse of process are in fact tortious acts.

## EQUAL PROTECTION AND DUE PROCESS

For this Court to continue to rely on a misconstrued, out of state case, which contradicts Tennessee opinion, plaintiff respectfully asserts and complains that to do so, violates Plaintiff's constitutional right of due process and equal protection under the law. Plaintiff is hopeful that this is a simple matter of error for which this Honorable Court feels compelled to correct.

In an eloquent and detailed opinion, and an analysis of what comprises due process, U.S. Supreme Court Justice Matthews, examined the founding principles of our bill of rights and U.S. Constitution establishing the parameters defining due process. At the outset, Justice Matthews stated:

> **The question is one of grave and serious import, affecting both private and public rights and interests of great magnitude,** and involves a consideration of what additional restrictions upon the legislative policy of the States has been imposed by the Fourteenth Amendment to the Constitution of the United States. *Hurtado v. California, 110 US 516 - Supreme Court 1884 (at 520)* **EXHIBIT 2**

This Court, also sworn to uphold the U.S. Constitution, obviously understands the grave and serious importance of a citizen's right of due process. Plaintiff respectfully puts forth question to this Honorable Court, does the Court's Order dismissing Plaintiff's Complaint violate Plaintiff's right of due process and right to Equal Protection under the law? Justice Matthews went on to

14

reference an earlier opinion issued in Rowan v. The State, 30 Wis. 129, speaking to the Fourteenth

Amendment, in which that court stated:

> "But its design was not to confine the States to a particular mode of procedure in judicial proceedings, and prohibit them from prosecuting for felonies by information instead of by indictment, if they chose to abolish the grand jury system. **And the words `due process of law' in the amendment do not mean and have not the effect to limit the powers of State governments to prosecutions for crime by indictment; but these words do mean law in its regular course of administration, according to prescribed forms, and in accordance with the general rules for the protection of individual rights.** Administration and remedial proceedings must change, from time to time, with the advancement of legal science and the progress of society; and, if the people of the State find it wise and expedient to abolish the grand jury and prosecute all crimes by information, there is nothing in our State Constitution and nothing in the Fourteenth Amendment to the Constitution of the United States which prevents them from doing so." *Hurtado v. California, 110 US 516 - Supreme Court 1884 (at 521)* **EXHIBIT 2**

As issued in the Rowan Opinion, **due process does mean following the law according to**

**prescribed forms** and in accordance with the general rules for protection of individual rights.

Plaintiff asserts protection of his rights should be enforced in this case, just as the plaintiff's rights

were protected in the Givens v. Mullikin and Peerman v. Sidicane cases referenced above. Plaintiff

respectfully asserts that in not doing so, Plaintiff's rights of due process and equal protection are

being violated. Justice Matthews later stated in his opinion the following:

> Law is something more than mere will exerted as an act of power. **It must be not a special rule for a particular person or a particular case,** but, in the language of Mr. Webster, in his familiar definition, "the general law, a law which hears before it condemns, which proceeds upon inquiry, and renders judgment only after trial," so "that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society," **and thus excluding, as not due process of law,**

15

**acts of attainder, bills of pains and penalties, acts of confiscation, acts reversing judgments, and acts directly transferring one man's estate to another, legislative judgments and decrees, and other similar special, partial and arbitrary exertions of power under the forms of legislation. Arbitrary power, enforcing its edicts to the injury of the persons and property of its subjects, is not law, whether manifested as the decree of a personal monarch or of an impersonal multitude**. And the limitations imposed by our constitutional law upon the action of the governments, both State and national, are essential to the preservation of public and private rights, notwithstanding the representative character of our political institutions. **The enforcement of these limitations by judicial process is the device of self-governing communities to protect the rights of individuals and minorities, as well against the power of numbers, as against the violence of public agents transcending the limits of lawful authority, even when acting in the name and wielding the force of the government**. *Hurtado v. California, 110 US 516 - Supreme Court 1884 (at 536)* **EXHIBIT 2**

Plaintiff respectfully asserts that to not provide the same protection as provided by Tennessee courts in the Givens v. Mullikin and Peerman v. Sidicane cases, Plaintiff's case is being treated with a "special rule" and that as a pro se litigant, he is not being provided the same equal protection under the law.

