# IN THE SECOND CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE TWENTIETH JUDICIAL DISTRICT

| | |
|---|---|
| JOHN ANTHONY GENTRY, ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> PAMELA ANDERSON TAYLOR, and ) <br> BRENTON HALL LANKFORD ) <br> Defendants, Jointly and Separately ) <br> ) | CASE NO. 16C2615 <br><br> JURY DEMANDED (12) |

## PLAINTIFF'S MOTION FOR STATUS OF RULING

Comes now your Plaintiff, John Anthony Gentry respectfully seeking an update on the status of this Honorable Court's ruling regarding *"Plaintiff's Motion To Alter And Motion To Conduct Evidentiary Hearing"* (Docket Entry 36). Plaintiff's Motion (Docket Entry 36) was filed on February 21, 2017 and the matter was heard by this Honorable Court on April 21, 2017.

During the hearing on April 21, 2017, this Honorable Court stated it would take the matter "under advisement" and would issue ruling at a later date. Plaintiff respectfully understands this Honorable Court must have an incredibly burdensome schedule and workload. However, it has now been seventy-three (73) days between the hearing date on April 21, 2017 and the present date July 3, 2017 upon which this motion is filed. Plaintiff respectfully reminds this Honorable Court of the following:

Tenn. Sup. Ct. Rule 10, Code of Judicial Conduct Canon 2, Rule 2.5 (A) states:

**EXHIBIT 6**

> A judge shall perform judicial and administrative duties competently, **promptly and diligently**.

TENN. SUP. CT. R. 10, Canon 2, Rule 2.5, Comments [1], [2] [3], [4] and [5] state:

> [1] Competence in the performance of judicial duties requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office.
>
> [2] A judge should seek the necessary docket time, court staff, expertise, and resources to discharge all adjudicative and administrative responsibilities.
>
> [3] **Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties**, to be punctual in attending court and **expeditious in determining matters under submission**, and to take reasonable measures to ensure that court officials, litigants, and their lawyers cooperate with the judge to that end.
>
> [4] **In disposing of matters promptly and efficiently, a judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay.** A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.
>
> [5] **A judge is required by law to promptly dispose of cases.** *See, e.g.,* **Tenn. Code Ann. § 20-9-506 (in a non-jury case, judge must render decision and enter judgment within sixty days of completion of trial); Tenn. Code Ann. § 40-30-111(d) (court must rule within sixty days of conclusion of proof;** final disposition of capital case must be made within one year of filing of petition); S. Ct. R. 11, § III(e) (no case may be held under advisement for more than sixty days; motions or other decisions that delay trial or final disposition shall not be held under advisement for more than thirty days, absent most compelling of reasons).

Plaintiff intends no disrespect whatsoever in reminding this Court of the above state statute and Tenn. Sup. Ct. R. 10. Again, Plaintiff recognizes this Court must have incredible demands of her time.

Regardless though of the burdensome demands of the Court's time, Justice demands that this matter be considered and ruled upon. Plaintiff has suffered incredible emotional and financial harm as a result of Defendants' actions.

Defendants in this case are "Confidence Men" and Plaintiff deserves redress of the wrongs perpetrated against him. "Confidence men are not "crooks" in the ordinary sense of the word. They are suave, slick and capable. **Their depredations are very much on the genteel side. Because of their high intelligence, their solid organization, the widespread convenience of the law,** and the fact that the victim [sometimes] must admit criminal intentions if he wishes to prosecute, society has been neither willing nor able to avenge itself affectively. (*Scamming: The Misunderstood Confidence Man, Yale Journal of Law & the Humanities p. 250)*"

Due to the long passage of time (73 days) since the hearing date and filing of this motion for status of ruling update, Plaintiff begs this Court to revisit "*Plaintiff's Motion to Alter And Motion To Conduct Evidentiary Hearing*" (Docket Entry 36) and to carefully consider Plaintiff's arguments of law, as well as the facts of Plaintiff's Complaint and evidence presented to the Court during the hearing on December 9, 2016.

Moreover, Plaintiff further begs this Court to revisit the transcripts from the hearing held on December 9, 2016 (attached as EXHIBIT 1). That transcript proves beyond any doubt

3

whatsoever that Plaintiff proved to this Court that his case should not be dismissed on obvious failed arguments of litigation privilege or res judicata, and that this matter should move to trial or other amicable resolution. Plaintiff respectfully asserts to dismiss his case based on these failed defenses is to deny Plaintiff due process of law and equal protection under the law.

The facts of this case that occurred during the underlying litigation are well evidenced in Certified Court Reporter Transcripts and various orders, emails, and filings in the case underlying this litigation. Plaintiff should be granted an evidentiary hearing and Defendants' Motion to Dismiss should be denied with prejudice.

Further regarding a status update, this very Court made the following statement during the December 9, 2016 hearing as follows:

> THE COURT: Typically, a motion to dismiss must be decided – as a dispositive motion, must be decided by me in 30 days. (**EXHIBIT 1**, December 9, 2016 Transcript p. 68)

Plaintiff again expresses his gratitude to the Court for allowing him to be fairly heard thus far during proceedings in this matter and his gratitude for the Court's understanding that Plaintiff is Pro Se and does not understanding the inner workings of the judicial process and is only seeking justice and redress of the wrongs he has suffered at the hands of the Defendants.

**WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

1. That this Honorable Court carefully consider the legal arguments in *"Plaintiff's Motion to Alter And Motion To Conduct Evidentiary Hearing"* (Docket Entry 36).

4

2. That this Honorable Court carefully consider the legal arguments and exhaustive higher court opinion citations presented to this Court and evidenced in the attached **EXHBIT 1** transcript.

3. That this Court DENY Defendant's Motion to Dismiss with prejudice.

4. That this Court GRANT and Evidentiary Hearing so the Court can learn all the facts supporting Plaintiff's claims and causes of action.

5. That this Court provide a status update on when this Honorable Court will issue opinion and ruling.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## THIS MOTION IS SET TO BE HEARD ON A DATE TO BE DETERMINED MUTUALLY AGREEABLE TO PARTIES

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to:

Lauren P. Roberts
Erika R. Barnes
Stites & Harbison, PLLC
401 Commerce Street, Suite 800
Nashville, Tennessee 37219
Counsel for Defendants, Pamela A. Taylor and
Brenton H. Lankford

On this the 3rd day of July, 2017

John Anthony Gentry, CPA, Pro Se