# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S MOTION FOR STATUS UPDATE ON PLAINTIFF'S PENDING MOTIONS

Comes now your Plaintiff, John Anthony Gentry, respectfully seeking an update on status of ruling on his various pending motions. Plaintiff also respectfully reminds this Honorable Court that in bringing forth his case Pro Se, Plaintiff does not understand the inner workings of the federal judicial process and in no way intends disrespect in seeking an update on status of ruling. In other matters before the Court in this case, the Court has ruled very quickly and sometimes next day. Moreover, due to the elapsed time and numerous entries on the docket, Plaintiff asserts it is appropriate to respectfully remind the Court of pending motions. It is for these reasons, Plaintiff seeks an update on status of ruling.

1

Plaintiff seeks an update on status of ruling of the following pending motions, supplements, responses, and replies to responses:

1. **Docket Entry 73**, *Plaintiff's Motion To Set Evidentiary Or Other Appropriate Hearing And Incorporated Memorandum of Law.* Filed 6/12/2017
    a. **Docket Entry 77**, *Response Of Defendant Opposing Plaintiff's Motion To Set Evidentiary Hearing Or Other Appropriate Hearing.* Filed 6/15/2017
    b. **Docket Entry 79**, *Plaintiff's Response And Objection To Defendant Perky's "Response of Defendant Opposing Plaintiff's Motion To Set Evidentiary Hearing Or Other Appropriate Hearing" And Incorporated Memorandum Of Law.* Filed 6/19/2017
    c. **Docket Entry 80**, *Plaintiff's Supplemental Motion To Set Evidentiary Or Other Appropriate Hearing.* Filed 6/19/2017
    d. **Docket Entry 95**, *Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017
    e. **Docket Entry 96**, *Plaintiff's Response To Defendant State of Tennessee's "Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017 (**date time stamped July 11, 2017 8:09 AM**)

As proven in Docket Entries 73, 79, 80, and 96, based on higher court opinion, Fed. R. Civ. P., and for the good of THE PEOPLE, Plaintiff's motion to set evidentiary or other appropriate hearing should be GRANTED.

2. **Docket Entry 86**, *Plaintiff's Emergency Motion For A Temporary Restraining Order and Preliminary Injunction Against Defendants Pamela Anderson Taylor and Brenton Hall Lankford.* Filed 6/26/2017
    a. **Docket Entry 87**, *Memorandum Supporting Plaintiff's Emergency Motion For A Temporary Restraining Order and Preliminary Injunction Against Defendants Pamela Anderson Taylor and Brenton Hall Lankford.* Filed 6/26/2017
    b. **Docket Entry 91**, *Response In Opposition To Plaintiff's Emergency Motion For A Temporary Restraining Order And Preliminary Injunction Against Defendants Pamela Anderson Taylor And Brenton Hall Lankford.* Filed 7/7/2017

  c. **Docket Entry 94**, *Plaintiff's Response To Defendants' "Response In Opposition To Plaintiff's Emergency Motion For A Temporary Restraining Order And Preliminary Injunction Against Defendants Pamela Anderson Taylor And Brenton Hall Lankford"*. Filed 7/10/2017

  d. **Docket Entry 95**, *Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions*. Filed 7/10/2017

  e. **Docket Entry 96**, *Plaintiff's Response To Defendant State of Tennessee's "Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions*. Filed 7/10/2017 (**date time stamped July 11, 2017 8:09 AM**)

As proven in Docket Entries 86, 87, 94 and 96, based on higher court opinion, Fed. R. Civ. P., and to prevent irreparable harm to Plaintiff, Plaintiff's TRO motion should be GRANTED. **Plaintiff is merely asking this Honorable Court to perform its duty and prevent a crime from being committed against Plaintiff.**

As proven in the above listed docket entries, Defendants Taylor and Lankford have no legal basis whatsoever to request attorney fees in Case No. M2016-01765-COA-R3-CV. Plaintiff is in great fear that the Tennessee Court of Appeals, through false and fraudulent application of law, and in conspiracy with Defendants Taylor and Lankford, will order Plaintiff to pay opposing party legal fees. Plaintiff anticipates these fees will be inflated and amount to $30,000 to $50,000 and perhaps even more.

As stated in Docket Entry 94, p. 5: There is no doubt that Defendants do not have any legal basis whatsoever to request attorney's fees and false application of state statute 36-5-103(c) is extortion under color of law which is a federal crime.

Black's law dictionary defines "Extortion" as follows;

> **Any oppression by color or pretense of right, and particularly the exaction by an officer of money, by color of his office, either when**

3

> **none at all is due, or not so much is due.** or when it Is not yet due. Preston v. Bacon, 4 Conn. 4S0.**Extortion consists in any public officer unlawfully taking, by color of his office, from any person any money or thing of value that is not due to him. or more than his due.** *Black's Sec. Ed.*

18 USC § 1951(b)(2) defines extortion as follows;

> The term **"extortion" means the obtaining of property from another, with his consent**, induced by wrongful use of actual or threatened force, violence, or fear, **or under color of official right.**

Plaintiff begs this Honorable Court to perform its duty and stand guardian of Plaintiff's right of due process, and prevent a crime against him that will cause irreparable harm. Plaintiff begs this Court to restrain and enjoin Defendants TAYLOR and LANKFORD and GRANT Plaintiff's TRO Motion.

