# RULES OF PRACTICE AND PROCEDURE OF THE BOARD OF JUDICIAL CONDUCT

(as approved by the Board on August 22, 2012)

**Rule 1. Meetings.**

<u>Sec. 1. Time and Place of Meeting</u>

The Board shall meet at 10:00 o'clock a.m. on the fourth (4th) Wednesday in February and the fourth (4th) Wednesday in August in the conference room of the Administrative Office of the Courts and at such other times and places as the chairperson, or a majority of the members of the Board, may deem necessary. Members finding it more convenient may also attend the meeting by video or phone conference.

<u>Sec. 2. Notice of Meeting</u>

The chairperson of the Board shall give a minimum of ten (10) days' notice of the time and place of meetings to all members of the Board.

<u>Sec. 3. Quorum</u>

Eight (8) members of the Board, whether meeting in person or by video or phone conference, shall constitute a quorum.

**Rule 2. Chairperson of the Board.**

<u>Sec. 1. Chairperson</u>

The Board, at its meeting on the fourth (4th) Wednesday in August of each year, shall elect a chairperson to serve for a period of one (1) year. The chairperson shall be elected from the members of the Board by a majority present and voting. The chairperson may be removed by a two-thirds vote of the members of the Board, with or without cause.

<u>Sec. 2. Vice-chair</u>

The Board, at its meeting on the fourth (4th) Wednesday in August of each year, shall elect a vice-chair to serve for a period of one (1) year. The vice-chair shall be elected from the members of the Board by a majority present and voting. The vice-chair may be



EXHIBIT 1

removed by a two-thirds vote of the members of the Board, with or without cause.

If at any meeting the chairperson is not present, the vice-chair shall preside. If the chairperson is recused with respect to a matter, the vice-chair shall act as chairperson with respect to such matter.

Sec. 3. Chairperson — Duties.

In addition to the duties and responsibilities set forth in Tenn. Code Ann title 17, chapter 5, the chairperson shall preside at all meetings of the Board and at trials. The chairperson shall rule upon the admission or exclusion of evidence. However, the chairperson's ruling upon the admission or exclusion of evidence may be appealed to the full hearing panel. The chairperson and only the chairperson shall be the spokesperson for all matters pending before the Board, except that if the chairperson is recused with respect to a matter pending before the Board, the vice-chair and only the vice-chair shall be the spokesperson for the Board with respect to such matter. After the trial of any matter the chairperson shall write or shall designate a member of the hearing panel that heard the matter to write the majority opinion. Any member of the hearing panel that heard the matter may write a concurring or dissenting opinion. The chairperson shall have such other duties and responsibilities as are necessary in fulfilling the office.


Rule 3: Panels: Recusal and Replacement

(a) Hearing Panel. The chairperson shall divide the members of the Board into three hearing panels of six (6) members each (some members of the Board to be included as members of more than one hearing panel out of necessity), in such a way that each panel is composed of at least one judge, attorney and public member, if possible.  The first panel shall be composed of six (6) members who do not reside in the eastern grand division, the second panel shall be composed of six (6) members who do not reside in the middle grand division, and the third panel shall be composed of six (6) members who do not reside in the western grand division.  Upon the filing of formal charges, the chairperson shall assign to that matter, for the purpose of hearing pre-trial motions, approving or rejecting offers of settlement, or rendering a verdict after trial, the panel whose members do not reside in the grand division in which the accused judge resides.  If a member of

that hearing panel is recused from the hearing of that matter, either because that member served on the investigative panel for that complaint, cannot be present for the hearing, was an attorney who has personally appeared before that judge or has recused for personal reasons, then the chairperson shall designate a temporary replacement by an order signed by a majority of the members of the hearing panel for the matter. The temporary replacement shall not be limited to members of the Board or persons residing outside the grand division in which the judge resides. However, in making such temporary designation, due regard will be given to the status of the member replaced, to the end that the contemplated composition and balance of the hearing panel for the matter be maintained.

(b) Investigative Panel. If a member of an investigative panel is recused from the hearing of any matter, then the chairperson shall designate a temporary replacement by an order signed by the chairperson. In making such temporary designation, due regard will be given to the status of the recusing member to the end that the contemplated composition and balance of the investigative panel for the matter be maintained.

