IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) | |
| ) | |
| Plaintiff ) | |
| ) | CASE NO. 3:17-0020 |
| vs. ) | |
| ) | |
| THE STATE OF TENNESSEE; ) | |
| PAMELA ANDERSON TAYLOR; ) | |
| BRENTON HALL LANKFORD; ) | JURY TRIAL DEMANDED(12) |
| SARAH RICHTER PERKY; ) | |
| UNNAMED LIABILITY INSURANCE ) | |
| CARRIER(S); Et al ) | |
| ) | |
| Defendants ) | |

---

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT STATE OF TENNESSEE**

---

TO: Defendant State of Tennessee, by and through the state's attorney of record, Assistant Attorney General, Stephanie A. Bergmeyer, P.O. Box 20207, Nashville, TN 37202-0207

### INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. Rule 34, Plaintiff John Anthony Gentry hereby requests Defendant State of Tennessee to produce and permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

2. Pursuant to Fed. R. Civ. P. Rule 26(d)(1), Plaintiff may seek discovery from any source before the parties have conferred, due to the fact that the magistrate judge exempted the case from initial disclosures (See Docket Entry 7). Although Plaintiff recognizes that exemption from initial disclosures and customized case management unnecessarily burdens the parties to sort

1

through discovery themselves, Plaintiff welcomes conference regarding discovery issues and resolving discovery amicably.

3. Pursuant to Fed. R. Civ. P. Rule 34(c), as provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection. Plaintiff asserts and Defendant has agreed, agencies and agents of the state are not "persons" but are "arms of the state" (See Docket Entry 23 p. 6 and Docket Entry 109 p. 4). Regardless, a nonparty may be compelled to produce documents.

4. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and hereby requests that when Defendant is unable to produce certain documents because Defendant asserts such documents fall outside of such scope, Defendant will provide a detailed explanation as to the reason why the documents fall outside the scope of the request.

5. Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Defendant does produce the requested documents, including electronically stored information (ESI), Defendant will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

6. Plaintiff requests that electronically stored information be provided on a USB Flash Drive or similar USB compatible device. Plaintiff will return such device to Defendant State of Tennessee after Plaintiff's extraction and copying of data files.

7. Plaintiff requests that Defendant make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendant State of Tennessee.

## DEFINITIONS

A. The words **"any"** and **"all"** shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa. **"Communication"** means any disclosure, transfer, or exchange of information or opinion, however made.

B. **"Document," "documents," " internal communication," "internal communications," "record," "records," "written communication," "written communication,"** and **"written correspondence"** means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or

2

conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; legislative bills; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

   a. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages.
   b. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;
   c. Without limitation on the term "**control**" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

C. "**Electronically stored information**" and "**ESI**" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; Cell Phone data: and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

3

D. **"Identify"** or **"identity"** means to state or a statement of:

   a. in the case of a person other than a natural person, its name, the address of its principal place of business (including postal zip code), its telephone number, and the name of its chief executive officer or highest ranking official, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including postal zip code), that other person's telephone number, and the name of that other person's chief executive officer or highest ranking official;

   b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

E. **"Communication"** and **"communications"** means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (e-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

F. **"Discussion," "discussions," "discuss," "discusses," "mention," "mentions," "describe," "describes," "analyze"** or **"analyzes"** means any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

G. **"Agreement"** means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

   a. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

H. **"Including"** means including, but not limited to.

I. **"Person"** means any natural person, corporation, company, partnership, joint venture, firm, lobbyist, lobbyist organization, association, proprietorship, agent, agency, "arm of the state," board, authority, commission, office or other business or legal entity, whether private or governmental.

4

J. **"Relating to"** means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

K. **"Relevant time period"** means any time period affecting Plaintiff's cause(s) of action.

L. **"Year"** means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to a document request, specify the twelve-month period used.

M. **"You," "your"** or **"your agency"** means agent, agency, or arm of the State of Tennessee.

N. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

## DOCUMENT REQUESTS STATE LEGISLATURE

1. Any and all **"Electronically stored information," "Document," "documents," "internal communication," "internal communications," "record," "records," "written communication," "written communication,"** and **"written correspondence"** that led to the enactment of the Tennessee Government Tort and Liability Acts: Specifically: Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205 all subparagraphs.

2. Any and all **"Electronically stored information," "Document," "documents," "internal communication," "internal communications," "record," "records," "written communication," "written communication,"** and **"written correspondence"** arguing for or against enactment of the Tennessee Government Tort and Liability Acts: Specifically: Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205 all subparagraphs. Documents in Item 1 above need not be provided more than once.

