# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-0020 <br><br> JURY TRIAL DEMANDED(12) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS PAMELA ANDERSON TAYLOR AND BRENTON HALL LANKFORD

TO: Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD, by and through the Defendants' attorneys of record, Lauren Paxton Roberts and Erika R. Barnes, Stites & Harbison, PLLC, 401 Commerce Street, Suite 800, Nashville, TN 37219

### INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. Rule 34, Plaintiff John Anthony Gentry hereby requests Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD to produce and permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

2. Pursuant to Fed. R. Civ. P. Rule 26(d)(1), Plaintiff may seek discovery from any source before the parties have conferred, due to the fact that the magistrate judge exempted the case from

1

initial disclosures (See Docket Entry 7). Although Plaintiff recognizes that exemption from initial disclosures and customized case management unnecessarily burdens the parties to sort through discovery themselves, Plaintiff welcomes conference regarding discovery issues and resolving discovery amicably.

3. Pursuant to Fed. R. Civ. P. Rule 34(c), as provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection. Defendant PAMELA ANDERSON TAYLOR is a member partner of Stites & Harbison, PLLC and therefore records maintained by Stites & Harbison, PLLC are her records as a member partner. Regardless, a nonparty may be compelled to produce documents.

4. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and hereby requests that when Defendant is unable to produce certain documents because Defendant asserts such documents fall outside of such scope, Defendant will provide a detailed explanation as to the reason why the documents fall outside the scope of the request.

5. Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Defendant does produce the requested documents, including electronically stored information (ESI), Defendant will produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

6. Plaintiff requests that electronically stored information be provided on a USB Flash Drive or similar USB compatible device. Plaintiff will return such device to Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD after Plaintiff's extraction and copying of data files.

7. Plaintiff requests that Defendants make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD.

## DEFINITIONS

A. The words **any** and **all** shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa. **"Communication"** means any disclosure, transfer, or exchange of information or opinion, however made.

2

B. **"Document," "documents," " internal communication," "internal communications," "record," "records," "written communication," "written communication,"** and **"written correspondence"** means all data, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; legislative bills: reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (e-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

   a. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages.
   b. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;
   c. Without limitation on the term "**control**" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

C. **"Electronically stored information"** and **"ESI"** means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or

damaged data; Blackberry data; Cell Phone data: and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

D. "**Identify**" or "**identity**" means to state or a statement of:

    a. in the case of a person other than a natural person, its name, the address of its principal place of business (including postal zip code), its telephone number, and the name of its chief executive officer or highest ranking official, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including postal zip code), that other person's telephone number, and the name of that other person's chief executive officer or highest ranking official;

    b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

E. "**Communication**" and "**communications**" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes, telegrams, facsimiles, electronic mail (e-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

F. "**Discussion**," "**discussions**," "**discuss**," "**discusses**," "**mention**," "**mentions**," "**describe**," "**describes**," "**analyze**" or "**analyzes**" means any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via e-mail, facsimile, letter, telegram, or other written communication.

G. "**Agreement**" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

    a. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

H. "**Including**" means including, but not limited to.

I. "**Person**" means any natural person, corporation, company, partnership, joint venture, firm, lobbyist, lobbyist organization, association, proprietorship, agent, agency, "arm of the state,"

board, authority, commission, office or other business or legal entity, whether private or governmental.

J. **"Relating to"** means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

K. **"Relevant time period"** means any time period affecting Plaintiff's cause(s) of action.

L. **"Year"** means calendar year or the twelve-month period on which your business records are based; if the latter is used in responding to a document request, specify the twelve-month period used.

M. **"You," "your"** or **"your agency"** means agent, agency, or arm of the State of Tennessee.

N. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

## DOCUMENT REQUESTS

1. Provide in Microsoft Excel electronic file format, a listing of all "DIVORCE CASES" where Defendants provided legal representation, whether jointly or separately, for the last three (3) years and include the following fields (column headers) and related data.

    a. Case No.
    b. Court in which case was heard: Cir. Ct. Sumner Cty, 2nd Cir. Ct of Davidson Cty, Gen. Sessions Ct. Davidson Cty., etc.
    c. Whether joint representation was provided. Designate as "Taylor," "Lankford," or "Taylor/Lankford".
    d. Whether acting as counsel for Defendant of Plaintiff. Designate as "Counsel for Plaintiff" or "Counsel for Defendant"
    e. Name of opposing party's counsel. If pro se, designate as "pro se"
    f. Name of client
    g. Name of opposing party
    h. Complete Address of opposing party
    i. Phone Number(s) of opposing party
    j. Email address of opposing party

5

k. Designate if case was appealed to Tennessee Court of Appeals. Designated as "Appealed" or "Not Appealed"
   i. If Appealed, provide appellate Case No.

