IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-0020 <br><br> <u>NOTICE OF CONSTITUTIONAL</u> <br> <u>CHALLENGE OF STATUTES</u> <br><br> JURY TRIAL DEMANDED(12) |

**PLAINTIFF'S CHALLENGE OF UNCONSTITUTIONAL STATE LAW: TENNESSEE CODE ANNOTATED 24-9-101, 29-20-205, 28-3-104 and HB 0003 AND INCORPORATED MEMORANDUM OF LAW**

Comes now your Plaintiff, John Anthony Gentry, pursuant to Federal Rules of Civil Procedure, Rule 5.1(a) hereby providing notice of constitutional questions arising, pertaining to Plaintiff's future subpoena to trial of witnesses. Plaintiff respectfully requests this Honorable Court to strike down Tennessee Code Annotated (TCA) 24-9-101 as an unconstitutional law due to the fact that this law violates Amendment XIV, United States Constitution. Pursuant to Fed. R. Civ. P. Rule 5.1(a), Plaintiff has also challenged the constitutionality of TCA § 29-20-205 (See Docket Entry 106) and TCA § 28-3-104 (Docket Entry 101 p. 11) and HB 0003 (herein stated).

1

Plaintiff asserts that due to the fact that Defendant State of Tennessee is a party in this action and the State's Office of Attorney General & Reporter is counsel for the state, this Honorable Court need not certify to the state attorney general constitutional challenge of state law pursuant to 28 U.S.C. § 2403. Herein, the state attorney general is made aware and provided notice of Plaintiff's constitutional challenges.

TCA 24-9-101 is clearly in violation of Amendment XIV, U.S. Constitution § 1 in that it violates the due process clause. In the case, Goldberg v. Kelly, 397 US 254 - Supreme Court 1970, our Supreme Court stated the following;

> "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v. Ordean, 234 U. S. 385, 394 (1914). The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U. S. 545, 552 (1965). In the present context these principles require that a recipient have timely and adequate notice detailing the reasons for a proposed termination, **and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally.** These rights are important in cases such as those before us, where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or on misapplication of rules or policies to the facts of particular cases. (at 268)

Our entire system of jurisprudence rests on the well-established procedures of direct and cross examination of witness testimony. Incredulously, TCA 24-9-101 unconstitutionally provides that certain persons are exempted from testifying at trial. Judges and jurists cannot, must not be denied the opportunity to gauge for themselves the credibility and worthiness of witness testimony. TCA 24-9-101 corrupts due process and invites injustice to be inflicted upon litigants by denying them the opportunity to confront adverse witness testimony. *Actus repugnans non potest in esse produci.*

Specifically, TCA 24-9-101 states:

> **24-9-101. Deponents exempt from subpoena to trial but subject to subpoena to deposition -- Award of fees and expenses if court grants motion to quash.**
>
> **(a)** Deponents exempt from subpoena to trial but subject to subpoena to a deposition are:
>   **(1)** An officer of the United States;
>   **(2)** An officer of this state;
>   **(3)** An officer of any court or municipality within the state;
>   **(4)** The clerk of any court of record other than that in which the suit is pending;
>   **(5)** A member of the general assembly while in session, or clerk or officer thereof;
>   **(6)** A practicing physician, physician assistant, advanced practice registered nurse, psychologist, senior psychological examiner, chiropractor, dentist or attorney;
>   **(7)** A jailer or keeper of a public prison in any county other than that in which the suit is pending; and
>   **(8)** A custodian of medical records, if such custodian files a copy of the applicable records and an affidavit with the court and follows the procedures provided in title 68, chapter 11, part 4, for the production of hospital records pursuant to a subpoena duces tecum.
> **(b)** If the court grants a motion to quash a subpoena issued pursuant to subsection (a), the court may award the party subpoenaed its reasonable attorney's fees and expenses incurred in defending against the subpoena.

Plaintiff should not be denied his right of due process through denial of direct/cross examination of witnesses and persons exempted from subpoena to trial listed in TCA 24-9-101 which is clearly an unconstitutional law.

Even more disturbing, in recent legislation the state voted to expand the list of persons exempt from testimony through proposed legislation HB 0003, introduced by Representative Tilman Goins and Co-Sponsored by Representative G.A. Hardaway. HB 0003 as introduced,

3

makes licensed clinical social workers exempt from subpoena to trial but subject to subpoena to a deposition (Amends TCA Title 24, Chapter 9, Part 1).

