IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN ANTHONY GENTRY )
)
v. ) NO. 3:17-0020
)
THE TENNESSEE BOARD OF )
JUDICIAL CONDUCT, et al. )

**O R D E R**

Several non-dispositive motions are pending in this action and are ripe for consideration. The motions are ruled on as follows.

Plaintiff's motion (Docket Entry No. 108) for status on the pending motions is GRANTED. By the instant Order, the Court has ruled on all pending motions, except for Defendants' motions to dismiss and Plaintiff's motion for a temporary restraining order and preliminary injunction, which the Court will address through reports and recommendations as soon as possible given the Court's heavy docket of cases.

Plaintiff's motions (Docket Entry Nos. 90 and 107) for certain of his filings to be properly reflected in the docket text summary for this case are GRANTED. The Clerk's Office is directed to amend the docket text summary for Docket Entry No. 85 to include and separately reflect the exhibit Plaintiff intended to be attached to that filing by docketing as exhibit to Docket Entry No. 85 the document that is contained in the record at Docket Entry No. 90-1. The Clerk's Office is also directed to amend the docket text summary for Docket Entry No. 54 to include and separately reflect the three exhibits Plaintiff made with that filing. Plaintiff is advised that everything he has filed is a part of the record in this action even though the docket text summary for the filing may not be as accurate as Plaintiff wishes and even though the filing may not be separately docketed.

Plaintiff's motion (Docket Entry No. 97) is conditionally GRANTED to the extent that he requests permission to use the CM/ECF system. Plaintiff should contact Ann Frantz in the Clerk's office to receive training on how to file in the CM/ECF system. To do this he can call the Clerk's

office at 615-736-2364 and speak to Ms. Frantz. He may also email Ms. Frantz at Ann_G_Frantz@TNMD.uscourts.gov. Alternatively, he may register for a CM/ECF training class through the website for the Middle District of Tennessee at http://www.tnmd.uscourts.gov/training_classes. Upon the Clerk's Office notification to the Court that Plaintiff has successfully completed the training, he will be permitted to use the CM/ECF electronic filing system.

Plaintiff's motion (Docket Entry No. 73) to set an evidentiary or other appropriate hearing and his supplemental motion (Docket Entry No. 80) to set an evidentiary or other appropriate hearing (Docket Entry No. 80) are DENIED. An evidentiary hearing or other in-court hearing in this case is not necessary at this time. Rule 12 of the Federal Rules of Civil Procedure does not require an evidentiary or other in-court hearing related to Defendants' pending motions to dismiss and Plaintiff's responses, and Plaintiff has had a full opportunity to present his arguments in rebuttal to the motions via his written responses. Further, the Court sees no need for a pretrial conference or scheduling hearing in this case at this time. The Court may revisit the issue and the need for a scheduling hearing after the resolution of the pending motions to dismiss.

Plaintiff's motion (Docket Entry No. 89) for the Court to reconsider its January 27, 2017, Order (Docket Entry No. 7) that exempted this *pro se* case from the initial disclosures required by Rule 26(a) and, pursuant to Local Rule 16.01(b)(2)(b), from customized case management is DENIED. Plaintiff does not raise any arguments in his motion that either require or persuade the Court to change its prior ruling on this issue.

Plaintiff's motion (Docket Entry No. 88) for leave of the Court to take the deposition of Judge Joe H. Thompson or, in the alternative, for an *ex parte* hearing is DENIED. The arguments made by Plaintiff supporting his motion are unpersuasive and fail to support the requested actions. Furthermore, the Court clarifies that all discovery in this action is hereby STAYED until the pending motions to dismiss are resolved by the Court. The motions raise legal arguments that could either result in the dismissal of this action as a whole or result in a narrowing of the legal claims that are

at issue. Until the motions to dismiss are resolved, no party should bear the burden and expense of discovery when such discovery may be unnecessary in part or in whole. This stay applies to both discovery requests that have already been served[1] and to any future discovery.

Plaintiff has filed a motion (Docket Entry No. 109), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, for the Court to alter or amend the Memorandum and Order entered July 18, 2017 (Docket Entry No. 102), that denied his motion for a temporary restraining order and preliminary injunction. The motion is TAKEN UNDER ADVISEMENT and is directed to the attention of the Honorable District Judge Aleta A. Trauger because it seeks to alter an order entered by Judge Trauger.

Plaintiff's motion (Docket Entry No. 92) for leave to amend his complaint and to file a third amended complaint is DENIED. As set out in the Court's prior Order denying Plaintiff's earlier request to file a third amended complaint, there are significant reasons that support the denial of allowing additional amended pleadings in this case. *See* Order entered April 26, 2017 (Docket Entry No. 55). These reasons continue to exist even in the face of the arguments made by Plaintiff that another amendment of his pleadings is warranted. The Court has reviewed Plaintiff's arguments and is unpersuaded that justice requires allowing him to yet again amend his complaint. The arguments for dismissal raised by Defendants warrant review without further delay that would result from another amended pleading. The Court will review and address the pending motions to dismiss based upon Plaintiff's pleadings that are already before the Court. Plaintiff has a full opportunity to raise arguments against the dismissal of his claims via his responses in opposition. Given Plaintiff's *pro se* status, the Court will further afford him a measure of leeway in his arguments that is not afforded to a party represented by counsel. If there is legal merit to any of Plaintiff's claims, those claims will survive and further proceedings will ensue as to those claims.

---

[1] On August 14, 2017, Plaintiff filed a notice that he had served requests for production of documents on Defendants. *See* Docket Entry No. 110. Defendants are relieved from the obligation of responding to these requests until the stay of discovery is lifted.

Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge