IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY GENTRY | ) | |
| | ) | |
| v. | ) | NO. 3:17-0020 |
| | ) | |
| THE TENNESSEE BOARD OF | ) | |
| JUDICIAL CONDUCT, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By order entered January 11, 2017 (Docket Entry No. 4), this *pro se* civil action was referred to the magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Addressed in this report and recommendation is Plaintiff's pending emergency motion for a temporary restraining order and preliminary injunction against Defendants Pamela Anderson Taylor and Brenton Hall Lankford. *See* Docket Entry No. 86. For the reasons set out below, the undersigned Magistrate Judge respectfully recommends this motion be denied.

## I. PROCEDURAL BACKGROUND

John Anthony Gentry ("Plaintiff") is a resident of Goodletsville, Tennessee. He filed this lawsuit on January 9, 2017, originally bringing civil rights and other claims against the State of Tennessee; the Tennessee Board of Judicial Conduct ("the Board"); Judge Chris Craft ("Craft"), the Chairperson of the Board; Timothy R. Discenza ("Discenza"), Disciplinary Counsel for the Board; "unnamed members of investigative panel;" and "unnamed liability insurance carriers." *See* Complaint (Docket Entry No. 1) at 2-5. Prior to filing this lawsuit, Plaintiff had filed an administrative complaint with the Board in February 2016 against Judge Joe H. Thompson ("Judge Thompson"), a state trial judge for the Circuit Court for Sumner County, Tennessee, who presided

over divorce proceedings involving Plaintiff and his former wife. Plaintiff alleged in his administrative complaint that Judge Thompson had committed judicial misconduct and had violated Plaintiff's due process rights during the divorce proceedings. *See* Complaint at 15-16, ¶ 50. After the administrative complaint was dismissed, Plaintiff filed this lawsuit, asserting that Defendants caused a violation of his federal constitutional rights by failing to fulfill their responsibilities and duties with respect to the administrative complaint and that his equal protection rights were violated because, "as a matter of practice, Defendants routinely dismiss effectively one-hundred percent of the cases filed by non-members of legal profession." *Id*. at 14, ¶ 44.[1]

After Defendants were served and filed a joint motion to dismiss, Plaintiff filed two amended complaints in which he dropped Craft, Discenza, and the Board as Defendants but added numerous new claims against three new Defendants – Pamela Anderson Taylor ("Taylor"), Brenton Hall Lankford ("Lankford"), and Sarah Richter Perky ("Perky"). *See* Amended Complaint (Docket Entry No. 32) and Second Amended Complaint (Docket Entry No. 36).[2] Taylor and Lankford are attorneys who represented Plaintiff's wife in the divorce proceedings before Judge Thompson and continue to represent her in Plaintiff's pending appeal from divorce proceedings.[3] Perky is the attorney who represented Plaintiff during part of the divorce proceedings.

---

[1] Plaintiff sued Judge Thomson directly in another lawsuit brought in this court. *See John Anthony Gentry v. John H. Thompson*, 3:16-2617. By order entered January 27, 2017, that lawsuit was dismissed with prejudice. *See* Docket Entry No 27 in Case No. 3:16-2617. Plaintiff has filed a notice of appeal in that case.

[2] By order entered April 26, 2017 (Docket Entry No. 55), the court denied Plaintiff's request to file a third amended complaint. The denial was upheld upon Plaintiff's motion for review. *See* Order entered May 15, 2017 (Docket Entry No. 60), and Order entered May 31, 2017 (Docket Entry No. 69).

[3] Although the chronology of the underlying divorce proceedings is not clear from Plaintiff's pleadings, the court takes judicial notice of the Tennessee Court of Appeal's recitation of the following historical facts: the divorce proceeding was initiated in April 2014; final hearings were conducted by Judge Thompson in May 2016; a final memorandum and order was entered on July 14, 2016; and that Plaintiff initiated his appeal on August 24, 2016. *See Gentry v. Gentry*, 2016 WL 7176981 at *1 (Tenn.Ct.App. Dec. 9, 2016).

In his 103-page Second Amended Complaint, Plaintiff sets out allegations based upon events that occurred during the divorce proceedings, both at the trial level and at the appellate level, and alleges that these events show that he has encountered a corrupt state judicial system and a corrupt judicial and attorney oversight system and that he has suffered violations of his due process and equal protection rights, been deprived of his property, and damaged as a result of this corruption. Plaintiff alleges that the three individual Defendants have conspired with Judge Thompson and with unnamed judges on the Tennessee Court of Appeals in order to wrong Plaintiff and violate his civil rights through extortion, witness tampering, obstruction of justice, racketeering activities, breaches of fiduciary duties, and other federal crimes. *See* Second Amended Complaint at ¶¶ 57-162. Plaintiff alleges that the State of Tennessee, through "its agents and arms of the state," actively engaged in these unlawful and "corrupt racketeering activities." *Id*. at pp. 3-4 and ¶¶ 169-177 and 295. Specifically, he contends that the Board and the Tennessee Board of Professional Responsibility have abrogated their responsibility of oversight by intentionally ignoring valid complaints against state judges and attorneys. He contends that the Tennessee Court of Appeals, through its judges and clerks, has denied him his property, due process, and equal protection under the law and has intentionally taken steps to deny him a fair appeal by: wrongfully dismissing his petition for recusal appeal; attempting to have his Rule 3 appeal dismissed; concealing court records; ignoring and encouraging attorney misconduct;, issuing an order with a misleading title; and attempting to entrap him for contempt of court. *Id*. at ¶¶ 178-296.

