IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-0020 |
| | ) Judge Aleta A. Trauger |
| THE STATE OF TENNESSEE et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Before the court is the plaintiff's Emergency Motion for *De Novo* Determination: Magistrate's Report and Recommendation Dated September 6, 2017 and Incorporated Memorandum of Law. (Doc. No. 117.) In this motion, the plaintiff seeks review of the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 116) recommending that the plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against Defendants Pamela Anderson Taylor and Brenton Hall Lankford (Doc. No. 86) be denied.

When a party files objections[1] to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the

---

[1] The Local Rules of this court specify that objections to a dispositive motion "shall be . . . in the form of a motion for *de novo* determination by the District Judge and shall state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations as to which an objection is made . . . ." L.R. 72.03(b)(1).

magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The plaintiff's primary objection to the R&R is based on his contention that "it is preposterous" to apply those factors courts ordinarily consider in determining whether to grant a temporary restraining order or preliminary injunction in a situation where, as here, the plaintiff seeks to "restrain and enjoin" the defendants from "perpetrating a crime" upon the plaintiff. (Doc. No. 117, at 5.) The plaintiff also objects to his case having been referred to the magistrate judge in the first place and generally attacks the integrity and authority of the magistrate judge. Otherwise, he largely rehashes the same arguments made in support of his motion for a temporary restraining order and preliminary injunction.

The court has reviewed *de novo* the plaintiff's motion and supporting memorandum (Doc Nos. 86, 87), the defendants' responses (Doc. Nos. 91, 95), and the plaintiff's replies (Doc. Nos. 94, 96) and hereby **OVERRULES** the plaintiff's objections *in toto*. The court specifically rejects the plaintiff's suggestion that the magistrate judge has attempted to "dupe" the plaintiff and that she is "in league with the state and conspires to deny Plaintiff his right of due process." (Doc. No. 117, at 8.) The court further finds—notwithstanding the plaintiff's histrionic argumentation—that it is appropriate to apply the same factors that ordinarily apply to the consideration of a motion for a temporary restraining order or preliminary injunction in this case. The magistrate judge's R&R accurately summarizes the history of this action, the parties' arguments, and the governing law, and the court perceives no error in her application of the law to the facts of this case.

The court therefore **ACCEPTS** and **ADOPTS** in its entirety the magistrate judge's R&R and **DENIES** the plaintiff's Emergency Motion for a Temporary Restraining Order and

Preliminary Injunction Against Defendants Pamela Anderson Taylor and Brenton Hall Lankford (Doc. No. 86).

It is so **ORDERED**.

ENTER this 13th day of September 2017.

_____
ALETA A. TRAUGER
United States District Judge