# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se )<br>)<br>   Plaintiff   )<br>)<br>   vs.   )<br>)<br>THE STATE OF TENNESSEE;   )<br>PAMELA ANDERSON TAYLOR;   )<br>BRENTON HALL LANKFORD;   )<br>SARAH RICHTER PERKY;   )<br>UNNAMED LIABILITY INSURANCE   )<br>CARRIER(S); Et al   )<br>)<br>   Defendants   ) | CASE NO. 3:17-0020<br><br>JURY TRIAL DEMANDED(12) |

**PLAINTIFF'S EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS ESTOPPEL BY CONDUCT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff moves this Honorable Court to issue an immediate and emergency injunction to stay state appellate court proceedings in the Court of Appeals For The State of Tennessee, Middle Section, at Nashville: CCA No. M2016-01765-COA-R3-CV for good cause as follows;

Pursuant to 28 U.S.C. § 2283, a court of the United States may grant an injunction to stay proceedings in a State court when expressly authorized by Act of Congress. Amendment XIV § 1 of the United States Constitution guarantees that no state shall deprive any person of liberty or property without due process of law, nor deny any person within its jurisdiction the equal protection of the laws. 42 U.S.C. § 1983 is an Act of Congress providing redress for deprivations of rights privileges, or immunities secured by the U.S. Constitution. Therefore, by Act of Congress,

1

the United States District Court for the Middle District Tennessee, has authority to grant a stay of proceedings in State court in this matter.

1. It is essential for this Court to grant immediate injunctive relief and stay proceedings in Court of Appeals For The State of Tennessee, Middle Section, at Nashville: CCA No. M2016-01765-COA-R3-CV to prevent great, immediate, and irreparable loss of Plaintiff's constitutional rights and property and to prevent a federal crime from being perpetrated against Plaintiff.

2. In the present matter before this Court, Plaintiff has brought suit against Defendants: The State of Tennessee, PAMELA ANDERSON TAYLOR, BRENTON HALL LANKFORD and SARAH RICHTER PERKY for repeated and gross violations constitutionally guaranteed rights and federal laws.

3. Plaintiff sought to correct the rulings of the trial court in state appellate court CCA No. M2016-01765-COA-R3-CV, but instead of finding an impartial state appellate court, Plaintiff has suffered further gross due process violations at the hands of the state appellate court, **and now finds himself in great fear of that court** which is why he comes now before this Court seeking a stay of those "proceedings"

4. The State, its agents, agencies and arms of the State, in conspiracy with attorney officers of the court, have engaged in a clear pattern of racketeering activities, and have grossly violated Plaintiff's constitutionally guaranteed rights, denied him his property and income, caused him great mental anguish, and extorted money from him. The facts establishing these allegations are undeniable, well evidenced and not denied. See facts plainly stated in Plaintiff's Second Amended Complaint (*Docket Entry 36*).

5.     Plaintiff understands and recognizes the need for federal courts to provide state court judges "the benefit of a doubt" as a courtesy to preserve "judicial integrity." However, the state courts have so abused this courtesy, they no longer have any regard whatsoever for rights guaranteed in our federal constitution, and they openly violate constitutionally guaranteed rights with contempt and impunity.

**LEGAL BASIS PERMITTING STAY OF STATE COURT PROCEEDINGS**

6.     In the Supreme Court Case, Mitchum v. Foster, the Supreme Court has affirmed when it is proper for a federal court to stay and enjoin state court proceedings as follows:

> … **the Court through the years found that federal courts were empowered to enjoin state court proceedings, despite the anti-injunction statute, in carrying out the will of Congress under at least six other federal laws**. These covered a broad spectrum of congressional action: **(1) legislation providing for removal of litigation from state to federal courts**, (2) … *Mitchum v. Foster, 407 US 225 - Supreme Court 1972 (at 234 – 235)*

7.     In the same case, the Supreme Court issued opinion affirming beyond doubt that, pursuant to 28 U.S.C. § 2283, a court of the United States may grant an injunction to stay proceedings in State court, in causes of action brought under 42 U.S.C § 1983. In discussing the basis of its Opinion, the Supreme Court considered why congress enacted § 1983 as follows:

> **Proponents of the legislation noted that state courts were being used to harass and injure individuals**, either because the state courts were powerless to stop deprivations or **were in league with those who were bent upon abrogation of federally protected rights**. (id at 240)

8.     Plaintiff has alleged and established beyond any doubt, that the state courts and other agencies of the State are in fact "in league" with each other and with attorney officers of the court

to abrogate federally protected rights. (*See Docket Entry 36 Second Amended Verified Complaint second and third causes of action*).

