IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN ANTHONY GENTRY )
)
v. ) NO. 3:17-0020
)
THE TENNESSEE BOARD OF )
JUDICIAL CONDUCT, et al. )

**O R D E R**

Plaintiff has filed a motion (Docket Entry No. 120) requesting that the undersigned "recuse and/or disqualify herself from these proceedings due to an appearance of bias and loss of impartiality and for conduct that is plausibly impeachable in nature and conduct that is in violation of The Code of Conduct for Federal Judges." *Id*. at 2. Referencing prior filings in this case, *see* Docket Entry Nos. 112, 115, and 117, Plaintiff asserts that he:

> has presented facts of proceedings and evidence that is more than plausible suggesting the magistrate has engaged in conduct that falls squarely under one or more of the following doctrines: fraud in the function, fraud in the inducement, cannon of vagueness, and ineptness in the application of judicial function.

Docket Entry No. 120 at 2. In his supporting Memorandum, Plaintiff asserts that he "does not question the rulings of the Magistrate, Plaintiff questions whether or not the Magistrate has attempted to subvert him and deny him due process." *See* Docket Entry No. 121 at 3. He further seeks a written statement from the undersigned stating the legal basis for denying recusal, explaining how the undersigned's conduct was not impeachable in nature or in violation of The Code of Conduct for Federal Judges and providing justification of the undersigned's conduct about which Plaintiff objects in his referenced filings. *Id*. at 5.

Plaintiff's motion is DENIED. Under 28 U.S.C. § 455(a), a judge shall disqualify himself or herself "in any proceeding in which [the judge's] impartiality might reasonably be questioned." The law with regard to recusal under Section 455 is straightforward and well-established in the Sixth Circuit. A federal judge is required to recuse herself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United*

*States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983) (quoting *Trotter v. International Longshoreman's & Warehousemen's Union*, 704 F.2d 1141, 1144 (9th Cir. 1983)). This standard is objective and is not based "on the subjective view of a party." *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988), *cert denied*, 488 U.S. 1018, 109 S.Ct. 816, 102 L.Ed. 2d 805 (1989). Prejudice or bias must be personal, or extrajudicial, in order to justify recusal. *Id*. 279.

The undersigned has reviewed Plaintiff's motion, memorandum, and his referenced supporting filings, and finds no basis requiring the recusal and disqualification of the undersigned from this lawsuit. Plaintiff does not seek recusal based on any of the enumerated circumstances set out in 28 U.S.C. § 455(b) that require recusal, and he also did not seek recusal in accordance with the procedures set out in 28 U.S.C. § 144 on the basis of a personal bias or prejudice by the undersigned against him or in favor of any Defendant.

To the contrary, with one limited exception, Plaintiff's argument that the undersigned's impartiality can be reasonably questioned and warrants recusal is based entirely upon his dissatisfaction with the undersigned's handling of the case and the orders and reports and recommendations entered by the undersigned. However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990); *Knapp v. Kinsey*, 232 F.2d 458, 466 (6th Cir. 1956). Plaintiff's disagreements with the undersigned's judicial functions in this case, no matter how strongly he believes them to be incorrect, unfair, or unclear, simply fail to support a showing of an appearance of impartiality that requires recusal. *Sammons*, *supra*. A basis for recusal also does not arise from Plaintiff's contentions that the undersigned's actions in this case have violated Plaintiff's due process and equal protections rights, singled him out for unfair treatment, or subverted the judicial process. Such contentions are Plaintiff's subjective views of the proceedings in this case, and have no basis.

Nothing about the judicial proceedings in his case is remarkable. The same type of orders exempting this case from customized case management, initial disclosures, and the means of delivery

2

of court orders about which Plaintiff complains have been issued in numerous other cases, both prior to and after the instant case. Similarly, the undersigned's issuance of report and recommendations on motions for preliminary injunctions and temporary restraining orders is not unique to the instant case. Additionally, most parties before the court would like their motions to be ruled on quicker than sometime occurs, and the court's delay in ruling on any particular motion is simply that and nothing more. Finally, Plaintiff is not the first party, and he certainly will not be the last, to take issue with the clarity or legal reasoning set out in an order entered by the undersigned. It is a truism of litigation that at least one party in the lawsuit is normally displeased with the decisions of the court.

The only non-judicial conduct on which Plaintiff relies for his motion appears to be the fact that the undersigned has a lengthy history of participation in the Nashville Bar Association and Tennessee Bar Association, which be contends suggests an inherent bias against him, as well as a conflict of interest on the part of the undersigned. Plaintiff has not explained in any manner how participation in a legal bar association creates a bias against him or a conflict of interest in this case. Further, this contention fails to require recusal of the undersigned in this case. *See Lawrence v. Chabot*, 182 Fed.App'x 442, 449 (6th Cir.2006).

Any party desiring to object to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

3

Case 3:17-cv-00020   Document 124   Filed 09/18/17   Page 3 of 3 PageID #: 2867