## FURTHER ERRORS IN THE COURT'S ANALYSIS

### Personal Benefit by Abuser of Process Not Required

This Honorable Court made the incorrect statement **"Mr. Gentry does not allege that Defendants derived any personal benefit from the alleged conduct.",** which is not true. Plaintiff plainly stated in his Complaint at ¶ 56:

> Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD **made improper use of process so as to defraud Plaintiff of monies, and to win their case at all costs; even at the cost of abandoning their rules of professional responsibility and violating TENN. SUP. CT. R. 8, Tennessee Rules of Professional Conduct and specifically Rules**

16

**3.3, 3.2, 3.4, 3.5 and 8.4, and as further underlying motive, as a malicious response to Plaintiff's tenacious persistence at fighting Defendants' dilatory behavior and obstruction of evidence.**

As evidenced in Plaintiff's Complaint, Plaintiff most certainly alleged Defendants' personal benefit as "to win their case at all costs" even in abandonment of the rules supposedly put in place to ensure professional conduct of the legal profession, and as a personal retaliation against Plaintiff for complaining of their misconduct. Plaintiff would further point out abuse of process does not require "personal benefit" by the abuser, and this Court does not support this statement with any citation or statute.

## THIS COURT IS THE PROPER VENUE FOR PLAINTIFF'S CLAIM AND CAUSE OF ACTION

This Court goes on to state: **"this Court is not the proper place to litigate such claims"** of fraud and abuse of process. With all due respect to this Honorable Court, **this statement is plainly in error** and directly contradicts the Givens v. Mullikin and Peerman v. Sidicane cases.

The underlying litigation in the Givens v. Mullikin was a case in which the Plaintiff Givens complained that during litigation, the attorney hired by Allstate committed several torts including Abuse of Process. As cited:

> **We granted permission to appeal in this case to review whether the trial court should have granted a motion to dismiss a complaint under Tennessee Rule of Civil Procedure 12.02(6) for the failure to state a claim upon which relief may be granted. The plaintiff, Ms. Connie Jean Givens, has alleged that an attorney hired by Allstate Insurance Company to defend one of its insureds committed several torts within the context of that representation, thereby rendering Allstate and its insured vicariously liable for the attorney's actions. Because a motion to dismiss under Rule 12.02(6) admits the truth of all of the relevant and material averments contained in the complaint, see, e.g., Stein v.**

17

**Davidson Hotel Co., 945 S.W.2d 714, 716 (Tenn.1997), we "must construe the complaint in favor of the plaintiff, accept the allegations of fact as true, and deny the motion unless it appears that the plaintiff can establish no facts supporting the claim that would warrant relief,"** see, e.g., Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn.1999).

As alleged in the plaintiff's complaint, the underlying facts of this case arose out of a 1988 traffic accident involving the plaintiff and the defendant, Larry McElwaney. After the plaintiff filed suit against McElwaney to recover damages, his insurance carrier, Allstate Insurance Company, hired Mr. Hal Nichols, "a highly competent and effective Memphis attorney," to represent McElwaney. Sometime after Mr. Nichols substantially completed discovery in the case, including deposing the plaintiff, submitting interrogatories, and obtaining the plaintiff's medical records, Allstate fired Mr. Nichols and employed the Richardson Law Firm to represent McElwaney.