3. **Docket Entry 88**, *Plaintiff's Motion For Leave Of Court For Deposition Of Honorable Judge Joe H Thompson Or In The Alternative Ex Parte Hearing.* Filed 6/29/2017
    a. **Docket Entry 95**, *Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017
    b. **Docket Entry 96**, *Plaintiff's Response To Defendant State of Tennessee's "Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017 (**date time stamped July 11, 2017 8:09 AM**)

As proven in Docket Entries 88 and 96, based on higher court opinion, Fed. R. Civ. P., Plaintiff's motion to depose Judge Thompson should be GRANTED. As stated in Docket Entry 88, Plaintiff asserts that Judge Thompson's deposition testimony would "clear the air" regarding any conflicting view of the facts of the case, and that such deposition would facilitate the parties' better understanding of the facts leading to amicable resolution of this matter.

Surely, the Court can see the value to all parties in this and that Plaintiff's motion should be GRANTED.

4. **Docket Entry 89**, *Plaintiff's Motion To Reconsider Customized Case Management And Initial Disclosures.* Filed 7/3/2017
    a. **Docket Entry 95**, *Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017
    b. **Docket Entry 96**, *Plaintiff's Response To Defendant State of Tennessee's "Response Of The State of Tennessee In Opposition To Plaintiff's Pending Motions.* Filed 7/10/2017 (**date time stamped July 11, 2017 8:09 AM**)

As suggested to the Court in Docket Entries 89 and 96, due to the fact that Plaintiff's Second Amended Complaint (Docket Entry 36), significantly changed the scope of this case, perhaps this case would be better managed by the Magistrate rather than the current "free for all" that has been taking place thus far. Plaintiff merely asks the Court to reconsider its previous decision due to the changed circumstances of the case. Plaintiff respectfully suggests his motion should be granted and the Magistrate should take back control of the case so as to move the case forward in a cost effective and efficient manner.

5. **Docket Entry 90**, *Plaintiff's Motion For Exhibit 1 Docket Entry 85: Auditor's Compilation Report, To Be Properly Reflected In The Record.* Filed 7/3/2017

Opposing parties have not objected to this motion, and due to the fact that documents should be properly reflected in the record, this matter should be *nunc pro tunc*, and Plaintiff's motion should be GRANTED and the Clerks Office ordered to correct the record. Plaintiff is also filing another motion concurrently with this motion for exhibits attached to Docket Entry 54 to also be properly reflected in the record as separately attached documents.

6. **Docket Entry 92**, *Plaintiff's Motion For Leave Of Court To Amend Complaint.* Filed 7/10/2017
    a. **Docket Entry 93**, *Memorandum Supporting Plaintiff's Motion For Leave Of Court To Amend Complaint.* Filed 7/10/2017
    b. **Docket Entry 98**, *Defendant's Response Opposing Plaintiff's Motion To File A Third Amended Complaint.* Filed 7/12/2017
    c. **Docket Entry 101**, *Plaintiff's Response To "Defendant's (Perky) Opposing Motion To File A Third Amended Complaint."* Filed 7/12/2017

As proven in Docket Entries 92, 93 and 101, based on higher court opinion, Fed. R. Civ. P., and for the good of THE PEOPLE, Plaintiff's motion for leave of court to amend and file a Third Amended Complaint should be GRANTED. This matter should also be *nunc pro tunc* based on the facts presented and rule of law.

7. **Docket Entry 97**, *Plaintiff's Motion To Consider Docket 73 Motion And Properly Reflect In The Record His Motions Pending Consideration And Motion for PACER Filing Privilages And Notification And Incorporated Memorandum Of Law.* Filed 7/12/2017

As proven in Docket Entry 97, Defendant State of Tennessee incorrectly referenced (Docket Entry 96), Plaintiff's pending motion for evidentiary hearing as Docket Entry 80 when in fact his pending motion is Docket Entry 73. Docket Entry 80 is a supplement to Docket Entry 73 motion for evidentiary hearing. Plaintiff is merely asking the Court to order the Clerk's Office to correct the Docket to reflect proper reference.

As also proven in Docket Entry 97, the Clerk's Office has made repeated errors in separately attaching exhibits. These errors make those exhibits difficult to find in such a lengthy docket, which has resulted in duplicative exhibits being entered into the record. As also shown, the Clerk's Office has also incorrectly dated a document filed into the record. **Plaintiff should**

**be granted PACER privileges of filing as well as notification so he can ensure proper recording of documents into the record.**

Moreover, Plaintiff should be granted equal access to the Court. It is a fact that Magistrate ordered Plaintiff be noticed by "first class mail (only)" so as to save cost of postage. The Magistrate is clearly cost conscious and desires to save the government the cost of postage.

In being denied equal access (PACER) to the Court, Plaintiff is unnecessarily burdened with the cost of printing as well as the cost of postage. In having to print copies, Plaintiff is further forced to chose to between filing documents with the Clerk's Office via mail and having to pay for postage, or filing in person causing him to be late to work which could potentially affect his ability to earn a living. Plaintiff asserts the Court should desire to unburden Plaintiff of unnecessary postage and printing costs, just as the Court desired to unburden the government of unnecessary postage costs.

Due to the facts that (1) the Magistrate is cost conscious, (2) numerous errors have been made by the Clerk's Office in docketing Plaintiff's motions and exhibits, (3) litigants should have equal access to the courts, and (4) opposing counsels have not made opposing responses, Plaintiff should be granted PACER filing and notification privileges.

**CONCLUSION**

Plaintiff recognizes the Court must be extremely busy and in no way, does Plaintiff desire to burden the Court unnecessarily. Plaintiff again reminds the Court that as Pro Se, Plaintiff does not understand the inner workings of the Court and merely seeks an update on status of ruling or that rulings be made in these pending matters.

**WHEREAS PREMISES CONSIDERED, PLAINTIFF PRAYS UPON THE COURT:**

For the Court to issue Order and Grant Plaintiff's various pending motions and or provide an update on when the Court anticipates to render such decisions.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and notice served through the electronic filing system on this the 31st day of July 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

John Anthony Gentry, CPA