(c) Special Investigative Panel. The chairperson shall appoint a standing special investigative panel to handle complaints made against judges who are current members of the Board. The members of this special panel shall not be current members of the Board and their names shall not be made known to the members of the Board. Any complaint filed against the chairperson shall be handled by a special panel appointed by the vice-chair.

**Rule 4: Disciplinary Counsel**

<u>Sec. 1. Hiring.</u>

The appointment or retention of disciplinary counsel shall be made only by a majority of the Board. However, the chairperson or one or more members of the Board designated by the chairperson may handle preliminary matters relating to hiring disciplinary counsel, including, but not limited to, advertising the position, receiving and reviewing resumes, screening applicants and conducting interviews.

## Rule 5: Complaints & Responses

Section 1. Written Complaints

Complaints should be reduced to writing and sworn to before a notary public or by an officer authorized to administer oaths under Tennessee law. Complaints must state with reasonable particularity the factual basis of the complaint. Complaints are filed with Disciplinary Counsel at an address designated by the Board and posted on its website.

Section 2. Other Sources

Disciplinary Counsel is authorized to investigate anonymous complaints or information coming from sources other than a written complaint, provided Disciplinary Counsel deems the information sufficiently credible or verifiable through objective sources.

Section 3. Judge's Response to be in Writing

A judge's response to an initial complaint is to be reduced to writing but is not required to be under oath. Responses filed by others on behalf of the judge are to be reduced to writing and sworn to before a Notary Public or by an officer authorized to administer an oath under Tennessee law. The judge's response is to be filed with Disciplinary Counsel.

## Rule 6: Investigative Panels

Sec. 1. Designation of Investigative Panels

The chairperson shall designate such investigative panels as in the chairperson's discretion are necessary to the efficient operation of the Board . Each investigative panel shall be comprised of three members of the Board, and a member may serve on more than one investigative panel. The chairperson shall not serve as a member of any investigative panel. In appointing the investigative panels, the chairperson shall give due consideration to the composition of each panel so that to the extent feasible, public members, practicing attorneys and judges of various courts are represented on each panel. Each of the members of the various investigative panels may be from the same geographic region of the State so as to promote communication and meetings among panel members. The chairperson may designate alternate members to serve on investigative panels in the

event that a member of an investigative panel is recused from considering a particular matter.

Sec. 2 . Meetings of Investigative Panels

(a) Meetings of Investigative Panels. Promptly upon receipt of a complaint, report and recommendations from the disciplinary counsel, the investigative panel shall review the matter. The meeting may be conducted in person, by telephone conference call or by e-mail, provided that if the meeting is conducted by telephone conference call, every member of the panel must be able to hear and to speak to every other member of the panel.

(b) Initial Review of Complaint. Upon receipt of a complaint or file from the disciplinary counsel, an investigative panel shall review the matter and shall either:

    (i) authorize a full investigation;

    (ii) give further instructions to Disciplinary Counsel; or

    (iii) dismiss the complaint.

(c) Review after Full Investigation. When an investigative panel has authorized a full investigation of a complaint or matter, then promptly upon its receipt of the disciplinary counsel's report of the investigation and recommendation, the investigative panel shall review the report and recommendations and shall either:

    (i) approve the recommendations of disciplinary counsel;

    (ii) modify the recommendations of disciplinary counsel; or

    (iii) disapprove the recommendations of disciplinary counsel.

(d) Action of Investigative Panel After Investigation. After investigation and upon determining that there is probable cause to believe that a judge has committed a judicial offense, the investigative panel shall either:

    (i) direct disciplinary counsel to file formal charges against the judge; or

    (ii) direct disciplinary counsel to attempt settlement upon a stated sanction approved by the investigative panel.

In the event the judge does not consent to a sanction agreed upon by the investigative panel, then the investigative panel shall direct disciplinary counsel to file formal charges

against the judge.

Sec. 3 . Frivolous or Unfounded Complaints

In the event the investigative panel determines that the charges are frivolous or unfounded, or would not constitute misconduct or incapacity if true, or are beyond the permissible scope of the Board's inquiry, the investigative panel shall dismiss the charges. The matter will then be closed, and the Board's docket will recite the investigation and dismissal of a groundless complaint.