3. Identify and list all Persons who lobbied state legislators for enactment of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

4. Identify and list all Persons and legislators who sponsored or co-sponsored the legislative bill(s) leading to enactment of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

5

5. Identify and list all Persons and legislators who authored, co-authored, or in any way affected the language of the legislative bill(s) leading to enactment of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

6. Identify and list all Persons and legislators who authored, co-authored, or in any way affected the final language of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

7. Identify the specific date(s) upon which Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205 were enacted into state law.

8. Identify and list all Persons and legislators who voted for enactment of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

9. Provide "**Transcripts**," "**audio recordings**," "**Electronically stored information**," "**Document**," "**documents**," "**internal communication**," "**internal communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" of legislative hearings relating to enactment of Tenn. Code Annotated § 29-20-201(b)(1), and Tenn. Code Annotated § 20-20-205.

10. Any and all "**Electronically stored information**," "**Document**," "**documents**," "**internal communication**," "**internal communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" that led to the enactment of Tenn. Code Ann. § 28-3-104 (c)(1), and (2).

11. Any and all "**Electronically stored information**," "**Document**," "**documents**," "**internal communication**," "**internal communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" arguing for or against enactment of the Tenn. Code Ann. § 28-3-104 (c)(1), and (2). Documents in Item 1 above need not be provided more than once.

12. Identify and list all Persons who lobbied state legislators for enactment of Tenn. Code Ann. § 28-3-104 (c)(1) , and (2).

13. Identify and list all Persons and legislators who sponsored or co-sponsored the legislative bill(s) leading to enactment of Tenn. Code Ann. § 28-3-104 (c)(1) , and (2).

14. Identify and list all Persons and legislators who authored, co-authored, or in any way affected the language of the legislative bill(s) leading to enactment of Tenn. Code Ann. § 28-3-104 (c)(1) , and (2).

15. Identify and list all Persons and legislators who authored, co-authored, or in any way affected the final language of Tenn. Code Ann. § 28-3-104 (c)(1), and (2).

16. Identify the specific date(s) upon which Tenn. Code Ann. § 28-3-104 (c)(1), and (2) was enacted state law.

17. Identify and list all Persons and legislators who voted for enactment of Tenn. Code Ann. § 28-3-104 (c)(1), and (2).

18. Provide "**Transcripts**," "**audio recordings**," "**Electronically stored information**," "**Document**," "**documents**," "internal **communication**," "internal **communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" relating to enactment of Tenn. Code Ann. § 28-3-104 (c)(1), and (2).

## DOCUMENT REQUESTS TENNESSEE BOARD OF JUDICIAL CONDUCT, AND OR, ADMINISTRATIVE OFFICE OF THE COURTS

19. Any and all "**Electronically stored information**," "**Document**," "**documents**," "internal **communication**," "internal **communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" for all complaints made against any and all judges for the last three years, both currently held physical files and electronic files.

20. Any and all "**Electronically stored information**," "**Document**," "**documents**," "internal **communication**," "internal **communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" for all complaints made against The Honorable Judge Casey Moreland (recently indicted on federal charges) regardless of when filed, both currently held physical files and electronic files.

21. Any and all "**Electronically stored information**," "**Document**," "**documents**," "internal **communication**," "internal **communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" for all complaints made against The Honorable Judge Amanda McClendon regardless of when filed, both currently held physical files and electronic files.

22. Any and all "**Electronically stored information**," "**Document**," "**documents**," "internal **communication**," "internal **communications**," "**record**," "**records**," "**written communication**," "**written communication**," and "**written correspondence**" for all

complaints made against The Honorable Judge Joe H Thompson regardless of when filed, both currently held physical files and electronic files.

23. Any and all Tennessee Board of Judicial Conduct Annual Reports, reporting case dispositions created by the Tennessee Board Judicial Conduct, since creation of the board.

24. Any and all Tennessee Board of Judicial Conduct Quarterly Reports, reporting cases dispositions created by the Tennessee Board Judicial Conduct, since creation of the board.

25. Any and all supporting documentation, spreadsheets, or other electronically stored information used to prepare Tennessee Board of Judicial Conduct Quarterly and Annual Reports.

26. Provide in Excel electronic file format, a listing of all complaints made against judges for the last ten (10) years and include the following fields (column headers) and related data.
    a. Complaint File or Case Number assigned
    b. Date Complaint received
    c. Name of Judge being complained against
    d. Court to which judge being complained against was assigned at time of complaint: Cir. Ct. Sumner Cty, 2nd Cir. Ct of Davidson Cty, Gen. Sessions Ct. Davidson Cty., etc.
    e. If applicable, Case No. of underlying case giving rise to complaint
    f. Name of Complainant
    g. Complete address of complainant
    h. Complainant's phone number
    i. Complainant's email address
    j. Designation of complainant as: attorney, court personnel, official title, pro se litigant, family member of litigant, etc.
    k. Disposition of complaint: dismissed (complaint about ruling), Dismissed (no jurisdiction), Dismissed (inadequate factual basis), etc.
    l. Date case closed/disposed

27. Provide in Excel a listing of all currently seated judges in Tennessee and include the following fields (column headers) and related data.
    a. Name of Judge
    b. Date oath of office was taken
    c. Number of complaints filed against each judge
    d. Count of complaints dismissed

e. Basis of dismissal
   f. Jurisdiction: civil, criminal, etc.
   g. Current seat of judicial office: Cir. Ct. Sumner Cty, 2nd Cir. Ct of Davidson Cty, Gen. Sessions Ct. Davidson Cty., etc.