2. Provide copies of all statements of account, requests for payment and or any other related such documents sent to Katherine Wise Gentry, also known as Katherine Lynn Powers related to Case No. 2014CV393 heard in the Circuit Court for Sumner County Tennessee, Case No. M2016-01765-COA-R3-CV heard in the Tennessee Court of Appeals, and Case No. M2016-01731-COA-T10B-CV heard in the Tennessee Court of Appeals

3. Provide copies of all invoices, billings and or any similar such documents sent to Katherine Wise Gentry, also known as Katherine Lynn Powers related to Case No. 2014CV393, Case No. M2016-01731-COA-T10B-CV and Case No. M2016-01765-COA-R3-CV.

4. Provide copies of all payments received from Katherine Wise Gentry, also known as Katherine Lynn Powers related to Case No. 2014CV393, Case No. M2016-01731-COA-T10B-CV and Case No. M2016-01765-COA-R3-CV.
   a. Receipt of electronic payments, may be evidenced by copy of notification, detail of bank deposit or similar bank document.
   b. Receipt of payment by check, may be evidenced by bank image of check.

5. Provide copies of all bank deposit slips, deposit transactions, or other documentation evidencing deposit of payments received from Katherine Wise Gentry, also known as Katherine Lynn Powers related to Case No. 2014CV393, Case No. M2016-01731-COA-T10B-CV, and Case No. M2016-01765-COA-R3-CV to a bank account. Other deposit information may be redacted, but the detail reflecting deposit total must be evident.

6. Provide copies of all general ledger and sub-ledger detail of transactions, evidencing recording of revenue and receipt of payments received from Katherine Wise Gentry, also known as Katherine Lynn Powers related to Case No. 2014CV393, Case No. M2016-01731-COA-T10B-CV, and Case No. M2016-01765-COA-R3-CV to a bank account. The general ledger and sub-ledger detail reflecting recording of revenue and payment must be able to "tie" back to underlying transactions by reference to deposit number, receipt number, invoice number, statement, etc.
   a. General ledger detail should reflect recording of revenue related to case numbers 2014CV393, Case No. M2016-01731-COA-T10B-CV and M2016-01765-COA-R3-CV.

  b. Accounts Receivable sub-ledger detail should reflect recording of revenue and billings and recording of payments received related to case numbers 2014CV393, Case No. M2016-01731-COA-T10B-CV and M2016-01765-COA-R3-CV.

7. Provide a copy of the "Agreement" between Katherine Wise Gentry, also known as Katherine Lynn Powers and Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD for Defendants to provide legal representation Katherine Wise Gentry, also known as Katherine Lynn Powers, either jointly or separately, related to case numbers 2014CV393, M2016-01731-COA-T10B-CV, and M2016-01765-COA-R3-CV.

8. Provide in Microsoft Excel electronic file format, a list of all complaints filed against Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD with the Tennessee Board of Professional Responsibility and include the following fields (column headers) and related data.
  a. Date complaint was filed
  b. Case No. assigned to complaint file.
  c. Basis of complaint
  d. Name of person filing complaint
  e. Address of person filing complaint
  f. Email address of person filing complaint

9. Provide complete copies of all cell phone bills, including call detail, for Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD for the period April 1, 2014 through the present date.

10. Provide copies of all email and written correspondence not including motions, memorandums of law, **sent to** any of the following persons: court clerk, court official, judge, judicial assistant, clerk scheduling personnel, or any state official, during the period April 1, 2014 through the present date **related to** the **following four (4) cases**: 2014CV393, Circuit Court of Sumner County, Tennessee, M2016-01765-COA-R3-CV, Tennessee Court of Appeals, M2016-01731-COA-T10B-CV, Tennessee Court of Appeals, 16C-2615, Second Circuit Court for Davidson County.

11. Provide copies of all email and written correspondence not including ORDERS, **received from** any of the following persons: court clerk, court official, judge, judicial assistant, clerk scheduling personnel, or any state official, during the period April 1, 2014 through the present date **related to** the following **four (4) cases**: 2014CV393, Circuit Court of Sumner

7

County, Tennessee, M2016-01765-COA-R3-CV, Tennessee Court of Appeals, M2016-01731-COA-T10B-CV, Tennessee Court of Appeals, 16C-2615, Second Circuit Court for Davidson County.

The items requested above in Plaintiff's First Request For Production of Documents from Defendants PAMELA ANDERSON TAYLOR and BRENTON HALL LANKFORD is not a conclusive request for production of documents. It is highly probable Plaintiff's examination of the above evidence and further progression of the case will lead to additional requests for production of documents.

                                      Respectfully submitted,

                                      *[signature]*

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and notice served through the electronic filing system on this the 14TH day of August 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

_/s/ John Anthony Gentry_
John Anthony Gentry, CPA