Representatives voting aye for this repugnant legislation were: Akbari, Alexander, Brooks H., Brooks K., Butt, Byrd, Calfee, Camper, Carr, Clemmons, Coley, Cooper, Crawford, Curcio, Daniel, DeBerry, Doss, Dunn, Eldridge, Faison, Favors, Fitzhugh, Forgety, Gant, Goins, Gravitt, Halford, Hardaway, Hawk, Hazlewood, Hicks, Hill M., Hill T., Holsclaw, Holt, Howell, Hulsey, Jernigan, Johnson, Kane, Keisling, Kumar, Littleton, Lollar, Lynn, Marsh, Matheny, Matlock, McCormick, McDaniel, Miller, Mitchell, Parkinson, Pitts, Pody, Powell, Reedy, Rogers, Rudd, Sargent, Sexton C., Sexton J., Shaw, Sherrell, Smith, Sparks, Staples, Stewart, Swann, Terry, Thompson, Tillis, Towns, Travis, Turner, Van Huss, Weaver, White D., White M., Whitson, Williams, Windle, Wirgau, Zachary, Madam Speaker Harwell -- 85.

The only Representatives voting no in defense of THE PEOPLE and against this repugnant legislation were: Lamberth, Moody, Ragan -- 3.

What HB 0003 accomplishes, is a granting of permission to licensed clinical social workers to violate rights of individuals and not be required to testify about their actions in front of judge and/or jury. Clearly this law is not in the best interest of THE PEOPLE and was enacted to further the tyranny of the state over THE PEOPLE.

To demonstrate the danger of such heinous laws as HB 0003 and TCA 24-9-101, Plaintiff directs the Court's attention to **EXHIBIT 1** which is a news article from FOX NEWS currently available for download at: http://www.foxnews.com/story/2002/02/06/system-intended-to-protect-children-under-fire-for-overzealousness.html

4

Imagine a child wrongfully removed, "abducted" if you will, from parental care as depicted in the FOX NEWS story. Further consider "protection" of these "overzealous" actions by social workers through **deposition only** by the state. Surely, the Court can imagine a circumstance where a litigant wronged by social workers in such circumstances cannot afford legal representation, would not know how to conduct a deposition, or worse, if they have counsel, their own counsel conspires against them or through malpractice fails to take adverse deposition. Under such circumstances, through tyranny of the state, the state could abduct children at will for the single purpose of increasing Title IV incentives which is very likely the intent and purpose of HB 0003 and TCA 24-9-101. Again, *Actus repugnans non potest in esse produci.*

TCA 24-9-101(b) further states that attorney fees may be awarded to the subpoenaed party as follows:

> **(b)** If the court grants a motion to quash a subpoena issued pursuant to subsection (a), the court may award the party subpoenaed its reasonable attorney's fees and expenses incurred in defending against the subpoena.

Plaintiff asserts such a law is state sanctioned judicial reprisal and further violation of due process. A person cannot be deprived of property without due process of law. For the state to award attorney fees in defense of itself creates an obvious conflict of interest, which cannot lawfully occur without jury (See Department of Justice Letter Docket, Entry 109 Exhibit 2). Moreover, this law is a deterrent and discourages litigants from subpoenaing witness testimony of state officials. In effect, this law amounts to state sanctioned extortion and witness tampering which are federal crimes subject to civil suit under 18 USC § 1964.

Plaintiff also asserts TCA 24-9-101 is in violation of U.S. Const., Art. 1, § 9 which states: *"No title of nobility shall be granted by the United States: and no person holding any office of profit or trust under them, shall, without the consent of the Congress, **accept of any present, emolument, office, or title, of any kind whatever**, from any king, prince, or foreign state."* Clearly TCA 24-9-101 is a "present" and "emolument" granted by the state to person's holding office and persons "holding trust" (social workers). Every other person in the State of Tennessee can be subpoenaed to trial which begs the question: *"Why are these persons listed as exempt from testifying at trail and why the attorney fee judicial reprisal?"* The only answers can be, they are granted exception to protect corrupt interests and they are "special", part of a new aristocracy who are granted "present" and "emolument".

Further considering the constitutional repugnancy of TCA 24-9-101, 29-20-205, 28-3-104, and HB 0003, further establishes a pattern that the state has become tyrannical and oppressive of THE PEOPLE and has transformed itself from a sovereign state acting in the best interest of THE PEOPLE, into a "Corrupt Racketeering Enterprise" bent on tyrannical oppression of THE PEOPLE and abrogation of constitutionally protected rights. This cannot stand. This must not stand. Plaintiff calls upon this Honorable Court to perform its duty and strike down these unconstitutional laws.

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and notice served through the electronic filing system on this the 21ST day of August 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

John Anthony Gentry, CPA

7