Plaintiff brings claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 18 U.S.C. § 1346, 18 U.S.C. §§ 1961, 1962, and 1964, and 18 U.S.C. §§ 1341, 1512, 1951, and 1952, as well as a claim for the State of Tennessee's breach of its fiduciary duty caused by its "complete and utter failure . . . to protect natural constitutional rights." *Id*. at ¶¶ 15-28. Plaintiff seeks no less than $3,458,095.00 in compensatory damages and an award of punitive damages. *Id*. at p. 100 and ¶ 297. He also seeks injunctive relief in the form of: 1) orders to the State of Tennessee "to put in place proper legislation and oversight of the Board of Professional Responsibility, Board of Judicial Conduct, and Court of

3

Appeals" and "to provide equal protection under the law, and provide litigants due process in fair and impartial courts;" 2) an order "causing dissolution or reorganization of the State's corrupt racketeering enterprises;" and 3) an order, if appropriate, for criminal investigation and grand jury review. *Id*. at p. 101.

In lieu of answers to the Second Amended Complaint, Defendants have filed motions to dismiss, which are opposed by Plaintiff and are currently pending. *See* Motion to Dismiss of Defendants Taylor and Lankford (Docket Entry No. 45); Motion to Dismiss of Defendant Perky (Docket Entry No. 49); and Motion to Dismiss of the State of Tennessee (Docket Entry No. 51).

## II. EMERGENCY MOTION
## FOR TRO AND PRELIMINARY INJUNCTION

In his motion, Plaintiff complains of continuing "corrupt racketeering activities" that he alleges are occurring in his appeal before the Tennessee Court of Appeals. *See* Docket Entry No. 86. The genesis for Plaintiff's motion stems from Defendants Taylor and Lankford's filing of an appellate brief on April 26, 2017, in which they, 1) request that Plaintiff's former wife be awarded attorney's fees and expenses incurred in defending Plaintiff's appeal, and, 2) assert that such an award is supported by Tennessee Code Annotated § 36-5-103(c). *See* Memorandum in Support (Docket Entry No. 87) at 6-7. Plaintiff argues that this statutory provision does not provide a legal basis for the requested award and contends that Defendants Taylor and Lankford's reliance on this inapplicable provision is, thus, another example of a "corrupt racketeering scheme" perpetuated against him in the state courts and that Defendants are essentially acting as "confidence men" who are extorting money from him. *See* Docket Entry No. 86 at 2-3. He contends that Defendants' reliance on a plainly inapplicable statute must arise from their belief that the request will be granted by the Tennessee Court of Appeals if not contested or enjoined and "plainly evidences conspiracy between the Tennessee Court of Appeals and Defendants to extort significant monies from Plaintiff under color of law." *Id*. at 3.

Plaintiff estimates that the value of the award sought by Defendants may be in the range of $30,000.00 to $50,000.00 and that he would suffer irreparable harm if such an award is granted because he has already been made insolvent and will likely have his wages garnished and be forced into bankruptcy and abject poverty if made to pay this amount. *Id*. at 3-4. Plaintiff seeks a preliminary injunction mandating that Defendants Taylor and Lankford file a motion in the Tennessee Court of Appeals to strike their request for attorney's fees and costs. *See* Proposed Order (Docket Entry No. 86-1). He also seeks to enjoin Defendants Taylor and Lankford, "their attorneys, and all other Persons in active concert or participation with them," from: 1) engaging in racketeering activities as defined by 18 U.S.C. § 1961; 2) conspiring with state court judges "to deny due process, extort monies, obstruct evidence, obstruct testimony;" 3)"tendering orders not based on ruling of state court judges;" and 4) "perpetuating and facilitating 18 and 42 USC violations by abusing discovery, refusal to comply with discovery orders, making false statements in courts of law and other similar vexatious litigation activities." *Id*.

Defendants Taylor and Lankford have filed a response in opposition to the motion, contending that Plaintiff has not and cannot meet the very high burden to prove that he is entitled to any injunctive relief. *See* Docket Entry No. 91. The State of Tennessee has also briefly responded to Plaintiff's motion, contending that "Plaintiff has failed to show that circumstances clearly demand an injunction or restraining order." *See* Docket Entry No. 95 at 1, n.1. Plaintiff has filed replies (Docket Entry Nos. 94 and 96) to both responses in which he expounds upon his arguments and "begs this Honorable Court to perform its duty and stand guardian of his constitutional right of due process and protect him from the tyranny of the Defendant State of Tennessee in obvious conspiracy with [Defendants Taylor and Lankford] before he suffers further and irreversible harm." *See* Docket Entry No. 94 at 1-2.