9. Also, in the Mitchum case, the Supreme Court recognized that § 1983 was an "Act of Congress" permitting stay injunctions of state court proceedings.

> **The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights— to protect the people from unconstitutional action under color of state law**, "whether that action be executive, legislative, or judicial." Mitchum v. Foster, 407 US 225 - Supreme Court 1972 (at 242)
>
> In carrying out that purpose, **Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a "suit in equity" as one of the means of redress**. And this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be **essential to prevent great, immediate, and irreparable loss of a person's constitutional rights**. (id at 242)

10. Plaintiff comes before this Honorable Court today seeking protection from the tyranny of the State. (*see Federalist Papers: No 43*) Plaintiff begs this Honorable Court to stand as guardian of his Constitutional Rights, and he respectfully asserts it is the solemn duty of this Court to grant such protection, and issue a stay before Plaintiff suffers further irreparable harm.

11. The Supreme Court could not have been clearer, that federal courts have the authority to issues injunctions against state courts in § 1983 actions.

> Today we decide only that the District Court in this case was in error in holding that, because of the anti-injunction statute, it was absolutely without power in this § 1983 action to enjoin a proceeding pending in a state court under any circumstances whatsoever. (id at 243)

12. Further considering the Mitchum Opinion, the Supreme Court referenced quotations of the legislators who enacted § 1983.

> This view was echoed by Senator Osborn: "**If the State courts had proven themselves competent** to suppress the local disorders, or **to maintain law and order, we should not have been called upon to legislate** . . . . We are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; i. e., the full and complete administration of justice in the courts. And the courts with reference to which we legislate must be the United States courts." Id., at 653. And Representative Perry concluded: "Sheriffs, having eyes to see, see not**; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it;** grand and petit juries act as if they might be accomplices . . . . [A]ll the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. **Among the most dangerous things an injured party can do is to appeal to justice."** Id., at App. 78. (id at 241)

13. The exact same circumstances described by Senator Osborn and Representative Perry, "*judges, having ears to hear, hear not*" and "*Among the most dangerous things an injured party can do is appeal to justice*" are the exact same circumstances that Plaintiff presently faces in state appellate court.

14. Plaintiff came before The Honorable Judge Joe H Thompson seeking protection, but instead of finding the rightful protection he sought, Plaintiff found himself before a "dangerous judge" who repeatedly (1) denied him his constitutionally protected rights, (2) extorted money from him, (3) ignored facts, (4) ignored obvious perjury, (5) obstructed evidence and testimony and (6) conspired to commit those actions with attorney officers of the court.

15. Seeking to correct the harm caused by Judge Thompson, Plaintiff appealed to the Tennessee Court of Appeals, and yet again, instead of being heard by a fair and impartial appellate court, Plaintiff's constitutional rights were again repeatedly violated and a federal crime in

5

progress has been put in place. See Plaintiff's Second Amended Complaint, Third Cause of Action (Docket Entry 36 p. 49 and Docket Entry 94 p. 4 - 19)

16. Plaintiff is an Honorably Discharged Veteran and hearing impaired caused by his service to country and wholeheartedly believes in our system of justice. It is Plaintiff's belief in our system of justice, that gives him strength to preserve the Constitution through complaints in federal court. As a patriot from a long line of family service to country, Plaintiff has "stood the wall" protecting and defending the Constitution and stands again today in defense of the same. Plaintiff begs this Court to do the same, and stand with him in defense of the Constitution.