**According to the plaintiff, as soon as Allstate hired the Richardson Firm, the Firm began the discovery process anew to harass her, to cause her to suffer unnecessary expense, and to "weaken [her] resolve to pursue the suit to the extent that she [would] abandon it."** *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 391)*

The Givens opinion then goes on to state in the Factual Background, that Plaintiff Givens filed a separate cause of action alleging among other things, abuse of process. Specifically, the Supreme Court Opinion stated:

On June 12, 1998, the plaintiff filed a separate action alleging (1) **that the Richardson Firm's discovery practices constituted an abuse of process,** ... *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 392)*

In the Givens case, the trial court denied the motion to dismiss as evidenced in the Supreme Court Opinion as follows:

Both McElwaney and Allstate filed motions to dismiss the complaint pursuant to Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief can be granted. Each defendant alleged that they could not be held vicariously liable for the actions of the Richardson Firm as alleged, but that even if they could, the complaint did not allege sufficient facts to grant

18

the plaintiff relief on any claim. **The trial court held a hearing on the motion, and on October 9, 1998, it denied the motions to dismiss.** *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 392).*

After denial of the motion to dismiss, the defendants requested and were granted an interlocutory appeal and the appellate court held as follows:

On January 26, 2000, the Court of Appeals granted interlocutory appeal on these grounds, and it later affirmed the trial court's holding that the defendants could be held vicariously liable for the actions of the Richardson Firm. **The intermediate court also found that the complaint stated causes of action for abuse of process** and inducement to breach contracts of confidentiality. *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 393).*

After the opinion was issued by the appellate court, Defendants in the Givens case, then appealed to the Tennessee Supreme Court and permission to appeal was granted as follows:

We then **granted** McElwaney and Allstate **permission to appeal** on the issues of whether they may be held vicariously liable for the Richardson Firm's actions **and whether the complaint properly alleges claims for abuse of process** and inducement to breach express and implied contracts of confidentiality. *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 393).*

In the conclusion of the Supreme Court's Givens Opinion, the Tennessee Supreme Court stated:

We further hold that the complaint in this case states a **claim of vicarious liability against Allstate Insurance Company for abuse of process, and we remand this claim to the Shelby County Circuit Court for further proceedings consistent with this opinion.** *Givens v. Mullikin ex rel. McElwaney, 75 SW 3d 383 - Tenn: Supreme Court 2002 (at 413).*

Based on the above cited opinion, this Courts statement in its Memorandum Opinion that

*"this Court is not the proper place to litigate such claims"* of fraud and abuse of process is in

19

plain error. Neither the trial court, nor the appellate court, nor the Tennessee Supreme Court stated that the abuse of process claim should have been a matter addressed by the court in underlying litigation. In fact, to the contrary, all three courts recognized the abuse of process claim as a valid cause of action. Even the trial court recognized that a complaint of abuse of process should not be dismissed.

The same is true in the Peerman v. Sidicane case. The trial court jury found Defendant guilty of abuse of process and awarded damages as well as punitive damages. The Supreme Court upheld the trial court's findings and award. Neither the trial court nor the Supreme Court suggested the abuse of process claim should have been addressed by the court in the underlying litigation.

This Court's statement that "this court is not the proper place to litigate such claims" is plainly in error and not supported by any citation or statute, and is in fact contradictory of Supreme Court Opinion as plainly established above. Plaintiff in this case should be afforded the same equal protection and due process; and so too, should his case not be dismissed, but heard.

**RES JUDICATA**

This Court goes on to erroneously state without stating any factual basis, against the weight of facts plainly stated in Plaintiff's Complaint, and without any case or statute citation: "*However, this Court finds that Mr. Gentry is seeking to attack the validity of the Sumner County Court rulings in this case*", which is untrue. Plaintiff's Complaint and cause of action are for fraud and abuse of process which are plainly actionable torts as established in the cases above. As also established above, this Court is the proper venue for hearing of Plaintiff's Complaint and not the

20

court in the underlying litigation. Furthermore, Plaintiff firmly established that in cases of fraud, res does not apply. This Court can and should provide for due process and equal protection under the law. This fact becomes even more obvious now that the Court has been made aware of the errors in its rulings.