Sec. 4 . Formal Charges

If an investigative panel determines that there is reasonable cause to believe that a judge committed a judicial offense and the investigative panel directs that disciplinary counsel file a formal charge as provided in Tenn. Code Ann. § 17-5-304(e), then prior to the filing of the formal charge the investigative panel shall review and approve the form and content of such formal charge. Such formal charge shall be signed by disciplinary counsel and the members of the investigative panel who directed that the formal charge be filed.

Sec. 5 . Consensus by Investigative Panels.

In the event that the members of an investigative panel are not able to reach a consensus after due consideration by meeting in person, via a conference call in which every member of the panel can hear and speak to every other member of the panel, or by e-mail, then the investigative panel may act upon the concurrence of two of its three members. In the event that no two members of an investigative panel concur in the decision, then the chairperson shall direct that the matter be assigned to another investigative panel for consideration. In the event the second investigative panel recommends the filing of formal charges, no member of either the first investigative panel or the second investigative panel shall serve on the hearing panel for such matter.

Rule 7: Sanctions

Sec. 1. Hearing Panel —Sanctions Consented by Judge.

If a judge consents to a sanction as provided for in Tenn. Code Ann. § 17-5-307(g), and the hearing panel approves the sanction agreement, then the sanction agreement shall be

6

reduced to writing and shall be approved by the judge, the judge's counsel (if any), disciplinary counsel and the hearing panel, and the sanction order shall be entered by the chairperson. Because a hearing panel may act only after formal charges have been filed against a judge, all sanctions administered by a hearing panel shall be public, whether or not the judge has consented to the sanctions.

Sec. 2. Investigative Panel — Sanctions by consent.

If a judge, with the unanimous concurrence of the investigative panel , consents to a stated sanction before formal charges are filed, then the agreement shall be reduced to writing. The written agreement shall specify the nature of the behavior that resulted in the sanction. Private sanctions shall be confidential, and shall be given to the judge; a copy shall be retained in the files of the Board and may be used or released only as allowed in Tenn. Code Ann. § 17-5-301(f)(3).


Rule 8: Confidentiality

Except for hearings conducted pursuant to Tenn. Code Ann. § 17-5-308 or sanctions required to be public, matters that come before the Board are confidential. Individual members of the Board will not discuss any matter pending before the Board, except with other members of the Board and with Disciplinary Counsel. However, nothing in the Rule shall prohibit the complainant, respondent-judge, or any witness from disclosing the existence or substance of a complaint, matter, investigation, or proceeding under these Rules or from disclosing any documents or correspondence filed by, served on, or provided to that person. In addition, if it becomes apparent that allegations of misconduct by a judge have become a matter of public record independent of any action by the Board and that continued silence by the Board may be detrimental to the public interest, may lead to bringing the judiciary into public disrepute or may adversely affect the administration of justice, the chairperson in his or her discretion may 1) confirm that an investigation is in progress, 2) clarify the procedural aspect of any proceedings, and 3) explain the rights of the subject of the investigation to a fair hearing without prejudgment.

7

Case 3:17-cv-00020 Document 109-1 Filed 08/07/17 Page 7 of 8 PageID #: 2485

### Rule 9: Amendment of Rules

These rules may be amended from time to time by a majority of the members of the Board present and voting at any meeting, such amendments to take effect at such time as approved by the general assembly in accordance with the procedures set forth in Tenn. Code Ann. § 16-3-404 for rules of court.

### Rule 10: Records Retention Policy

When a complaint is received from an outside source or is created internally, both a physical and an electronic file shall be created. The physical file shall contain the complaint and all relevant documentation and correspondence pertaining to the complaint. Relevant portions of all complaints and documentation, including correspondence, shall be scanned and maintained in the electronic file. Correspondence generated by the office to either the complainant or the subject judge shall also be maintained in an electronic file by copying to the electronic file the correspondence in word processing format without the necessity of scanning the printed letterhead document. Voluminous public records such as transcripts, court dockets or pleadings filed in any court which are retrievable by other means need not be scanned into the electronic file. Disciplinary Counsel shall maintain a backup copy of all electronic files that shall be backed up daily and kept on storage media apart from the computer internal hard drive. A physical file may be destroyed by an appropriately secure method such as commercial shredding no sooner than one year after the closing and final action taken on that file, but the electronic file shall never be destroyed, regardless of the disposition of the case.