## DOCUMENT REQUESTS TENNESSEE COURT OF APPEALS

28. Any and all "**Electronically stored information,**" "**Document,**" "**documents,**" "internal **communication,**" "**internal communications,**" "**record,**" "**records,**" "**written communication,**" "**written communication,**" and "**written correspondence,**" procedural manual, Rules of Practice and Procedure of the Tennessee Court of Appeals or other document that details guidelines, procedure, or practice for recording all motions, pleadings or any document filed into the Appellate Court Record of any pending case on appeal.
   a. The above documentation should define what filings are made available for public download on the Tennessee Court of Appeals website and how documents are titled: ie misc filing, motion to dismiss, etc.
   b. Provide a detailed listing of any "auto fill," "drop down list,", etc. for document title options for all documents entered into the record for the Tenn. Ct. of Appeals.

29. Provide in Excel electronic file format, a listing of all civil cases heard or deposed by the Tennessee Court of Appeals for the last ten (10) years and include the following fields (column headers).
   a. Case Number assigned
   b. Date Appeal was filed
   c. Appellant's legal representative or designation as pro se
   d. Appellee's legal representative or designation as pro se
   e. Type of Case: Divorce, Civil Contract, etc.
   f. Disposition of case: Remanded, Modified, Dismissed
   g. Date case was deposed/closed/remanded

30. Provide in PDF format, all appellant briefs filed with the Tennessee Court of Appeals by pro se litigants for the last three years prior to the present date.

9

# DOCUMENT REQUESTS TENNESSEE BOARD OF PROFESSIONAL RESPONSIBILITY, AND OR STATE BAR

1. Any and all "**Electronically stored information,**" "**Document,**" "**documents,**" "**internal communication,**" "**internal communications,**" "**record,**" "**records,**" "**written communication,**" "**written communication,**" and "**written correspondence**" for all complaints made against any and all attorneys for the last three years, both currently held physical files and electronic files.

2. Any and all "**Electronically stored information,**" "**Document,**" "**documents,**" "**internal communication,**" "**internal communications,**" "**record,**" "**records,**" "**written communication,**" "**written communication,**" and "**written correspondence**" for all complaints made against PAMELA ANDERSON TAYLOR

3. Any and all "**Electronically stored information,**" "**Document,**" "**documents,**" "**internal communication,**" "**internal communications,**" "**record,**" "**records,**" "**written communication,**" "**written communication,**" and "**written correspondence**" for all complaints made against BRENTON HALL LANKFORD

4. Any and all Tennessee Board of Professional Responsibility Annual Reports, reporting case dispositions created by the Tennessee Board of Professional Responsibility, since creation of the board.

5. Any and all Tennessee Board of Professional Responsibility Quarterly Reports, reporting cases dispositions created by the Tennessee Board of Professional Responsibility, since creation of the board.

6. Any and all supporting documentation, spreadsheets, or other electronically stored information used to prepare Tennessee Board of Professional Responsibility Quarterly and Annual Reports.

7. Provide in Excel electronic file format, a listing of all complaints made against attorneys for the last ten (10) years and include the following fields (column headers) and related data.
    a. Complaint File or Case Number assigned
    b. Name of Attorney complaint was made against
    c. Date Complaint received
    d. Name of Complainant
    e. Complete address of complainant

f. Complainant's phone number
   g. Complainant's email address
   h. Designation of complainant as: attorney, court personnel, official title, pro se litigant, family member of litigant, etc.
   i. Disposition of complaint: Dismissed (no jurisdiction), Dismissed (inadequate factual basis), etc.
   j. Date case closed/disposed

8. Provide in Excel a listing of all currently licensed attorneys in Tennessee and include the following fields (column headers) and related data.
   a. Date oath was taken
   b. Number of complaints filed against each attorney
   c. Count of complaints dismissed
   d. Basis of dismissal

The items requested above in Plaintiff's First Request For Production of Documents from Defendant State of Tennessee is not a conclusive request for production of documents. It is highly probable Plaintiff's examination of the above evidence and further progression of the case will lead to additional requests for production of documents.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and notice served through the electronic filing system on this the 14TH day of August 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

_____
John Anthony Gentry, CPA