There is another recent filing by Plaintiff that pertains to his motion. On August 28, 2017, Plaintiff filed an "emergency motion for court review of Magistrate's oral ruling on August 23, 2017, and/or petition for writ of mandamus and incorporated memorandum of law." *See* Docket Entry

5

No. 112. In this motion, Plaintiff asserts that he made a verbal request at the Clerk's Office on August 23, 2017, for an emergency hearing on his motion for a TRO/preliminary injunction and was told that no hearing was set or would be set on his request. He contends that the denial of his request for a hearing was improper and that the undersigned Magistrate Judge has a possible conflict of interest. *Id.*[4] He also presents additional arguments concerning his motion for a TRO/preliminary injunction, requests that his motion be granted or he be given a hearing, and seeks a "writ of mandamus" directing the undersigned Magistrate Judge to rule on all of his pending motions. *Id.*

### III. ANALYSIS

Temporary restraining orders and preliminary injunctions are considered preventive, prohibitory, or protective measures taken pending resolution on the merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and are extraordinary relief, the issuance of which requires great caution, deliberation and sound discretion. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). To determine whether a temporary restraining order or a preliminary injunction should issue, the court must generally consider four factors: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *See, e.g., Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *Rock & Roll Hall of Fame & Museum v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998). These four factors "are

---

[4] The undersigned did not issue an "oral ruling" on August 23, 2017; the staff of the undersigned merely informed the Clerk's Office that no hearing was set on Plaintiff's motion. The undersigned further notes that Local Rule 78.01 requires that "[a[ll motions shall be in writing and shall be decided without oral hearings unless otherwise ordered by the Court." Although Local Rule 65.01(d) does permit a party to request, via an advance telephone call to the Clerk's Office, the scheduling of an emergency hearing for a TRO in conjunction with the filing of a new case, Plaintiff's appearance at the Clerk's Office on August 23, 2017, was clearly not in conjunction with the filing of a new case. Further, after review of Plaintiff's motion, the undersigned finds no merit to Plaintiff's assertions regarding conflicts of interest and no basis supporting recusal of the undersigned from this action.

factors to be balanced not prerequisites that must be met." *Six Clinics Holding Corp., II v. Cafcomp Sys.*, 119 F.3d 393, 400 (6th Cir. 1997). Nonetheless, the court must address each factor "unless fewer factors are dispositive of the issue." *Id*. at 399.

Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has not met this burden, and his motion should be denied.

Initially, the court notes that, other than an order mandating that Defendants strike their motion for attorney's fees, Plaintiff seeks injunctive relief in the form of broad and abstract directives that are incapable of being granted or enforced. As extraordinary relief, any preliminary injunctive order must be narrowly tailored.

As to the factors necessary for a preliminary injunction, at this stage of the proceedings, Plaintiff's likelihood of success on his claims is no more likely or substantial than that of Defendants. Although Plaintiff believes Defendants do not have valid defenses to his claims, that amounts to nothing more than a mere possibility of success on the merits, which is not sufficient. *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 402 (6th Cir.1997). For this factor to support injunctive relief, Plaintiff must demonstrate a "strong or substantial likelihood or probability of success on the merits.*" Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977). *See also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (proof required for plaintiff to obtain a preliminary injunction is much more stringent than proof required to survive a summary judgment motion). Given the nature and scope of Plaintiff's claims, the undersigned is unable to find that Plaintiff has shown a strong or substantial likelihood or probability of success on the merits of those claims, particularly given that the claims relate to and arise out of pending state judicial proceedings involving important state interests of dissolution of marriage and enforcement of the divorce court's orders. *See e.g. Shafizadeh v. Bowles*, 476 Fed.App'x 71, 73 (6th Cir. 2012) (requested federal injunctive relief would grossly and impermissibly interfere with divorce proceedings in state court)

Plaintiff has also not shown that he will suffer irreparable harm if the injunctive relief he requests is not granted. At this point, whether or not Defendants Taylor and Lankford will succeed in their request for an award of attorney's fees is unknown and any potential harm to Plaintiff is complete speculation. Further, the award of damages Plaintiff seeks in this lawsuit can adequately compensate him for any harm he may actually suffer. *Overstreet*, 305 F.3d at 578.

The court cannot find that the third and fourth factors favor the requested injunction either. Significantly, what Plaintiff seeks through his motion is essentially for this court to embroil itself with the ongoing proceedings occurring in the Tennessee Court of Criminal Appeals regarding the appeal of his divorce. There is no basis for such interference by this court in pending state court proceedings, particularly those involving a divorce action. *See Shafizadeh v. Bowles*, *supra*. Nor is there a basis for this court to insert itself in Defendant Taylor's and Defendant Lankford's representation of their client. Although Plaintiff's written filings couch the matter in alarmist rhetoric, extraordinary and compelling reasons would have to justify the preliminary injunctive relief sought by Plaintiff and such reasons are not before the court.

## RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge respectfully RECOMMENDS that Plaintiff's emergency motion for a temporary restraining order and preliminary injunction (Docket Entry No. 86) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*,

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

      Respectfully submitted,

      *[signature]*
      BARBARA D. HOLMES
      United States Magistrate Judge