17. Other federal Courts have adhered to the Supreme Court ruling in the Mitchum case. *"The standard for determining when an injunction of a state court proceeding is "expressly authorized by Act of Congress" is laid out in Mitchum…" Texas Employers' Ins. Ass'n v. Jackson, 820 F. 2d 1406 - Court of Appeals, 5th Circuit 1987 (at 1415). "See 28 U.S.C. § 2283 (allowing a federal court to enjoin state court proceedings "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment"); Mitchum..." Condon v. Haley, 21 F. Supp. 3d 572 - Dist. Court, D. South Carolina 2014 (at 590).* "Section 1983 opened the federal courts to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." *Murawski v. Pataki, 514 F. Supp. 2d 577 - Dist. Court, SD New York 2007* (at 592)

**WHY THIS COURT SHOULD STAY STATE COURT PROCEEDINGS**

18. Plaintiff sought state appellate court relief due to Judge Thompson's gross violations of due process and federal law violations (conspiracy and extortion). Instead of finding the relief he

6

sought, Plaintiff has been forced to endure repeated due process violations against him by the Tenn. Ct. of Appeals. It is for this reason, MR. GENTRY seeks a stay of state appellate court proceedings in CCA No. M2016-01765-COA-R3-CV.

19. Plaintiff sought to hire a court reporter to accompany him to state court proceedings and was informed court reporters are not allowed in the Tennessee Court of Appeals proceedings. Without the protection of transcribed proceedings, Plaintiff is in great fear of what could happen to him if he attends state appellate court proceedings.

20. Also, it is just common-sense reasoning to stay Tenn. Ct of Appeals proceedings, due to the fact that the state appellate court's rulings will be based upon rulings made through gross due process violations and violation of federal laws. Any rulings by the state appellate court, upholding any of Judge Thompson's rulings would have to be undone. Plaintiff was repeatedly denied his right to argue, denied the right to present evidence and testimony, denied his right of cross-examination, and his evidence was repeatedly obstructed, federal crimes were inflicted upon Plaintiff and any rulings made under those conditions must be made null and void and cannot be upheld in state appellate court proceedings.

21. Moreover, the state appellate court has made every attempt to subvert him, harass him and deny him due process (See Second Amended Complaint, Docket Entry 36, Third Cause of Action, starting on page 49)

22. There is no harm in staying state court proceedings. There was no crime, except those committed by the State against Plaintiff, so the state suffers no harm. The opposing party has not appealed any of Judge Thompson's rulings, so the opposing party suffers no harm.

23.     Simply put, it is just common sense to stay state court proceedings pending a decision by this Honorable Court to enforce Plaintiff's rights and to prevent a federal crime in progress (See Docket Entries 86, 87, 91, 94, 95, and 96).  In Docket Entry 94, Plaintiff proved that a federal crime in progress was being perpetrated against Plaintiff (See Docket Entry 94 p. 4 – 19)

If this Court does not stay state court proceedings, Plaintiff will suffer further violations of due process and a federal crime possibly including extortion and **perhaps even false arrest and incarceration** could be inflicted upon him, causing him irreparable harm: **loss of liberty**, **loss of irreplaceable property and forced abject poverty**.  Plaintiff begs this Court's guardianship of his constitutionally guaranteed right of due process and he begs this Court's protection from the tyranny of the state.  Plaintiff's fears are not unfounded and Plaintiff directs the Court's attention to Docket Entry 72 Exhibits 1, 2, 3, and 4, proving Tennessee judges have resorted to federal crimes in effort to conceal their corruption.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS**

For this Court to issue injunction upon the State of Tennessee and Court of Appeals for The State of Tennessee Middle Section, At Nashville and STAY PROCEEDINGS IN CCA No. M2016-01765-COA-R3-CV, until the present matter before the Court in this case is decided.

Respectfully submitted,

s/ John Anthony Gentry
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of PLAINTIFF'S EMERGENCY MOTION TO STAY STATE COURT PROCEEDINGS ESTOPPEL BY CONDUCT AND INCORPORATED MEMORANDUM OF LAW was filed electronically, and notice served through the electronic filing system on this the 15TH day of September 2017 to:

| | |
|---|---|
| Lauren Paxton Roberts<br>Erika R. Barnes<br>Stites & Harbison<br>401 Commerce Street, Suite 800<br>Nashville, TN 37219<br>lauren.roberts@stites.com | William S. Walton<br>Butler Snow, LLP<br>The Pinnacle at Symphony Place<br>150 Third Avenue South<br>Nashville, TN 37201<br>bill.walton@butlersnow.com |

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

                                                                       s/ John Anthony Gentry
                                                                       John Anthony Gentry, CPA