## FRAUD, FRAUDULENT INDUCEMENT AND ABUSE OF PROCESS

This Honorable Court further makes the erroneous statement that "*However, Mr. Gentry does not identify the time, place and content of the alleged misrepresentations as required by Rule 9.02 of the Tennessee Rules of Civil Procedure.*" which is untrue. First, Rule 9.02 does not require a complaint to state a "time, place, and content" Rule 9.02 simply states:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Obviously, this Honorable Court is in error suggesting that a complaint of fraud should include a "time and place" according to Rule 9.02. Regardless, Plaintiff did in fact state a time and place very obviously and very clearly. Throughout Plaintiff's Compliant, Plaintiff made multiple dated references to certified court reporter transcripts, party prepared orders, emails and letters proving Defendants' fraud and abuse of process. As a legal professional herself, this Honorable Court must know that all court orders are date time stamped at the courthouse and plainly show a time and place. This court must know transcripts plainly evidence the time and place of proceedings. Emails and letters received through email are also date time stamped. Plaintiff respectfully states that he is concerned that this statement by the Court suggests bias and an attempt to deny Plaintiff due process and equal protection under the law. Plaintiff is hopeful

21

this was a mere oversight of the court that the court failed to consider, and that now being made aware of this oversight, this Honorable Court will Alter its Memorandum Opinion.

This Honorable Court goes on to erroneously state in its Memorandum Opinion, "*Mr. Gentry fails to identify with particularity a single misstatement made by either Defendant to him, any reliance by him or his previous counsel on any misstatements by defendants, or that he suffered any damage as the result of any misstatements. He simply claims that there was fraud perpetrated by the Defendants*"

First, meaning no disrespect to this Honorable Court, but the Court contradicts her own statements in her own Memorandum Opinion. On page 3 of this Court's Memorandum Opinion, the Court stated "Mr. Gentry further alleges a variety of medical and financial hardships were caused by Defendants actions…" Obviously, this Plaintiff did allege suffered damages as a result of Defendants fraud as evidenced in the Court's own statement. On page 7 of this Court's Memorandum Opinion, in the same paragraph in which this Court stated "*or that he suffered any damage as the result of any misstatements*", this Court also stated "*He claims these documents were submitted to intentionally defraud him of monies*". Meaning no disrespect, in the same paragraph and twice in the same document this Court contradicts its own statements and the Court's statement is plainly in error and Plaintiff did allege he suffered damages. Plaintiff would further clarify that he plainly stated he suffered damages as a result of "*fraudulent*" and "*false*" statements made by Defendants not "*misstatements*" and stated as such by this Court is a mischaracterization of Plaintiff's claim and cause of action.

This Honorable Court goes on to erroneously state "*Mr. Gentry does claim that Defendants submitted an incorrect proposed order on the Motion to Recuse, which constituted fraud and abuse of process. As Mr. Gentry describes in the Complaint, <u>the trial judge asked Defendants to prepare a proposed order.</u>*" **This is a plainly false and erroneous assessment of the facts by this Honorable Court.** In Plaintiff's Compliant, on page 23 Plaintiff titled the section "Abuse of Process: Tendering a Falsified Opinion of Court." In this section of his Complaint, Plaintiff plainly stated:

> 95. Evidently, Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD did read Husband's objection and recognized the insufficiency of their party prepared order, **and without the trial court making request, Defendants surreptitiously tendered a document** to satisfy Rule 10B. The title of this document is <u>FINDINGS OF FACT AND CONCLUSIOSN OF LAW IN SUPPORT OF ORDER DENYING HUSBAND'S MOTION TO REQUEST THE HONORABLE JUDGE THOMPSON TO RECUSE HIMSELF.</u>
>
> 96. This action by Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD, constitutes Fraud and Abuse of Process for a number of reasons in that; (1) it fraudulently represents to the public the deliberations of the judge when in fact it is obviously and plainly findings and conclusions manufactured by the Defendants, (2) it is an ex parte communication suggesting collusion and civil conspiracy with the trial court judge, (3) it was tendered without notice to Plaintiff, (4) it was tendered without first proper filing with the court clerk and, (5) **it was tendered without request or instruction of the trial court judge.**
>
> 97. The transcripts prove this document was surreptitiously tendered to the trial court judge without proper filing with the court clerk and without notice to Plaintiff, in an effort to hide their Fraudulent Action and Abuse of Process. During the hearing the following dialogue took place; …

The facts prove, and the evidence shows, and as properly stated and evidenced in Plaintiff's Complaint, **the trial court did not ask Defendants to prepare a proposed order.** Plaintiff is rather astounded that this Honorable Court somehow drew conclusion that this surreptitious party

23

prepared order by Defendants was a proposed order requested by the trial court in the underlying litigation. This is simply an untrue and false assessment of the facts. Plaintiff is hopeful this was simply an unintentional error of the court, and that the court feels obliged to correct itself in an altered ruling.

Plaintiff would further point out that this Honorable Court's representation that *"Mr. Gentry does claim that Defendants submitted an incorrect proposed order on the Motion to Recuse ..."* is a mischaracterization of Plaintiff's Complaint. Plaintiff ***does not*** complain Defendant's submitted an "incorrect proposed order," Plaintiff complains that Defendants violated local rules or procedure by directly handing an **unsigned, unsolicited, fraudulent order** directly to the judge, without providing notice to Plaintiff; and that this fraudulent document was falsely represented as coming from a member of the judiciary, when in fact it was a fraudulent document prepared and tendered by Defendants' own hand. Plaintiff is hopeful this also was simply an unintentional error of the court that the court who now feels obliged to correct in an altered ruling.

The Court's further statement that this kind of behavior "is common in trial courts," suggests no need for judges to issue decisions, and that attorneys can just decide matters for themselves, and that the Rules of Procedure, both Tenn. R. Civ. P., and Local Rules of Sumner County do not hold any weight, are not enforceable, and can be ignored at whim. This notion is very obviously, a statement that is abhorrent to justice. This disturbing statement by this Honorable Court is also unsupported by citation, statute, legal argument or even example.

24

Perhaps this will be a matter of First Impression for consideration by higher courts to issue opinion.

Referring back to this Honorable Court's statement that; "*Mr. Gentry fails to identify with particularity a single misstatement made by either Defendant to him, any reliance by him or his previous counsel on any misstatements by defendants...*" Plaintiff would remind this Honorable Court that a Plaintiff's reliance on false statements is an element perhaps required in a complaint of only Fraud. Plaintiff also complained of Constructive Fraud which is also an actionable tort. (See Docket Entry 1, Plaintiff's Complaint page 5 Count I). While Defendant's malicious actions meet the requirements, which constitute fraud, **they most certainly constitute Constructive Fraud**. Citing Kincaid v. SouthTrust Bank, 221 SW 3d 32 - Tenn: Court of Appeals, Middle Section 2006, the Appellate Court referenced several cases defining Constructive Fraud:

> Constructive fraud is **a breach of a legal or equitable duty which is deemed fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.** Cornwell v. Hodge, C.A. No. 44, 1986 WL 5890, at *3 (Tenn.Ct.App. May 23, 1986) (citing Bank of Blount County v. Dunn, 10 Tenn.App. 95 (1929)). **Constructive frauds are acts, statements or omissions which operate as virtual frauds on individuals.** Cornwell, 1986 WL 5890, at *3 (citing Maxwell v. Land Developers, Inc., 485 S.W.2d 869 (Tenn.Ct.App.1972)). **They concern a breach of a legal or equitable duty, with or without fraudulent intent, and entail as an attribute of fraud, conduct which reasonably can be expected to influence the conduct of others.** Cornwell, 1986 WL 5890, at *3 (citing Parks v. Alexander, 608 S.W.2d 881 (Tenn.Ct.App.1980)).

Beyond doubt, Defendants actions constitute Constructive Fraud. Yet again, as stated above, in a motion to dismiss, all of Plaintiff's allegations are to be considered true. The issue before the Court is whether Plaintiff has properly stated a claim. It is beyond any doubt whatsoever Plaintiff did properly state a claim of Constructive Fraud as well as abuse of process.

25

## ABUSE OF PROCESS

Again, In the Court's Memorandum Opinion, this Honorable Court stated:

> **A motion to dismiss tests the legal sufficiency of a claim**, not the strength of plaintiff's proof, and a court should construe all facts in factor of the plaintiff, **taking the relevant and material allegations as true**. Stein v. Davidson Hotel Co., 945 S.W.2d 714, 716 (Tenn. 1997).
>
> A trail court should grant a motion to dismiss **"only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief."** Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 857 (Tenn.2002)

Against the weight of facts, this Honorable Court states: "*This Court finds that Mr. Gentry has not offered any facts to support either element.*" In making this statement, the Court was referring to the case Priest v. Union Agency, 174 Tenn. 304, 125 S.W.2d 142, 144 (1939) (citing Cooley on Torts, 3d ed., 355), the elements of abuse of process stated in that case are; (1) the existence of an ulterior purpose and (2) an act in the use of process not proper in the regular prosecution of the proceeding. "Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process".

This Court heard arguments and viewed evidence that Defendants tendered fraudulent orders of matters not ruled upon by the court, which were made in violation of Rules of Procedure. Does this court suggest such behavior is an act of the use of process that is proper in the prosecution of a proceeding? Imagine a judicial system where attorneys tender any order they desire without a ruling by the court. Such a system would be chaos.

This Court heard arguments that through dilatory behavior and failure to comply with a court order requiring discovery, Defendants obstructed evidence and then compounded their

26

obstruction of evidence with a "motion to quash any and all subpoenas" for documents that should have been provided in discovery. Does this Honorable Court suggest such behavior is an act of the use of process that is proper in the prosecution of a proceeding? Does this court believe these actions were without ulterior motive? Is it regular and legitimate use of process to obstruct evidence and refuse compliance with a court order and then further confound discovery by quashing subpoena for evidence wrongfully refused in discovery? In the Bell v ICARD case, referring to the Priest opinion cited by this Honorable Court, The Supreme Court of Tennessee stated:

> **The test as to whether there is an abuse of process is whether the**
> **process has been used to accomplish some end which is without the**
> **regular purview of the process....** 174 Tenn. at 307, 125 S.W.2d at 144.
> *Bell ex rel. Snyder v. ICARD, ETC., 986 SW 2d 550 - Tenn: Supreme*
> *Court 1999*

Does this Court suggest Defendants' actions evidenced in the facts stated in Plaintiff's Complaint are the regular purview of process? Does this Court suggest that tendering orders without ruling by the court is the regular purview of process? Does this court suggest obstructing evidence is the regular purview of process? Certainly, these are false notions which are offensive to justice.

Surely this Honorable Court must see the errors of such an assessment of the facts. Plaintiff is hopeful that this Honorable Court, out of honest error, and because of the elapsed time between the hearing on December 9, 2016 and the Courts rulings issued on January 26, 2017, that this Honorable Court was no longer cognizant of the facts evidenced during the December hearing

27

and in Plaintiff's Complaint; and after so being redressed now, that the Court will revisit the facts and issue fair ruling in this matter as justice requires.

## MOTION FOR EVIDENTIAL HEARING

If somehow, after revisiting Plaintiff's Complaint, this Court is not convinced of sufficient facts proving Plaintiff's cause of action and properly stated claim, Plaintiff should be allowed an opportunity to present his proof, and enter into evidence his proof of facts, establishing all the elements of fraud, constructive fraud, abuse of process, civil conspiracy and intentional infliction of emotional distress that were malicious actions by Defendants against Plaintiff.

During the hearing on December 9, 2016, Plaintiff specifically asked, if the Court desired to hear arguments on intentional infliction of emotional distress. This fact is plainly evidenced in the certified court reporter transcripts. The Court stated it did not need to hear arguments at that time. Plaintiff should be granted a right to be heard, and an opportunity to present his arguments before his case is dismissed.

Plaintiff should be allowed to present all of his evidence regarding all of his claims and causes of action. Again, In the Court's Memorandum Opinion, this Honorable Court stated;

> A trial court should grant a motion to dismiss "**only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.**" Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 857 (Tenn.2002)

Plaintiff has not been afforded the opportunity to present proof of facts that will show a clear and substantiated claim and cause of action. During the hearing on December 9, 2016, Plaintiff limited his arguments to Defendants' false and failed claims of immunity under the

doctrines of Litigation Privilege and Res Judicata, and the false assertion that Plaintiff failed to state a claim with particularity, since that was the purpose of the hearing. Plaintiff's claim and cause of action should not be dismissed for lack of proof without having the opportunity to present his proof. To allow this to happen is a violation of due process and a right to be heard. Plaintiff hereby moves this Honorable Court to grant an evidentiary hearing, in order that Plaintiff may properly present all of his proof substantiating his claims and causes of action.

**CIVIL CONSPIRACY AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff also takes issue with the Court's Opinion regarding conspiracy and IIED but as these are not matters affecting improper dismissal, Plaintiff does not enumerate his objections at this time, and reserves to address these matters in an evidential hearing, on a date to be determined.

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

1. To hear Plaintiff's arguments on why his case should not be dismissed and why this Honorable Court should alter its ruling based on numerous and clear errors of law.

2. To grant Plaintiff an evidentiary hearing so that all of his proof and evidence may be presented.

3. To hear Plaintiff's arguments as to why Defendants should be sanctioned for maliciously violating Local Rules of Procedure.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

29

**THIS MOTION IS SET TO BE HEARD ON DATE TO BE DETERMINED MUTUALLY AGREEABLE TO PARTIES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email, fax and via First Class US Mail, postage prepaid to;

Lauren Paxton Roberts
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
Fax: (615) 782-2371
Email: lauren.roberts@stites.com
Counsel for Defendants, Pamela A. Taylor and
Brenton H. Lankford

On the 21ST day of February, 2017

John Anthony Gentry, CPA, Pro Se

Case 3:17-cv-00020   Document 104-3   Filed 07/21/17   Page 30 of 32 PageID #: 2355

## OATH AND AFFADAVIT OF JOHN ANTHONY GENTRY

**State of Tennessee** )

**County of _____** )

    I, John Anthony Gentry, after being first duly sworn according to law, do hereby make oath and affirm that all statements included in this **PLAINTIFF'S MOTION TO ALTER AND MOTION TO CONDUCT EVIDENTIARY HEARING**, are true and correct to the best of my knowledge, information and belief

 

                                         _____

                                         John Anthony Gentry

Sworn to and subscribed before me, this

the _____ day of _____, 2017

Notary Public _____

My Commission Expires _____

31

Considering these factors and the Court's allocation of marital property and debt, the Court finds that Ms. Gentry is not at an economic disadvantage and does not have a need for alimony. Therefore, the Court declines to grant Ms. Gentry any attorney's fees other than those awarded by previous orders of the Court. Mr. Gentry's motion to reconsider the Court's prior award of attorney's fees is denied. Each party shall bear their own fees.

**IT IS SO ORDERED** this 14th day of July, 2016.

JOE H. THOMPSON, CIRCUIT JUDGE

FILED
2017 FEB 21 AM 11:50
RICHARD R. ROOKER, CLERK
D.C.

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing Order has been sent *via:*

_____✓_____ U.S. Mail, postage prepaid; or

to:

    John A. Gentry
    208 Navajo Court
    Goodlettsville, TN 37072
    *johng@estartsolutions.com*

    Pamela A. Taylor
    Sites & Harbison, PLLC
    SunTrust Plaza
    401 Commerce Street, Suite 800
    Nashville, TN 37219-2490
    *pamela.taylor@stites.com*

on this 14th day of ___July___, 2016.

Deputy Clerk

EXHIBIT 1

2228